# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 1:07-cv-10593 (DPW) |
| ) | |
| v. ) | Related Action 1:04-cv-11923 (DPW) |
| ) | |
| FACEBOOK, INC., MARK ZUCKERBERG, ) | |
| EDUARDO SAVERIN, DUSTIN ) | |
| MOSKOVITZ, ANDREW MCCOLLUM, ) | |
| CHRISTOPHER HUGHES, AND ) | |
| THEFACEBOOK LLC, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF MOTIONS FILED BY
## PLAINTIFF CONNECTU REQUIRING RESOLUTION

The present action is a refiling of a related action, *ConnectU LLC v. Zuckerberg*, 1:04-cv-11923, which was dismissed without prejudice on March 28, 2007 (Dkt. 289).[1]  In its March 28, 2007 electronic Order, this Court contemplated that upon refiling, the proceedings would effectively be "pick[ed] up where they were left off with this dismissal and previous discovery will be available with a view toward assuring that the case proceeds promptly to resolution."  For the Court's convenience, ConnectU, Inc. files this Notice, which identifies all motions filed by its predecessor (ConnectU LLC) in the previous action that are now ripe for resolution.

**A.**   **Motions Administratively Terminated or Denied**

The motions listed below and identified in greater detail in Exhibit A (Declaration of Meredith H. Schoenfeld, Exhibit A) have not been addressed on their merits and were terminated

---

[1] Dkt. numbers refer to the docket numbers in *ConnectU, LLC v. Zuckerberg*, 1:04-cv-11923.

or denied for administrative purposes pending resolution of the jurisdictional dispute (*see* Judge Collings's September 25, 2006 and March 2, 2007 Orders).

1. Motion to Compel the Production of Documents in Response to Production Request Nos. 42, 44-46, 70-71, 85-96, 98-105, 107-110, 113  (Dkt. 68);[2]

2. Motion to Compel Facebook Defendants' Answers to Interrogatory Nos. 19-23 (Dkt. 121);

3. Motion to Compel Facebook Defendants' Production of Documents in Response to Request for Production Nos. 171, 174-182, 184-187 (Dkt. 126);

4. Motion for Contempt, based on Defendants' refusal to produce certain financial documents (Dkt. 175).

Motion nos. 1-3 above are fully briefed and were argued on March 3, 3006.  Motion no. 4 is fully briefed but has not been argued.

**B.**     **Motions Pending at the Time of Dismissal**

ConnectU's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004 (Dkt. 37) was still pending at the time of dismissal.  This is really two separate motions, one to compel production of mirror images of memory devices, and one to compel production of post-May 21, 2004 documents.

**1.     Motion to Compel Mirror Images**

This motion was argued November 18, 2005.  Judge Collings granted it in part and pretermitted it in part, stating that:

---

[2] Substantially all of the documents and information sought by the motions identified in this Notice are being withheld by Defendant Facebook, Inc., whose Answer is due April 23, 2007.

> Since defendants represent that they have done everything to search for codes which the plaintiff proposes to do by obtaining mirror images and have produced everything that has been found responsive to plaintiff's requests, the Court will not at this time require the production of mirror images of hard drives within the custody, control and/or possession of defendants but permit plaintiff to take discovery as to the steps the defendants have taken to obtain and produce the codes. If defendants' counsel's representations turn out to be inaccurate, the Court may allow the plaintiff to make mirror images of defendants' hard drives.

(Electronic Order, November 18, 2005.)

On March 3, 2006, during a hearing on pending motions to compel, ConnectU reported to the Court regarding such discovery, and requested certain additional orders from the Court. ConnectU followed its verbal report and request with a written "Summary of March 3, 2006 Status Report and Requests Related to Discovery Permitted by November 18, 2005 Order," filed March 10, 2006 (Dkt. 148). Defendants responded on March 29, 2006 (Dkt. 153, 159), ConnectU replied on April 10, 2006 (Dkt. 165), and Defendants surreplied on April 24, 2006 (Dkt. 170).[3]

### 2.    Motion to Compel Post-May 21, 2004 Documents

This motion is fully briefed and was argued November 18, 2005.

## C.    Relevant Orders

In his September 25, 2006 Order, Judge Collings administratively denied the motions to compel identified in § A, *supra*, and stated that:

> These actions are taken for administrative purposes and are without prejudice pending resolution of the jurisdictional dispute. If jurisdiction is found, the denials will be vacated forthwith and the motions will be decided.

