# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 1:07-cv-10593 (DPW) |
| ) | |
| v. ) | Related Action 1:04-cv-11923 (DPW) |
| ) | |
| FACEBOOK, INC., MARK ZUCKERBERG, ) | |
| EDUARDO SAVERIN, DUSTIN ) | |
| MOSKOVITZ, ANDREW MCCOLLUM, ) | |
| CHRISTOPHER HUGHES, AND ) | |
| THEFACEBOOK LLC, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

Delay. Delay. Delay. That, and making this case as expensive as possible for ConnectU, are Facebook Defendants' overriding goals. Toward those ends, they would not accept service, and now seek an extension to respond to a Complaint that is substantively identical to the Amended Complaint they Answered two and a half years ago (Dkt. 13). There is no good reason why Defendants cannot Answer in the standard 20 day period, regardless of their arguments. Thus, consistent with this Court's desire to move this case promptly to trial, Plaintiff ConnectU, Inc. ("ConnectU") opposes Facebook Defendants' motion for an extension of time to respond to the Complaint. If Saverin joins Facebook Defendants' motion, ConnectU opposes that request as well.

**1.      Defendants' Motion Is A Delay Tactic**

Defendants' attempts, right from the start, to delay this refiled case are contrary to Judge Woodlock's March 28, 2007 electronic Order, which stated that the new case should pick up

where the previous case left off and proceed promptly to trial. As discussed in § 3, *infra*, there is no reason why Defendants should not be ready to respond promptly.

**2.     Defendants Have Already Delayed By Not Accepting Service**

In response to ConnectU's request, Facebook Defendants' counsel did not agree to accept service, and conditioned any voluntary acceptance on ConnectU's agreeing to an extension of time for Defendants to answer the Complaint, or otherwise respond. On April 13, Counsel for Defendant Saverin agreed to accept service, albeit over two weeks after the initial request was made. Despite diligent efforts by ConnectU's process servers, service on the five individual Defendants has been unusually difficult, and therefore costly. Defendant Zuckerberg appears to be dodging personal service (he was properly sub-served on April 2, 2007), and Defendant McCollum still has not been found.

**3.     Defendants Should Be Prepared To Answer Right Away**

The Complaint does not add or change any substantive legal or factual issue in this case. The new Complaint is, in substance, the same as the First Amended Complaint in the related case (Dkt. 13). Defendants' Answer can therefore be essentially the same as their Answer to the First Amended Complaint. Because most of the work is already done, Defendants should not need an extension of time.

The principal Defendant is Facebook, Inc., which was served on April 2, 2007. There is no reason why it cannot respond before the others. On the due dates for the other Defendants, they can simply adopt Facebook, Inc.'s Answer or other response. Alternatively, there is no reason why all Defendants cannot respond on Facebook, Inc.'s due date, as their responses are likely to be identical, as they were to the Amended Complaint in the related case (Dkt. 14).

Defendants should have anticipated and prepared for the refiling of the Complaint. ConnectU has been saying for almost a year that it would refile if the related case was dismissed,

and did so a mere two and half hours after dismissal. Most recently, ConnectU promised to refile in its Objection to the Report and Recommendation (Dkt. 285). Defendants even conceded ConnectU's right to refile, citing *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 571 (2004) (Dkt. 94 at 12).

Regardless of whether they plan to file an Answer or some sort of motion, Defendants could and should have been ready to do so long ago.

**4.    ConnectU is Prejudiced By Defendants' Delay**

In addition to ConnectU's prejudice from a delayed trial and the attendant costs of such delay, Defendants' delay tactics also harm ConnectU in a specific way. The deadline for appealing this Court's dismissal of the related action is April 27, 2006. ConnectU wishes to avoid filing a Notice of Appeal, but will be forced to do so if Defendants do not respond to the Complaint prior to that deadline. Unless ConnectU knows whether or not Defendants will file another motion to dismiss, and knows Defendants' arguments by that date, ConnectU will have no choice but to file a Notice of Appeal to preserve its rights, which will cost ConnectU further time, effort, and money.

**5.    Conclusion**

For the reasons stated above, ConnectU respectfully requests that Defendants' motion for extension of time should be denied.

Dated: April 17, 2007				Respectfully submitted,


						/s/ Daniel P. Tighe
						Daniel P. Tighe (BBO# 556583)
						Scott McConchie (BBO# 634127)
						GRIESINGER, TIGHE, & MAFFEI, L.L.P.
						Boston, MA  02110
						Telephone:  (617) 603-0918
						Facsimile:   (617) 542-0900
						dtighe@gtmllp.com
						smcconchie@gtmllp.com

						Of Counsel:
						John F. Hornick
						Margaret A. Esquenet
						Meredith H. Schoenfeld
						FINNEGAN, HENDERSON, FARABOW,
						     GARRETT & DUNNER, L.L.P.
						901 New York Avenue, N.W.
						Washington, D.C.  20001
						Tel: (202) 408-4000
						Fax: (202) 408-4400

						Attorneys for Plaintiff
						ConnectU, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 17, 2007.

						/s/ Daniel P. Tighe
						Daniel P. Tighe (BBO# 556583)