IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, LLC,<br><br>  Defendants. | CIVIL ACTION NO. 1:07-CV-10593-DPW |

**THE FACEBOOK LLC AND FACEBOOK, INC.'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND FACTS .............................................................................................. 1

III. ARGUMENT .................................................................................................................. 3

    A. All State Law Claims Subject to Three Year or Less Statutes of Limitations Are Time-Barred as Against Facebook, Inc. and Facebook, LLC .................................................................................................................. 3

    B. ConnectU Fails To State A Claim For Relief Against the Facebook Entities for Any Cause of Action .................................................................... 5

        1. The Claims Fail Pursuant to FRCP Rule 8 to Apprise the Facebook Entities The Actions For Which They Are Alleged to Be Liable ............. 5

        2. ConnectU's Fails To Make Any Allegations That Post-Date The Founding Of The Facebook Entities ...................................................... 7

IV. REQUEST FOR ORAL ARGUMENT ......................................................................... 8

V. CONCLUSION ............................................................................................................... 8

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Aaron* v. *Aguirre*, 2007 U.S. Dist. LEXIS 16667 (S.D. Cal. 2007) ............................................. 6

*Anderson* v. *Bd. of Trustees*, 77 F.3d 364 (11th Cir. 1996) ...................................................... 6

*Cambridge Literary Properties, Ltd.* v. *W. Goebel Porzellanfabrik G.M.B.H. & Co. KG*,
   448 F. Supp. 244 (D. Mass. 2006) ........................................................................................ 4

*Epstein* v. *C.R. Bard, Inc.*, 2004 WL. 1598912 (D. Mass. July 19, 2004) ................................... 4

*Hanks* v. *Andrews*, 2006 U.S. Dist. LEXIS 4182 (D. Ariz. 2006) ............................................... 6

*Leatherman* v. *Tarrant County Narcotics Intelligence & Coordination Unit*,
   507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) ...................................................... 6

*Lexington Ins. Co.* v. *Abarca Warehouses Corp.*, 337 F. Supp. 902 (D.P.R. 1971) ..................... 1

*Newman* v. *Burgin*, 930 F.2d 955 (1st Cir. 1991) ..................................................................... 4

*Panico* v. *Whiting Milk Co.*, 335 F. Supp. 315 (D. Mass. 1971) ................................................ 1

*Prescott* v. *Morton Int'l, Inc.*, 769 F. Supp. 404 (D. Mass. 1990) ............................................. 4

*Three D Depts., Inc.* v. *K-Mart Corp.*, 670 F. Supp. 1404 (N.D. Ill. 1987) ................................. 6

*Watterson* v. *Page*, 987 F.2d 1 (1st Cir. 1993) ......................................................................... 1

### STATE CASES

*CoWorx Staffing Services LLC* v. *Coleman*,
   2007 WL. 738913 (Mass. Super. Ct. Feb. 7, 2007) ................................................................. 7

*Gifford* v. *Spehr*, 358 Mass. 658 (1971) .................................................................................. 4

*Jordan* v. *Commissioners of Bristol County*, 268 Mass. 329 (1929) ......................................... 4

*Linkage corp.* v. *Trustees of Boston Univ.*, 425 Mass. 1 (1997) ................................................ 7

*Nissan Autos. of Marlborough, Inc.* v. *Glick*,
   62 Mass. App. Ct. 302 (Mass. App. Ct. 2004) ........................................................................ 7

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Ocean Air, Inc.* v. *Katzman*,
  2002 WL. 532475 (Mass. Super. Ct. Jan. 22, 2002) .............................................................. 7

*Stark* v. *Advanced Magnetics, Inc.*, 50 Mass. App. 226 (2000) ...................................................... 4

## FEDERAL STATUTES

5 U.S.C. § 8101 *et seq* ................................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1, 5

FRCP Rule 8 ............................................................................................................................ 5, 7

## STATE STATUTES

Mass. Gen. Laws ch. 260, § 2A ................................................................................................... 4

**I.   INTRODUCTION**

Facebook, Inc. and TheFacebook, LLC (collectively, "Facebook Entities") should be dismissed from this case. Nowhere in ConnectU's complaint does ConnectU plead any specific factual allegations about the Facebook Entities' role in any of the alleged wrongdoing. ConnectU only concludes that "Facebook, Inc. and/or The Facebook LLC have been and are integrally involved in the wrongdoing described in this Complaint." This statement cannot, under any pleading standard, give rise to liability for the acts alleged in the complaint. The Facebook Entities incorporate by reference and join in Moskovitz, McCollum and Hughes' Motion to dismiss filed concurrently; and expects to join in a response filed by Defendant Eduardo Saverin.

