IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONNECTU, INC,

     *Plaintiff,*

v.

FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, LLC

     *Defendants.*

Civil Action No. 1:07-CV-10593-DPW

**FACEBOOK DEFENDANTS' RESPONSE TO "NOTICE OF
MOTIONS FILED BY PLAINTIFF CONNECTU REQUIRING RESOLUTION"**

**I.    INTRODUCTION**

ConnectU's request that the Court resolve ConnectU's motions should be denied. ConnectU filed a complaint on March 28, 2007, after its first complaint was dismissed for lack of subject matter jurisdiction. In the new complaint, ConnectU adds parties and claims. It is not the same action as before.

On April 23, 2007, Defendants filed several motions to dismiss ConnectU's complaint. Defendants' hope is to focus and narrow this case to allow it to proceed expeditiously. Engaging in discovery before resolution of such motions is a waste of judicial and party resources, as much of ConnectU's case may be dismissed. ConnectU offers no reason to start the clock on discovery until the parties and issues are settled in this matter.

In addition, ConnectU's request that the Court entertain ConnectU's previously filed motions to compel third parties must be denied. The subpoenae are ineffective as a matter of law

and must be re-served. Consequently, the motions to compel related to these subpoenae must be denied in light of the Court's previous finding that it lacked jurisdiction over the earlier action.

## II. FACTUAL BACKGROUND

### A. Procedural History

On September 2, 2004, ConnectU LLC filed a complaint against Facebook (a partnership), Mark Zuckerberg, Andrew McCollum, Dustin Moskovitz, Eduardo Saverin, and Christopher Hughes. The defendants filed a motion to dismiss for lack of diversity jurisdiction, which the Court granted on March 28, 2007. ConnectU, Inc. filed the present action, in which it added two parties and four new claims.

On April 23, 2007, Defendants filed numerous motions to dismiss challenging many of the claims and the propriety of naming certain defendants. The motions to dismiss may substantially narrow this case.

### B. Pending Motions

In the prior litigation, ConnectU filed six discovery-related motions. *See ConnectU LLC v. Zuckerberg, et al,* 1:04-CV-11923 ("ConnectU I"), Docket Nos. 37, 52, 68, 121, 126, 175. On November 18, 2005, and March 31, 2006, the Court granted-in-part two of ConnectU's motions. *See* ConnectU I, 11/18/05 Electronic Order and Docket No. 164. On September 25, 2006, the Court administratively terminated the remaining motions until it resolved the Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1). *See* ConnectU I, 9/25/06 Electronic Order.

On February 21, 2007, in ConnectU I, ConnectU filed five separate motions to compel production against five non-party investors. Four of the motions were filed in the Northern District of California; one was filed in the Southern District of New York. The Honorable Magistrate Judge Lloyd recently issued an order staying the motions in the Northern District of California, indicating that this Court is better situated to decide these motions. Judge Lloyd did

not, however, order that these cases be transferred to this Court; Judge Lloyd left that to the parties to decide. As for the motion filed in the Southern District of New York, ConnectU and the non-party, The Interpublic Group Companies ("IPG"), agreed, three weeks before the case was dismissed, to transfer the motion to this Court. *See* ConnectU I, Docket No. 290. All of these motions were based upon subpoenae from the earlier case and were not served in the present matter.

### III.  DISCUSSION

#### A.  Motions Administratively Terminated or Denied

ConnectU asks that the Court address the merits of four separate motions filed in ConnectU I. ConnectU's request should be denied.

##### 1.  Resolving ConnectU's Motions Before The Issues And Parties Are Resolved Is Inappropriate

On April 23, 2007, all defendants except Saverin filed motions to dismiss in this matter which, if granted, will significantly narrow the issues, and potentially the parties. *See* Docket Nos. 16, 17, 18. As a result, a ruling on the motions to compel filed in ConnectU I should be reserved until the claims and parties in this case are settled. Such reservation will enable the Court and the parties to focus on the sufficiency of the complaint without the great expense of broad discovery. It also will ensure that discovery ultimately ordered by the Court, if any, is relevant to the remaining issues and parties in this case and not to the issues and parties in a previous action.

##### 2.  The Case Is Not At Issue

The motions also should not be considered before the motions to dismiss are resolved, because this case is not at issue as contemplated by Rules 16 and 26 of the Federal Rules of Civil Procedure. The parties have not engaged in any conferences in this matter pursuant to these

Rules. To the extent ConnectU argues that the parties conferred in the earlier litigation and it should carry over, the two new defendants did not participate in any such conference. Moreover, until the motions to dismiss are resolved, the identity of the parties is unclear and, as such, any conference contemplated by Rule 26(f) is premature. As a result, discovery should not go forward at this time.

### 3. The Motion For Contempt Is Moot

One of the motions ConnectU asks this Court to resolve is its Motion for Contempt (Docket No. 175) based on ConnectU's incorrect assertions that defendants violated a Court Order in the earlier action. ConnectU's request here is inappropriate. On March 28, 2007, this Court determined it did not have jurisdiction to proceed in the earlier case. "Without jurisdiction the court cannot proceed at all in any cause." *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* Because this Court determined that it could not exercise subject matter jurisdiction over the defendants in ConnectU I, ConnectU's motion must be denied.

### 4. ConnectU May Appeal The Court's Dismissal Of The Earlier Action

In its April 17, 2007 Opposition to defendants' request to enlarge time (Docket No. 12), ConnectU suggested that it might appeal this Court's dismissal of the earlier action. If it does so, the present action must be stayed to avoid having two cases concurrently pending.

### B. Motions in Other Courts

ConnectU's request to set a hearing on ConnectU's motions to compel third party discovery is inappropriate. On February 21, 2007, ConnectU filed five separate motions to compel various third parties to produce documents in response to subpoenae *duces tecum* that were issued in ConnectU I. Because the Court determined that it did not have jurisdiction over

the parties in the previous action, each one of the third party subpoenae is now void and unenforceable. *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 76 (1998) (where court found that "if a district court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining that jurisdiction, then the process is void …"). As a result, the Court may not consider the motions to compel with regard to the subpoenae. *See United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1098 (1st Cir. 1992) ("Were a contrary view to prevail, 'a court could wield power over parties or matters obviously not within its authority – a concept inconsistent with the notion that the judiciary may exercise only those powers entrusted to it by law'").

Because the Court did not have subject matter jurisdiction over the case from which these subpoenae issued, the subpoenae are void, and the Court may not decide the motions to compel.

## IV.    CONCLUSION

Based upon the foregoing, Facebook respectfully requests that this Court deny ConnectU's request to resolve its discovery-related motions at this time, and to deny the motion to compel production from IPG.

Dated: April 25, 2007          Respectfully submitted,

*/s/ Steven M. Bauer*
Steven M. Bauer (BBO #542531)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Plaza, 22nd Floor
Boston, MA 02110-2600
Telephone:     (617) 526-9600
Facsimile:      (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

Of Counsel:
G. Hopkins Guy, III
I. Neel Chatterjee
Monte M.F. Cooper
Theresa A. Sutton
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
tsutton@orrick.com


ATTORNEYS FOR FACEBOOK, INC., MARK ZUCKERBERG, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the Court's ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 25, 2007.

Dated: April 25, 2007             */s/ Steven M. Bauer*
                                      Steven M. Bauer