# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC.,<br><br>                    Plaintiff,<br><br>      v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, AND THEFACEBOOK, LLC,<br><br>                    Defendants. | Civil Action No. 1:07-CV-10593 (DPW)<br><br>District Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings |

## CONNECTU'S OPPOSITION TO FACEBOOK DEFENDANTS' RESPONSE TO NOTICE OF MOTIONS FILED BY PLAINTIFF CONNECTU <u>REQUIRING RESOLUTION</u>

As always, Facebook Defendants' arguments are motivated by delay.

ConnectU will not interpret the Court's intent in ordering that this case would "effectively [pick] up where they were left off with this dismissal and previous discovery will be available with a view toward assuring that the case proceeds promptly to resolution." March 28, 2007 6:34 am electronic Order. Suffice it to say that ConnectU disagrees with Facebook Defendants' arguments, which ignore such order and its implications. However, ConnectU is compelled to oppose Facebook Defendants' response on the following points:

1.     The new Complaint adds only one party, Thefacebook LLC, the sole Member of which is Facebook, Inc., and its founding Members were co-Defendants Zuckerberg, Moskovitz, and Saverin (see ConnectU's Supplemental Brief, Dkt. 282 at 3). Moreover, Facebook, Inc. answered the Amended Complaint in *ConnectU I* on November 18, 2004 (Dkt. 14). Thus, Thefacebook LLC has been on notice of ConnectU's claims since *ConnectU I* was filed, and/or since Facebook, Inc. was named in the Amended Complaint.

2.	The new Complaint adds only one new claim, namely, breach of confidence under California law (Count 10).

3.	The Motion for Contempt is not moot. ConnectU assumes the Court will simply adopt the orders from *ConnectU I* and any motions based thereon. Further, even after dismissal, this Court has jurisdiction to order sanctions. *See Willy v. Costal Corp.*, 503 U.S. 131 (1992), cited by Facebook Defendants in their Opposition to ConnectU's motion for leave to file its Supplemental Brief (Dkt. 192). In *Willy*, the Supreme Court upheld the district court's award of Rule 11 sanctions, which was affirmed by the Court of Appeals at the same time it dismissed for lack of subject matter jurisdiction. *Id.* at 133-34. The Court stated that although a determination of lack of subject matter jurisdiction precludes further adjudication of the merits of the case (*id.* at 137-38), "such a determination does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction." *Id.* at 137. The Court also noted that "it is well established that a federal court may consider collateral issues after an action is no longer pending." *Id.* at 138.

The language quoted by Facebook Defendants from *Steel Co. v. Citizens, 523 US 83, 94 (1998),* is out of context and inapplicable. *Steel* rejected the practice of assuming jurisdiction for the purpose of deciding a case's merits, and is irrelevant to carrying over a motion from a related action. *Id.*

4.	All Defendants named in the new Complaint, except the newly named Thefacebook LLC, met and conferred regarding discovery disputes in *ConnectU I*, and opposed ConnectU's motions to compel, which is apparent on the face of such oppositions (see Dkts. 134, 82, 75, 72, 71, 43, and 42).

5.        On April 27, 2007, ConnectU filed a Notice of Appeal in *ConnectU I*. There is no reason for the appeal to affect the progress of this action.

ConnectU urges this Court to move this case forward in parallel with deciding the pending motions to dismiss. ConnectU's claims have now been pending for over 2 ½ years and discovery on the merits between the parties has been at a standstill for over a year. ConnectU is being prejudiced by such delay and Defendants' endless ploys to delay this case and spend ConnectU's money. The case law permits discovery to proceed in parallel to a motion to dismiss and recognizes that staying discovery while such a motion is pending may prejudice the plaintiff. *Digital Equipment Corp. v. Currie Enterprises*, Civil Action No. 91-11624-WD, 1992 U.S. Dist. LEXIS 17718, *2 (D. Mass. Feb. 12, 1992) (stay of discovery denied while motion to dismiss was pending, stating that "Although this court has discretion to stay discovery in an appropriate case, such a stay is neither automatic or routine" and that "Fairness to all parties involved as well as the possible prejudice to the plaintiff dictates that discovery proceed in an efficient and expeditious manner."). *See also Kleinerman v. U.S. Postal Service*, 100 F.R.D. 66, 68 (D. Mass. 1983) (denying motion for stay of discovery pending resolution of motion to dismiss for lack of jurisdiction and finding that allegations of lack of jurisdiction are not sufficient to halt discovery). In *ConnectU I*, Judge Collings also stated during the November 18, 2005 hearing that he was not going to stay discovery and that despite the motion to dismiss "you're going to go forward with the case, with discovery" (Transcript of Nov. 18, 2005 hearing at 9:12-15) and later held oral argument on the parties' pending motions (March 3, 2006 hearing) and ruled on one of ConnectU's motions to compel (March 31, 2006 Order). Facebook Defendants also argued as late as November 6, 2006, after the October 24, 2006 evidentiary hearing related to the motion to dismiss, that "discovery in this matter [the Massachusetts action] remains open.

Nothing . . . prohibits [a party] from obtaining discovery on any issue." (Declaration of Meredith H. Schoenfeld, Ex. 1 at 6).

For these reasons, ConnectU respectfully urges the Court to move this case promptly toward trial.

Dated: May 3, 2007                                        Respectfully submitted,

/s/ John F. Hornick_____
John F. Hornick, admitted *pro hac vice*
Margaret A. Esquenet, admitted *pro hac vice*
Meredith H. Schoenfeld, admitted *pro hac vice*
Daniel P. Kaufman (BBO#663535)
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 408-4000
Fax: (202) 408-4400

Daniel P. Tighe (BBO# 556583)
Scott McConchie (BBO# 634127)
GRIESINGER, TIGHE, & MAFFEI, L.L.P.
Boston, MA 02110
Telephone: (617) 452-9900
Facsimile: (617) 452-090
dtighe@gtmllp.com
smcconchie@gtmllp.com

Attorneys for Plaintiff
ConnectU, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 3, 2007.

/s/ John F. Hornick
John F. Hornick