UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CRISTOPHER HUGHES, and THEFACEBOOK, LLC, <br><br> Defendants. | Civil Action No.: 1:07-CV-10593-DPW <br><br> Related Action No. 1:04-CV-11923-DPW |

**DEFENDANT EDUARDO SAVERIN'S
MEMORANDUM IN SUPPORT OF
HIS MOTION TO DISMISS CONNECTU, INC'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Eduardo Saverin moves to dismiss each of the claims asserted against him by ConnectU Inc. ("ConnectU"): the first (copyright infringement), second (trade secret misappropriation), fifth (unfair trade practices), seventh (unjust enrichment), and eighth (intentional interference with prospective contractual and advantageous business relations) claims of ConnectU's complaint.

ConnectU's complaint must be dismissed as against Mr. Saverin because it fails to meet even the liberal notice requirements of Federal Rule of Procedure 8(a). Despite its assertion of five claims against Mr. Saverin, ConnectU's complaint contains *no factual allegations* identifying what role Mr. Saverin is alleged to have played in *any wrongdoing*. In place of the required factual allegations, ConnectU has simply pled that Mr. Saverin—along with, and in some way indistinguishable from, every other defendant in this case—has "used" what ConnectU alleges is its confidential information. This vague allegation fails to provide any understanding of what Mr. Saverin is alleged to have done to violate any of ConnectU's rights, and thus under the Federal Rules is an insufficient ground for any of ConnectU's asserted claims against Mr. Saverin.

In light of ConnectU's failure to allege any acts attributable to Mr. Saverin, it cannot properly allege any of the five claims it has attempted to assert against him. Even combined with ConnectU's conclusory allegations that the acts of "Defendants" constitute various actionable wrongs, the bare allegation that Mr. Saverin participated some way in "using" ConnectU's information does not support claims that: (i) Mr. Saverin infringed—or was otherwise legally responsible for the infringement of—ConnectU's copyright; (ii) Mr. Saverin knowingly participated in misappropriating ConnectU's trade secrets; (iii) Mr. Saverin knowingly engaged in unfair or deceptive business practices; (iv) Mr. Saverin intentionally and with improper motive interfered in ConnectU's business contracts or relations; or (v) Mr. Saverin was unjustly enriched to ConnectU's detriment. For these reasons, all of ConnectU's claims against Mr. Saverin should be dismissed.

## ALLEGATIONS OF CONNECTU'S COMPLAINT

ConnectU filed a complaint against Facebook, Inc., Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook LLC on March 28, 2007.  Pertinent to this motion, ConnectU's complaint sets forth claims against "all Defendants" for copyright infringement, misappropriation of trade secrets, unjust enrichment, unfair business practices, and intentional interference with prospective business advantage. While ConnectU has taken a shotgun approach to asserting its claims, the complaint contains nearly nothing in the way of factual allegations regarding Mr. Saverin's supposed role in any of the alleged wrongdoings.

The "Facts" section of ConnectU's complaint comprises paragraphs 12-42.  Paragraphs 12-37, to the extent they attribute actions to any individual defendant, pertain to Mr. Zuckerberg. Mr. Saverin is not mentioned anywhere in paragraphs 12-37.

Following these 25 paragraphs of factual allegations, ConnectU's complaint contains a single paragraph alleging in vague and conclusory terms Mr. Saverin's role:

> 38.    Zuckerberg shared the Information and Procedures with Defendants Saverin, Moskovitz, McCollum, and Hughes, who knowingly used them, and continue to use them, to develop, launch, and/or maintain the facebook.com website.  Zuckerberg, Saverin, Moskovitz, McCollum, and Hughes engaged in the wrongdoing described in this Complaint and operated the facebook.com website befre Thefacebook LLC and/or Facebook, Inc. were formed, and independently thereof, before and after they were formed.

*Id.* ¶38.  The remaining factual allegations of ConnectU's complaint provide no other information regarding Mr. Saverin's supposed role in "the wrongdoings described" therein.  The complaint does not allege what Mr. Saverin supposedly did with the Information and Procedures—other than to "use" them.  It does not allege that Mr. Saverin copied, distributed or otherwise did anything with Plaintiffs' code.  It does not allege any facts showing that Mr. Saverin had any reason to believe that the facebook.com website was based on anything other than code written by Mr. Zuckerberg.  It does not allege any facts regarding what role Mr. Saverin is supposed to have played in "develop[ing], launch[ing], and/or maintain[ing] the

2

facebook.com website."

