# EXHIBIT A

Dockets.Justia.com

### Hornick, John

| | |
|---|---|
| **From:** | Cooper, Monte [mcooper@orrick.com] |
| **Sent:** | Friday, April 20, 2007 8:46 PM |
| **To:** | Hornick, John; Schoenfeld, Meredith; Hart, Pat; Esquenet, Margaret |
| **Cc:** | Dalton, Amy; Greer, Yvonne; Bose, Subroto; Bhanu.Sadasivan@hellerehrman.com; dan.hampton@hklaw.com; Joczek; Boutin, Anne; Sutton, Theresa A.; Guy, Hopkins; Sbauer; Annette.Hurst@hellerehrman.com; Chatterjee, I. Neel; Beckman, Amy; Hart, Stephanie |
| **Subject:** | RE: Meet and Confer |

John:

Thank you for your response. With respect to all of the positions that you contend are frivolous, we disagree because there is ample authority supporting Defendants' positions. I therefore consider the meet-and-confer to have been satisfied on those matters, and we will proceed to file the motions to dismiss unless ConnectU first amends to address the other deficiencies referenced in my earlier email.

In that regard, in terms of claims that Defendants contend are inadequately pled for which you requested further information, I would initially point to the breach of confidence claim asserted against Zuckerberg. There are virtually no allegations in the new Complaint establishing how that tort, which was not included in either the original or Amended Complaint filed in the earlier and now-dismissed action, allegedly occurred so as to make California law applicable.

As for the other claims, including fraud, breach of fiduciary duty, interference with prospective contractual relations, misappropriation of trade secrets, etc., several rely on conclusory allegations and/or fail to identify critical elements, and others do not meet the particularity requirements of Rule 9. In that regard, fraud or mistake must be stated with particularity as it relates to ConnectU's tort claims. *See Gerber v. Bowditch*, No. 05-10782-DPW, 2006 U.S. Dist. LEXIS 27552, *41-*42 (D.Mass. May 8, 2006)(Rule 9(b) imposes a "heightened pleading standard for claims based on fraud" and "[t]his rule extends to all claims of fraud, 'whatever may be the theory of legal duty, statutory, tort, contractual, or fiduciary'"). Likewise, in order to prove that specific information qualifies as a trade secret, a business must prove that it took the necessary step to insure the material's confidentiality. ConnectU makes no effort to describe such efforts in its new Complaint. Additionally, the identification of trade secrets are conclusory.

Similarly, ConnectU's complaint fails to identify the existence of any current business relationships or any prospective business relationships with potential advertisers, investors, etc. to support the intentional interference with prospective contractual relation claims. Nor has ConnectU pled the facts necessary to establish an advantageous business relationship. Additionally, for the reasons identified by Saverin, ConnectU offers no facts that support why it contends how any of Saverin, Moskovitz, McCollum, Hughes, or even Facebook LLC, engaged in intentional interference, or acts constituting misappropriation, violation of ch. 93A, or unjust enrichment. These Defendants seem to have been named for no other reason than they are associated with Facebook, not because ConnectU knows of any facts supporting their alleged participation in any of the acts it contends warrant relief. Further confusing the matter, in ConnectU's prayer for relief, elements C-D, ConnectU contends that ALL Defendants should be jointly and severally liable for all claims, even though for several of the claims listed

only Zuckerberg is named as a Defendant.

Finally, Mass. ch. 93A, Sections 2, 9 and 11 provide remedies that are exclusive of one another, yet they are alleged together. See Complaint Para. 68-72.

If you agree that the Complaint fails to identify the requisite factual specificity or includes improper allegations, please notify us immediately, and no later than noon PDT (3:00 p.m. EDT) Saturday. The short deadline is necessitated because responses for some of the Defendants are due Monday, and we are three hours behind the East Coast for purposes of e-filing. Assuming that ConnectU amends first thing Monday morning (i.e. by 10:00 a.m. EDT), all Defendants' new responses date will be appropriately re-calculated pursuant to FRCP 15(a). Otherwise, absent an agreement received by Defendants' counsel by the 3:00 p.m. EDT deadline I mention above in which ConnectU states unequivocally it will amend by 10:00 a.m. EDT Monday and agrees Defendants' responses will be re-calculated, Defendants presume ConnectU does not agree with Defendants' positions on the particularity problems, and Defendants will move to dismiss for the additional reasons given above.

