# EXHIBIT B

## Hornick, John

| | |
|---|---|
| **From:** | Hornick, John |
| **Sent:** | Thursday, October 12, 2006 5:27 PM |
| **To:** | 'Chatterjee, I. Neel'; Hurst, Annette L.; Sbauer; Sutton, Theresa A.; Cooper, Monte; Guy, Hopkins; Joczek; Esquenet, Margaret; Schoenfeld, Meredith |
| **Cc:** | dan.hampton@hklaw.com; Hawk, Robert B.; Sadasivan, Bhanu; Hart, Pat |
| **Subject:** | RE: Evidentiary Hearing Planning |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Orange |

Dear Neel (and Dan):

What do you mean, "You know the depositions we are seeking"? Theresa Sutton stated during the October 10, 2006 discovery conference that Facebook Defendants are not planning to take the third party depositions they have subpoenaed but have not yet taken. She now says Facebook Defendants may depose Marc Pierrat and Adam Ludwig (although we understand that the latter has not been served).

Please identify, clearly and without word games, the witnesses Facebook Defendants (and/or Saverin) hope to call as witnesses at the hearing, and specify whether you plan for them to be live witnesses, or to appear through deposition testimony.

ConnectU does not object to Defendants using deposition testimony of witnesses subpoenaed to date, consistent with applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and Local Rules, provided that Defendants clearly designate such testimony a reasonable time before the hearing. However, the statement in your October 11, 2006 1:24am email that "We also intend to call a number of witnesses" was not directed or limited to deposition testimony, the use of deposition testimony was raised separately in your email, and you have avoided every opportunity to clarify your position. You have also failed to provide "any additional names," and Facebook Defendants failure to do so much earlier is inexcusable and prejudicial. ConnectU will object to testimony from any "additional names".

You suggest that ConnectU has needlessly increased the cost of this litigation. To the contrary, Facebook Defendants' entire course of action in this lawsuit has been to drag it out as long as possible, make it cost as much as possible, and avoid the merits by every conceivable procedural route. Facebook Defendants' motion to dismiss is a case in point, as it will be a nonevent in the pursuit of ConnectU's claims against Defendants regardless of whether it is granted or denied. In this regard, Facebook Defendants could have avoided unnecessary expense by simply stipulating to ConnectU's refiling of the Complaint and maintaining the case in its present posture. You also make serious allegations regarding the hiding of material facts, improper conduct by ConnectU, and alleged intentional withholding of documents by this law firm. Provide specifics or don't make them again.

Sincerely,

John


John F. Hornick
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Phone (direct): (202) 408-4076
Phone (main): (202) 408-4000
Fax: (202) 408-4400

E-Mail: john.hornick@finnegan.com
Firm Web site: www.finnegan.com

NOTICE: This e-mail is from a law firm and may contain information that is confidential, protected, or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately. Thank you.

---

**From:** Chatterjee, I. Neel [mailto:nchatterjee@orrick.com]
**Sent:** Thursday, October 12, 2006 12:52 AM
**To:** Hornick, John; Hurst, Annette L.; Sbauer; Sutton, Theresa A.; Cooper, Monte; Guy, Hopkins; Joczek; Esquenet, Margaret; Schoenfeld, Meredith
**Cc:** dan.hampton@hklaw.com; Hawk, Robert B.; Sadasivan, Bhanu; Hart, Pat
**Subject:** RE: Evidentiary Hearing Planning

Dear John:

I disagree. I see little point in sending emails with the sort of accusations made in your email. ConnectU has had ample opportuniity to ask. You know the depositions we are seeking. We are allowed to introduce the testimony of people we have deposed. It is simply absurd to object to the introduction of that testimony, as the sole point of the depositions we have noticed is to introduce that testimony. We will provide you any additional names. ConnectU did not ask earlier, and ConnectU's failing does not impact the presentation of witnesses at all.

We are happy to provide our witness list and expect there will be no issues of your errant claim of "surprise." You can object to whatever you want. Understand that we disagree.

Your statement about Divya Narendra is simply false. We will let the Judge decide, as the evidence is extraordinary. Had ConnectU not hidden material facts related to this issue and then only presented an after-the-fact justificiation, this cost could have easily been avoided. Given ConnectU's actions in this case and efforts to needlessly increase litigation cost, we simply disagree with your position outlined below. I see no further need to discuss it. We will handle the issue of Divya Narendra's membership at the hearing.

