**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU, INC., <br><br>               Plaintiff, <br><br>               v. <br><br> FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, AND THEFACEBOOK, LLC, <br><br>               Defendants. | Civil Action No. 1:07-CV-10593 (DPW) <br><br> Related Action: Civil Action No. 04-CV-11923 (DPW) <br><br> District Judge Douglas P. Woodlock <br><br> Magistrate Judge Robert B. Collings |

**CONNECTU INC.'S OPPOSITION**
**TO SAVERIN'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. SAVERIN'S MOTION IS SOLELY FOR DELAY .........................................................1

III. CONNECTU ADEQUATELY PLEADED ALL CLAIMS AGAINST SAVERIN...........4

    A. Legal Standard Under Fed. R. Civ. P. 12 (b)(6) Favors ConnectU .........................4

    B. ConnectU Pleaded More Facts Here Than in the Amended Complaint ..................5

    C. ConnectU Has Adequately Put Saverin on Notice of the Allegations.....................6

    D. The Cases Cited By Saverin Do Not Support A Heightened Standard ...................7

IV. CONCLUSION................................................................................................................8

## TABLE OF AUTHORITIES

Page

**Cases**

*A&M Records, Inc. v. Napster, Inc.*
  239 F. 3d 1004 (9th Cir. 2001) ...................................................................................... 7

*Bagheri v. Galligan*,
  160 Fed. Appx. 4, 5 (1st Cir. 2005) ................................................................................ 7

*Calderón-Ortiz v. Laboy-Alvarado*,
  300 F.3d 60 (1st Cir. 2002) ............................................................................................ 5

*Carter v. Newland,*
  441 F. Supp. 2d 208 (D. Mass 2006) .............................................................................. 7

*Chongris v. Board of Appeals of Andover*,
  811 F.2d 36 (1st Cir. 1987) ............................................................................................ 4

*Donnelli v. Peters Secs. Co., L.P.*,
  No. 02 C 0691, 2002 U.S. Dist. LEXIS 16305 (N.D. Ill. Aug. 28, 2002) ..................... 3

*Garrett v. Tandy Corp.*,
  295 F.3d 94 (1st Cir. 2002) ............................................................................................ 5

*Hernandez v. Longini*,
  1997 U.S. Dist. LEXIS 1947 (D. Ill. 1997) ................................................................... 7

*Langadinos v. Am. Airlines*,
  199 F.3d 68 (D. Mass 2000) .......................................................................................... 7

*Leatherman v. Tarrant Cty. Narcotics Intell. and Coordination Unit*,
  507 U.S. 163 (1993) ....................................................................................................... 6

*Moore v. Ford Motor Co.*,
  No. 92 C 1130, 1994 U.S. Dist. LEXIS 652 (N.D. Ill. Jan. 26, 1994) ...................... 2, 3

*Palmer v. Board of Educ.*,
  46 F.3d 682 (7th Cir. 1995) ....................................................................................... 4, 6

*Raytheon Co. v. Continental Cas. Co.*,
  123 F. Supp. 2d 22 (D. Mass. 2000) .............................................................................. 7

*Roma Constr. Co. v. aRusso*,
  96 F.3d 566 (1st Cir. 1996) ............................................................................................ 4

*Rosa v. Park West Bank & Trust Co.*,
 214 F.3d 213 (1st Cir. 2000) .................................................................................................. 4, 5

*Sanjuan v. American Bd. of Psychiatry and Neurology*,
 40 F.3d 247 (7th Cir. 1994) ......................................................................................................... 6

*Santiago-Marrero v. U.S.*,
 61 Fed. Appx. 718, 720 (1st Cir. 2003) ...................................................................................... 1

*Stoffels v. SBC Communs., Inc.*,
 430 F. Supp. 2d 642 (W.D. Tex. 2006) ....................................................................................... 2

*Swierkiewicz v. Sorema N.A.*,
 534 U.S. 506 (2002) .................................................................................................................... 6

*U.S. Fidelity & Guaranty Co. v. Jepsen*,
 No. 90 C 6931, 1991 U.S. Dist. LEXIS 16818 (N.D. Ill. Nov. 1, 1991) ................................ 2, 3

*Watts v. Florida Int'l Univ.*,
 No. 02-60199, 2003 U.S. Dist. LEXIS 26982 (S.D. Fla. April 16, 2003) ................................. 8

*Watts v. Florida Int'l Univ.*,
 No. 02-60199, 2005 U.S. Dist. LEXIS 40310 (S.D. Fla. June 9, 2005) .................................... 8

