# EXHIBIT A

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., | Civil Action No. 1:07-CV-10593-DPW |
| Plaintiff, | |
| v. | |
| FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, LLC, | |
| Defendants. | |

**FACEBOOK, INC. AND THEFACEBOOK, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................. 1

II.    LEGAL ARGUMENT ..................................................................................... 1

     A.    ConnectU Has Not Adequately Pled Successor Liability ..................... 1

         1.    ConnectU Has Not Alleged that Facebook, Inc. or Thefacebook, LLC Assumed Liability .......................................................... 3

         2.    ConnectU Has Not Alleged A De Facto Merger Or Consolidation .......... 3

         3.    ConnectU Does Not Allege That Facebook, Inc. And/Or Thefacebook, LLC Is A Mere Continuation ............................................ 3

         4.    ConnectU Does Not Allege That Facebook, Inc. And/Or Thefacebook, LLC Is A Mere Continuation ............................................ 4

     B.    The Renewal Statute Should Not Be Applied To Claims Asserted Against Facebook, Inc. and Facebook, LLC ............................................................ 4

     C.    ConnectU's Opposition Sheds No Light On The Allegations Specific To The Facebook Entities ............................................................ 5

     D.    Because The Facebook Entities Were Not Named In The Original ConnectU Complaint They Could Not Answer Or Otherwise Object To ConnectU's Claims ............................................................ 6

III.   CONCLUSION .................................................................................................. 7

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Crane Const. Co. v. Klaus Masonry*,
   114 F. Supp. 2d 1116 (D. Kansas 2000) ........................................................................ 2, 3

*Guzman v. MRM/Elgin*, 409 Mass. 563, 566, (1991

*JSB Indus. v. Nexus Payroll Servs., Inc.*,
   463 F. Supp. 2d 103 (D. Mass. 2006) *citing Guzman v. MRM/Elgin*, 409 Mass. 563
   (1991)................................................................................................................................2, 3, 6

*Rodi v. Southern New England School of Law*,
   389 F.3d 5 (1st Cir. 2004) ................................................................................................ 5

## STATE CASES

*Jordan v. Commissioner of Bristol County*,
   167 N.E. 652 (Mass. 1929) .............................................................................................. 5

## I.    <u>INTRODUCTION</u>

Facebook, Inc. and Thefacebook, LLC's motion to dismiss should be granted.  ConnectU argues that the Facebook entities should be held liable under a successor liability theory.  ConnectU did not, however, adequately plead facts supporting such a theory.  ConnectU also contends that the Facebook entities were on notice of the lawsuit and, as a result, ConnectU should be permitted to add them as defendants despite the fact that the statute of limitations has run on several of ConnectU's claims.  As described below and in the reply briefs submitted concurrently herewith by the individual defendants, ConnectU's claims asserted against Facebook, Inc. and Thefacebook, LLC for which the statute of limitations has run must be dismissed.[1]

## II.    <u>LEGAL ARGUMENT</u>

### A.    <u>ConnectU Has Not Adequately Pled Successor Liability</u>

ConnectU contends that Facebook, Inc. and Thefacebook, LLC are liable under a theory of successor liability.  The basis for this claim is that "at some point" Defendants Zuckerberg, Saverin and Moskovitz assigned — or did not assign — their rights in the www.facebook.com website to one or both of the business entities.  Compl., ¶ 39.  Importantly, ConnectU does not allege that Zuckerberg, Saverin, and Moskovitz operated as a business enterprise prior to any alleged transfer of rights to Facebook, Inc. and/or Thefacebook, LLC.  ConnectU argues instead that, "in any event, Facebook, Inc. and/or Thefacebook, LLC have been and are integrally involved in the wrongdoing described in this complaint."  *Id*.  No facts are alleged in support of this conclusory statement.  These allegations fail to state a claim for successor liability.

---

[1] Defendants Facebook, Inc. and TheFacebook, LLC incorporate by reference arguments made in the motions to dismiss filed concurrently herewith by Mr. Zuckerberg, as well as Defendants Hughes, McCollum and Moskovitz.

For its failure, ConnectU blames the Defendants for not providing ConnectU with the evidence necessary to support its successor liability theory. *See* Docket No. 34, 16 ("Only appropriate discovery, which has thus far been blocked by Facebook defendants … can shed light …."); 17 ("Facebook Defendants produced few details regarding the Corporate Defendants' operations or relationships.  It is unclear why, how, or even if the entities acquired assets, such as the Facebook.com domain name and website").  While the Facebook entities disagree with Plaintiff's premise, ConnectU puts the cart before the horse.  Before it is entitled to any discovery on this issue, ConnectU must first plead facts sufficient to show that it is entitled to proceed under this theory.  It has not done so.

