# EXHIBIT A

Dockets.Justia.com

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, LLC,<br><br>    Defendants. | Civil Action No. 1:07-CV-10593 -DPW |

**DEFENDANT MARK ZUCKERBERG'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................- 1 -

II. ARGUMENT ..............................................................................................................- 2 -

    A. ConnectU Failed to Meet the Heightened Standard of Fed. R. Civ. P...............- 2 -

        1. ConnectU's Breach of Contract, Implied Covenant of Good Faith and Fair Dealing, and Breach of Fiduciary Duty are Insufficiently Pled. ........................................................................................................- 2 -

        2. The Claim For Fraud is Not Pled with Particularity ..............................- 3 -

    B. Certain State Law Claims are not assignable......................................................- 4 -

        1. ConnectU Admits that its Claims for Fraud and Breach of Fiduciary Claims are Not Assignable ....................................................- 4 -

        2. Zuckerberg Has Not Waived the Issue of Non-Assignability of the Fraud and Breach of Fiduciary Duty Claims.........................................- 4 -

        3. ConnectU's Authority that Mixed Contract-Tort Claims Are Assignable Do Not Apply ....................................................................- 5 -

        4. ConnectU's Fraud and Breach of Fiduciary Duty Claims Do Not Allege Damage Solely to Specific Property........................................- 6 -

        5. ConnectU Failed to Address that Its California Breach of Confidence Claim is Not Assignable ....................................................- 7 -

    C. ConnectU's Breach of Confidence Claim Must Be Dismissed ........................- 7 -

        1. The Doctrine of Equitable Tolling Does Not Apply to ConnectU's Breach of Confidence Claim ..............................................- 7 -

        2. ConnectU Cannot State of Claim for Breach of Confidence ................- 8 -

        3. The Breach of Confidence Claim is Preempted by the Uniform Trade Secrets Act.................................................................................- 9 -

    D. ConnectU's Breach of Contract and Implied Covenant of Good Faith and Fair Dealing is Preempted by Copyright Law ................................................- 9 -

III. CONCLUSION...........................................................................................................- 10 -

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Armstrong* v. *Rohm & Haas Co.*,
    349 F. Supp. 2d 71 (D. Mass. 2004) .................................................................................. 3

*Conley* v. *Gibson*,
    355 U.S. 41 (1957) ............................................................................................................. 8

*Doyle* v. *Hasbro*,
    103 F.3d 186 (1st Cir. 1996) .............................................................................................. 3

*Gerber* v. *Bowditch*,
    2006 U.S. Dist. LEXIS 27552 (D. Mass. May 8, 2006) ................................................. 2, 3

*Henley Drilling Co.* v. *McGee*,
    36 F.3d 143 (1st Cir. 1994) ................................................................................................ 5

*Mass. Eye & Ear Infirmary*,
    412 F.3d 215 (1st Cir. 2005) .............................................................................................. 3

*Sachs* v. *Sprague*,
    401 F. Supp. 2d 159 (D. Mass. 2005) ................................................................................ 2

*Steel Co.* v. *Citizens for a Better Environment*,
    523 U.S. 83 (1998) ............................................................................................................. 5

*United Elec., Radio and Mach. Workers of America* v. *163 Pleasant Street Corp.*,
    960 F.2d 1080 (1st Cir. 1992) ............................................................................................ 5

*United States ex. Rel. Karvelas* v. *Melrose-Wakefiled Hosp.*,
    360 F.3d 220 (1st Cir. 2004) .............................................................................................. 2

*Workgroup Tech. Corp.* v. *MGM Grand Hotel*,
    246 F. Supp. 2d 102 (D. Mass. 2003) ................................................................................ 9

*Wrench LLC* v. *Taco Bell Corp.*,
    256 F.3d 446 (6th Cir. 2001), *cert. denied*, 534 U.S. 1114, 151 L. Ed. 2d 885, 122 S.
    Ct. 921 (2002) .................................................................................................................... 9

### STATE CASES

*Addison* v. *State of Cal.*,
    578 P.2d 941 (Cal. 1978) ................................................................................................... 8

## TABLE OF AUTHORITIES
### (continued)

*Baker* v. *Allen*,
    197 N.E. 521 (Mass. 1935) .................................................................................................. 4

*Bethlehem Fabricators* v. *H.D. Watts Co.*,
    286 Mass. 556 (Sup. Ct. Mass. 1934) ................................................................................... 7

