IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC,<br><br>       Plaintiff,<br><br>v.<br><br>FACEBOOK, INC, MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, LLC,<br><br>       Defendants. | CIVIL ACTION NO. 1:07-CV-10593-DPW |

**FACEBOOK DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING CONNECTU, LLC'S APPEAL TO THE FIRST CIRCUIT OF JUDGE WOODLOCK'S ORDER OF DISMISSAL IN RELATED CASE NO. 1:04-cv-11923-DPW**

-1-

I.   **INTRODUCTION**

Facebook Defendants request that this case, *ConnectU, Inc. v. Facebook, Inc., et al.* Case 1:07-cv-10593-DPW, ("*ConnectU II*") be stayed pending the outcome of the earlier filed case, *ConnectU LLC v. Zuckerberg, et al.*, Case No. 1:04-cv-11923-DPW ("*ConnectU I*"). On April 27, 2007, ConnectU LLC, now known as ConnectU, Inc. ("ConnectU"), filed a Notice of Appeal to the First Circuit from this Court's dismissal of *ConnectU I* for want of subject matter jurisdiction. *See* ConnectU LLC's Notice of Appeal (*ConnectU I,* Docket No. 300). This Court already has recognized that *ConnectU II* is related to *ConnectU I* under Local Rule 40.1(G). (Electronic Minute Order dated March 28, 2007, *ConnectU I,* Docket No. 288; *see also* ConnectU's Category Form, Boxes 3-4, *ConnectU II*, Docket No. 1). As a result of the appeal of *ConnectU I*, two active separate suits between most of the same parties for what Plaintiff contends are the same claims exist in the same jurisdiction. In such circumstances, a stay is warranted. *See Commerce Oil Refining Corp. v. Miner*, 303 F.2d 125, 127 (1st Cir. 1962).

A stay will promote judicial efficiency, avoid unnecessary litigation costs, and minimize the potential for inconsistent and conflicting rulings. At least two of the potential grounds for appeal create a risk of duplicitous litigation over similar and related issues. ConnectU's objection to the Report and Recommendation ("R&R") of the District Court gives guidance as to what some of the issues that may be on appeal in *ConnectU I*. First, ConnectU has claimed that Rule 15(c) allowed it to amend its complaint in and add many of the causes of action asserted in the present case. *See ConnectU I*, Docket No. 285, 2-4. Indeed, ConnectU clearly admits that "Plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *See* ConnectU Inc.'s Consolidated Opp'n. to Facebook Defs.' Mot. to Dismiss, at 7 (*ConnectU II,* Docket No. 34). If ConnectU's position is accepted by the First Circuit, ConnectU's appeal would bring to life many of the same claims at issue in

this case and create multiple lawsuits concerning the same subject matter. Second, ConnectU has challenged the Court's findings with respect to membership of ConnectU LLC. These findings are highly relevant to this Court's assessment of the statute of limitations in this case.

ConnectU will claim that this motion is an effort to delay, although it is not. This motion is brought to ensure that the dispute occurs in an orderly fashion and avoids inconsistent rulings on related subject matter in two separate cases. Any delay is the result of ConnectU's own actions. ConnectU cannot claim to suffer any undue hardship if this case is stayed pending ConnectU's appeal because ConnectU is the party that elected to simultaneously pursue an appellate remedy in *ConnectU I* and to file a new case, *ConnectU II*. If successful on appeal, ConnectU will be able to pick up where it left off in *ConnectU I*; if unsuccessful, ConnectU will re-commence at the present stage of this action, which is in its infancy. If both cases proceed, jurisdiction and process will be utterly confusing, with two separate courts dealing with similar issues involving similar parties, and the potential for inconsistent rulings. Accordingly, Facebook Defendants request that the Court stay this action pending resolution of ConnectU's appeal.

