# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., | Civil Action No.: 1:07-CV-10593-DPW |
| Plaintiff, | Related Action No. 1:04-CV-11923-DPW |
| v. | |
| FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CRISTOPHER HUGHES, and THEFACEBOOK, LLC, | |
| Defendants. | |

## DEFENDANT EDUARDO SAVERIN'S
## REPLY IN SUPPORT OF MOTION TO DISMISS

Dockets.Justia.com

# INTRODUCTION

Eduardo Saverin moved to dismiss pursuant to Rule 12(b)(6) on the ground that Plaintiff had failed to state facts sufficient to sustain any of the claims pled against him.  ConnectU does not even attempt to argue that it has pled facts identifying what role Mr. Saverin is alleged to have played in any wrongdoing.  Instead, ConnectU relies on an ineffectual and nonexistent version of Federal Rule of Civil Procedure 8(a) under which a complaint may be dismissed only if the plaintiff would be unable to recover under "any set" of facts.  The United States Supreme Court definitively rejected this proposition earlier this week.  The *correct* law regarding Rule 8(a)'s requirements was laid out in Mr. Saverin's memorandum in support of his motion.  Under that law, vague "lump pleading," of the sort ConnectU used to tether Mr. Saverin to the allegations of its complaint, fails to meet the Rule 8(a) standard.

ConnectU has no factual or legal basis from which to argue that its complaint satisfies the Federal Rules of Civil Procedure.  Therefore, the complaint must be dismissed.

# ARGUMENT

## I.    CONNECTU'S ARGUMENTS DEPEND ON STATEMENTS OF LAW RECENTLY REJECTED BY THE SUPREME COURT

Unable to point to any factual allegations in its Complaint identifying Mr. Saverin's role in any alleged wrongdoing,[1] ConnectU rests its opposition on a general argument about the

---

[1] The closest ConnectU comes to making a fact-based argument for the sufficiency of its complaint is its argument that its new complaint contains two paragraphs (¶¶ 38 and 39) that were absent from its complaint in a previous action.  *See* Dkt. 36 at 5-6.  Mr. Saverin discussed the insufficiency of paragraph 38 in his opening memorandum.  *See* Dkt. 31 at 2-4.  Paragraph 39, which attempts to allege, in "and/or" clauses, every possible permutation of rights-ownership by the Defendants, is merely an attempt to tie Thefacebook LLC and Facebook, Inc. into this litigation.  It says nothing about Mr. Saverin's alleged role in any wrongdoing.  More importantly, ConnectU neglects to mention that its new complaint also adds *three new causes of action* against Mr. Saverin that were not included in its previous complaint.  *Compare* Compl. at 10-17 *with* Rel. Action Amended Compl. (Rel. Dkt. 13) at 6-12.  This fact completely undercuts ConnectU's arguments that Mr. Saverin could have made this motion prior to ConnectU's filing of the operative complaint.

purported restrictiveness of Rule 12(b)(6). Specifically, ConnectU argues that "[w]hen considering a Rule 12(b)(6) motion, a court 'should not grant the motion unless it appears *to a certainty* that the plaintiff would be unable to recover under *any* set of facts.'" Dkt. 36 at 4 (quoting *Roma Constr. Co. v Arusso*, 96 F. 3d 566, 569 (1st Cir. 1996)) (emphasis added). On the basis of this purported and de-contextualized standard, ConnectU concludes that its complaint is adequately pleaded and should not be dismissed, *despite* the fact that it gives no indication of Mr. Saverin's role in any wrongdoing. In addition to being overly general, ConnectU's statement of the 12(b)(6)/8(a) standard is undeniably wrong.

Just this week, the United States Supreme Court definitively rejected the "any set of facts" standard on which ConnectU bases its opposition. *Bell Atlantic Corp. v. Twombly*, 550 U.S. __ (2007), No. 05-1126, slip op. at 14-17 (May 21, 2007). The Court in *Twombly* traced the "no set of facts" language to *Conley v. Gibson*, 355 U.S. 41 (1956), where it appeared only after "the opinion's . . . summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief." *Twombly*, slip op. at 16. Since its initial appearance in *Conley*, however, the "no set of facts" language has often fallen prey to plaintiffs like ConnectU, who "read [it] in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings." *Id.* at 14. For this reason, the Supreme Court in *Twombly* explicitly "retired" *Conley*'s "no set of facts" language, stating that it is "best forgotten." *Id.* at 16.

The Supreme Court in *Twombly* also specifically rejected the major arguments made by ConnectU in its opposition. With respect to ConnectU's argument that "it is enough to specify the wrong done and leave details to later proceedings," Dkt. 36 at 7, the Court noted critically that "[o]n such a focused and literal reading of *Conley*'s 'no set of facts,' a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, slip op. at 15 (second alteration in original). Rejecting ConnectU's argument that "the plaintiff [should] receive[] the benefit of the imagination," Dkt. 36 at 6, the

Supreme Court reasoned that the no set of facts "approach to pleading would dispense with any showing of a *reasonably founded* hope that a plaintiff would be able to make a case." *Twombly*, slip op. at 15 (emphasis added; internal quotation omitted).

The Supreme Court has rejected the arguments on which ConnectU now attempts to rely. It is now clear that the "no set of facts" language on which ConnectU pins its opposition is "best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 16. Since ConnectU's complaint does *not* adequately state any of its claims against Mr. Saverin, it fails to reach the threshold.

## II.    CONNECTU'S COMPLAINT FAILS TO PLEAD FACTS CONCERNING MR. SAVERIN'S ROLE IN ANY SUPPOSED WRONGDOING AND THEREFORE VIOLATES FED. R. CIV. P. 8(A) AND FAILS TO STATE ANY CLAIM ON WHICH RELIEF CAN BE GRANTED.

