# EXHIBIT A

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC,<br><br>            Plaintiff,<br><br>v.<br><br>FACEBOOK, INC, MARK ZUCKERBERG,<br>EDUARDO SAVERIN, DUSTIN MOSKOVITZ,<br>ANDREW MCCOLLUM, CHRISTOPHER<br>HUGHES, and FACEBOOK, LLC,<br><br><br>            Defendants. | CIVIL ACTION NO. 1:07-CV-10593-DPW |

**FACEBOOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO STAY PROCEEDINGS PENDING CONNECTU, LLC'S APPEAL TO THE FIRST
CIRCUIT OF JUDGE WOODLOCK'S ORDER OF DISMISSAL IN RELATED CASE
NO. 1:04-cv-11923-DPW**

OHS West:260246984.1

## I.    <u>INTRODUCTION</u>

The relationship between the issues in this case (*ConnectU II*) and *ConnectU I,* cannot be overstated.  ConnectU argues that the pending appeal of the Court's dismissal of *ConnectU I* will not affect the merits of *ConnectU II.*  To the contrary, the appeal of *ConnectU I,* which centers on the core issue of ConnectU LLC's membership, directly affects numerous issues in the present action, including:  standing, ownership of the alleged Intellectual Property at issue, and the statute of limitations for several of ConnectU's claims for *ConnectU II.*   These issues already are the subject of the Facebook Defendants' motions to dismiss currently pending in this case, and regardless of outcome will frame the substance of discovery and other matters. Absent a stay of *Connect II*, the Court and the parties risk unnecessarily wasting time and resources on those overlapping issues.

ConnectU does not articulate any undue hardship or inequity if *ConnectU II* is stayed pending the appeal of *ConnectU I,* other than its stated wish to pursue two substantively identical actions in two Courts in order to determine which one gives it the "best" result. ConnectU's contentions of delay and expense have been caused by its own dilatory actions and numerous changes in position concerning its own membership and, more importantly, by its own election to appeal.  Accordingly, the Facebook Defendants' Motion to Stay should be granted.

## II.    <u>ARGUMENT</u>

### A.    <u>The Appeal, If Successful, Will Have A Significant Impact On This Case</u>

While asserting that this action and *ConnectU I* are "substantively identical" (see ConnectU's Opp'n (Docket No. 56), at 5), ConnectU contends that its appeal of *ConnectU I* relates to an isolated issue and that the Facebook Defendants are comparing "apples to oranges" when suggesting the present action should be stayed.  *Id*., at 7-8.  ConnectU also argues that the appeal will have no effect on this action, and suggests that if successful on appeal *ConnectU I*

OHS West:260246984.1

will simply be consolidated into this case. *Id.* In so arguing, ConnectU ignores the significant

legal and logistical effects of the appeal, which have the potential to create inconsistent results in

the same forum. Indeed, under well-established law, the Court retains inherent power to stay

duplicative litigation in the interests of judicial economy. *See, e.g., Ogden Labs., Inc. v. Clorox

Co.*, 1993 WL 133767 (E.D. La. 1993), *3 (where court found that it "would be a waste of

resources to proceed to a disposition on the merits in this case at the same time the Fifth Circuit

is considering these issues" because the Fifth Circuit's resolution of, for example, which party,

or parties, may maintain the claims at issue, "could determine whether [the plaintiff] is precluded

from asserting any of those claims"); *Canal Properties LLC v. Alliant Tax Credit V, Inc.*, 2005

WL 1562807 (N.D. Cal. 2005), at *3 (where court found that "given the similarity of issues in

the two cases, and the potential for *Canal I*'s preclusive effect, it would be a poor use of judicial

resources to proceed with the *Canal II* litigation at this point").

        The Court's inherent power should be exercised here. ConnectU's actions

amount to strategic gamesmanship that risk two Courts rendering inconsistent rulings on

overlapping issues. The Facebook Defendants have and will challenge plaintiff's allegations on

numerous grounds, including that many of the claims are time-barred, the Massachusetts

Renewal Statute cannot save them or the parties against whom they are asserted, and that

ConnectU never had standing to bring the claims in the first place. *See* Docket Nos. 16, 17, 18.

If this Court agrees with the Facebook Defendants' positions on these issues (either on motions

to dismiss or subsequent proceedings), many claims and parties may be dismissed with prejudice

— significantly narrowing the issues before this Court. However, a successful appeal could

result in the same claims being at issue in two forums with very different legal consequences.

Consequently, the two courts will have reached inconsistent rulings with competing

consequences.  ConnectU does not propose how the Court should deal with such a procedural

quagmire, and that is the crux of why a stay is warranted.  Importantly, the consolidation

ConnectU suggests will not solve the problems or promote judicial efficiency.  A stay, on the

other hand, will eliminate the uncertainties until *ConnectU I* is resolved.

