# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 1:07-cv-10593 (DPW) |
| ) | |
| v. ) | Related Action 1:04-cv-11923 (DPW) |
| ) | |
| FACEBOOK, INC., MARK ZUCKERBERG, ) | |
| EDUARDO SAVERIN, DUSTIN ) | |
| MOSKOVITZ, ANDREW MCCOLLUM, ) | |
| CHRISTOPHER HUGHES, AND ) | |
| THEFACEBOOK LLC, ) | |
| ) | |
| Defendants. ) | |

## JOINT REPORT PURSUANT TO JUDGE COLLINGS'S JUNE 12, 2007 ORDER

I. **Plaintiff's Motions**

Listed below is the status of Plaintiff's remaining motions identified in its Notice of Motions by ConnectU Requiring Resolution (Dkt. 8), pursuant to this Court's June 12 Order (Dkt. 61). Because Facebook, Inc., Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and Thefacebook LLC (collectively "Facebook Defendants") are represented by different counsel than Eduardo Saverin, for the motions that were directed at both entities (specifically 1, 4, and 5 below), a separate statement is given for each entity.

On July 6, 2007, John Hornick and Meredith Schoenfeld, counsel for Plaintiff, and Hopkins Guy and Neel Chatterjee, counsel for Facebook Defendants, met in Dallas, Texas to meet and confer in person. At that meeting, Facebook Defendants agreed to produce responsive, non-privileged documents, agreed to supplement their responses to Interrogatories 19-23, and agreed to establish a protocol for the imaging and examination of Facebook Defendants' memory devices. ConnectU agreed to provide an additional 30(b)(6) deposition regarding trade secret designation. Both prior to and subsequent to that meeting, Plaintiff and Facebook Defendants have engaged in correspondence in an attempt to resolve outstanding issues relating to Facebook Defendants' supplementation of its discovery. At this point there are still a number of outstanding issues, which are detailed below.

Facebook's Preliminary Statement: In order to address all remaining discovery issues, Facebook requested a short extension of time. ConnectU refused. The Facebook Defendants are filing this statement as soon as possible after receiving ConnectU's final edits at 8:21 P.M. EST on Friday, July 27. In light of the short deadline, the Facebook Defendants reserve their right to further advise the Court on the issues below.

ConnectU and Facebook agreed to create a protocol for the imaging and analysis of the Facebook Hard Drives, discussed below. That agreement was based on ConnectU's promise to provide a stipulated protocol used in an earlier case that addressed similar attorney/client privilege and relevancy issues raised by Facebook in the present matter, as explained below. ConnectU has refused Facebook's repeated requests for a non-confidential version of this earlier protocol.

1. <u>Motion to Compel the Production of Documents in Response to Production Request Nos. 42, 44-46, 70-71, 85-96, 98-105, 107-110, 113  (R.A. Dkt. 68)</u>[1]

**Facebook Defendants' Statement:** The Facebook Defendants have agreed to produce responsive, non-privileged documents as a result of a massive search and review of nearly one million electronic records (some of which are hundreds of pages long) based upon key word searches. At this time, there is no dispute to be resolved by the Court, except as discussed below.

ConnectU raises new issues regarding source code identification. Facebook Defendants note that additional source code was produced at TFB007670 (Hard Drive) and TFB007671 (CD-ROM). ConnectU has demanded broadly all source code, and the Facebook Defendants have gone to great lengths to recover and produce all possible relevant source code from these devices. The size and scope of these productions reflect both  recovery efforts and the breadth of ConnectU's demands. The produced source code is equally available to (and searchable by) ConnectU as it is the Facebook Defendants, and ConnectU is not entitled to any further identification of particular source code.

---

[1] R.A. refers to the Related Action 1:04-cv-11923 (DPW).

**ConnectU's Statement:** ConnectU withdraws this motion to compel except as to the disputed issue set forth below. However, ConnectU reserves the right to refile all or a portion of this motion to compel after it has reviewed Facebook Defendants' promised production.