(Electronic Order, September 25, 2006.)

---

[3] After Defendants surreplied, Defendant Zuckerberg stated in the May 15, 2006 issue of THE NEW YORKER that "There is a lawsuit going on, but, like, we know that we didn't take anything from them. There is really good documentation of this: our code base versus theirs. At some point, that will come out in court, and they'll compare the two." (Declaration of Meredith H. Schoenfeld, Exhibit B at 12.) Such code base, among other things, is sought by this motion.

In his November 18, 2005 Order, Judge Collings stated as follows:

> After the Court enters orders on all pending discovery motions, the Court will set a Scheduling Order which will provide that all non-expert discovery will be completed in 4 months from the date of the last discovery order; initial expert reports will be served three weeks after that; rebuttal expert reports will be served thirty days later; expert depositions will be completed within thirty days after that. A schedule for filing dispositive motions will be set at a further conference to be scheduled at a time when all discovery is complete.

(Electronic Order, November 18, 2005.)

In his March 2, 2007 Order, Judge Collings terminated the motion for contempt identified in §A *supra*, and stated that "These terminations are administrative; if the case is not dismissed as recommended, the terminations will be vacated."

### D.    Motions in Other Courts

On February 21, 2007, ConnectU filed five motion to compel Facebook Inc.'s third party investors to produce documents related to Facebook, Inc.'s current value, pursuant to Judge Collings's March 31, 2006 Order. (Dkt. 164, pp. 2-3.) These motions are or were pending in the following U.S. District Courts:

| Third Party | Court |
| --- | --- |
| Interpublic Group | Southern District of New York |
| Accel Partners | Northern District of California (San Jose Division) |
| James Breyer | Northern District of California (San Jose Division) |
| Greylock Partners | Northern District of California (San Jose Division) |
| Meritech Capital Partners | Northern District of California (San Jose Division) |

ConnectU and Interpublic Group agreed to transfer the motion to this Court. This occurred on April 10, 2007 (Dkt. 290). Greylock argued in the alternative in its opposition that the motion to compel should be transferred to this Court, and ConnectU consented to such a

transfer in its reply. The motions pending in the Northern District of California have all been assigned to a single Magistrate Judge. Thus, transfers of such motions may be imminent.

**E.      Stipulated Protective Order**

For the Court's Information, the parties submitted, and the Court entered, a Stipulated Protective Order governing the use of confidential documents and information produced or revealed in discovery (Dkt. 25 and 35).

**F.      Service of Complaint**

Defendants' counsel did not agree to ConnectU's request to accept service, and have conditioned any voluntary acceptance on ConnectU's agreeing to an extension of time for Defendants to answer the Complaint, or otherwise respond. ConnectU has not consented to an extension because there is no reason why Defendants cannot answer together and without further delay, regardless of when they were or are served. Defendants Facebook, Inc. and Thefacebook LLC were properly served with the Summons and Complaint on April 2, 2007, under Fed. R. Civ. P. 4(h)(1). Defendants Moskovitz and Hughes were personally served on April 7 and 9, 2007, respectfully, under Fed. R. Civ. P. 4(e)(2). Defendant Zuckerberg, who appears to be dodging personal service, was properly served under Fed. R. Civ. P. 4(e)(1) on April 2, 2007. Efforts to serve Defendants McCollum and Saverin are underway.

**G.      Courtesy Copy**

Defendants have the same counsel as in Civil Action No. 1:04-cv-11923 (DPW). ConnectU is providing a courtesy copy of this Notice to counsel for all Defendants.

Dated: April 11, 2007               Respectfully submitted,

/s/ Daniel P. Tighe
Daniel P. Tighe (BBO# 556583)
Scott McConchie (BBO# 634127)
GRIESINGER, TIGHE, & MAFFEI, L.L.P.
Boston, MA 02110
Telephone: (617) 603-0918
Facsimile: (617) 542-0900
dtighe@gtmllp.com
smcconchie@gtmllp.com

Of Counsel:
John F. Hornick
Margaret A. Esquenet
Meredith H. Schoenfeld
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 408-4000
Fax: (202) 408-4400

Attorneys for Plaintiff
ConnectU, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 11, 2007.

/s/ Daniel P. Tighe
Daniel P. Tighe (BBO# 556583)