In addition to failing to plead any fact that renders either entity liable to ConnectU, any claim asserted for which the statute of limitations is three years or less is time-barred as to these entities. The latest specific allegation of wrongdoing in the complaint is on February 4, 2004, the launch of the Facebook website. The Facebook Entities were not named defendants or in existence at that time and, as result, the Massachusetts renewal statute will not preserve claims against these entities.

**II.   BACKGROUND FACTS**

Thefacebook.com launched on February 4, 2004. TheFacebook, LLC, a Florida Limited Liability Company, was formed on April 13, 2004. *See* Compl. ¶ 8 (Docket No. 1). Facebook, Inc. is a Delaware corporation and was incorporated on July 29, 2004. *See* Rep. & Recommendation on Facebook Defs.' Mot. to Dismiss at 60 (Docket No. 283, Case 1:04-cv-11923-DPW), adopted by Order of Court dated May 28, 2007 (Docket No. 288).[1]

---

[1] Because they are public records for which authenticity is not in dispute, courts may take judicial notice of earlier court proceedings when considering a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), without converting the motion into one for summary judgment. *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993); 5C Wright & Miller, *Federal Practice & Procedure* § 1364, at 138 (2004) ("judicial notice may be taken of prior pleadings and proceedings" without converting a Rule 12(b)(6) motion into one for summary judgment). Significantly, Courts may take judicial notice of earlier proceedings dismissed for lack of

On September 2, 2004, ConnectU, LLC, a now-defunct Delaware Limited Liability Company, filed a complaint in this Court against "The Facebook.com a/k/a The Facebook" as an "implied or *de facto*" Massachusetts partnership, as well as Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and Eduardo Saverin, individually.  *See* Compl. ¶¶ 5-10 (Docket No. 1, Case 1:04-cv-11923-DPW, *ConnectU, LLC v. Zuckerberg, et al.*) ("the 2004 lawsuit").  In this first complaint, ConnectU LLC sought damages for misappropriation of trade secrets pursuant to Massachusetts G.L. ch. 266, § 30(4), breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, intentional interference with prospective contractual and advantageous business relations, and fraud.  Facebook, LLC was not a defendant, nor was Facebook, Inc.  *Id.* ¶¶ 24-64.

On October 14, 2005, the Facebook Defendants[2] filed a motion to dismiss pursuant to Rule 12(b)(1).  *See* Mot. to Dismiss (Docket No. 94, Case 1:04-cv-11923-DPW).  That motion was granted on March 28, 2007, and the original complaint and all subsequent pleadings in the 2004 lawsuit were dismissed for lack of diversity jurisdiction.  *See* Order of Court dated May 28, 2007 (Docket No. 288, Case 1:04-cv-11923-DPW).  Immediately upon dismissal, ConnectU, Inc., a Connecticut corporation, filed a new complaint captioned *ConnectU, Inc. v. Facebook, Inc., et al.* Case 1:07-cv-10593-DPW ("the 2007 case").

The new complaint adds two parties that were not named in the original Complaint — Facebook, Inc. and Facebook, LLC.  *See* Compl. ¶¶ 10-11 (Docket No. 1).  The new complaint also adds four claims for relief that were not originally raised by ConnectU, LLC; (1) copyright infringement, (2) misappropriation of trade secrets pursuant to Massachusetts G.L. ch. 93, § 42 (in addition to Massachusetts G.L. ch. 266, § 30(4)), (3) breach of Massachusetts Unfair Trade

---

diversity jurisdiction in determining whether to grant a Rule 12(b)(6) motion alleging that a statute of limitations has run.  *See Lexington Ins. Co. v. Abarca Warehouses Corp.* 337 F. Supp. 902, 904 (D.P.R. 1971).  *See also Panico v. Whiting Milk Co.*, 335 F. Supp. 315, 316 n.1 (D. Mass. 1971) (Court takes notice of proceedings in earlier closed civil action in same Court in which defendant had been awarded lost wages and costs pursuant to 5 U.S.C. § 8101 *et seq.*, for purposes of determining whether to grant a Rule 12(b)(6) motion brought by the United States to determine if third parties could be indemnified for amounts already paid).