Nor does the Complaint provide any basis to distinguish Mr. Saverin's alleged conduct from the conduct of the other defendants. For each of the claims asserted against Mr. Saverin, ConnectU simply lumps all of the defendants together and recites legal conclusions. For its copyright infringement claim, ConnectU alleges that "Defendants copied copyrighted subject matter of the Harvard Connection Code, and created a derivative work thereof." *Id.* ¶45. For its trade secrets misappropriation and unfair business practices claims, ConnectU simply incorporates the allegations from the complaint's "Facts" section and states, respectively, that "Defendants' actions as described above constitute misappropriation of . . . Plaintiff's trade secrets," *id.* ¶55, and "constitute unfair or deceptive acts or practices in the conduct of trade or commerce," *id.* ¶68. ConnectU's unjust enrichment and intentional interference with prospective business advantage claims state similarly conclusory allegations regarding "Defendants'" wrongdoing. *Id.* ¶ 82 ("As a result of Defendant's actions as described above, Defendants have been enriched at the expense of . . . Plaintiff."); *id.* ¶88 ("Defendants have purposefully . . . caused potential website users, advertisers, and investors to refrain from entering into contracts and other business relations with . . . ConnectU . . . .").

## ARGUMENT

**I.     CONNECTU'S COMPLAINT VIOLATES FED. R. CIV. P. 8(A) BY FAILING TO ALLEGE MR. SAVERIN'S ROLE IN ANY ACTIONABLE CONDUCT.**

As support for its suit against Mr. Saverin, ConnectU's vague allegations that "Defendants" generally "used" ConnectU's Information and Procedures are insufficient to meet even the liberal requirements of Federal Rule of Civil Procedure 8(a). The complaint must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Rule 8(a) requires "that the plaintiff's complaint give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Carter v. Newland*, 441 F. Supp. 2d 208, 212 (D. Mass 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to

3

meet this "fair notice" requirement, a complaint must "at least set forth minimal facts as to *who did what to whom, when, where, and why*." *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004) (emphasis added). ConnectU's complaint does not measure up: it sets forth *no facts at all* regarding what Mr. Saverin allegedly did to violate any of ConnectU's rights.

Instead, ConnectU has made one vague and conclusory allegation that that Mr. Saverin (among other defendants) somehow "used" ConnectU's information to ConnectU's detriment. Compl. ¶38. This allegation provides Mr. Saverin no understanding of the nature of the legal claims ConnectU has asserted against him. It is precisely to avoid this situation—a defendant being hailed into court with no intelligible explanation—that Rule 8(a) requires a complaint to contain more than "bald assertions [and] unsupportable conclusions." *Educadores Puertorriquenos*, 367 F.3d at 68.

ConnectU's claims against Mr. Saverin are not saved by the inclusion of legal allegations styled as against "Defendants." These allegations are at least as "bald" and "unsupportable" as ConnectU's "factual" paragraph 38. *See* Compl. ¶¶45, 55, 70, 82, 88. Moreover, as courts routinely hold, this type of "lump" pleading fails to meet Rule 8(a)'s "who, when, where and why" requirement. *See, e.g., Bagheri v. Galligan*, 160 Fed. Appx. 4, 5 (1st Cir. 2005) ("The district court found the complaint deficient because . . . it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts. In requiring Bagheri to amend the complaint to remedy this deficiency, the district court did not demand more than the mimimum necessary to satisfy notice pleading standards."); *Carter*, 441 F. Supp. 2d at 214 (ordering pro se plaintiff to file a more definite statement "provid[ing] specificity with respect to which defendant committed which act and when such act or omission was committed," where plaintiff had named the defendants in the complaint's first paragraph and thereafter stated allegations against the "medical staff"); *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By

4

lumping all of the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy [Rule 8's] standard . . . .").[1] In light of the lack of any alleged factual basis for any of the claims ConnectU has asserted against Mr. Saverin, the complaint should be dismissed as against him.