As for the claims that are time-barred, they are all claims subject to three year or less statutes of limitation. This includes the breach of confidence claim under California common law, for which there does in fact exist authority that indicates it is subject to a TWO-YEAR statute of limitations. See Monolith Portland Midwest Co. v. Kaiser Alum. & Chem. Corp., 407 F.2d 288, 292-93 (9th Cir. 1969); Kourtis v. Cameron, 419 F.3d 989, 1001 (9th Cir. 2005). We also note that this claim is preempted by the fact that California, unlike Massachusetts, has enacted the Uniform Trade Secrets Act.

Finally, Defendants note that ConnectU has stated in opposition to the Defendants' Motion for Extension of Time to Respond that ConnectU will appeal the ruling of the Court dismissing the earlier action due to lack of diversity if Defendants move to dismiss. With this message, Defendants place ConnectU on notice if it in fact does appeal after refusing to stipulate to the extension, the Defendants will immediately seek to have the present case dismissed and/or stayed, and may seek costs pursuant to 28 USC Section 1927 since such action creates an impermissible "split" action in the federal courts, and will have prompted responses by Defendants that otherwise would not have been necessary.

I have responded as quickly as I can, and it may be that Saverin's counsel or others that I have copied may want to add their own thoughts. Otherwise I consider the meet-and-confer process now concluded, and simply await ConnectU's response as to whether it will amend first thing Monday morning.

Monte

---

From: Hornick, John [mailto:John.Hornick@finnegan.com]
Sent: Friday, April 20, 2007 2:03 PM
To: Cooper, Monte; Annette.Hurst@hellerehrman.com
Cc: Dalton, Amy; Greer, Yvonne; Bose, Subroto; Bhanu.Sadasivan@hellerehrman.com; dan.hampton@hklaw.com; Joczek; Boutin, Anne; Sutton, Theresa A.; Guy, Hopkins; Sbauer; Esquenet, Margaret;

Hart, Pat; Schoenfeld, Meredith
**Subject:** RE: Meet and Confer

Dear Annette and Monte:

This email responds to your 4/19/07 emails requesting that we meet and confer. We note that although both of you provide some indication of the basis for the motions you wish to file, neither of you made any requests of ConnectU. Please let us know what you are requesting.

With respect to Saverin's position that "Defendant Saverin will move to dismiss the complaint against him on the ground that no facts are pled which would be sufficient to impose liability upon him under the three legal theories offered," we note that five claims are asserted against Saverin, not three, so we do not understand what you mean. Moreover, because ConnectU can file an amended Complaint as of right before Saverin answers, and because we assume that Saverin plans to file a motion to dismiss instead of answering, ConnectU can cure any pleading defect as of right if you will tell us the alleged defects that you see. Please provide specifics and ConnectU will plead additional facts, if necessary. As alleged in paragraphs 38 and 39 of the Complaint, from prior to facebook.com's launch until some unknown date, Saverin was part of an enterprise, unprotected by any corporate entity, that committed the wrongs set forth in the Complaint and asserted against him. If Saverin files a motion that could have been resolved by amendment, we will view it as frivolous and presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

With respect to Facebook Defendants' position, we respond to each point below, as Monte described them in his April 19, 2007 email:

1. "CU's state law claims for 93A, Unjust Enrichment, and Intentional Interference with Prospective Contractual and Advantageous Business Relations are preempted by the federal Copyright Act."

ConnectU's position is that any such argument is frivolous, and that if a motion is filed, it is presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. All of these claims contain additional elements that are not part of a copyright claim, and therefore are not preempted.