By the way, as you know we have a number of discovery issues related to this issue, where Finnegan appears to have intentionally withheld documents for no reason. As you know, a motion to compel will be necessary if we cannot resolve them. Theresa and Monte are handling the meet and confers.

Neel

---

**From:** Hornick, John [mailto:John.Hornick@finnegan.com]
**Sent:** Wednesday, October 11, 2006 2:44 PM
**To:** Chatterjee, I. Neel; Hurst, Annette L.; Sbauer; Sutton, Theresa A.; Cooper, Monte; Guy, Hopkins; Joczek; Esquenet, Margaret; Schoenfeld, Meredith
**Cc:** dan.hampton@hklaw.com; Hawk, Robert B.; Sadasivan, Bhanu; Hart, Pat
**Subject:** RE: Evidentiary Hearing Planning

Dear Neel:

ConnectU finds Facebook Defendants' position outrageous, as is their failure to identify these so-called witnesses even after receiving our earlier email today. You say "We will provide our witnesses on the witness list, per my proposal." Your October 11, 2006 proposal says nothing about exchanging witness lists. It was Facebook Defendants' obligation to identify witnesses they intended to call, and they should have done so when such witnesses were identified, or at least suggested that they planned to call such witnesses. They did neither.

You also state that "we have the right to present witnesses . . ." ConnectU disagrees, in view of Facebook Defendants' conduct. Even now, you say that "any and all witnesses for this hearing are distinctly within the knowledge of ConnectU." We assume you mean the witnesses Facebook Defendants wish to call. It is simply incredible that Facebook Defendants are playing such word games, and continue to hide the so-called witnesses. Although you now suggest that Facebook Defendants will now identify such witnesses, this information comes too late. As stated in our prior email today, ConnectU will object to any such witnesses appearing at the hearing.

There is no evidence that Divya Narendra was a Member of ConnectU LLC on September 2, 2004, which is highlighted by Facebook Defendants' obviously desperate attempts to find or manufacture such evidence, by serving or attempting to serve subpoenas on a number of people and entities clearly disproportionate to the likelihood of finding any relevant evidence. If Facebook Defendants really believe they have witnesses with admissible evidence to support their position, why not reveal them earlier? At this point, ConnectU can only view this as another of Facebook Defendants' tactics to increase the cost of this litigation as much as possible, and to drag it out as long as possible.

Sincerely,


John F. Hornick
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Phone (direct): (202) 408-4076
Phone (main): (202) 408-4000
Fax: (202) 408-4400
E-Mail: john.hornick@finnegan.com
Firm Web site: www.finnegan.com

NOTICE: This e-mail is from a law firm and may contain information that is confidential, protected, or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately. Thank you.

---

**From:** Chatterjee, I. Neel [mailto:nchatterjee@orrick.com]
**Sent:** Wednesday, October 11, 2006 3:56 PM
**To:** Hornick, John; Hurst, Annette L.; Sbauer; Sutton, Theresa A.; Cooper, Monte; Guy, Hopkins; Joczek; Esquenet, Margaret; Schoenfeld, Meredith
**Cc:** dan.hampton@hklaw.com; Hawk, Robert B.; Sadasivan, Bhanu; Hart, Pat
**Subject:** RE: Evidentiary Hearing Planning

Dear John:

You can make whatever objection you would like. However, we have the right to present witnesses that support the fact that Divya Narendra was a member of the LLC at the time of filing. We will provide our witnesses on the witness list, per my proposal. With respect to discovery, ConnectU had ample opportunity to seek discovery on the identity of witnesses with knowledge of these facts and chose not to do so. In addition, the identity of any and all witnesses for this hearing are distinctly within the knowledge of ConnectU, and ConnectU could have contacted people (as we know you have) on your own. As a result, ConnectU's objection is without merit. Nevertheless, I will ask Monte and Theresa to identify any witness that Defendants may call so that you can seek any discovery necessary from them.