## Other Authorities

2 James Wm. Moore et al, *Moore's Federal Procedure*, § 12:34[1][c] (2006) ........................... 1

5C Charles Allen Wright & Arthur Miller, *Federal Practice and Procedure* § 1385 (1990) ........ 2

## Rules

Fed. R. Civ. P. 12 .............................................................................................................. passim

Fed. R. Civ. P. 9 .......................................................................................................................... 1

Federal Rule of Procedure 8(a) ........................................................................................... 1, 4, 6

## I.    INTRODUCTION

Defendant Saverin's Motion to Dismiss must be viewed as frivolous and presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Saverin's sole basis for dismissal is that the claims asserted against him, which are identical to the claims he previously answered in the related action[1], now suddenly fail to "meet even the liberal notice requirements of Federal Rule of Procedure 8(a) (Motion, Dkt. 31 at 1).[2] Saverin's arguments have no legal merit, should have been made a long time ago, and are interposed solely for the purpose of delay.

Each of ConnectU's claims is viable and adequately pleaded. Therefore, ConnectU urges this Court to deny Saverin's frivolous motion and get to the heart of the matter, namely, his illegal and unethical conduct in the development and maintenance of the facebook.com website.[3]

If the Court is inclined to grant all or part of Saverin's motion, the appropriate remedy for failure to state a claim is not dismissal, but leave to amend.[4]

## II.   SAVERIN'S MOTION IS SOLELY FOR DELAY

Saverin's motion should be denied under Fed. R. Civ. P. 12(g) as an untimely, successive motion to dismiss, intended merely to delay these proceedings. In October 2005, Saverin, represented by the same counsel, saw no deficiency in the claims set forth in the Amended Complaint in the related action and answered without filing a Rule 12(b)(6) motion (R.A. Dkt. 14 ).

---

[1] ConnectU, Inc. refers to the related action (Civil Docket No. 04-CV-11923) as the "R.A."
[2] Interestingly, Saverin apparently does not agree with the Facebook Defendants' arguments that any of ConnectU's claims against him should have been pleaded pursuant to Fed. R. Civ. P. 9.
[3] ConnectU incorporates by reference its concurrently filed consolidated opposition to the three motions to dismiss filed by the Facebook Defendants (Dkts. 16, 17, and 19), particularly its arguments regarding Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10(b).
[4] *Santiago-Marrero v. U.S.*, 61 Fed. Appx. 718, 720 (1st Cir. 2003) (unpublished decision); 2 James Wm. Moore et al, Moore's Federal Procedure, § 12:34[1][c] n. 16.4.

The Amended Complaint was based on the same causes of action and asserted the same claims (the current Complaint contains one additional claim, i.e., breach of confidence).

In his motion, Saverin attempts to backtrack by newly objecting to claims he previously found sufficient. (*See* Saverin's Answer, R.A. Dkt. 14). If the related action were still pending, Saverin would be barred from filing an additional motion to dismiss on grounds that were previously available. Saverin should not be permitted to continue his pattern, in concert with the Facebook Defendants, of making this case as prolonged and expensive as possible.

Rule 12(g) contemplates that defendants will advance "**every available Rule 12 defense and objection he may have** that is assertable by motion." *Moore v. Ford Motor Co.*, No. 92 C 1130, 1994 U.S. Dist. LEXIS 652, *5-6 (N.D. Ill. Jan. 26, 1994) (emphasis added); *see also U.S. Fidelity & Guaranty Co. v. Jepsen*, No. 90 C 6931, 1991 U.S. Dist. LEXIS 16818, *6 (N.D. Ill. Nov. 1, 1991) ("The purpose of Rule 12(b)(6) is to prevent litigants from interposing defenses in a piecemeal fashion for purposes of delay."). Rule 12(g) thus bars a party from filing a successive motion to dismiss to assert a defense or objection he could have raised, but failed to raise, in a previous Rule 12 motion. *Stoffels v. SBC Communs., Inc.*, 430 F. Supp. 2d 642, 647 (W.D. Tex. 2006).[5] "Generally, courts have denied defendants' attempts to file multiple pre-answer motions to dismiss, finding such motions contravene the purpose of Rule 12(g): to prevent litigants from