Massachusetts follows the traditional corporate law principle that the liabilities of a selling predecessor corporation are not imposed upon the successor corporation which purchases its assets, unless (1) the successor expressly or impliedly assumes liability of the predecessor, (2) the transaction is a *de facto* merger or consolidation, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor. *JSB Indus. v. Nexus Payroll Servs., Inc.*, 463 F. Supp. 2d 103, 109-111 (D. Mass. 2006) *citing Guzman v. MRM/Elgin*, 409 Mass. 563, 566, (1991).  These rules presuppose that a business enterprise exists on both sides of the "change of control" transaction.  *Crane Const. Co. v. Klaus Masonry*, 114 F. Supp. 2d 1116, 1119 (D. Kansas 2000) (holding that successor liability rules "were designed to govern corporate liability," so the predecessor and successor parties must be some form of "business organization").

ConnectU has not alleged that either business entity acquired all or substantially all of Zuckerberg's, Moskovitz's, or Saverin's assets.  ConnectU also does not allege in its Complaint that these individuals operated as a business organization.  ConnectU only alleges that these

OHS West:260232142.1

individuals may have assigned "their rights in the facebook.com website." Compl. ¶39; *see also* ConnectU Opp'n ("Docket No. 34"), 17. For this reason, it is not clear that a successor liability analysis is even applicable. *JSB Indus.*, 463 F. Supp. 2d at 109. The Complaint still fails to state a claim for several other reasons as well.

### 1.    ConnectU Has Not Alleged that Facebook, Inc. or Thefacebook, LLC Assumed Liability

ConnectU does not allege that the business entities either expressly or impliedly assumed the individuals' liability, a requirement for successor liability. ConnectU argues that, at some point, the "Corporate Defendants may have expressly assumed liability for any bad acts of the Individual Defendants when they formed." Docket No. 34, 16. No such allegation exists in the Complaint. ConnectU is obligated to set forth facts sufficient to establish each material element of its claims. *JBS Indus.*, 463 F. Supp. 2d at 109. It has not done so.

### 2.    ConnectU Has Not Alleged A De Facto Merger Or Consolidation

ConnectU's Complaint does not allege that there was a *de facto* merger or consolidation between two companies. Docket No. 34, 17. Because ConnectU failed to allege any facts demonstrating that Zuckerberg, Moskovitz, and Saverin operated as a business organization, its reliance on the "*de facto* merger or consolidation" exception to impose successor liability must fail. *See Crane Const. Co.*, 114 F. Supp. 2d at 1119. ConnectU's Complaint is devoid of any reference to the individuals operating as a business entity prior to any alleged acquisition of rights by Facebook, Inc. and/or Thefacebook, LLC.

### 3.    ConnectU Does Not Allege That Facebook, Inc. And/Or Thefacebook, LLC Is A Mere Continuation

The allegations of the Complaint also do not support a finding that the business entities are a mere continuation. As noted above, the exceptions to the rule that a successor will not be liable for its predecessor's debts require the existence of a business organization on both sides of

the corporate change.  ConnectU has not alleged any facts showing that a business entity existed

before the alleged transfer of rights by the individuals to Facebook, Inc. or Thefacebook, LLC.

In addition, ConnectU does not allege any facts showing that either Facebook, Inc. or

Thefacebook, LLC is a continuation of any prior business enterprise.  ConnectU has a lot to say

in its opposition about the alleged "continuation" of a business enterprise, but its complaint states

only in conclusory fashion that someone's rights somewhere may or may not have been

transferred.  This is insufficient to state a claim that Facebook, Inc. or Thefacebook, LLC are

successors in interest.

> **4.**     **ConnectU Does Not Allege That Facebook, Inc. And/Or Thefacebook, LLC Is A Mere Continuation**

ConnectU's allegations do not satisfy the fourth exception to the traditional rule of

nonliability, which requires that a transaction be entered into fraudulently to evade liability for

debts.  ConnectU does not address this exception in its papers and, therefore, cannot claim to rely

on this exception.

ConnectU failed to allege, under any set of circumstances, that either Facebook, Inc. or

Facebook, LLC is liable as a successor in interest.  Thus, any claims that rest on this theory must

be dismissed as against Facebook, Inc. and Thefacebook, LLC.

> **B.**     **The Renewal Statute Should Not Be Applied To Claims Asserted Against Facebook, Inc. and Facebook, LLC**

ConnectU argues that Facebook, Inc. and Thefacebook, LLC were "on notice of

ConnectU's claims" and, for that reason, Mass. Gen. Laws. Ch. 260, § 32 (the "Renewal

Statute") should allow ConnectU to add them to this action — despite the fact that they were not

named in *ConnectU I*.  The Renewal Statute is not triggered by a non-party's *awareness* of a

pending lawsuit.  Rather, it is designed to "save" claims when the new action "involves the same

parties, the same events, the same nucleus of operative facts, and the same causes of action" as

the previous action.  *Rodi v. Southern New England School of Law*, 389 F.3d 5, 18 (1st Cir.

2004).  Indeed, "the mistaken choice of a defendant unrelated to the subject-matter of the case is

not merely a formal error," and courts have found on that basis that the Renewal Statute does not

save claims against that party.  *Jordan v. Commissioner of Bristol County*, 167 N.E. 652, 654

(Mass. 1929).  The Facebook entities were not named in the original *ConnectU I* complaint.