*Cent. National-Gottesman v. Rodman & Rodman, P.C.*,
    9 Mass. L. Rep. 150 ........................................................................................................ 5, 6

*Claire Murray, Inc.* v. *Reed*,
    139 N.H. 437 (N.H. 1995) .................................................................................................. 4

*Held* v. *Zamparelli*,
    13 Mass. App. Ct. 957 (1982) ............................................................................................. 3

*Lee* v. *Mt. Ivy Press, L.P.*,
    63 Mass. App. Ct. 538 (Mass. App. Ct. 2005) ................................................................... 9

*Lexington Saving Bank v. Linnehan,*
    1998 Mass. Super LEXIS 348 at 5 ...................................................................................... 6

*National Shawmut Bank* v. *Johnson*,
    317 Mass. 485 (Mass. 1945) ............................................................................................... 4

### DOCKETED CASES

*ConnectU LLC* v. *Zuckerberg, et al.*,
    Case No. 1:04-cv-11923-DPW ("*ConnectU I*") .......................................................... 1, 4, 5

I.  **INTRODUCTION**

ConnectU's claims against Defendant Mark Zuckerberg rest on the alleged wrongful conduct with respect to three of his Harvard classmates in late 2003 through early 2004. Neither ConnectU LLC or Plaintiff ConnectU, Inc. was formed at the time.[1]

ConnectU claims that only a claim for fraud need be pled with particularity and notice pleading under the standards of Fed. R. Civ. P. 8 for all other claims is sufficient. To the contrary, under the law of this Circuit (including holdings of this Court), ConnectU must allege sufficient facts necessary to satisfy the heightened pleading standards of Fed. R. Civ. P. 9(b), not only for its fraud claim, but also for its Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Breach of Fiduciary Duty claims. ConnectU has not done so.

ConnectU incorrectly asserts that Zuckerberg waived his rights through the earlier proceedings and wrongly argues that certain of its claims are assignable. ConnectU states that a waiver exists based upon Honorable Magistrate Judge Collings' Report and Recommendation's ("R&R") *silence* on the issue of the assignability of these claims in ConnectU's first action, *ConnectU LLC v. Zuckerberg, et al.*, Case No. 1:04-cv-11923-DPW ("*ConnectU I*"). As the Court found it had no jurisdiction, it implicitly could not reach the substantive issue of assignability as it had no jurisdiction to enter such a ruling. In any event, in light of the new complaint filed by ConnectU, Defendants have the right to challenge all of ConnectU's claims on any fundamental deficiencies of this newly filed complaint. Further, Hornbook law establishes that these types of claims are not assignable. To hold otherwise would be contrary to Federal Rule 12(b)(6).

ConnectU's Breach of Confidence claim asserted under California's laws must also fail. The statute of limitations has run and the equitable tolling doctrine cannot apply in this case since ConnectU brings this claim for the first time in this matter. Moreover, ConnectU does not adequately respond to any of Zuckerberg's arguments regarding ConnectU's failure to

---

[1] Zuckerberg joins in the opposition of McCollum, Hughes and Moskovitz as the arguments apply with equal force to Zuckerberg.

OHS West:260232556.1

sufficiently plead it, and its preemption by the Uniform Trade Secrets Act.

Finally, ConnectU's Breach of Contract and its related claim for Breach of Implied Covenant of Good Faith and Fair Dealing is preempted by the Federal Copyright Act because the alleged agreement is based solely upon actions reserved exclusively to the Copyright owner.

For these reasons, the claims challenged in this motion should be dismissed.

## II. ARGUMENT

### A. ConnectU Failed to Meet the Heightened Standard of Fed. R. Civ. P. 9(b) for Its Claims Premised on Fraud.

ConnectU argues that the 9(b) pleading standard of the Federal Rules *only* applies to the claim of fraud while all other claims are subject to the notice pleading standard of Fed. R. Civ. P. 8. ConnectU's Opp'n, 28. In so doing, ConnectU ignores established authority, including precedents set by this Court which held that *any* claim premised on fraud must be particularly pled to the heightened standard of 9(b). *Gerber v. Bowditch*, 2006 U.S. Dist. Lexis 27552, *43-44 (D. Mass. May 8, 2006) (Breach of contract and breach of fiduciary duty claims premised on fraud held to heightened pleading requirements); *Sachs v. Sprague*, 401 F. Supp. 2d 159, 170 n.15 (D. Mass. 2005), *United States ex. Rel. Karvelas v. Melrose-Wakefiled Hosp.,* 360 F.3d 220, 226-227 (1st Cir. 2004).