## II.    FACTUAL BACKGROUND

### A.    Procedural History

On September 2, 2004, ConnectU, LLC, a now-defunct Delaware Limited Liability Company, filed a complaint against "TheFacebook.com a/k/a TheFacebook" as an "implied or *de facto*" Massachusetts partnership, as well as Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and Eduardo Saverin, individually. *See* Compl. ¶¶ 5-10 (*ConnectU I,* Docket No. 1). In *ConnectU I*, ConnectU LLC sought damages for: 1) misappropriation of trade secrets pursuant to Massachusetts G.L. ch. 266, § 30(4), 2) breach of contract, 3) breach of the implied covenant of good faith and fair dealing, 4) breach of fiduciary

duty, 5) unjust enrichment, 6) intentional interference with prospective contractual and advantageous business relations, and 7) fraud. *Id.* ¶¶ 24-64. The basis for subject matter jurisdiction was diversity jurisdiction. *Id.* ¶ 2.

ConnectU attempted to file an Amended Complaint on October 28, 2005 in *ConnectU I*. *See* First Am. Compl. (*ConnectU I,* Docket No. 13). That Amended Complaint purported to add claims for copyright infringement and breach of Massachusetts Unfair Trade Practices pursuant to Mass. G.L. ch. 93A, §§ 1, 2, & 9, and also identified Facebook, Inc. as the Defendant in place of TheFacebook.com a/k/a TheFacebook. *Id.* ¶¶ 10, 24-29, 46-51 & 66-69. ConnectU also sought to change the basis of jurisdiction from diversity jurisdiction to federal question and supplemental jurisdiction. *Id.* ¶ 2.

On October 14, 2005, the Facebook Defendants filed a motion to dismiss pursuant to Rule 12(b)(1), alleging among other issues that diversity jurisdiction was lacking at the time ConnectU LLC filed its original complaint. *See* Mot. to Dismiss (*ConnectU I,* Docket No. 94). After extensive discovery and the Court's holding of three days of evidentiary hearings, the Facebook Defendants' motion to dismiss pursuant to Rule 12(b)(1) was granted on March 28, 2007, and the original complaint and all subsequent pleadings were dismissed for lack of diversity jurisdiction. *See* Order dated May 28, 2007 (*ConnectU I* , Docket No. 288). When the Court dismissed the earlier action, it concluded that the amendment adding the copyright and unfair trade practices claims was of no effect because diversity jurisdiction was lacking when the earlier, original complaint was filed. *See* R&R on Facebook Defendants' Mot. to Dismiss at 4-10 (*ConnectU I*, Docket No. 283), adopted by Order of Court dated May 28, 2007 (*ConnectU I,* Docket No. 288)

Within hours after dismissal, ConnectU, Inc., a Connecticut corporation formed long

after the operative events in this action took place, filed a new complaint captioned *ConnectU, Inc. v. Facebook, Inc., et al.* Case 1:07-cv-10593-DPW, *ConnectU II*. ConnectU's 2007 complaint is premised on the notion that the defendants started thefacebook.com by taking software from the ConnectU founders. The new complaint adds two claims for relief that were not originally raised by ConnectU LLC in its original Complaint or its First Amended Complaint in *ConnectU I*: (1) misappropriation of trade secrets pursuant to Massachusetts G.L. ch. 93, § 42 (in addition to Massachusetts G.L. ch. 266, § 30(4)); and (2) breach of confidence under California common law. Compl. ¶¶ 50-57 & 98-104 (Docket No. 1). Two new Defendants were not in the original complaint Facebook, Inc., and Facebook, LLC. *Id.* ¶ 11. However, ConnectU's new complaint also purports to incorporate by reference all pleadings and discovery from the now-dismissed *ConnectU I* litigation and incorporates by reference allegations for *ConnectU I*. *See*, *e.g.*, *id.* ¶¶ 15, 18, 22, 24, 26, 33-34, 36, 42 & 70.