As described more fully in Mr. Saverin's memorandum in support of his motion to dismiss, Dkt. 31, ConnectU's vague allegations that "Defendants" generally "used" ConnectU's Information and Procedures are insufficient to meet the requirements of Rule 8(a). Under binding authority from the First Circuit, a complaint must "at least set forth minimal facts as to *who did what to whom, when, where, and why*" in order to comply with Rule 8(a). *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004) (emphasis added). ConnectU's complaint fails to do this.

ConnectU ignores this recent binding authority cited by Mr. Saverin in his opening memorandum. Instead, ConnectU states without citation that it "is not required to state what each defendant has done individually." Dkt. 36 at 4. The closest ConnectU comes to providing authority for this incorrect proposition is with a citation to an out-of-Circuit case that proceeded the binding *Ecuadores* case by nearly a decade. *See id.* (citing *Palmer v. Board of Education*, 46 F. 3d 682 (7th Cir. 1995)). In addition to being non-binding, and implicitly *rejected* to the extent it is inconsistent with First Circuit precedent, *Palmer* is simply inapposite.

*Palmer* concerned a complex school segregation litigation involving a web of alleged actions stretching over several decades and through numerous public and institutional actors and their members.  In the context of that particularly complex setting, the Seventh Circuit noted that "[w]hen a collective body such as a school district takes a complex series of actions over a span of years, it may be difficult to pin down individual responsibility without discovery."  *Palmer*, 46 F. 3d at 688.  Disturbed by the policy implications of requiring plaintiffs to specify at the pleadings stage the precise actions taken by each of the defendants over *decades* in a school desegregation case, the Seventh Circuit concluded that the plaintiffs could proceed.  *Id.* ("If the complaint cannot survive a motion under Rule 12(b)(6) until each person's role is known, . . . it may be impossible as a practical matter to obtain complete relief.")

*This* case, of course, involves neither the complexity nor the policy considerations that led to the case-specific decision in *Palmer*.  ConnectU's complaint does not allege a complex and government-propelled scheme affected over the course of decades; it alleges that one college student once took and used other college students' source code, and that other college students also somehow "engaged in [this] wrongdoing."  Compl. at ¶ 38.

In his opening memorandum, Mr. Saverin presented ample case authority for the proposition that a complaint violates Rule 8(a) and fails to state a claim if it "fail[s] to state clearly which defendant or defendants committed each of the alleged wrongful acts."  *Bagheri v. Galligan*, 160 Fed. Appx. 4, 5 (1st Cir. 2005); *see* Dkt. 31 at 4-5 and n.1.  ConnectU ignores the bulk of this authority, and its limited discussion of a small number of the cases is misleading and wrong.[2]  In light of the fact that ConnectU does not even attempt to distinguish or discuss most

---

[2] Specifically, ConnectU contends that *Carter v. Newland*, 441 F. Supp. 2d 208 (D. Mass 2006) and *Watts v. Florida International University*, 2003 U.S. Dist. LEXIS 26982 (S.D. Fla. April 16, 2003) "most egregiously, do not stand for the proposition cited by Saverin."  Dkt. 36 at 7.  ConnectU is quite mistaken.  In *Carter*, the Court did *not* find the plaintiff's allegations sufficient.  Rather, "mindful of the fact that plaintiff [was] proceeding *pro se* and that his complaint must be construed liberally in light of that status," *Carter*, 441 F. Supp. 2d at 213, the Court permitted plaintiff to proceed—but only on the condition that the plaintiff "provid[e] the defendants and [the] Court with a more definite statement of his claims" which would "provide

*(Footnote Continued)*

4

of these cases, its statement that "Saverin has provided no authority for the . . . pleading requirement he is trying to impose" is plainly unsupported and incorrect.  It is ConnectU that has failed to provide any authority for its position—save for a handful of quotes that have now been definitively rejected by the Supreme Court, and a Seventh Circuit case that is inconsistent with binding First Circuit precedent to the extent it is even apposite.  Mr. Saverin's motion should be granted.

## CONCLUSION

For the foregoing reasons, Defendant Eduardo Saverin respectfully requests that ConnectU's complaint as against him be dismissed.


DATED: May 24, 2007


/s/ Daniel K. Hampton
Gordon P. Katz (BBO# 261080)
Daniel K. Hampton (BBO# 634195)
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA  02116
Telephone:  (617) 523-2700
gordon.katz@hklaw.com
dan.hampton@hklaw.com

---

specificity with respect to which defendant committed which act and when such act or omission was committed."  *Id.* at 214.  In *Watts,* the Court dismissed all of Plaintiff's claims because, *inter alia,* the complaint "lump[ed] the defendants together and allege[d] that they all committed the same conduct."  *Watts*, 2005 U.S. Dist. LEXIS 40310 at *21-22.  The fact that Watts later *amended* his complaint so as to render *one* of his claims "sufficient, though barely, to state a claim," *Watts v. Florida International University*, 2005 U.S. Dist. LEXIS 40310 (S.D. Fla. June 9, 2005), obviously is not inconsistent with (or relevant to) the court's previous legal conclusions.

Annette L. Hurst (pro hac vice)
Nathan E. Shafroth (pro hac vice)
HELLER & EHRMAN, LLP
333 Bush Street
San Francisco, CA  94101
Telephone:  (415) 772-6000
annette.hurst@hellerehrman.com
nathan.shafroth@hellerehrman.com

Robert B. Hawk (*pro hac vice*)
Bhanu K. Sadasivan (*pro hac vice*)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025
Telephone:  (650) 324-7197
robert.hawk@hellereehrman.com
bhanu.sadasivan@hellerehrman.com

Attorneys for EDUARDO SAVERIN