       This case also should be stayed because, if ConnectU succeeds on appeal, the

parties will then be involved in two separate cases with several claims and parties that overlap

and are based on the same operative facts and circumstances.  While courts may "abhor a stay,"

as ConnectU contends, it also is true (as ConnectU points out) that "'Plaintiffs have no right to

maintain two actions on the same subject in the same court, against the same defendant at the

same time.' *See, e.g., Curtis v. Citibank*, N.A., 226 F.3d 133, 139 (2d Cir. 2000); *Zerilli v.

Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980)."  ConnectU's Opp'n, at 7.  ConnectU

offers no reason why the Court should ignore the longstanding policy against litigating two cases

at the same time.  Importantly, without a stay in this action, the Court and the parties risk

inconsistent and competing rulings and a significant waste of judicial time and resources.

    **B.**    **A Stay Will Not Prejudice ConnectU**

       ConnectU incorrectly argues that the Facebook Defendants misrepresent the

standard for obtaining a stay and that they attempt to shift the burden to ConnectU to

demonstrate that it will suffer a hardship if the Court issues a stay.  *Id.*, 3-4.  As ConnectU points

out, however, "[p]roper use of the Court's authority to stay 'calls for the exercise of judgment

which must weigh competing interests and maintain an even balance.'" *Amersham Int'l. v.

Corning Glassworks,* 108 F.R.D. 71, 71-72 (D. Mass. 1985) (quoting *Landis v. North American

Corp.,* 299 U.S. 248, 254-55 (1936)).  The Facebook Defendants have described the hardship

they will suffer if a stay is denied.  Importantly, "[a]bsent a showing that there is at least 'a fair

possibility that the stay . . . will work damage to some one else,' there is no requirement that [the

Facebook Defendants] 'make a strong showing of necessity' or establish a 'clear case of hardship or inequity' to warrant the granting of the requested stay." *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 350 F. Supp. 2d 1162, 1167 (Ct. Int'l Trade 2004). ConnectU has not made any such a showing.

Of course, in order for the Court to "weigh competing interests," as ConnectU urges the Court to do, it is incumbent upon ConnectU to demonstrate that it will suffer prejudice. ConnectU has not shown that it will be injured by a stay in this matter. Instead, ConnectU complains that a stay would be "unfair" and it does not want to wait any longer for its "proverbial day in court." ConnectU Opp'n, at 10. Without a clear expression of prejudice, no hardship has been shown.

### C.    ConnectU's Argument That Its Fate Is Not In Its Control Is Disingenuous

ConnectU erroneously argues that it *could not* have dismissed *ConnectU I* and re-filed its complaint, suggesting that it was prevented from doing so as a matter of law. ConnectU's Opp'n, at 5. ConnectU could have chosen not to oppose the Facebook Defendants' motion. Furthermore, ConnectU's argument ignores Fed. R. Civ. Pro. 41(a)(2), which authorized ConnectU at any time to ask the Court to permit a voluntary dismissal so it could re-file its case. ConnectU made a strategy call and decided instead to await the Court's ruling and to pursue a "shifting sands" approach to prolong the proceedings. Consistent with that approach, ConnectU now accuses Facebook of arguing with "hindsight" as a means for asking the Court to give it another chance. *Id*. Its arguments are unavailing.

Contrary to ConnectU's assertion, *Pramco LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51 (1st Cir. 2006), did not raise any new issues.[1] In fact, the *Pramco* court specifically

---

[1] ConnectU fails to apprise the Court that it was the Facebook Defendants, not ConnectU, who originally called *Pramco* to the Court's attention, since it still supported positions that

OHS West:260246984.1

held that every other court to decide the issue of the citizenship of an LLC came out the way *Pramco* ultimately was decided.[2]   *Id.*, at 54.  Furthermore, *Pramco* also noted that, even in the First Circuit, the citizenship of an unincorporated entity (like an LLC) was determined the same way.  *Id.*  ConnectU cannot now contend that it could not anticipate how the Court might treat the citizenship issue in *ConnectU I.*

ConnectU argues that even after *Pramco*, it "saw no diversity problems at that time."  ConnectU Opp'n, at 6.  This statement is belied by the record in *ConnectU I.*  In fact, ConnectU immediately recognized the problem and, instead of dealing with it efficiently, ConnectU sought hastily to cover it up with after-the-fact testimony and "evidence."  The clearest indication of ConnectU's machinations can be seen in its knee-jerk reaction to the Facebook Defendants' Notice of Newly Identified Authority, (*ConnectU I* Docket No. 169) — a reaction that was more akin to an "excited utterance" (and therefore more reliable) than a considered response to the problem.

ConnectU's initial reaction was not to dispute membership of the LLC, which

---

Defendants' already had raised in their Motion to Dismiss.  *See* Docket No. 169, Case 1:04-cv-11923-DPW.