The only dispute that remains with Facebook Defendants is the identification of the source code that is responsive to Production Requests No. 64-69. Facebook Defendants' supplemental responses to Interrogatory Nos. 19 and 20 say "All relevant source code recoverable from each device has already been produced. See, e.g., TFB000084-86," but does not point to the code requested with any particularity. TFB000084-86 are CD ROMS, which contain an enormous amount of irrelevant data, making a search for relevant code like a needle in a haystack. ConnectU searched such CD ROMS, at enormous expense, and found little relevant code. ConnectU asks the Court to require Facebook Defendants to identify precisely where relevant code can be found on those CD ROMS, particularly the "code base" Defendant Zuckerberg mentioned in his May 2006 interview for the New Yorker magazine, which ConnectU has been requesting since that time. The current nature of this issue has not been argued, but is the result of the recent meet and confer process.

As to Saverin, ConnectU reserves the right to refile all or a portion of this motion to compel if the affidavits are not provided.

**Defendant Saverin's Statement:** As stated in Judge Woodlock's July 26, 2007 electronic Order, discovery will be stayed as to Saverin, provided he files affidavits as directed by the Court on the record. At this time, there is no dispute to be resolved by the Court.

2. <u>Motion to Compel Facebook Defendants' Answers to Interrogatory Nos. 19-23  (R.A. Dkt. 121)</u>

4

OHS West:260276780.1

**Facebook Defendants' Statement:** The Facebook Defendants have agreed to supplement their responses to Interrogatory Nos. 19-22. The Facebook Defendants already have supplemented their responses to Interrogatory Nos. 19 and 20 as part of the meet and confer. Pursuant to Federal Rule of Civil Procedure 33(d), Facebook Defendants have responded to Interrogatory No. 23 by referring to FBMA 0000001-0000269, produced on July 5, 2007. At this time, there is no dispute to be resolved by the Court, except for one issue raised by ConnectU on Thursday, July 26:

ConnectU previously agreed to narrow Interrogatory Nos. 19 and 20 "to the electronic memory devices searched." ConnectU now requests supplementation more broadly. It is unclear what other relevant devices ConnectU hopes that Facebook will identify under the broadened scope of devices "on which Facebook Defendants actually stored any information." The supplemental responses list every single device reasonably suspected to contain relevant source code and within the Facebook Defendants' possession, control or custody. No device reasonably suspected to have relevant source code was excluded from the search process.

**ConnectU's Statement:** ConnectU withdraws this motion to compel except as to the disputed issue set forth below. However, ConnectU reserves the right to refile all or a portion of this motion to compel after it has reviewed Facebook Defendants' promised supplemental responses.

The only dispute that remains is the further supplementation of Interrogatory Nos. 19 and 20. This dispute is described below with respect to Motion 4, in the section describing the devices to be searched, item 2. The supplemental responses to Interrogatory Nos. 19 & 20 say that the list is limited to "the electronic memory devices searched." ConnectU requests that the Court require Facebook Defendants to provide a complete list of the devices on which the

5

particular Defendants covered by each of the two Interrogatories actually stored any information, from August 1, 2003 through October 2004, even if they were not searched, or state that the supplemental responses represent such a list. The current nature of this issue has not been argued, but is the result of the recent meet and confer process.

3. <u>Motion to Compel Facebook Defendants' Production of Documents in Response to Request for Production Nos. 171, 174-182, 184-187 (R.A. Dkt. 126)</u>

**Joint Statement:** The Facebook Defendants have agreed to produce responsive, non-privileged documents as a result of a massive search and review of nearly one million electronic records (some of which are hundreds of pages long) based upon key word searches. At this time, there is no dispute to be resolved by the Court, and ConnectU withdraws this motion to compel. However, ConnectU reserves the right to refile all or a portion of this motion to compel after it has reviewed Facebook Defendants' promised production.

4. <u>Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices (R.A. Dkt. 37)</u>

**Joint Statement:** Facebook Defendants and ConnectU have largely agreed to a protocol for the imaging and examination of Facebook Defendants' memory devices for source code, and which devices will be imaged and examined. The parties ask the Court to enter the protocol as a Stipulated Order by resolving the few remaining issues. The proposed protocol is attached hereto as Exhibit A. Sections that are disputed are noted in bold and brackets, and alternate versions of paragraph 5 are presented by ConnectU and Facebook Defendants.