[2] The "Facebook Defendants" comprise all defendants other than Eduardo Saverin.

-2-

Practices pursuant to Mass. G.L. ch. 93A, §§ 1, 2, 9 & 11, and (4) breach of confidence under California common law.[3]  *Id.* ¶¶ 43-57, 87-90 & 98-104.  The claims for copyright infringement, misappropriation of trade secrets, breach of Massachusetts Unfair Trade Secrets statute, unjust enrichment, and intentional interference with prospective contractual and advantageous business relations are asserted against all defendants.

### III.  ARGUMENT

#### A.  All State Law Claims Subject to Three Year or Less Statutes of Limitations Are Time-Barred as Against Facebook, Inc. and Facebook, LLC

In its original complaint, ConnectU did not name either Facebook, Inc. or Facebook, LLC, as Defendants.  Instead, ConnectU named The Facebook.com a/k/a The Facebook, which it contended was an implied or *de facto* Massachusetts partnership.  See Compl., ¶ 10 (Docket No. 1, Case 1:04-cv-11923-DPW).  This error has significant effect, for it precludes ConnectU from now asserting any state law claims against either Facebook, Inc. or Facebook, LLC that accrued on or before March 27, 2007, the day before ConnectU filed its present complaint.

The Complaint bases the claims against the Facebook Entities for misappropriation of trade secrets, intentional interference with prospective contractual relations and unjust enrichment on the alleged impermissible use by the Facebook Entities of "Information and Procedures" alleged to be trade secrets of ConnectU, resulting in the purported loss of business opportunities such as potential advertisers and investors.  See Compl. ¶¶ 21, 40-41, 52-55, 88.  The alleged trade secrets were disclosed to the public on February 4, 2004 by ConnectU's own admission, when the website Facebook.com first launched.  *Id.* ¶ 32.

---

[3] ConnectU LLC filed an Amended Complaint on October 28, 2005 in the original lawsuit between the parties.  First Amended Complaint (Docket No. 13, Case 1:04-cv-11923-DPW).  That Amended Complaint purported to add claims for copyright infringement, breach of Massachusetts Unfair Trade Practices pursuant to Mass. G.L. ch. 93A, §§ 1, 2, & 9, and interference with prospective contractual relations, and further substituted Facebook, Inc. as the Defendant in place of TheFacebook.com a/k/a TheFacebook.  *Id.* ¶¶ 10, 24-29, 46-51 & 66-69.  When the Court dismissed the earlier action, it concluded that the amendment was of no effect because diversity jurisdiction was lacking when the earlier, original complaint was filed.  *See* Report & Recommendation on Facebook Defendants' Motion to Dismiss at 4-10 (Docket No. 283, Case 1:04-cv-11923-DPW), adopted by Order of Court dated May 28, 2007 (Docket No. 288).

Each state law claim asserted against the Facebook Entities is time barred, as the statute of limitations requires an action to be brought within three years. In Massachusetts, a claim for relief for misappropriation of trade secrets under Chapter 93, Section 42, and interference with prospective contractual relations must be brought, if at all, within three years after the cause of action accrued. *See Stark v. Advanced Magnetics, Inc.*, 50 Mass. App. 226, 232 (2000); Mass. Gen. Laws ch. 260, § 2A. *See also Epstein v. C.R. Bard, Inc.*, 2004 WL 1598912, at *3 (D. Mass. July 19, 2004). The claims are not continuing torts, and thus each use of misappropriated confidential information underlying the actions does not give rise to new causes of action. *Prescott v. Morton Int'l, Inc.*, 769 F. Supp. 404, 406-07 (D. Mass. 1990). Claims for unjust enrichment are likewise subject to a three year statute of limitations where the basis for the cause of action is premised on an underlying tortious act and makes no reference to any contract between the parties. *Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.M.B.H. & Co. KG*, 448 F. Supp. 244, 263 (D. Mass. 2006); Epstein, 2004 WL 1598912, at *3.