## II. CONNECTU HAS NOT PLED FACTS INDICATING WHAT MR. SAVERIN IS ALLEGED TO HAVE DONE WITH RESPECT TO ANY OF THE CLAIMS ASSERTED AGAINST HIM.

As a result of ConnectU's broad failure to allege any facts concerning actions taken by Mr. Saverin, ConnectU has failed to state any claim upon which relief can be granted against him.

### A. ConnectU Has Not Stated What Mr. Saverin Is Alleged to Have Done to Infringe Its Copyright.

In order to state a claim against Mr. Saverin for copyright infringement, ConnectU had to allege that it owns a validly copyrighted work, and that Mr. Saverin violated one of its exclusive statutory rights in that work. 17 U.S.C. § 106; *see Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59 (1st Cir. 2002). Furthermore, ConnectU was required to allege either that Mr. Saverin did something himself to infringe its copyright, or that he was in some way responsible for someone else's infringement. ConnectU makes no such allegations. Instead, ConnectU simply alleges that "Defendants" copied its copyrighted code and made a derivative work thereof. Compl. ¶45. In light of the absence of any factual allegations identifying Mr. Saverin's supposed role in such copying, this conclusory allegation is insufficient. *Livnat v. Lavi*, 1997 WL 566097 (S.D.N.Y. Sept. 8, 1997) (allegation that "all defendants infringed [plaintiff's] copyrights by publishing . . . infringing photographs" was "not rendered sufficient [against specific defendants] merely by

---

[1] *See also, e.g., Columbus v. Biggio*, 76 F. Supp. 43, 52 (D. Mass. 1999) (dismissing claim against an individual defendant where plaintiff alleged that this defendant conspired against him with other defendants but "ma[de] no allegations regarding [this defendant]'s role in Plaintiff's adverse treatment"); *In re September 11 Prop. Damage and Bus. Loss Litig.*, 468 F. Supp. 2d 508, 529 (S.D.N.Y. 2006) ("Plaintiff cannot lump together vague, impossible-to-understand allegations and claims that do not give proper notice to each specific defendant.").

5

lumping those defendants together" with the one defendant against whom facts relating to infringement were directly pled); *Watts v. Florida Int'l Univ.*, 2005 WL 3730879 (S.D. Fla. June 9, 2005) (a pleading that "lumps the defendants together and alleges that they all committed the same illegal conduct" is not permitted unless "the underlying factual allegations of a complaint specify what each defendant is alleged to have done so that a legal claim against him or her can be understood").

To allege that Mr. Saverin directly infringed its copyright, ConnectU had to plead facts showing that Mr. Saverin "cop[ied] constituent elements of the work that are original." *Johnson v. Gordon*, 409 F.3d 12, 17 (1st Cir. 2005) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991)). But the complaint only states that Mr. Saverin—along with every other defendant named in this case—somehow "used" ConnectU's "Information and Procedures." Compl. ¶38. It contains no allegations regarding what elements of ConnectU's software code, if any, Mr. Saverin is supposed to have copied.

To assert contributory infringement against Mr. Saverin, ConnectU had to allege facts showing either that Mr. Saverin's "personal conduct . . . form[ed] part of or further[ed] the infringement," or that Mr. Saverin "contribut[ed] . . . machinery or goods that provide the means to infringe." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001) (quoting 3 Melville B. Nimmer & David Nimmer, *Nimmer On Copyright* §§ 12.04[A][2] & [A][2][b] (2000)). Furthermore, to be liable as a contributory infringer, Mr. Saverin would have to have had knowledge of the infringement. *See, e.g., Demetrides v. Kaufmann*, 690 F.Supp. 289 (S.D.N.Y. 1988) (contributory infringer must have "*substantial* involvement" in the infringement) (emphasis in original). The complaint alleges no facts which could support any theory of contributory infringement against Mr. Saverin. The complaint does not identify what "personal conduct" Mr. Saverin is alleged to have engaged in (indeed, his name is barely mentioned), and does not allege that he was the contributor of any infringing means. Nor does it

6

allege any facts that suggest Mr. Saverin had any reason to believe that the facebook.com website was based on anything other than code written by Mr. Zuckerberg.[2]

Similarly, ConnectU fails to allege any facts which would support a claim that Mr. Saverin intended to induce the infringement of its copyright, *see Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) ( requiring "active steps . . . taken to encourage direct infringement") or that Mr. Saverin is vicariously liable for such infringement, *see Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) ("A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from *another's* infringing activity and 'has the right and ability to supervise' the infringing activity.") (citation omitted).