2. "At least the claims for fraud and breach of fiduciary duty were non-assignable, and may not be asserted by CU"

ConnectU's position is that such argument was raised and resolved in the related case, and that Facebook Defendants cannot raise it again now. Thus, ConnectU views any motion reasserting this argument as frivolous and presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

3. "All claims premised on Copyright Infringement that may have occurred prior to March 28, 2004 are subject to a statute of limitations and cannot now be raised"

ConnectU's position is that the copyright claim was asserted within the statute of limitations and carries over to this related case. Thus, ConnectU views any motion asserting this argument as frivolous and presented for an improper purpose, such as to harass or to

5/7/2007

cause unnecessary delay or needless increase in the cost of the litigation.

4. "Plaintiff's claims for 1) fraud, 2) misappropriation of trade secrets pursuant to G.L. ch. 266 section 30(4) and ch. 93 section 42, and 3) G.L. 93A, intentional interference with prospective contractual advantageous business relations are insufficiently pled."

ConnectU's position with respect to this argument is the same as with respect to Saverin, as set forth above. Please identify the alleged deficiencies in the Complaint and ConnectU will plead additional facts if necessary.

5. "CU's unjust enrichment claim fails because CU has an adequate remedy at law"

ConnectU's position is that this claim is properly pled. This argument is also a defense, not the basis of a Rule 12 motion. Thus, ConnectU views any motion asserting this argument as frivolous and presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

6. "At least the claims for intentional Interference with prospective contractual advantageous business relations and for breach of confidence under California law are time barred."

ConnectU's position is that the intentional interference claim carries over from the related case and is not time barred. ConnectU is unaware of any California law establishing a limitations period for the breach of confidence claim. Thus, ConnectU views any motion asserting this argument as frivolous and presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

7. "Most claims asserted against ConnectU LLC are time barred."

ConnectU cannot respond because Facebook Defendants have not identified such claims.

Sincerely,

John


John F. Hornick
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Phone (direct): (202) 408-4076
Phone (main): (202) 408-4000
Fax: (202) 408-4400
E-Mail: john.hornick@finnegan.com
Firm Web site: www.finnegan.com

NOTICE: This e-mail is from a law firm and may contain information that is confidential, protected, or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately. Thank you.

.

5/7/2007

**From:** Cooper, Monte [mailto:mcooper@orrick.com]
**Sent:** Thursday, April 19, 2007 6:32 PM
**To:** Hornick, John; Esquenet, Margaret; Hart, Pat; Schoenfeld, Meredith
**Cc:** Dalton, Amy; Greer, Yvonne; Bose, Subroto; Annette.Hurst@hellerehrman.com; Bhanu.Sadasivan@hellerehrman.com; dan.hampton@hklaw.com; Joczek; Boutin, Anne; Sutton, Theresa A.; Guy, Hopkins; Bauer, Steven
**Subject:** RE: Meet and Confer

John:

My understanding is that all of the Defendants expect to raise at least the following bases to move to dismiss:

> CU's state law claims for 93A, Unjust Enrichment, and Intentional Interference with Prospective Contractual and Advantageous Business Relations are preempted by the federal Copyright Act.
>
> At least the claims for fraud and breach of fiduciary duty were non-assignable, and may not be asserted by CU
>
> All claims premised on Copyright Infringement that may have occurred prior to March 28, 2004 are subject to a statute of limitations and cannot now be raised
>
> Plaintiff's claims for 1) fraud, 2) misappropriation of trade secrets pursuant to G.L. ch. 266 section 30(4) and ch. 93 section 42, and 3) G.L. 93A, intentional interference with prospective contractual advantageous business relations are insufficiently pled.
>
> CU's unjust enrichment claim fails because CU has an adequate remedy at law
>
> At least the claims for intentional Interference with prospective contractual advantageous business relations and for breach of confidence under California law are time barred.
>
> Most claims asserted against ConnectU LLC are time barred.
>
> I hope I summarized the issues completely, inasmuch as I only just returned from out of town and, for instance, have not had a chance to discuss the motions with co-counsel. If I see any inadvertent omissions or errors in the summary, I or one of the other attorneys for Facebook will call them to your attention immediately.
>
> Monte

**From:** Hornick, John [mailto:John.Hornick@finnegan.com]
**Sent:** Thursday, April 19, 2007 11:50 AM
**To:** Cooper, Monte; Sutton, Theresa A.
**Cc:** Dalton, Amy; Greer, Yvonne; Bose, Subroto; Annette.Hurst@hellerehrman.com; Bhanu.Sadasivan@hellerehrman.com; dan.hampton@hklaw.com; Joczek; Boutin, Anne; Esquenet, Margaret; Schoenfeld, Meredith; Hart, Pat
**Subject:** RE: Meet and Confer

5/7/2007

Dear Monte:

I am unsure of my availability tomorrow. Thus, I suggest that you send us an email setting forth whatever you wanted to discuss by phone. We will consider it and either respond by email or suggest a time for a conference call.