Neel

---

**From:** Hornick, John [mailto:John.Hornick@finnegan.com]
**Sent:** Wednesday, October 11, 2006 12:46 PM
**To:** Chatterjee, I. Neel; Hurst, Annette L.; Sbauer; Sutton, Theresa A.; Cooper, Monte; Guy, Hopkins; Joczek; Esquenet, Margaret; Schoenfeld, Meredith
**Cc:** dan.hampton@hklaw.com; Hawk, Robert B.; Sadasivan, Bhanu; Hart, Pat
**Subject:** RE: Evidentiary Hearing Planning

Dear Neel:

We are considering the issues raised in your October 11, 2006 email and will get back to you as soon as we have answers. However, we are writing now because you stated in your email that "We also intend to call a number of witnesses." We object to Facebook Defendants calling any witnesses. It is unfair that Facebook Defendants have not identified them to this point, effectively shielding them from document discovery and preventing them from being deposed. Nothing in correspondence from your firm suggests that Facebook Defendants anticipated calling any witnesses. By comparison, ConnectU provided a tentative witness list on August 28, 2006, to which it has not added, which gave Facebook Defendants ample time to seek documents and depose such witnesses.

Sincerely,

John


John F. Hornick
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Phone (direct): (202) 408-4076
Phone (main): (202) 408-4000
Fax: (202) 408-4400
E-Mail: john.hornick@finnegan.com
Firm Web site: www.finnegan.com

NOTICE: This e-mail is from a law firm and may contain information that is confidential, protected, or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately. Thank you.

---

**From:** Chatterjee, I. Neel [mailto:NCHATTERJEE@Orrick.com]
**Sent:** Wednesday, October 11, 2006 1:24 AM
**To:** Hurst, Annette L.; Sbauer; Sutton, Theresa A.; Cooper, Monte; Guy, Hopkins; Joczek; Hornick, John; Esquenet, Margaret; Schoenfeld, Meredith
**Cc:** dan.hampton@hklaw.com; Hawk, Robert B.; Sadasivan, Bhanu
**Subject:** Evidentiary Hearing Planning

Dear John:

I understand that you have talked to Monte about some preparation for the evidentiary

hearing scheduled before Judge Collings. I am currently out of the country, making some of the planning a big complicated. This email is to try to set forth a plan for the evidentiary hearing and to discuss several scheduling matters. Regardless of the conclusions we reach, I suggest that we request a prehearing teleconference with Judge Collings in order to ensure that everyone is on the same page.

1. Scheduling

My understanding from your correspondence is that ConnectU intends to offer 5 witnesses (potentially 6) at the evidentiary hearing. Please confirm who you intend to call. We will expect that you are bringing Howard Winklevoss, Tyler Winklevoss, Divya Narendra, and Cameron Winklevoss. You also stated that you were bringing Maria Antonelli. If you do not plan on bringing them to the hearing, please let us know so that we can prepare the appropriate papers to ensure their attendance. Your letter also stated that you would have ConnectU, Inc. testify. I am unaware of how you will do that, as ConnectU is not a person. Please explain who you intend to offer as the testifying witness. We also intend to call a number of witnesses.

Given the volume of witnesses and the cross-examination time needed, I am concerned that we will be able to complete the hearing in a single day. In comparison, Mark Zuckerberg, a single witness, took nearly the entire day at the last evidentiary hearing. My estimate is that the total time for the evidentiary hearing will be approximately 3 consecutive trial days. Please let me know your thoughts as to the number of days necessary.

Presuming we are in agreement that a multi-day hearing is necessary, we should probably jointly file a request for a three day hearing as soon as may be heard by the Court.

2. Evidentiary hearing planning

a. Exhibit Lists

I suggest that we agree to exchange exhibit lists the Thursday before the evidentiary hearing. We should also meet before the hearing to see if we can agree to the admissibility of certain documents. Also, if there are disputes as to the admissibility, we should discuss in our conference the evidentiary basis for any challenge.

b. Deposition testimony

Depending on who ConnectU brings to the hearing, we intend to submit deposition testimony at the hearing. We should discuss the process by which the parties want to submit deposition testimony, such as designations, counter-designations and the like. Once again, we should be able to reach agreement as to a process to challenge any admissibility of any testimony. I think this should be finalized in the same meeting where we discuss exhibit lists.

c. Cost sharing on trial aids.

Last time, Facebook bore the full expense for the trial aids, such as the ELMO. When we asked for reimbursement due to your extensive use of the aids, you refused. I would like us to reach agreement on where we will cost share and share aids.

d. Stipulations of fact.

I doubt that we have any stipulations of fact between us. However, I do think we should at least discuss them in an effort to streamline the proceedings.

If there are any other "pretrial" matters which you think are relevant, please let me know, and I am happy to discuss them. I am out of the country this week in depositions, making a meeting difficult. However, I can try to make myself available late in the day my time in order

for us to meet.

Please let me know your thoughts.
Neel

===============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

===============================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.