---

[5] Fed. R. Civ. P. 12(h)(2) preserves the defense of failure to state a claim only for pleadings under Fed. R. Civ. P. 7(a) or motions for judgment on the pleadings, and does **not** apply to motions to dismiss. *See U.S. Fidelity,* 1991 U.S. Dist. LEXIS 16818 at *4 n.2 ("Rule 12(h)(2) is inapplicable to motions to dismiss."); *Stoffels*, 430 F. Supp. 2d at 647 ("A review of the relevant authorities confirms that Rule 12(g) normally bars successive pre-answer motions to dismiss. Professors Wright and Miller state that the ban against successive pre-answer motions extends to the three 'substantial defenses' listed in 12(h)(2), including failure to state a claim upon which relief can be granted under Rule 12(b)(6). 'The right to raise these defenses by preliminary motion is lost when the defendant neglects to consolidate them in his initial motion.'") (*quoting* 5C Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1385 at pp. 727-729 (1990)).

interposing defenses in a piecemeal fashion and eliminate unnecessary delay at the pleading stage."[6] *Donnelli v. Peters Secs. Co., L.P.*, No. 02 C 0691, 2002 U.S. Dist. LEXIS 16305, *10 (N.D. Ill. Aug. 28, 2002) (citing cases).

Rule 12(g) applies in cases where, as here, the motion to dismiss is filed in response to a re-filed or amended Complaint.  For example, the defendant in *U.S. Fidelity*, after initially defaulting, moved to dismiss the plaintiff's amended Complaint under Rule 12(b)(6).  The motion was granted in part and denied in part.  When the plaintiff filed its second amended Complaint, the defendant, after again initially defaulting, filed a motion to dismiss the second amended Complaint under Rule 12(b)(6).  Finding that the second motion to dismiss contained arguments made and considered by the court in the first motion, or that could have been made but were not, the court denied the motion on this basis under Rule 12(g).  The court noted that the purpose of Rule 12(b)(6) is "to prevent litigants from interposing defenses in a piecemeal fashion for purposes of delay," and found that the defendant's second motion to dismiss was "simply another delaying tactic" in its pattern of delay. *U.S. Fidelity,* 1994 U.S. Dist. LEXIS 16818 at *6.

As in *U.S. Fidelity*, Saverin's entire motion consists of arguments he could have made in his first motion, but did not.  Clearly, Saverin's motivation is to derail this litigation, contrary to this Court's Order that proceedings should continue where they left off and proceed promptly to trial.  Motions to dismiss filed for delay are prohibited.  Saverin simply should not be able to make at this time any arguments regarding pleading deficiencies he could and should have made 2 ½ years ago.

---

[6] *See Moore*, 1994 U.S. Dist. LEXIS 652 at *5-6 ("Clearly, in their first motion to dismiss, the Defendants could have objected on the grounds that Plaintiff's fraud and consumer fraud counts failed to state a claim on which relief could be granted, but for unknown reasons, they did not.  To allow the Defendants to assert, in their second motion to dismiss the same counts, arguments which could and should have been introduced in the first motion to dismiss would contravene the purpose of Rule 12(g).  Accordingly, the Defendants' Motion to Dismiss Counts V and VI is denied.").

This argument is especially salient here, where the Complaint alleges even more facts than the previous Compliant, the adequacy of which Saverin did not contest (as discussed below).

### III. CONNECTU ADEQUATELY PLEADED ALL CLAIMS AGAINST SAVERIN

The crux of Saverin's recently-realized argument is that ConnectU has not pleaded enough facts to identify Saverin's specific role in the wrongdoing. *(See, i.e.,* Dkt. 31 at 6 (it contains no allegations regarding what elements . . . Mr. Saverin is supposed to have copied); at 7 (ConnectU cannot establish a claim . . . against Saverin)). This argument is out-of-step with notice pleading under Fed. R. Civ. P. 8(a). Because a Complaint need not plead detailed facts, ConnectU is not required to state what each defendant has done individually. It is enough to specify the wrong done and leave details for later, particularly in cases where it is "difficult to pin down individual responsibility without discovery." *Palmer v. Board of Educ.*, 46 F.3d 682, 688 (7th Cir. 1995) (Complaint did not need to say of any defendant, as an individual, that he or she has done something since Complaints need not plead facts.). As recognized by the *Palmer* court, if a Complaint "cannot survive a motion under Rule 12(b)(6) until each person's role is known, however, it may be impossible as a practical matter to obtain complete relief." *Id*.