And, Thefacebook, LLC was not named in the amended complaint.  Thus, they are not, by any

definition, "the same parties" as those named in *ConnectU I.*

      Fully appreciating this defect, ConnectU argues that it "intended to sue the parties that

caused it harm."  Docket No. 34, 11.  *Intent* is irrelevant if ConnectU did not *actually* name the

party.  Asking the Court to apply the Renewal Statute to enable ConnectU to name brand new

parties will turn the law of limitations periods upside down.  Facebook, Inc. and Thefacebook,

LLC are two separate companies, and they are separate "persons" from any of the other

defendants.  Awareness of a lawsuit pending against defendants with whom the entities may or

may not have a relationship does not make them parties to the lawsuit.  ConnectU's failure to

name each party it intended to hold liable is not a reason to stretch the Renewal Statute beyond

its express scope.

      As a result, those claims for which the statute of limitations period has run may not be

saved so as to be asserted against the Facebook entities.

### C.     ConnectU's Opposition Sheds No Light On The Allegations Specific To The Facebook Entities

      In their motion to dismiss, the Facebook entities point out that ConnectU has

failed to allege any specific facts about either entities' role in the alleged wrongdoing.  In an

effort to disguise the fact that ConnectU has not sufficiently pled its claims for relief against

these defendants, ConnectU lumps them together with ever other defendant and treats them

equally as the "Facebook Defendants." ConnectU then argues that the "shotgun" pleading prohibited by Fed.R.Civ.P. 10(b) applies only to how ConnectU sets forth its claims for relief.

ConnectU's complaint does not allege any facts to show what acts Facebook, Inc. or Thefacebook, LLC engaged in to give rise to liability to ConnectU. Tellingly, ConnectU ignores this fatal defect in its opposition. Rule 8(a)'s "pleading requirements, though 'minimal,' are not 'non-existent.'" *JSB Indus.*, 463 F. Supp. 2d at 106-107. ConnectU is "required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Id.* It has failed to do so, at least with respect to Facebook, Inc. and Thefacebook, LLC. Indeed, the *only* purported "substantive" allegation against either entity is that they "have been and are integrally involved in the wrongdoing described in this Complaint." Compl. ¶ 39. Importantly, the Complaint does not describe how either entity was involved or when either entity was involved. Furthermore, the Complaint does not establish that either entity should be liable for any alleged wrongdoing that occurred prior to their formation. Instead, ConnectU concludes that the business entities were aware of the claims and had notice of the claims and, as a result, its Complaint is sufficient. That is not the law.

### D.  **Because The Facebook Entities Were Not Named In The Original ConnectU Complaint They Could Not Answer Or Otherwise Object To ConnectU's Claims**

ConnectU's failure to distinguish the defendants is misleading. ConnectU raises various complaints about "the defendants'" failure to object to the Report and Recommendation, "the defendants'" failure to raise their arguments in a Rule 12 motion in response to the original complaint, and "the defendants'" ability to answer the original complaint. These arguments ignore that neither Facebook, Inc. or Thefacebook, LLC was originally named as a defendant. As a result, neither of them had standing (or any reason) to make any of the objections ConnectU

contends they should have made.  To the extent the Court buys into ConnectU's arguments on these issues, the Court should not permit any consequences to affect Facebook, Inc. or Thefacebook, LLC.

## III.    <u>CONCLUSION</u>

As demonstrated in the Facebook entities' moving and reply papers, ConnectU has not adequately pled its claims as they relate to Facebook, Inc. and Thefacebook, LLC.  In addition, ConnectU has not established that either of the Facebook entities is a successor in interest to Mark Zuckerberg.  ConnectU's claims cannot be saved as to the Facebook entities, and it has not demonstrated how they can be.  As a result, for the foregoing reasons, and the reasons set forth in the individual defendants' motions to dismiss, Facebook, Inc. and Thefacebook, LLC's motion to dismiss should be granted.

///

///

///

///

///

///

///

///

///

///

///

///

///

Dated:  May 14, 2007

Respectfully submitted,

_____
/s/ I. Neel Chatterjee /s/

G. Hopkins Guy, III (of counsel)
I. Neel Chatterjee (*admitted pro hac vice*)
Monte Cooper (*admitted pro hac vice*)
Theresa A. Sutton (*admitted pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   (650) 614-7400
Facsimile:    (650) 614-7401

Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:    (617) 526-9600
Facsimile:     (617) 526-9899

ATTORNEYS FOR DEFENDANTS
FACEBOOK, INC., MARK ZUCKERBERG,
DUSTIN MOSKOVITZ, ANDREW
MCCOLLUM, CHRISTOPHER HUGHES, AND
THEFACEBOOK, LLC.

OHS West:260232142.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 14, 2007.

Dated:  May 14, 2007.                    Respectfully submitted,

                                         /s/ I. Neel Chatterjee /s/
                                         _____
                                         I. Neel Chatterjee

OHS West:260232142.1