In its opposition, ConnectU admits that its breach of contract, unjust enrichment, and breach of fiduciary duty claims are based on fraud:

> Although stand-alone fraud and fiduciary duty claims may not be assignable, the claims here do not stand alone. Rather, they arise from and relate to the same actions giving rise to ConnectU's breach of contract and/ or quasi-contract (unjust enrichment) claims.

ConnectU's Opp'n, 25. In light of ConnectU's concession, heightened pleading for the challenged claims is required. ConnectU's assertion to the contrary should be rejected.

///

///

///

- 2 -

1. **ConnectU's Breach of Contract, Implied Covenant of Good Faith and Fair Dealing, and Breach of Fiduciary Duty are Insufficiently Pled.**

Notwithstanding its express statement to the contrary (quoted above), ConnectU argues that its claims for breach of contract and implied covenant of good faith and fair dealing, are not based in fraud. Because ConnectU failed to sufficiently plead any details of a valid express or implied contract, it is difficult to ascertain the terms of the alleged agreement, the respective obligations of the parties, and all other material terms. The claim simply does not provide sufficient detail of any fraudulent act or any contractual terms. These allegations do not satisfy rule 8 or rule 9. *See Doyle v. Hasbro*, 103 F.3d 186, 194 (1st Cir. 1996); *Armstrong v. Rohm & Haas Co.,* 349 F.Supp. 2d 71 (D. Mass. 2004); and *Held v. Zamparelli,* 13 Mass. App. Ct. 957, 958-59 (1982). The failure to allege a valid agreement extents to ConnectU's claim for breach of the covenant of good faith and fair dealing. *Mass. Eye & Ear Infirmary,* 412 F.3d 215, 230 (1st Cir. 2005).

ConenctU contends that it only needs to provide notice pleading for its Breach of Fiduciary Duty claim pursuant to Federal Rule 8. ConnectU is wrong. Its own opposition admits that ConnectU's fraud and breach of fiduciary duty claims arise from the same operative facts. ConnectU's Opp'n, 25. In *Gerber*, this Court explicitly held that a claim for breach of fiduciary duty was held to the higher standard of 9(b) when premised on fraud. Because ConnectU stands on its bare bone allegations for breach of fiduciary duty, this claim must also fail.

2. **The Claim For Fraud is Not Pled with Particularity.**

To plead fraud with sufficient particularity, ConnectU must identify the time, place and contents of each alleged misleading statement or act. Nowhere in its 42 page Complaint, or its 40 page Opposition, does ConnectU identify even a single fraudulent statement or act with the time, place and contents. ConnectU alleges that some fraudulent statements and acts were made in November 2003, December 2003, and January 2004, at Harvard University, but it fails to identify the contents of these statements. ConnectU merely recites that it "has provided further details of these events elsewhere." ConnectU also points to ¶¶17, 20-26, 40, 41 and 92 of the

Complaint, as containing alleged fraudulent statements, but not one of these paragraphs contains a specific statement or act that can be attributed to the defendant, nor does it specify the place and time of occurrence of this statement or act. The claim of fraud is decided on a statement by statement basis, and ConnectU has failed to identify even a single particularized statement sufficient under Fed. R. Civ. P. 9(b).

Having failed to plead with particularity, ConnectU takes refuge in its broad conclusion that "[t]hese and other allegations in the Complaint, taken together, plainly give Zuckerberg sufficient notice under Fed. R. Civ. P. 9(b) of the fraud claim against him and allow him to prepare a defense." This statement completely misses the point. One of the important purposes for requiring heightened pleading, is to allow the defendant to respond to the specific allegations of the fraud. Simply putting the defendant on notice of a fraud claim, without identifying even a single statement with sufficient particularity, is insufficient under Fed. R. Civ. P. 9(b).