      All of the Defendants have sought to dismiss the new complaint, in part due to statutes of limitations issues raised in conjunction with the earlier dismissal of the action in *ConnectU I*. *See*, *e.g.*, The Facebook LLC and Facebook, Inc.'s Mot. to Dismiss, at 3-5 (*ConnectU II,* Docket No. 16-1); Moskovitz, McCollum, and Hughes' Mem. in Supp. of Mot. to Dismiss Under Fed. R. of Civ. Proc. 12(b)(6), at 4-6 (*ConnectU II*, Docket No. 17-1); Def. Mark Zuckerberg's Mem. in Supp. of Mot. to Dismiss Under Fed. R. of Civ. Proc. 12(b)(6), at 1 & 12 (*ConnectU II*, Docket No. 18-1); and Def. Eduardo Saverin's Mot. to Dismiss (*ConnectU II,* Docket No. 31). The Defendants also raise numerous other arguments.

      ConnectU claims that the two cases are substantively identical. Specifically, in response to Defendants' motion to dismiss, ConnectU has argued that the new "Complaint is ***substantively identical*** to the Complaint" it previously filed in *ConnectU I*. *See* ConnectU Inc.'s Consolidated

Opp'n. to Facebook Defs.' Mot. to Dismiss, at 5 (*ConnectU II*, Docket No. 34; emphasis added). Likewise, ConnectU alleges that the Amended Complaint in *ConnectU I* "contained virtually identical facts and claims" to those in this matter. ConnectU Inc.'s Opp'n. to Saverin's Mot. to Dismiss, at 7 (*ConnectU II*, Docket No. 36). Defendants' position is set forth in the briefing on the motion to dismiss. These cases are related but not identical. However, Plaintiff's appeal (and attempt to introduce its amended complaint) may substantially affect the proceedings in this case.

### III.    DISCUSSION

#### 1.    A Stay of ConnectU II Will Promote Judicial Economy.

ConnectU recognizes a stay is appropriate. The two proceedings may ultimately result in cases involving the same course of action. In any event, resolution of the Court's holding on membership could substantially affect the statute of limitations issues raised in this case. ConnectU recognizes the overlap between cases. In its Consolidated Opposition to the Facebook Defendants' Motions to Dismiss ConnectU states that "Plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *See* ConnectU Inc.'s Consolidated Opp'n. to Facebook Defs.' Mot. to Dismiss, at 7 (*ConnectU II*, Docket No. 34). Courts stay such duplicative litigation "to protect parties from the 'vexation of concurrent litigation over the same subject matter.'" *Curtis v. Citibank, N.A.*, 226 F.3d at 138 (quoting *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)).

The First Circuit has warned against the wastefulness and potential harm of conflicting judicial decisions that result from piecemeal, multifarious, and duplicative litigation. *Travelers Cas. & Surety Co. v. Boston Gas Co.*, 76 F. Supp. 2d 59, 67-68 (D. Mass. 1999) (citing *Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir. 1985)). Indeed, a stay of proceedings is warranted when a related appeal may resolve issues relevant to the later-filed action, since "resolution of these issues could determine whether [the party bringing the later

suit] is precluded, by *res judicata* or collateral estoppel, from asserting any of those claims" that also are before the District Court. *Ogden Labs., Inc. v. Clorox Co.*, 1993 WL 133767, at *3 (E.D. La. 1993) (noting that pending appeal before the Fifth Circuit might resolve who was the proper party to assert a trade secrets misappropriation claim). *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions"). *See also Ogden Labs., Inc. v. Clorox Co.*, 1993 WL 133767, at *3; *Canal Properties LLC v. Alliant Tax Credit V, Inc.*, 2005 WL 1562807, at *3 (N.D. Cal. 2005) (Granting a stay in the second, related action where first action was on appeal; noting that "given the similarity of issues in the two cases, and the potential for *Canal I*'s preclusive effect, it would be a poor use of judicial resources to proceed with *Canal II* litigation at this point"). Where central issues in two cases are inter-related and could substantially affect the second case, the court should stay the proceedings. *See An Giang Agric. & Food Imp. Exp. Co. v. United States,* 350 F. Supp. 2d 1162, 1168 (C.I.T. 2004).