[2] While ignoring the import of *Pramco* and the cases before it, ConnectU contends that it was justified in believing its case would not be dismissed because the Court "ignored **ALL** of Defendants' arguments set forth in their opening brief and reply briefs."  ConnectU Opp'n, at 6.  This argument is unavailing.  The Court specifically granted the Motion to Dismiss, holding that the *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570-571 (2004), controlled and diversity was lacking.  *ConnectU I* Docket No. 283, at 4.  Defendants raised that precise argument; it was not "ignored."  Further, the Court never reached the Defendants' alternative arguments, because the Court found that complete diversity did not exist at the time the original complaint was filed.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); and *United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1098 (1st Cir. 1992) ("Were a contrary view to prevail, 'a court could wield power over parties or matters obviously not within its authority – a concept inconsistent with the notion that the judiciary may exercise only those powers entrusted to it by law'").

would have been a logical response to *Pramco*'s holding that the citizenship of an LLC is determined by the citizenship of its members. Instead, ConnectU argued that "Defendants have presented no evidence that [Zuckerberg] was a citizen of New York when Complaint was filed." *ConnectU I* Docket No. 171, 2. ConnectU's reaction is especially telling, given that Mr. Narendra was the only other New York citizen of relevance — a fact that only mattered if he was a member of the LLC. Notably, ConnectU initially said nothing about Mr. Narendra's membership; instead, ConnectU argued that "neither Complaint alleges the domicile of the principals of ConnectU L.L.C." *Id.* ConnectU then waited more than a month to file a supplemental brief in which it raised, for the first time, the issue that Mr. Narendra was not a member of the LLC and, therefore, *Pramco* was inapposite. *ConnectU I* Docket No. 181.

While ConnectU may not have been able to perfectly read the tea-leaves to know the Court would dismiss its case, its after-the-fact machinations highlight the disingenuous nature of its challenge to the Facebook Defendants' request for a stay. Only ConnectU seeks to use hindsight to its advantage. The Facebook Defendants consistently urged the Court for 18 months to dismiss the case because diversity did not exist at the time of filing. ConnectU, on the other hand, vigorously challenged the defendants' efforts at every turn and blindly ignored the evidence indicating that the case would be dismissed.

**D.    ConnectU's Argument That Its Appeal Of The Rule 15(c) Issue Somehow Differs From The Motion To Dismiss Is Irrelevant**

ConnectU's argument that its appeal of the Rule 15(c) issue on appeal is different from the Rule 15 issue in the motions to dismiss is irrelevant. A stay is warranted because if ConnectU's appeal is successful — whether it is based on Rule 15, statute of limitations, or standing — it could significantly change the landscape of this litigation. Moreover, the argument incorrectly implies that even if subject matter jurisdiction were absent to permit an amendment to

OHS West:260246984.1

the original complaint, the "act" of the Rule 15(c) amendment was still effective.  See

ConnectU's Opp'n at 9.  This argument cannot be reconciled with *Grupo Dataflux v. Atlas*

*Global Group, L.P.* 541 U.S. 567 (2004), which lies at the heart of ConnectU's appeal.

### III.    <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully requests that the Court

stay this action pending the resolution of the appeal in *ConnectU I.*

Dated: June 6, 2007                         Respectfully submitted,

                                            /s/ I. Neel Chatterjee /s/
                                            _____
                                            G. Hopkins Guy,  III*
                                            I. Neel Chatterjee*
                                            Monte M.F. Cooper*
                                            Theresa A. Sutton*
                                            Yvonne P. Greer*
                                            ORRICK, HERRINGTON & SUTCLIFFE LLP
                                            1000 Marsh Road
                                            Menlo Park, CA  94025
                                            Telephone:  (650) 614-7400
                                            Facsimile:   (650) 614-7401
                                            hopguy@orrick.com
                                            nchatterjee@orrick.com
                                            mcooper@orrick.com
                                            tsutton@orrick.com
                                            ygreer@orrick.com

                                            Steve M. Bauer
                                            Jeremy P. Oczek
                                            PROSKAUER ROSE, LLP
                                            One International Plaza, 14th Floor
                                            Boston, MA 02110-2600
                                            Telephone:     (617) 526-9600
                                            Facsimile:     (617) 526-9899
                                            sbauer@proskauer.com
                                            joczek@proskauer.com


                                            * Admitted *Pro Hac Vice*

                                            ATTORNEYS FOR FACEBOOK, INC., MARK
                                            ZUCKERBERG, DUSTIN MOSKOVITZ,
                                            ANDREW MCCOLLUM, CHRISTOPHER
                                            HUGHES, and THEFACEBOOK, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 6, 2007.

Dated:  June 6, 2007                    Respectfully submitted,

                                        /s/ I. Neel Chatterjee /s/
                                        _____
                                        I. Neel Chatterjee

-10-