**Facebook Defendants' Statement:** Defendants request that the Court resolve these few issues in dispute rather than the entirety of the motions.

During the meet and confer process, ConnectU's undersigned counsel promised to provide a stipulated protocol used in an earlier case that addressed similar attorney/client privilege, privacy and relevancy issues raised by Facebook in the present matter. ConnectU's agreement to provide the earlier protocol is a material precondition to Facebook's agreement to resolving this protocol. Despite Facebook's repeated requests for a nonconfidential version of that protocol, ConnectU has steadfastly refused to provide it or even supply the case name and number so that Facebook can review it.

The parties disagree on how broadly the ConnectU forensic experts will be permitted to search for source code. Facebook proposes that the experts be permitted to search .TXT and .DOC files using only preapproved search strings. Defendants' proposal allows ConnectU's experts to search for relevant source code in document files that may contain privileged communications with counsel. Privilege and privacy interests require protection. The law is clear that ConnectU must specify what it is looking for. *Fennell v. First Step Designs, Ltd.*, 83 F.3d 526 (1st. Cir. 1996). Facebook Defendants do not want to limit Parmet and Associates' ability to search the unallocated space or deleted files. The suggested proposed search string would apply only to files that are not readily identifiable as code files (such as .php or .html). Facebook Defendants also proposed a second alternative: Parmet and Associates can identify for Facebook Defendants the files they wish to search that are not readily identifiable as code files prior to searching them to give the Facebook Defendants an opportunity to review them for privileged or private content.

The experts must act independently while analyzing the hard drives. Defendants must be able to prevent any unauthorized discussion between ConnectU and its experts and/or inadvertent production or discovery of protected content.

**ConnectU's Statement**.  ConnectU withdraws this motion to compel, except as to the disputed issues set forth below.  The current nature of these issues has not been argued, but are the result of the recent meet and confer process.   As to Saverin, ConnectU reserves the right to refile all or a portion of this motion to compel should it discover that it is likely that Saverin's computer contains or has contained the missing code

ConnectU did not agree to provide a copy of the protocol from the other case, and has not done so because of confidentiality concerns, and because counsel in this case are entirely qualified to write a protocol tailored to this case.

Regarding Facebook Defendants' proposed language in the first paragraph of the protocol, ConnectU reserves the right to file a motion for sanctions, for Defendants' destruction/failure to preserve the harvardconnection.com code and the early facebook.com code (and database definitions).  ConnectU is concerned that "to resolve all outstanding discovery disputes related to the Facebook Hard Drives and to dismiss all of ConnectU's requests related to the Facebook Hard Drives with prejudice" may somehow be used to oppose such a motion. This statement is also not needed here because the Joint Report will withdraw the motion.

ConnectU objects to the inclusion of Facebook Defendants' proposed bold and bracketed language in paragraph 4 because, according to ConnectU's experts, Parmet and Associates, they (or any expert) cannot necessarily tell that data is code or database definitions until AFTER they perform their searches.  If the order includes "shall not search, analyze, view, copy or otherwise examine in any way any other file, data, document", etc., as Facebook Defendants propose, Parmet and Associates may not be able to locate some code and database definitions. This is the reason paragraph 4 is written the way that it is.

In paragraph 5, ConnectU objects to Facebook Defendants' version because, according to Parmet & Associates, it restricts their search methodology and they may use search methods other than key word or text string searches. Facebook Defendants also want to limit the search to files with .txt and .doc filename extensions. Because deleted files (in unallocated clusters of the memory devices) are dissociated from their metadata (including name), there is no way to identify deleted .txt and .doc files. Therefore a restriction based on filename extensions essentially eliminates the intent stated at the beginning of paragraph 4 to "search . . . for deleted or undeleted computer program code (including database definitions in any form)." Moreover, a search including only the extensions .php, .html, .txt, and .doc, would preclude searching a source code repository or archives (such as .zip or .tgz files).

Excluding Facebook Defendants' proposed language from paragraph 4, and using ConnectU's version of paragraph 5, will not broaden the scope of Collected Computer Program Code or Produced Program Code. The order as a whole contains quite sufficient protections to address Facebook Defendants' concerns.