The latest specific factual allegations of wrong doing accrued on February 4, 2004 when www.thefacebook.com launched. ConnectU therefore was required to file lawsuits for misappropriation of trade secrets, interference with prospective contractual relations, and unjust enrichment against both Facebook Entities no later than February 4, 2007. ConnectU did not do so. Accordingly, the claims are time-barred.

Connect provides no allegation in its complaint that would justify departing from the relevant three year statutes of limitations in this case. ConnectU may argue that the three claims are saved by the Massachusetts "renewal" statute, Mass. G. L. ch. 260, § 32. This argument fails as a matter of law. Neither company, both of which are non-residents, was named in the original complaint. The "renewal" statute does not apply to parties who were not named in the operative complaint in the previous action. Indeed, the naming of a wrong defendant has been recognized to be one of the situations where the renewal statute is inapplicable. *See Jordan v. Commissioners of Bristol County*, 268 Mass. 329, 332 (1929); *Newman v. Burgin*, 930 F.2d 955, 964 (1st Cir. 1991). *See also Gifford v. Spehr*, 358 Mass. 658, 662-664 (1971) (holding that G.L.

ch. 260, § 32 was inapplicable where a plaintiff failed to properly serve a complaint on non-residents, because notice is a "matter of substance essential to personal jurisdiction of the defendant").

Accordingly, the claims against the Facebook Entities for misappropriation of trade secrets, unjust enrichment, and intentional interference with prospective and contractual relations all are time-barred, and must be dismissed pursuant to Rule 12(b)(6).

### B. ConnectU Fails To State A Claim For Relief Against the Facebook Entities for Any Cause of Action

In addition to the reasons set forth the motion to dismiss filed by Defendants Moskovitz, Hughes and McCollum, the claims for copyright infringement (first cause of action) misappropriation of trade secrets (second cause of action), violation of Massachusetts unfair trade practices statute, Mass. G.L. 93A (fifth cause of action), unjust enrichment (seventh cause of action) and intentional interference with prospective contractual relations (eighth cause of action) asserted against the Facebook Entities should be dismissed pursuant to Rule 12(b)(6), because the complaint makes no factual allegations about either entity's role in the alleged unlawful acts.

#### 1. The Claims Fail Pursuant to FRCP Rule 8 to Apprise the Facebook Entities The Actions For Which They Are Alleged to Be Liable

Every alleged "bad" act of the complaint predates the admitted formation of the Facebook Entities on April 14 and July 29, 2004, respectively. As no specific allegations have been lodged against the Facebook Entities, they are not properly named.

While Rule 8(a) requires only that a complaint sufficiently state a cause of action and identify transactions giving rise to litigation, it nonetheless carries the condition that such allegations be pled in such detail as to apprise *each defendant* of the nature and subject matter of suit against it. Fed. R. Civ. Proc. Rule 8. ConnectU has failed to provide a short and plain statement of the claims sufficient to provide each Defendant with fair notice of Plaintiff's claim and the grounds on which the claim is based. Pursuant to the notice pleading standards of Rule 8, it is incumbent upon the plaintiff to particularize, at least to some extent, the activities for

which it attempts to hold each defendant accountable. ConnectU has not done so here, and this court should dismiss the claims against those Defendants that have not been provided sufficient notice. *See, e.g.*, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993); *Aaron v. Aguirre*, 2007 U.S. Dist. LEXIS 16667 (S.D. Cal. 2007) (Court dismissed Plaintiffs' Interference with Contractual Relations claim as to all Defendants because the complaint failed to allege sufficiently the elements of the claim against *each defendant*); *Hanks v. Andrews*, 2006 U.S. Dist. LEXIS 4182 (D. Ariz. 2006) (Plaintiff "must sufficiently allege which defendants are liable under each claim, and he must allege as to each defendant "'a short and plain statement of the claim showing that the pleader is entitled to relief"' as to each such defendant"). Plaintiff has not met this most basic requirement.