In sum, ConnectU's complaint gives Mr. Saverin no notice as to what he is alleged to have done to infringe, or assist in the infringement of, any element of ConnectU's copyrighted material.

### B. ConnectU Has Not Indicated What Mr. Saverin Is Alleged to Have Done to Misappropriate its Trade Secrets.

ConnectU's trade secret misappropriation claim against Mr. Saverin fails for the same reasons as its copyright infringement claim. ConnectU cannot establish a claim for misappropriation of trade secrets against Mr. Saverin unless it satisfactorily alleges, *inter alia*, that he "utilized improper means, or participated in their own or another's breach of a confidential relationship, to acquire and use [ConnectU's] trade secret." *Swartz v. Schering-Plough Corp.*, 53 F. Supp. 2d 95, 100 (D.Mass. 1999). The only defendant whom ConnectU has even attempted to allege was a party to, or breached, a confidential relationship with ConnectU's predecessors is Mr. Zuckerberg. To the extent ConnectU wished to allege that Mr. Saverin "participated in" Mr. Zuckerberg's alleged breach, it was required to plead facts establishing that Mr. Saverin *knew or should have known* (a) that the facebook.com website was based on

---

[2] As ConnectU does elsewhere in its complaint, it substitutes the bare legal conclusion that "[t]he actions of Defendants . . . have at all times relevant to this action been willful and/or knowing" in place of any facts that might support this conclusion. Compl. ¶ 48.

7

ConnectU's "Information and Procedures," (b) that the Information and Procedures were ConnectU's predecessors' secret information, and (c) that Mr. Zuckerberg's disclosure of the Information and Procedures constituted a breach of some duty Mr. Zuckerberg owed to ConnectU's predecessors. *See Curtis-Wright Corp. v. Edel-Brown Tool & Die Co.*, 381 Mass. 1, 6 (1980).

ConnectU's complaint alleges none of these things. As noted above, ConnectU alleges no facts suggesting that Mr. Saverin had any reason to believe that the facebook.com website was based on anything other than code written by Mr. Zuckerberg. Nor does the complaint allege facts suggesting that Mr. Saverin had any reason to believe that Mr. Zuckerberg breached any confidence to ConnectU. In the absence of such allegations, Mr. Saverin is unable to understand the nature of ConnectU's claim that he allegedly participated in a misappropriation of ConnectU's trade secrets. ConnectU's trade secret misappropriation claim against Mr. Saverin therefore must be dismissed.

**C.     ConnectU Has Not Indicated in What Unfair or Deceptive Acts Mr. Saverin Is Alleged to Have Engaged in Violation of Massachusetts General Law ch. 93A.**

In order to state a claim against Mr. Saverin for violation of Massachusetts General Law ch. 93A, ConnectU was required to identify "unfair or deceptive practices" that Mr. Saverin knowingly undertook while engaged in commerce, which resulted in ConnectU's loss of money or property. *Linkage Corp. v. Trustees of Boston Univ.*, 425 Mass. 1, 22-23 (1997). ConnectU's complaint fails to make any such allegations. Again, the only act attributed to Mr. Saverin is that he, along with the other defendants in this case, somehow "used" ConnectU's Information and Procedures. Compl. ¶38. The complaint contains no facts regarding what "use" Mr. Saverin is alleged to have made of ConnectU's Information and Procedures. Nor does the complaint contain any facts suggesting that he knowingly used the Information and Procedures, or knew that it was unfair and deceptive to do so.

ConnectU's complaint fails to give Mr. Saverin any notice of the nature of the claim it is

8

asserting against him.  This is especially problematic in the context of a claim for something as abstract "unfair or deceptive acts or practices."  Compl. ¶68.  Since ConnectU failed to allege facts against Mr. Saverin as required by the law, its ch. 93A claim must be dismissed.