Sincerely,

John


John F. Hornick
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Phone (direct): (202) 408-4076
Phone (main): (202) 408-4000
Fax: (202) 408-4400
E-Mail: john.hornick@finnegan.com
Firm Web site: www.finnegan.com

NOTICE: This e-mail is from a law firm and may contain information that is confidential, protected, or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately. Thank you.

---

**From:** Cooper, Monte [mailto:mcooper@orrick.com]
**Sent:** Thursday, April 19, 2007 2:44 PM
**To:** Hornick, John; Sutton, Theresa A.
**Cc:** Dalton, Amy; Greer, Yvonne; Bose, Subroto; Annette.Hurst@hellerehrman.com; Bhanu.Sadasivan@hellerehrman.com; dan.hampton@hklaw.com; joczek@proskauer.com; aboutin@proskauer.com; Esquenet, Margaret; Schoenfeld, Meredith; Hart, Pat
**Subject:** Re: Meet and Confer


John:

All of the Defendants expect to file Motions to Dismiss by their response dates. I think it fair to assume that CU will oppose, but we are willing to meet and confe before any of the motions are filed. I have a hearing in the morning, so my preference is either to satisfy the obligation by email, as you propose, or to have it late tomorow.

Monte

------------------------
Sent from my BlackBerry Wireless Device


----- Original Message -----
From: Hornick, John <John.Hornick@finnegan.com>
To: Sutton, Theresa A.
Cc: Cooper, Monte; Dalton, Amy; Greer, Yvonne; Bose, Subroto; Hurst, Annette L.
<Annette.Hurst@hellerehrman.com>; Bhanu.Sadasivan@hellerehrman.com
<Bhanu.Sadasivan@hellerehrman.com>; dan.hampton@hklaw.com <dan.hampton@hklaw.com>; Joczek;

5/7/2007

Bose, Subroto; Boutin, Anne; Esquenet, Margaret <margaret.esquenet@finnegan.com>; Schoenfeld, Meredith <Meredith.Schoenfeld@finnegan.com>; Hart, Pat <pat.hart@finnegan.com>
Sent: Thu Apr 19 08:30:45 2007
Subject: RE: Meet and Confer

Dear Theresa:

What would you like to discuss? Maybe it can be resolved by email.

John


John F. Hornick
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Phone (direct): (202) 408-4076
Phone (main): (202) 408-4000
Fax: (202) 408-4400
E-Mail: john.hornick@finnegan.com
Firm Web site: www.finnegan.com

NOTICE: This e-mail is from a law firm and may contain information that is confidential, protected, or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately. Thank you.

---

From: Sutton, Theresa A. [mailto:tsutton@orrick.com]
Sent: Thursday, April 19, 2007 10:44 AM
To: Hornick, John; Esquenet, Margaret; Schoenfeld, Meredith
Cc: Cooper, Monte; Dalton, Amy; Greer, Yvonne; Bose, Subroto; Hurst, Annette L.; Bhanu.Sadasivan@hellerehrman.com; dan.hampton@hklaw.com; Joczek; Bose, Subroto; Boutin, Anne
Subject: Meet and Confer


John-

Please let me know your availability tomorrow to meet and confer regarding the defendants' response(s) to the Complaint.

Thank you.
Theresa

---

O
ORRICK

Theresa Sutton
Orrick, Herrington & Sutcliffe LLP
Silicon Valley Office
1000 Marsh Road, Menlo Park, CA 94025
650.614.7307 (Voice)
650.614.7401 (Fax)
tsutton@orrick.com

www.orrick.com <file://www.orrick.com>

===============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

===============================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

5/7/2007