#### A. Legal Standard Under Fed. R. Civ. P. 12 (b)(6) Favors ConnectU

A motion to dismiss under Rule 12(b)(6) is subject to "rigorous standards," and may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Rosa v. Park West Bank & Trust Co.*, 214 F.3d 213, 215 (1st Cir. 2000). When considering a Rule 12(b)(6) motion, a court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *Roma Constr. Co. v. aRusso*, 96 F.3d 566, 569 (1st Cir. 1996). The court should accept the well-pleaded facts in the Complaint as true and construe those facts in a light most favorable to the plaintiff's case. *Chongris v. Board of Appeals of Andover*, 811 F.2d 36, 37 (1st Cir. 1987). Moreover, the

court must accept as true all well-pleaded factual averments and indulge all reasonable inferences in the plaintiff's favor. If the facts contained in the Complaint, viewed in the most favorable light, justify recovery under any applicable legal theory, the motion to dismiss must be denied. *See Calderón-Ortiz v. Laboy-Alvarado*, 300 F.3d 60, 63 (1st Cir. 2002).

Where the court cannot say that the plaintiff has no viable theory because the evidence is not yet developed and it is not yet clear what facts will emerge, the motion must be denied. *Rosa, 214 F.3d* at 215-16. "The method of Rule 12(b)(6) requires courts . . . to resolve all realistic possibilities in the pleader's favor. At the Rule 12(b)(6) stage, then, it is enough for a plaintiff to sketch a scenario which, if subsequently fleshed out by means of appropriate facts, could support an actionable claim. This sets the bar quite low . . . ." *Garrett v. Tandy Corp.*, 295 F.3d 94, 105 (1st Cir. 2002)(internal citations omitted).

**B.     ConnectU Pleaded More Facts Here Than in the Amended Complaint**

As discussed above, Saverin found no pleading deficiency in the Amended Complaint (R.A. Dkt. 13). Thus, the allegations contained therein must have been sufficient under Rule 8. Moreover, the present Complaint contains additional allegations against Saverin. Saverin recognizes Paragraph 38, which was not contained in the Amended Complaint, but ignores Paragraph 39. Paragraphs 38 and 39 state as follows:

> 38.     Zuckerberg shared the Information and Procedures with Defendants Saverin, Moskovitz, McCollum, and Hughes, who knowingly used them, and continue to use them, to develop, launch, and/or maintain the facebook.com website. Zuckerberg, Saverin, Moskovitz, McCollum, and Hughes engaged in the wrongdoing described in this Complaint and operated the facebook.com website before Thefacebook LLC and/or Facebook, Inc. were formed, and independently thereof, before and after they were formed.
>
> 39.     Zuckerberg, Moskovitz, and Saverin formed Defendant Thefacebook.com LLC on or about April 13, 2004. At some unknown point in time, the individual Defendants assigned their rights in the facebook.com website to Thefacebook LLC and/or Thefacebook LLC was or otherwise became the actual or beneficial

5

>owner of such individual Defendants' rights in the facebook.com website.  Alternatively, at some unknown point in time, the individual Defendants assigned their rights in the facebook.com website to Facebook, Inc. and/or Facebook, Inc. was or otherwise became the actual or beneficial owner of such individual Defendants' rights in the facebook.com website.  Alternatively, at some unknown point in time, Thefacebook LLC assigned such rights to Facebook, Inc.  Alternatively, the individual Defendants did not assign their rights in the facebook.com website to Thefacebook LLC or Facebook, Inc.  In any event, Facebook, Inc. and/or Thefacebook LLC have been and are integrally involved in the wrongdoing described in this Complaint.

Because the Amended Complaint—without these allegations—sufficiently pleaded facts against Saverin, the present Complaint—containing these allegations—must also be sufficient.

### C. ConnectU Has Adequately Put Saverin on Notice of the Allegations

Saverin argues that he has "no understanding of the nature of the legal claims ConnectU has asserted against him."  This rings false because Saverin was able to Answer a Complaint containing these very same claims.  (R.A. Dkt. 14).  However, even if this weren't the case, ConnectU's Complaint provides adequate notice of the allegations against him.  The Complaint alleges that Saverin knowingly used the misappropriated Information and Procedures and also that he engaged in the wrongdoing described in the Complaint.  (Complaint ¶¶ 38, 39).  This is sufficient under Fed. R. Civ. P. 8(a).  The Supreme Court has held that a Complaint does not need detailed facts, only facts sufficient to give a defendant fair notice of the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Leatherman v. Tarrant Cty. Narcotics Intell. and Coordination Unit*, 507 U.S. 163, 168 (1993).