### B. Certain State Law Claims are not assignable

#### 1. ConnectU Admits that its Claims for Fraud and Breach of Fiduciary Claims are Not Assignable.

ConnectU admits in its Opposition that its breach of fiduciary duty and fraud claims are not assignable. ConnectU's Opp'n, 25. *See National Shawmut Bank v. Johnson*, 317 Mass. 485, 488 (Mass. 1945) ("It is doubtless the law of this Commonwealth that a right to litigate a fraud perpetrated upon a person is not assignable at law or in equity, and that the prosecution by the alleged assignee of an action or suit on account of the fraud would be contrary to public policy."); *Claire Murray, Inc. v. Reed,* 139 N.H. 437, 440 (N.H. 1995); *Baker v. Allen,* 197 N.E. 521, 524 (Mass. 1935).

#### 2. Zuckerberg Has Not Waived the Issue of Non-Assignability of the Fraud and Breach of Fiduciary Duty Claims.

To salvage itself, ConnectU claims that because Defendants did not object to Magistrate Judge Collings failure to address their arguments regarding the assignment of fraud and breach of fiduciary duty claims in his R&R in *ConnectU I*, Defendants have waived its rights. This argument is baseless.

OHS West:260232556.1

As the Court found it had no jurisdiction, it could not reach the issue of the assignability of the fraud and breach of fiduciary duty claims as it had no jurisdiction to enter a substantive ruling such as the assignability of claims. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); and *United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1098 (1st Cir. 1992) ("Were a contrary view to prevail, 'a court could wield power over parties or matters obviously not within its authority – a concept inconsistent with the notion that the judiciary may exercise only those powers entrusted to it by law'").

ConnectU's relies upon *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150-151(1st Cir. 1994) to support its claim that failure to object to silence on an issue constitutes a waiver. *Henley* is irrelevant. *Henley* was not a case related to jurisdiction but rather dealt with an attempt to appeal a Magistrate's summary judgment ruling related to liability and attorneys fees. In *ConnectU I*, Defendants moved on numerous substantive and procedural grounds. Unlike *Henley,* once the Court decided that diversity jurisdiction did not exist at the time of filing, it did not have the authority to rule on substantive issues such as the assignability of claims.

Further, no waiver can be effected in this case based upon the previous case. With the re-filing of its new complaint, ConnectU has commenced the pleading process anew and Defendants are entitled to bring all issues appropriate for a 12(b)(6) Motion to Dismiss for the deficiencies in its complaint.

### 3. ConnectU's Authority that Mixed Contract-Tort Claims Are Assignable Do Not Apply.

ConnectU argues that because the fraud and breach of fiduciary claims are tied to its breach of contract and unjust enrichment claims, they are assignable. The cases upon which ConnectU relies do not apply in this case because they concern the *survivability* rather than the *assignability* of a tort claim. ConnectU's cases apply only in instances pertaining to the survival of a tort claim upon the death of a party to the action so that another can stand in the shoes of the

deceased. ConnectU's Opp'n, 25. For example, the issue in *Cent. National-Gottesman v. Rodman & Rodman, P.C.*, 9 Mass. L. Rep. 150 (Mass. Super. Ct. 1998) was "whether a statute partly abrogating the common-law rule against survival of actions, G.L.c. 228, 1, bars claims for negligence, fraud, indemnification triggered by wrongful conduct, and unfair and deceptive acts, G.L.c. 93A." *Id.* In this case, plaintiff has made no claim that the original rights holders have deceased and passed their rights on to others. Indeed, all alleged breaches of fiduciary duty and fraud occurred before the formation of ConnectU LLC in April, 2004, and are alleged to have existed only by virtue of Zuckerberg's purported relationship with individuals. These individuals testified live in *ConnectU I*.

ConnectU relies upon *Lexington Saving Bank v. Linnehan,* 1998 Mass. Super LEXIS 348 at *5 (Mass. Super. Feb. 9, 1998) to claim that ConnectU is a proper successor. *Lexington* is irrelevant. In *Lexington,* the successor in interest asserted a claim for fraud against the seller bank's manager because it was directly affected by the fraud perpetrated by the manager. The seller's bank manager embezzled money from the seller's vaults and covered it up in the seller's balance sheets. As a direct result of the manager's fraud, the successor was induced to overpay on the purchase price for the acquisition of the seller bank based on the manager's misrepresentations on the seller's balance sheets. *Lexington* was not standing in the shoes of the seller bank to enforce its claim for fraud. Rather, it sued for fraud under its own right to do so.

### 4. ConnectU's Fraud and Breach of Fiduciary Duty Claims Do Not Allege Damage Solely to Specific Property

ConnectU contends that its fraud and fiduciary duty claims are assignable because Zuckerberg's actions damaged its specific property, harvardconnection.com and the contract rights ConnectU had with Zuckerberg. This argument is baseless.