As recognized by this Court in relating the two cases, the issues of *ConnectU I* are tethered to issues brought in this matter. ConnectU also has recognized this fact in its opposition to the motion to dismiss. The reasoning of the dismissal in *ConnectU I* has a substantial effect on the proceedings here. *See Muniz Cortes v Intermedics, Inc.,* 229 F.3d 12, 14 (1st Cir. 2000) (holding that dismissal for lack of jurisdiction precludes relitigation of issues determined in the jurisdictional dispute)*. ConnectU I* was dismissed because ConnectU LLC had no members at the time of the filing of the original complaint and that ConnectU's amended complaint was ineffective. *See* R&R on Facebook Defendants' Motion to Dismiss, at 51-55 (*ConnectU I*,

Docket No. 283). As noted in the Defendants' Motion to Dismiss filed in this action, the Court's finding that ConnectU was memberless creates a time-bar as to ConnectU's claims for Misappropriation of Trade Secrets, Unjust Enrichment, and Intentional Interference With Contractual and Advantageous Business Relations. These state law claims could not be saved by the Massachusetts "renewal" statute because ConnectU LLC did not own the rights when the earlier case was filed. *See*, *e.g.*, Facebook Defs.' Mot. to Dismiss, at 4-5 (*ConnectU II*, Docket No. 16-1).

A stay is appropriate notwithstanding the absence of savings statute protection. Indeed, *ConnectU I* and this case need not be "creatures under the same skin" for a stay to be proper. "Parties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action." *Caspian Inv., Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y. 1981). *See also Landis v. North American Co.,* 299 U.S. at 256 (noting that even though "every question of fact and law" in the case sought to be stayed might not be decided in the "lead" case, "in all likelihood [the "lead" case] will settle many and simplify them all"); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (stay pending outcome of another case is appropriate even where the other proceedings are not "necessarily controlling of the action" that is stayed). Here, that standard is easily met because ConnectU itself concedes that *ConnectU I* and this case are "substantively identical." See ConnectU Inc.'s Consolidated Opp'n. to Facebook Defs.' Mot. to Dismiss, at 5 (*ConnectU II*, Docket No. 34).

### 2. **ConnectU Cannot Demonstrate Hardship If a Stay of ConnectU II is Granted.**

To avoid a stay, "a party must demonstrate a clear case of hardship if there is a danger that the stay will damage the other party." *Amersham Int'l. v. Corning Glassworks,* 108 F.R.D.

71, 72 (D. Mass. 1985) (quoting *Austin v. Unarco Industries,* 705 F.2d 1, 5 (1st Cir. 1983). *See also Landis,* 299 U.S. at 255. ConnectU cannot meet this standard.

ConnectU will suffer no legal detriment or hardship from this Court's order granting a stay in this matter. ConnectU chose to litigate the jurisdictional question in *ConnectU I* rather than just seeking dismissal and re-filing. ConnectU chose to appeal to the First Circuit. ConnectU's decisions weigh in favor of a stay. *Caspian Inv., Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. at 885 ("Deference to the suit first filed is particularly appropriate where, as here, the plaintiff itself commenced the original suit").

### IV.  CONCLUSION

An order granting Facebook Defendants' motion to stay ConnectU's present complaint supports the principles of judicial economy, avoidance of inconsistent ruling related to the same subject matter, case management, and the resolution of cases without impairing ConnectU's position. For all of the foregoing reasons, Facebook Defendants respectfully requests that the Court stay this action pending the resolution of the appeal in *ConnectU I.*

Dated: May 16, 2007

Respectfully submitted,

/s/ I. Neel Chatterjee /s/
G. Hopkins Guy, III
I. Neel Chatterjee*
Monte M.F. Cooper*
Theresa A. Sutton*
Yvonne P. Greer*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
tsutton@orrick.com

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com


* Admitted *Pro Hac Vice*

ATTORNEYS FOR FACEBOOK, INC., MARK ZUCKERBERG, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, LLC

-10-

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 16, 2007.

Dated:  May 16, 2007                    Respectfully submitted,

                                                    /s/ I. Neel Chatterjee /s/
                                                        I. Neel Chatterjee