Regarding Facebook Defendants' proposed additional language for paragraph 12, ConnectU prefers to leave for another day the issue of whether its experts can or cannot testify based on alleged violations of the protocol.

**Additional Disputed Issues**

**ConnectU's Statement:** The parties disagree on which devices to include in the imaging and search process. The current nature of this issue has not been argued, but is the result of the recent meet and confer process. ConnectU believes that the following devices should be included:

9

1. The device containing the "code base" Mr. Zuckerberg referred to in the May 2006 New Yorker article (or, if this device is identified in response to Interrogatory Nos. 19-20, ConnectU requests that the Court require Facebook Defendants to identify it by device number and indicate where such code base may be found on the device);

2. The supplemental responses to Interrogatory Nos. 19 & 20 say that the list is limited to "the electronic memory devices searched." ConnectU requests that the Court require Facebook Defendants to provide a complete list of the devices on which the particular Defendants covered by each of the two Interrogatories actually stored any information, from August 1, 2003 through October 2004, even if they were not searched, or state that the supplemental responses represent such a list. If there are additional devices, ConnectU requests that the Court require Facebook Defendants to supplement the interrogatory responses and to include the additional devices in Exhibit A of the protocol.

**Facebook Defendants' Statement:** ConnectU now demands to image every single device on which the Facebook Defendants "actually stored any information." That request is overly broad and unlikely to yield any relevant information. Facebook is providing every device reasonably suspected to contain relevant source code within the Facebook Defendants' possession, control or custody.

1. ConnectU refers to a quote in an article written by a third party and Mr. Zuckerberg does not agree that it is an accurate quote or that ConnectU has interpreted the quote accurately. Assuming the quote could be deemed accurate, the "code base" referred to in the article is simply the source code extracted from the devices Facebook Defendants' Counsel and experts have collected and identified. All of that code has been produced. Facebook's forensic experts have extracted all possible relevant code from all devices reasonably suspected to contain relevant

OHS West:260276780.1

code, to the extent that such devices have been located in the Facebook Defendants' possession, custody or control.

2.  ConnectU previously agreed to narrow Interrogatory Nos. 19 and 20 "to the electronic memory devices searched." It is unclear what other relevant devices ConnectU hopes that Facebook will identify under the broadened scope of devices "on which Facebook Defendants actually stored any information." Facebook Defendants searched every single device reasonably suspected to contain relevant source code and within the Facebook Defendants' possession, control or custody. No device reasonably suspected to have relevant source code was excluded from the search process.

**Saverin's Statement:** As stated in Judge Woodlock's July 26, 2007 electronic Order, discovery will be stayed as to Saverin, provided he files affidavits as directed by the Court on the record.

5. <u>Motion to Compel the Production of Documents Created After May 21, 2004 (R.A. Dkt. 37)</u>

**Facebook Defendants' Statement:** The Facebook Defendants have agreed to produce responsive, non-privileged documents as a result of a massive search and review of nearly one million electronic records (some of which are hundreds of pages long) based upon key word searches. Such documents will have been created after May 21, 2004, and will be produced irrespective of date for at least Request Nos. 70, 71, 85-89, 96, 101-103, 105, 107-110, 113, 171, and 186.

**ConnectU's Statement:** At this time, there is no dispute to be resolved by the Court and ConnectU withdraws this motion to compel. However, ConnectU reserves the right to refile all or a portion of this motion to compel after it has reviewed Facebook Defendants' promised

11

production.  As to Saverin, ConnectU reserves the right to refile all or a portion of this motion to compel if the affidavits are not provided.

**Defendant Saverin's Statement:** As stated in Judge Woodlock's July 26, 2007 electronic Order, discovery will be stayed as to Saverin, provided he files affidavits as directed by the Court on the record.

## II. Facebook Defendants' Motions

1. Motion to Compel Particularized Identification of Trade Secrets in Response to the Facebook Defendants' Interrogatory No. 2 (R.A. Dkt. 71)

    **Facebook Defendants' Statement:** Based on the following, Facebook is withdrawing its motion to compel.  ConnectU has agreed to designate and make available one witness for a 30(b)(6) deposition on the topics related to Facebook's Interrogatory No. 2.  At this time, there is no dispute to resolved by the Court and Facebook Defendants withdraw this motion to compel.  However, Facebook Defendants reserve the right to refile all or a portion of this motion to compel should ConnectU refuse to provide a 30(b)(6) witness or should there be any misconduct at the 30(b)(6) deposition.