Moreover, this approach violates Rule 10(b), FRCP, which specifically requires "[e]ach claim founded upon a separate occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." One situation where separate counts are required is to avoid "shotgun pleading," so as to enable a defendant to determine what the plaintiff is claiming and to frame a responsive pleading, as well as for the Court to administer justice. *Anderson v. Bd. of Trustees*, 77 F.3d 364, 366-67 (11th Cir. 1996). *See also Three D Depts., Inc. v. K-Mart Corp.*, 670 F. Supp. 1404, 1409 (N.D. Ill. 1987) (failure to present claims involving agreement and implied duty of good faith in separate counts results in "unclear allegations" and "imprecise memoranda"). By itself, this failure to abide by the Federal Rules warrants dismissal.

For several of its claims (copyright infringement, misappropriation of trade secrets, breach of the Massachusetts Unfair Trade Practices Act, unjust enrichment, and intentional interference with prospective contractual and advantageous business relations), ConnectU simply "group pled" conclusory statements against all Defendants. Further confusing the matter, in the case of its claims for breach of the Massachusetts Unfair Trade Practices Act and intentional interference with prospective contractual and advantageous business relations, ConnectU

actually combined independent causes of action together. In the case of misappropriation of trade secrets, ConnectU combined two different statutes — one of which does not even give rise to a private right of action. Obviously, the absence of allegations setting out what constitutes the Facebook Entities' alleged wrongful conduct, or even explaining which statute or cause of action they are alleged to be liable for, fails to satisfy the minimum notice pleading requirements of Rule 8.

### 2. ConnectU's Fails To Make Any Allegations That Post-Date The Founding Of The Facebook Entities

ConnectU fails to state claims for specific causes of action against the Facebook Entities. There are no specific allegations of wrongdoing after the formation of the Facebook Entities.

For instance, nowhere does ConnectU cite a single action *by the Facebook Entities* that would give rise to its claim for intentional interference with prospective contractual and advantageous business relations.

Similarly, ConnectU cannot establish the requisite elements for a Mass. G.L. ch. 93A, Section 11 claim against Facebook, Inc. or Facebook, LLC. To "recover under this statute, [ConnectU] must demonstrate that [Facebook, Inc. and Facebook, LLC] used an 'unfair method of competition or an unfair or deceptive act' in the conduct of commerce." *Nissan Autos. of Marlborough, Inc. v. Glick*, 62 Mass. App. Ct. 302, 312 (Mass. App. Ct. 2004); *see also Linkage corp. v. Trustees of Boston Univ.*, 425 Mass. 1 (1997). ConnectU alleges that "Defendants' actions described above constitute unfair or deceptive acts or practices in the conduct of trade or commerce." Compl. ¶ 68. Notably, ConnectU pleads no facts describing any act (including any act that was unfair or deceptive) taken by either business entity. Nor could it — neither business entity was in existence at the time the purported transaction occurred, and one is merely a subsequent employer of one or more of the individual defendants. Section 11 claims cannot be brought against a subsequent employer for issues related to the employee's prior acts. *See Ocean Air, Inc. v. Katzman*, 2002 WL 532475, at *10- *11 (Mass. Super. Ct. Jan. 22, 2002); *CoWorx Staffing Services LLC v. Coleman*, 2007 WL 738913, at *3 -*4 (Mass. Super. Ct. Feb. 7, 2007).

Plaintiff also alleges no relationship between plaintiff and the Facebook Entities that would give rise to a trade secret or unjust enrichment claim. It has not made such an allegation because no such facts exist. ConnectU has not met the basic pleading standard as to the Facebook Entities.

## IV.   REQUEST FOR ORAL ARGUMENT

The Facebook Entities believe that oral argument may assist the Court and wish to be heard on the issues presented in this Motion to Dismiss.

## V.   CONCLUSION

Facebook LLC and Facebook Inc. do not belong in this case. Plaintiff's complaint against them should be dismissed.


Dated: April 23, 2007

/s/ Steve M. Bauer /s/
Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:   (617) 526-9600
Facsimile:     (617) 526-9899


OF COUNSEL:
G. Hopkins Guy, III
I. Neel Chatterjee
Monte M.F. Cooper
Theresa A. Sutton
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401

ATTORNEYS FOR FACEBOOK, INC., MARK ZUCKERBERG, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, LLC

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 23, 2007.

Dated:  April 23, 2007.                      Respectfully submitted,

                                                /s/ Steve M. Bauer /s/
                                                  Steve M. Bauer