>	D.	**ConnectU Has Not Indicated What Mr. Saverin Is Alleged to Have Done to Intentionally Interfere with its Contractual or Business Relations.**

To state a claim against Mr. Saverin for intentional interference with prospective contractual business relations, ConnectU was required to plead that (1) it had a contract with a third party (2) Mr. Saverin knowingly induced the third party to breach the contract, (3) Mr. Saverin's interference, in addition to being intentional, was improper in motive and means, and (4) ConnectU was harmed by Mr. Saverin's actions.  *G.S. Enters., Inc. v. Falmouth Marine, Inc.*, 410 Mass. 262, 272 (1991).  To state a claim for interference with an advantageous business relationship, ConnectU was required to plead that (1) it had a business relationship for economic benefit with a third party, (2) Mr. Saverin knew of the relationship, (3) Mr. Saverin interfered with the relationship through improper motive and means, and (4) ConnectU suffered a loss of advantage resulting directly from Mr. Saverin's conduct.  *Kurker v. Hill*, 44 Mass. App. Ct. 184, 191 (1998).

ConnectU has not pled facts supporting any of the elements of either of these claims against Mr. Saverin.  ConnectU does not even identify or allege any particular contracts or business relationships to which it or its predecessors were a party.  Given this glaring omission, ConnectU was in no position to allege that Mr. Saverin had intentionally interfered with any contract or relationship, even if it had attempted to do so.  But ConnectU made no such attempt.  Instead, it has alleged conclusorily that "Defendants have purposefully and wrongfully caused potential website users, advertisers, and investors to refrain from entering into contracts and other business relations with . . . ConnectU and have usurped such business opportunities."  Compl. ¶88.

ConnectU's allegation is insufficient as a matter of law to support an intentional interference claim.  *See Laser Labs, Inc. v. TELL Testing Labs., Inc.*, 29 F Supp. 2d 21, 23

9

(D.Mass. 1998) (rejecting theory "that the existence of a potential market for a company's product is sufficient to create a prospective advantageous relationship with each potential customer in that market").  Moreover, ConnectU alleges no facts suggesting what, if anything, *Mr. Saverin* has done to cause anyone to refrain from entering into a contract or business relationship with ConnectU.  ConnectU's allegation that Mr. Saverin somehow "used" its Information and Procedures is plainly an insufficient ground on which to rest this claim.  ConnectU's intentional interference claim against Mr. Saverin therefore must be dismissed.

### E.  In the Absence of Any Factual Allegations Identifying Any Wrongdoing by Mr. Saverin, ConnectU's Claim for Unjust Enrichment Must Be Dismissed.

Because ConnectU has not alleged any facts identifying what wrongdoing Mr. Saverin supposedly engaged in to ConnectU's detriment, it has also failed to state a claim against Mr. Saverin for unjust enrichment.  As with each of ConnectU's other claims, ConnectU's allegation that Mr. Saverin, along with the other defendants, somehow "used" ConnectU's Information and Procedures is too vague and conclusory to support ConnectU's unjust enrichment claim.  Along with all of ConnectU's other claims against Mr. Saverin, the unjust enrichment claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Eduardo Saverin respectfully requests that ConnectU's complaint as against him be dismissed.

DATED: May 3, 2007

/s Daniel K. Hampton
Daniel K. Hampton
HOLLAND & KNIGHT LLP
10 St. James Avenue, 11th Floor
Boston, MA  02116
Telephone:  (617) 523-2700
Facsimile:  (617) 523-6850
Attorney for EDUARDO SAVERIN

*Of Counsel*:

Annette L. Hurst (CA Bar No. 148738)
Nathan E. Shafroth (CA Bar No. 232505)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California  94110
Telephone:  (415) 772-6000
Facsimile:  (415) 772-6268

Robert B. Hawk (CA Bar No. 118054)
Bhanu K. Sadasivan (CA Bar No. 233429)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, California 94025
Telephone:  (650) 324-7000
Facsimile:  (650) 324-0638

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 3, 2007.

/s Daniel K. Hampton
Daniel K. Hampton

11