The standard for pleading is low, requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "One pleads a 'claim for relief' by briefly describing the events." *Sanjuan v. American Bd. of Psychiatry and Neurology*, 40 F.3d 247, 251 (7th Cir. 1994).  Matching facts against legal elements comes later. *See id.*; *Palmer*, 46 F.3d at 688.  On a motion to dismiss, "the plaintiff receives the benefit of the imagination, so

6

long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251 (citation omitted).

Because it is enough to specify the wrong done and leave details to later proceedings, ConnectU is not required to "distinguish Mr. Saverin's alleged conduct from the conduct of the other defendants" (Dkt. 31 at 3). The Complaint adequately apprises Saverin of the cause of action and claims being asserted against him and provides him with an opportunity to respond thereto. Therefore, the Complaint is adequately pleaded. *See, e.g., Hernandez v. Longini*, 1997 U.S. Dist. LEXIS 1947, *8-9 (D. Ill. 1997). Details exceeding the pleading requirement should be obtained through discovery. *Raytheon Co. v. Continental Cas. Co.*, 123 F. Supp. 2d 22, 33 (D. Mass. 2000).

"While defendants may prefer highly detailed factual allegations, a generalized statement of facts is adequate so long as it gives the defendant sufficient notice to file a responsive pleading." *Langadinos v. Am. Airlines*, 199 F.3d 68, 72-73 (D. Mass 2000). ConnectU's Complaint is not bare bones. In 104 paragraphs, it tells a story that gives Saverin more than sufficient notice of the claims against them. He and his counsel had no difficulty answering the Amended Complaint in the related action, which contained virtually identical facts and claims. (*See* Answer, R.A. Dkt. 14). If anything, ConnectU's new Complaint contains more facts than the Amended Complaint (see ¶¶ 38, 39).

### D. The Cases Cited By Saverin Do Not Support A Heightened Standard

The cases cited by Saverin either relate to the merits of the claims and are therefore irrelevant, *e.g., A&M Records, Inc. v. Napster, Inc.* 239 F. 3d 1004, 1022 (9th Cir. 2001) (evaluating the likelihood of success of the claim); do not provide enough information about the pleading to be instructive, *e.g., Bagheri v. Galligan*, 160 Fed. Appx. 4, 5 (1st Cir. 2005) (one page decision did not delve into any details of the pleadings); or most egregiously, do not stand for the proposition cited by Saverin. For example, in *Carter v. Newland,* 441 F. Supp. 2d 208, 212 (D.

7

Mass 2006), the court stated that "although each defendant may not be apprised of Carter's specific allegations against him/her, the general nature of the claims against the FMC Devens medical staff (of which they are all members) is described . . . at this very early stage in the litigation, that allegation is enough for plaintiff to proceed." 441 F. Supp. 2d at 214.  Similarly in *Watts v. Florida Int'l Univ.*, the court initially gave Watts leave to amend various deficiencies in the pleadings, such as failure to identify a protected property interest which would trigger procedural due process protections.  No. 02-60199, 2003 U.S. Dist. LEXIS 26982, *15 (S.D. Fla. April 16, 2003).  After amendment, although the court stated that the pleading was "shotgun," it still found it sufficient to state a claim. *Watts v. Florida Int'l Univ.,* No. 02-60199, 2005 U.S. Dist. LEXIS 40310, *36-37 (S.D. Fla. June 9, 2005).  Therefore, Saverin has provided no authority for the heightened pleading requirement he is trying to impose.

**IV.    CONCLUSION**

For these reasons, ConnectU, Inc. respectfully urges the Court to deny Saverin's Motion to Dismiss in its entirety, thereby putting an end to his campaign of delay.  However, in the event that the Court is persuaded by any argument made by Saverin, ConnectU hereby requests that rather than dismissal, the Court grant ConnectU leave to amend.

Dated: May 7, 2007

Daniel P. Tighe (BBO# 556583)
Scott McConchie (BBO# 634127)
GRIESINGER, TIGHE, & MAFFEI, L.L.P.
Boston, MA  02110
Telephone:  (617) 603-0918
Facsimile:  (617) 542-0900
dtighe@gtmllp.com
smcconchie@gtmllp.com

Respectfully submitted,

/s/ John F. Hornick_____
John F. Hornick, admitted *pro hac vice*
Margaret A. Esquenet, admitted *pro hac vice*
Meredith H. Schoenfeld, admitted *pro hac vice*
Daniel P. Kaufman (BBO#663535)
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
Tel: (202) 408-4000
Fax: (202) 408-4400

Attorneys for Plaintiff
ConnectU, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 7, 2007.

/s/ John F. Hornick_____
John F. Hornick