A cause of action for a tort is only assignable where the damage is solely to specific property. *Bethlehem Fabricators v. H.D. Watts Co.,* 286 Mass. 556, 566 (Sup. Ct. Mass. 1934). However, tort claims are not assignable when resulting in damage personal in nature. *Bethlehem Fabricators* at 566-67. Further, a "cause of action in tort" is not assignable "where the damage

- 6 -

comprehends not only damages to property, but also injury to the business credit and financial standing, to the reputation and the feelings of the injured person. The cause of action is indivisible." *Id.* at 566.

ConnectU cannot deny that the asserted claims are personal in nature. ConnectU's Opp'n, 26. No where in its complaint, does ConnectU allege that Mark Zuckerberg's actions caused damage specifically to harvardconnection.com or its contractual rights with Zuckerberg himself. Rather, the allegations for both claims attempt to aver harms personal to ConnectU's predecessors, not to any specific property interests of ConnectU or ConnectU's predecessors:

> Plaintiff's predecessors placed in Zuckerberg, and Zuckerberg knowingly accepted, their trust and confidence Zuckerberg manipulated and breached such trust, confidence, and reliance for his own personal gain and the gain of all of the Defendants…As a direct and proximate result of Zuckerberg's actions…ConnectU's predecessors and ConnectU…have been irreparably injured…

Compl. ¶¶ 74, 76, and 80. Further, in its allegations for fraud, ConnectU asserts, Zuckerberg made false statements…Plaintiff's predecessors reasonably relied on Zuckerberg's statements…As a direct and proximate result of Defendants' actions alleged above, ConnectU's predecessors and ConnectU…have been irreparably injured." *Id.*, ¶¶ 92, 94, 97. These allegations related to harm rest upon Zuckerberg's alleged direct relationship to ConnectU's predecessors.

### 5. ConnectU Failed to Address that Its California Breach of Confidence Claim is Not Assignable.

ConnectU failed to address Facebook's contention that ConnectU's Breach of Confidence claim is not assignable. Therefore, ConnectU's silence should be considered an admission of the validity of this argument. On this basis alone, the Breach of Confidence claim should be dismissed.

### C. ConnectU's Breach of Confidence Claim Must Be Dismissed

ConnectU's breach of confidence claim is fundamentally flawed for several additional reasons that ConnectU failed to sufficiently counter or even address.

### 1. The Doctrine of Equitable Tolling Does Not Apply to ConnectU's Breach of Confidence Claim.

First, ConnectU contends that the doctrine of equitable tolling applies to toll the two year statute of limitations for its Breach of Confidence claim. However, ConnectU's own case law supports that equitable tolling should not apply to this claim. Pursuant to *Addison v. State of Cal.*, 578 P.2d 941, 943-44 (Cal. 1978), in order for equitable tolling to apply, there must be 1) timely notice to the defendant in filing the first claim; 2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and 3) good faith and reasonable conduct by the plaintiff in filing the second claim. ConnectU brings its Breach of Confidence claim for the first time in this matter, one year after the statute of limitations has run. ConnectU's breach of confidence claim was not raised in ConnectU's first action in either its original complaint filed on September 2, 2004, or in its First Amended Complaint filed on October 28, 2005. Accordingly, none of the elements in California's *Addison* guidelines can be satisfied. Mr. Zuckerberg did not have timely notice of the Breach of Confidence claim in the filing of the first claim since ConnectU brings its Breach of Confidence claim for the first time in this pending action. Therefore, ConnectU's Breach of Confidence claim is time barred.

### 2. ConnectU Cannot State of Claim for Breach of Confidence.

ConnectU failed to address Mr. Zuckerberg's arguments that ConnectU insufficiently pled a claim for California Breach of Confidence. Defendants indirectly address the issue in a footnote, asserting that a conflicts of law analysis regarding the breach of confidence claim was too premature at this stage. ConnectU's Opp'n at 34, n. 21. ConnectU's response is insufficient and does not withstand Rule 12(b)(6) scrutiny.