    **ConnectU's Statement:** Though not required by Facebook Defendants as a condition of withdrawing this motion, as a result of the meeting in Dallas, ConnectU is contemplating supplementing its response to Defendants' Interrogatory No. 2.  If ConnectU does so, it will provide such supplemental response at least two weeks before the 30(b)(6) deposition of ConnectU.

2. Defendants' Joint Motion to Compel Testimony From ConnectU LLC Responsive to Defendants' Amended 30(b)(6) Notice (R.A. Dkt. 90)

Based on the following, Facebook is withdrawing its motion to compel. ConnectU has agreed to designate and make available one witness for a 30(b)(6) deposition on the topics related to Facebook's Interrogatory Number 2. At this time, there is no dispute to resolved by the Court and Facebook Defendants withdraw this motion to compel with prejudice. However, Facebook Defendants reserve the right to refile all or a portion of this motion to compel should ConnectU refuse to provide a 30(b)(6) witness or should there be any misconduct at the 30(b)(6) deposition. Facebook notes that it is negotiating with ConnectU regarding additional 30(b)(6) deposition time on various topics.

### III. Additional Issues

**Facebook Defendants' Statement:** The Facebook Defendants have raised a number of additional discovery issues with ConnectU. As early as July 2, 2007, Facebook Defendants' Counsel asked for supplementation of several interrogatory responses; supplementation of responses and production responding to document request and additional 30(b)(6) deposition time. ConnectU has not provided any substantive responses, claiming instead that they need to talk to Tyler and Cameron Winklevoss. Despite Messrs. Winklevoss' availability for numerous press conferences and media interviews, they have made no effort to provide responses to the Facebook Defendants' requests. The Facebook Defendants hope to avoid Court intervention on these issues.

**ConnectU's Statement:** Judge Collings's Order requests a Joint Statement pertaining to unresolved motions to compel from the Related Action. As there were no motions to compel documents or supplemental interrogatory responses pending, ConnectU does not feel that these issues needed to be addresses in the Joint Statement. ConnectU is currently investigating

13

Facebook Defendants' requests, and have indicated to Facebook Defendants that they plan on supplementing their discovery and detailing their positions more fully.

OHS West:260276780.1

By: /s/ Theresa A. Sutton
G. Hopkins Guy, III (*pro hac vice*)
I. Neel Chatterjee (*pro hac vice*)
Monte M.F. Cooper (*pro hac vice*)
Theresa A. Sutton (*pro hac vice*)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

Attorneys For Defendants Facebook, Inc., Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and Thefacebook, LLC
DATED: July 27, 2007

By: /s/ Daniel K. Hampton
Daniel K. Hampton (BBO# 634195)
Gordon Katz (BBO# 261080)
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
dan.hampton@hklaw.com
gordon.katz@hklaw.com

Robert P. Hawk (*pro hac vice*)
Annette Hurst (*pro hac vice*)
HELLER EHRMAN WHITE &
McCAULIFFE, LLP
2775 Sand Hill Road
Menlo Park, CA 9402
Telephone: (650) 324-7165
Attorney For Defendant Eduardo Saverin
DATED: July 27, 2007

By: /John F. Hornick/
John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Meredith H. Schoenfeld (*pro hac vice*)
Daniel P. Kaufman (BBO# 663535)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 408-4000
Fax: (202) 408-4400

Daniel P. Tighe (BBO# 556583)
Scott McConchie (BBO# 634127)
GRIESINGER, TIGHE, & MAFFEI, L.L.P.
176 Federal St.
Boston, MA 02110
Telephone: (617) 603-0918
Facsimile: (617) 542-0900
dtighe@gtmllp.com
smcconchie@gtmllp.com

Attorneys for Plaintiff
ConnectU, Inc.

DATED: July 27, 2007

15

OHS West:260276780.1

OHS West:260276780.1