Under Federal Rule of Civil Procedure 12(b)(6), a party defending an action may seek to eliminate a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Dismissal for failure to state a claim is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The claim underlying the litigation must directly arise out of, or relate to, the defendant's

activities in that state. *Workgroup Tech. Corp. v. MGM Grand Hotel*, 246 F. Supp. 2d 102, 112 (D. Mass. 2003). This fundamental principle has nothing to do with a conflicts of law analysis. Rather, ConnectU must state facts pertaining to its California Breach of Confidence claim upon which relief can be granted. ConnectU failed to plead facts that any of Mark Zuckerberg's wrongful conduct against ConnectU occurred or was felt in California. The complaint alleges that all relevant events pertaining to the Breach of Confidence claim occurred in late 2003 through early 2004 while ConnectU's predecessors and Mark Zuckerberg were still students at Harvard University in Massachusetts. Compl. ¶¶ 17, 18, 21, 28-32, 37, 38, 42. ConnectU's breach of confidence claim must, therefore, be dismissed.

### 3. The Breach of Confidence Claim is Preempted by the Uniform Trade Secrets Act.

ConnectU does not address Mr. Zuckerberg's arguments citing unequivocal California authority providing that the Uniform Trade Secrets Act preempts ConnectU's Tenth Claim for Relief for Breach of Confidence under California law. This Court should construe ConnectU's silence on this issue as its concession to the validity of Mr. Zuckerberg's contention.[2]

### D. ConnectU's Breach of Contract and Implied Covenant of Good Faith and Fair Dealing is Preempted by Copyright Law.

ConnectU argues that its breach of contract and implied covenant of good faith and fair dealing claims are not preempted by the Federal Copyright Act because the claims require the "extra element" of a promise. ConnectU cites to *Lee v. Mt. Ivy Press, L.P.,* 63 Mass. App. Ct. 538, 551 (Mass. App. Ct. 2005) to claim that preemption does not exist. ConnectU does not mention that *Mt. Ivy* held that "[n]onetheless, a breach of contract claim based solely upon a promise to refrain from taking one of the actions reserved exclusively to the copyright owner should be struck on preemption grounds." *Lee v. Mt. Ivy Press, L.P.*, 63 Mass. App. Ct. 538, 551 (Mass. App. Ct. 2005) (*citing* 1 Nimmer, Copyright § 1.01[B][1][a], at 1-22; *Wrench LLC v.*

---

[2] Curiously, rather than address the UTSA preemption issue, ConnectU argues in a footnote that ConnectU pled the Breach of Confidence claim in the alternative to ConnectU's trade secret misappropriation claim under M.G.L. c. 93. ConnectU's Opp'n at 34, fn. 21.

- 9 -

- 10 -

*Taco Bell Corp.*, 256 F.3d 446, 457-458 (6th Cir. 2001), *cert. denied*, 534 U.S. 1114, 151 L. Ed. 2d 885, 122 S. Ct. 921 (2002)).

      Here, Plaintiff's allegations relating to its breach of contract and the related implied covenant of good faith and fair dealing claims are unclear because ConnectU failed to sufficiently plead a breach of contract claim. In paragraph 30, however, it seems apparent that the alleged contract may relate to "his agreement to complete the [Harvard Connection] code" for ConnectU's predecessors. So, to the extent that the breach is solely based on a promise to refrain from taking one of the actions reserved exclusively to copyright owner, such as the use and reproduction of the Harvard Connection code in a derivative form in Facebook.com, it should be struck.

### III.   CONCLUSION

      For the reasons set forth above, ConnectU's claims alleged against Zuckerberg should be dismissed.

///

///

///

Dated: May 14, 2007                                   Respectfully submitted,

                                                  /s/ I. Neel Chatterjee /s/
                                      G. Hopkins Guy, III, (of counsel)
I. Neel Chatterjee (*admitted pro hac vice*)
Monte Cooper (*admitted pro hac vice*)
Theresa A. Sutton (*admitted pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   (650) 614-7400
Facsimile:   (650) 614-7401

Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:   (617) 526-9600
Facsimile:   (617) 526-9899

ATTORNEYS FOR DEFENDANTS
FACEBOOK, INC., MARK ZUCKERBERG,
DUSTIN MOSKOVITZ, ANDREW
MCCOLLUM, CHRISTOPHER HUGHES, AND
THEFACEBOOK, LLC.

- 11 -

OHS West:260232556.1

- 12 -

**CERTIFICATE OF SERVICE**

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 23, 2006.

Dated: May 14, 2007.          Respectfully submitted,

                                       /s/ I. Neel Chatterjee /s/
                                             I. Neel Chatterjee

OHS West:260232556.1