The parties have executed this Agreement as of the date first set forth above.

**THEFACEBOOK, INC.**

By: _____

Title: _____

Address:
819 La Jennifer Way
Palo Alto, CA 94036

**PURCHASER:**

**EDUARDO SAVERIN**

Eduardo Saverin
_____
(Signature)

Address: 13621 DEERING BAY DR. Apt. 402
               CORAL GABLES, FL 33158

If the Purchaser is married:

I, _____, spouse of Eduardo Saverin, have read and hereby approve the foregoing Agreement. In consideration of the Company's granting my spouse the right to purchase the Shares as set forth in the Agreement, I hereby agree to be irrevocably bound by the Agreement and further agree that any community property or similar interest that I may have in the Shares shall be similarly bound by the Agreement. I hereby appoint my spouse as my attorney-in-fact with respect to any amendment or exercise of any rights under the Agreement.

_____
Spouse of Eduardo Saverin

-8-

SV 2069157 v1
LLC PURCHASE

**RECEIPT**

TheFacebook, Inc. (the "Company") hereby acknowledges receipt of the membership

interests described in the Exchange Agreement dated as of October 31, 2004 between the

Company, Dustin Moskovitz, Eduardo Saverin and Dustin Moskovitz as consideration for

Certificate No. CS- 7 for 78,334 shares of Common Stock of the Company.

Dated:    10/31/04

THEFACEBOOK, INC.

By: _____

Title: CEO

SV 2069157 v1
LLC PURCHASE

# EXHIBIT C

## THEFACEBOOK, INC.

## EXCHANGE AGREEMENT

This Exchange Agreement dated October 3/, 2004, is entered into by and between the undersigned members (the "Member") of TheFacebook, LLC, a Florida limited liability company (the "LLC"), and TheFacebook, Inc., a Delaware corporation (the "Corporation").

### RECITALS

A.    The LLC is governed by the terms of a Limited Liability Company Operating Agreement dated as of October 6, 2004, (the "LLC Agreement") by and between the Members.

B.    Each Member owns the percent economic interest in the LLC specified below (collectively, the "Interests"): Mark Zuckerberg = 65%; Eduardo Saverin = 30%; Dustin Moskovitz = 5%.

C.    Each Member desires to assign, and the Corporation desires to acquire, all of such Member's Interests in exchange for shares of the Corporation's Common Stock pursuant to a Common Stock Purchase Agreement between the Corporation and the Member dated as of the date hereof (the "Exchange"). As a result of the Exchange the following shares of Common Stock of the Corporation would be issued: Mark Zuckerberg = 169,273; Eduardo Saverin = 78,334; Dustin Moskovitz = 13,056.

D.    The Members intend that the Exchange will qualify for nonrecognition of gain or loss under Section 351 of the Internal Revenue Code of 1986, as amended. The parties intend that the LLC may be merged with and into the Corporation at a future date.

IT IS THEREFORE AGREED AS FOLLOWS:

1.    Assignment of Interest. Each Member hereby assigns, transfers and conveys to the Corporation all right, title and interest of such Member in and to his Interests, free and clear of all mortgages, liens, pledges, charges or encumbrances of any kind or character.

2.    Acceptance.

The Corporation hereby accepts the foregoing assignment of the Interests.

3.    Representations of Each Member. Each Member hereby represents and warrants to the Corporation as follows:

3.1    Authority. The Member has the power and authority to execute and deliver this Agreement and to carry out his obligations as provided in this Agreement.

3.2    Title. The Member has good and marketable title to his Interests, free and clear of all mortgages, liens, pledges, charges or encumbrances of any kind or character. The Member is the sole beneficial owner of the Interests. The Member has the right and authority to sell the Interests to the Transferee pursuant to this Agreement and without any third party consent.

4.    Release of Claims. Each Member severally and not jointly agrees that the Exchange represents settlement in full of all outstanding obligations owed to such Member by the



Company and its officers, board members, stockholders, managers, supervisors, affiliates, agents, employees and subsidiaries and/or by TheFacebook, LLC, and its officers, board members, stockholders, managers, supervisors, affiliates, agents, employees and subsidiaries. Each Member, on his own behalf, and on behalf of his agents, heirs, family members, executors, and assigns, hereby fully and forever releases the Company and its officers, directors, employees, agents, investors, stockholders, administrators, affiliates, divisions, subsidiaries, predecessor and successor corporations, and assigns, and TheFacebook, LLC and its officers, directors, employees, agents, investors, stockholders, members, managers, administrators, affiliates, divisions, subsidiaries, predecessor and successor corporations, and assigns, from, and agree not to sue concerning, any claim, duty, debt, liability, obligation or cause of action relating to any matters of any kind, whether presently known or unknown, suspected or unsuspected, matured or unmatured, that such Member may possess arising from any omissions, acts, facts or circumstances that have occurred up until and including the date of this Agreement including, without limitation:

(a)     any and all claims relating to or arising from Purchaser's employment relationship with the Company or TheFacebook, LLC (together, "TFB"), if any, and the termination of that relationship;

(b)     any and all claims relating to, or arising from, Purchaser's right to purchase, or actual purchase of, or holding of, any shares of capital stock of any nature of the TFB, including, without limitation, any claims for fraud, misrepresentation, breach of fiduciary duty, breach of duty under applicable state corporate law, and securities fraud under any state or federal law;

(c)     any and all claims under the law of any jurisdiction including, but not limited to, wrongful discharge of employment; constructive discharge from employment; termination in violation of public policy; discrimination; breach of contract, both express and implied; breach of a covenant of good faith and fair dealing, both express and implied; promissory estoppel; negligent or intentional infliction of emotional distress; negligent or intentional misrepresentation; negligent or intentional interference with contract or prospective economic advantage; unfair business practices; defamation; libel; slander; negligence; personal injury; assault; battery; invasion of privacy; false imprisonment; and conversion;

(d)     any and all claims for violation of any federal, state or municipal statute, including, but not limited to, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, the Fair Labor Standards Act, the Employee Retirement Income Security Act of 1974, the Worker Adjustment and Retraining Notification Act, the Older Workers Benefit Protection Act, and the Family and Medical Leave Act;

(e)     any and all claims for violation of the federal, or any state, constitution;

(f)     any and all claims arising out of any other laws and regulations relating to employment or employment discrimination;

(g)     any claim for any loss, cost, damage, or expense arising out of any dispute over the non-withholding or other tax treatment of any of the proceeds received by Purchaser as a result of this Agreement; and

(h)     any and all claims for attorneys' fees and costs.

-2-



The Company and each Member agree that the release set forth in this section shall be and remain in effect in all respects as a complete general release as to the matters released. This release does not extend to any obligations incurred under this Agreement..

Each Member severally and not jointly represents that he is not aware of any claim by him other than the claims that are released by this Agreement. Each member severally and not jointly acknowledges that he has had the opportunity to be advised by legal counsel and is aware of and familiar with the provisions of California Civil Code Section 1542, which provides as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

Although such code section may not be generally applicable in the state of such Member's residence, this Agreement is governed by California law under Section 6 hereof, and there may be similar or comparable provisions of such state's or other similar or comparable applicable laws, rules, principles or regulations. Each Member, being aware of said code section and being aware that other comparable or similar provisions of Member's state or other applicable laws may exist, hereby expressly waives any rights he may have under such code section or under any comparable or similar applicable law or rule, as well as under any other statute or common law principles of similar effect.



5. _Binding Effect._ This Agreement shall be binding upon and shall inure to the benefit of the parties and their successors and assigns. TheFacebook, LLC is an intended third party beneficiary of this Agreement.

6. _Governing Law; Jurisdiction._ This Agreement shall be construed, interpreted, governed, and enforced in accordance with the laws of the State of California, without regard to choice-of-law provisions. Each Member hereby consents to personal and exclusive jurisdiction and venue in the County of Santa Clara in the State of California. Each Member agrees that the prevailing party in any legal action shall be awarded its reasonable attorneys' fees and costs.

7. _Counterparts._ This Agreement may be executed in counterparts, each of which shall be an original, but all of which together shall constitute one instrument.

[Signature page follows]

SV 2068427 v2



**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the date first above written.

CORPORATION:

THEFACEBOOK, INC.

By: _____

Title: CEO _____

MEMBERS:

_____
Mark Zuckerberg

_____
Eduardo Saverin

_____
Dustin Moskovitz

[SIGNATURE PAGE TO EXCHANGE AGREEMENT]

SV 2068427 v2

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

CORPORATION:

THEFACEBOOK, INC.

By:_____

Title:_____

MEMBERS:

_____
Mark Zuckerberg

*Eduardo Saverin*
_____
Eduardo Saverin

_____
Dustin Moskovitz

[SIGNATURE PAGE TO EXCHANGE AGREEMENT]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

CORPORATION:

THEFACEBOOK, INC.

By: _____

Title: _____

MEMBERS:

_____
Mark Zuckerberg

*Eduardo Saverin*
_____
Eduardo Saverin

_____
Dustin Moskovitz

[SIGNATURE PAGE TO EXCHANGE AGREEMENT]

SV 1068427 v2

# EXHIBIT D

# THEFACEBOOK, INC.

## HOLDER VOTING AGREEMENT

This Holder Voting Agreement (the "Agreement") is made as of the 31st day of October, 2004, by and among TheFacebook, Inc., a Delaware corporation (the "Company"), Eduardo Saverin (the "Stockholder") and Mark Zuckerberg (the "Proxyholder").

## RECITALS

The Company and the Stockholder have entered into a Common Stock Purchase Agreement dated on or about the date hereof whereby the Company permitted the Stockholder to purchase 1,250,000 shares of Common Stock from the Company. This Agreement, among other things, requires the Stockholder to vote all such shares of Common Stock and all shares of capital stock of the Company which such Stockholder currently owns or hereafter acquires or as to which he otherwise exercises voting or dispositive authority (together all such shares referred to in this sentence and any securities of the Company issued with respect to, upon conversion of, or in exchange or substitution of such shares, and any other voting securities of the Company subsequently acquired by the Stockholder, the "Shares") in the manner set forth herein. This agreement is being entered into in exchange for the ability to purchase such shares and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and agreed.

## AGREEMENT

The parties agree as follows:

1.  **Election of Directors.** At each annual meeting of the stockholders of the Company, or at any meeting of the stockholders of the Company at which members of the Board of Directors of the Company are to be elected, or whenever members of the Board of Directors are to be elected by written consent, the Stockholder agrees to vote or act with respect to all Shares so as to elect the members of the Board of Directors designated by the Proxyholder.

2.  **Voting Agreement.** Stockholder hereby agrees with respect to all Shares:

    (a)     In the event that the Proxyholder approves an Acquisition (an "Approved Sale"), a Certificate Amendment or Other Matter, then the Stockholder shall (i) after receiving proper notice of any meeting of stockholders of the Company to vote on the approval of an Approved Sale, a Certificate Amendment or Other Matter, be present, in person or by proxy, as a holder of Shares at all such meetings and be counted for the purposes of determining the presence of a quorum at such meetings and (ii) vote (in person, by proxy or by action by written consent, as applicable) all Shares as to which the Stockholder has beneficial ownership or as to which he otherwise exercises voting or dispositive authority (A) in favor of such Approved Sale or Certificate Amendment, (B) in the case of an Approved Sale, in opposition of any and all other Acquisitions for which a vote is taken while an Approved Sale is still pending that would



reasonably be expected to delay or impair the ability of the Company to consummate such Approved Sale, and (C) in the case of an Other Matter, in the manner directed by the Proxyholder. Notwithstanding the foregoing, in the case of an Approved Sale, the Stockholder shall not be required to assume personal liability that continues after the transaction closing for breach of representations, warranties or other obligations except (x) to the extent of the consideration received in the transaction or (y) for liability attributable to fraud or willful misconduct on the part of the Stockholder. The Stockholder shall refrain from exercising any dissenter's rights, appraisal rights or similar rights under applicable law at any time in connection with such Approved Sale. If the Approved Sale is structured as a sale of the stock of the Company, then the Stockholder shall agree to sell all of its Shares on the terms and conditions approved by the Proxyholder. Subject to applicable laws, the Stockholder shall take all necessary and desirable actions approved by the Proxyholder in connection with the consummation of the Approved Sale, including the execution of such agreements and such instruments and other actions reasonably necessary to (i) provide the representations, warranties, indemnities, covenants, conditions, escrow agreements and other provisions and agreements relating to such Approved Sale, and (ii) effectuate the allocation and distribution of the aggregate consideration upon consummation of the Approved Sale.

        (b)    In the event of any Transfer by the Stockholder, (i) the Stockholder shall inform the Company of such Transfer and (ii) the pledgee, transferee or donee shall furnish the Company with a written agreement to be bound by the provisions of this Agreement. Such pledgee, transferee or donee shall be treated as a "Stockholder" for purposes of this Agreement. For avoidance of doubt, the Company shall not permit the transfer of any of the Shares on its books or issue new certificates representing any such Shares unless and until the person(s) to whom such shares are to be transferred shall have executed the written agreement referred to in this Section 2 and any additional agreement required under any other applicable agreements between the parties hereto.

For purposes of this Section 2:

        "Acquisition" shall mean any consolidation, merger, stock sale, asset sale or other event that results in or is deemed to be a liquidation, dissolution or winding up under the Company's Certificate of Incorporation, as the same may be amended from time to time (the "Certificate").

        "Certificate Amendment" shall mean any amendment of the Certificate.

        "Other Matter" shall mean any matter other than an Acquisition or Certificate Amendment for which approval of the holders of the Company's stock is sought (either by vote or written consent) or upon which such holders are otherwise entitled to vote or consent.

        "Transfer" shall mean and include any sale, assignment, encumbrance, hypothecation, pledge, conveyance in trust, gift, transfer by bequest, devise or descent, or other transfer or disposition of any kind, including, but not limited to, transfers to receivers, levying

-2-

creditors, trustees or receivers in bankruptcy proceedings or general assignees for the benefit of creditors, whether voluntary or by operation of law, directly or indirectly, of any of the Shares.

3. **Irrevocable Proxy.** To secure the Stockholder's obligations to vote the Shares in accordance with this Agreement and to comply with the other terms hereof, the Stockholder hereby appoints the Proxyholder, or his designees, as such Stockholder's true and lawful proxy and attorney, with the power to act alone and with full power of substitution, to vote all of such Stockholder's Shares in accordance with the provisions set forth in this Agreement, and to execute all appropriate instruments consistent with this Agreement on behalf of such Stockholder if, and only if, such Stockholder fails to vote (or provide written consent with respect to) all of such Stockholder's Shares or execute such other instruments in accordance with the provisions of this Agreement within two (2) days of the Company's written request for such Stockholder's written consent or signature. The proxy and power granted by the Stockholder pursuant to this Section are coupled with an interest and are given to secure the performance of such party's duties under this Agreement. Each such proxy and power will be irrevocable for the term hereof. The proxy and power, so long as any party hereto is an individual, will survive the death, incompetency and disability of such party or any other individual holder of the Shares and, so long as any party hereto is an entity, will survive the merger or reorganization of such party or any other entity holding any Shares.

4. **Additional Representations and Covenants.**

   4.1 **No Revocation.** The voting agreements contained herein are coupled with an interest and may not be revoked during the term of this Agreement.

   4.2 **Legends.** Each certificate representing shares of the Company's capital stock held by the Stockholder or any assignee of the Stockholder shall bear the following legend:

   "THE SHARES EVIDENCED HEREBY ARE SUBJECT TO A VOTING AGREEMENT BY AND AMONG THE COMPANY AND CERTAIN STOCKHOLDERS OF THE COMPANY (A COPY OF WHICH MAY BE OBTAINED FROM THE COMPANY) WHICH INCLUDES PROVISIONS POTENTIALLY RESTRICTING THE STOCKHOLDER'S RIGHT TO VOTE ITS ENTIRE INTEREST IN THE SHARES EVIDENCED HEREBY, AND BY ACCEPTING ANY INTEREST IN SUCH SHARES THE PERSON ACCEPTING SUCH INTEREST SHALL BE DEEMED TO AGREE TO AND SHALL BECOME BOUND BY ALL THE PROVISIONS OF SAID VOTING AGREEMENT."

   4.4 **Stock Splits, Dividends, Etc.** In the event of any issuance of shares of the Company's voting securities hereafter to any of the parties hereto (including, without limitation, in connection with any stock split, stock dividend, recapitalization, reorganization, or the like), such shares shall become subject to this Agreement and shall be endorsed with the legend set forth in Section 4.3.

**4.5** **Specific Enforcement.** It is agreed and understood that monetary damages would not adequately compensate an injured party for the breach of this Agreement by any party, that this Agreement shall be specifically enforceable, and that any breach or threatened breach of this Agreement shall be the proper subject of a temporary or permanent injunction or restraining order. Further, each party hereto waives any claim or defense that there is an adequate remedy at law for such breach or threatened breach.

## 5. Termination.

**5.1** **Termination Events.** This Agreement shall terminate upon the earlier of:

(a)    The liquidation, dissolution or indefinite cessation of the business operations of the Company;

(b)    The execution by the Company of a general assignment for the benefit of creditors or the appointment of a receiver or trustee to take possession of the property and assets of the Company;

(c)    The effectiveness of a registration statement for a firm commitment underwritten public offering by the Company of shares of its Common Stock pursuant to a registration statement under the Securities Act of 1933, as amended; or

(d)    The final expiration of any dissenter's rights, appraisal rights or similar rights period following the closing of a Change of Control (as defined below) or, if no such dissenter's rights, appraisal rights or similar rights period exists, following the closing of a Change of Control. "Change of Control" shall be defined as the sale, conveyance, disposal, or encumbrance of all or substantially all of the Company's property or business or the Company's merger into or consolidation with any other corporation (other than a wholly-owned subsidiary corporation), in any transaction or series of related transactions, in which more than fifty percent (50%) of the voting power of the Company is disposed of, provided that a Change of Control shall not include (i) a merger effected exclusively for the purpose of changing the domicile of the Company, or (ii) an equity financing of the Company in which the Company is the surviving entity.

**5.2** **Removal of Legend.** At any time after the termination of this Agreement in accordance with Section 5.1, any holder of a stock certificate legended pursuant to Section 4.3 may surrender such certificate to the Company for removal of the legend, and the Company will duly reissue a new certificate without the legend.

## 6. Miscellaneous.

**6.1** **Successors and Assigns.** The terms and conditions of this Agreement shall inure to the benefit of and be binding upon the respective successors and assigns of the parties. Nothing in this Agreement, express or implied, is intended to confer upon any party other than the parties hereto or their respective successors and assigns any rights, remedies, obligations, or liabilities under or by reason of this Agreement, except as expressly provided in this Agreement.



-4-

6.2 **Amendments and Waivers.** Any term hereof may be amended or waived only with the written consent of the Company and the Stockholder. Any amendment or waiver effected in accordance with this Section 6.2 shall be binding upon the Company, the Investors and the Stockholders, and each of their respective successors and assigns.

6.3 **Notices.** Any notice required or permitted by this Agreement shall be in writing and shall be deemed sufficient on the date of delivery, when delivered personally or by overnight courier or sent by telegram or fax, or forty-eight (48) hours after being deposited in the U.S. mail, as certified or registered mail, with postage prepaid, and addressed to the party to be notified at such party's address or fax number as set forth on the signature page or on Exhibit A hereto, or as subsequently modified by written notice.

6.4 **Severability.** If one or more provisions of this Agreement are held to be unenforceable under applicable law, the parties agree to renegotiate such provision in good faith. In the event that the parties cannot reach a mutually agreeable and enforceable replacement for such provision, then (a) such provision shall be excluded from this Agreement, (b) the balance of the Agreement shall be interpreted as if such provision were so excluded and (c) the balance of the Agreement shall be enforceable in accordance with its terms.

6.5 **Governing Law; Jurisdiction; Venue.** This Agreement and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of the State of Delaware, without giving effect to principles of conflicts of law. Each party hereby consents to personal and exclusive jurisdiction and venue in the County of Santa Clara in the State of California. Each party agrees that the prevailing party in any legal action shall be awarded its reasonable attorneys' fees and costs.

6.6 **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument.

6.7 **Titles and Subtitles.** The titles and subtitles used in this Agreement are used for convenience only and are not to be considered in construing or interpreting this Agreement.

6.8 **Counsel to the Company.** Each party to this agreement acknowledges and agrees that Heller Ehrman White & McAuliffe, LLP is acting as counsel solely to the Company and does not represent either the Stockholder or the Proxyholder in connection with this agreement or any other agreement. Each party to this agreement has had the opportunity and has been encouraged to consult with their own independent counsel.

[Signature Page Follows]

The parties hereto have executed this Holder Voting Agreement as of the date first written above.

COMPANY:

TheFacebook, Inc.

By: _____
     Mark Zuckerberg,
     Chief Executive Officer

Address: 1743 Westbrook Ave
          Los Altos, CA 94024


PROXYHOLDER:

_____
     Mark Zuckerberg

Address: 1743 Westbrook Ave
          Los Altos, CA 94024


SIGNATURE PAGE TO THEFACEBOOK, INC.
HOLDER VOTING AGREEMENT



The parties hereto have executed this Holder Voting Agreement as of the date first written above.

**STOCKHOLDER:**

_Eduardo Saverin_
Eduardo Saverin

Address: 13621 DEERING BAY DR. Apt 402

CORAL GABLES, FL 33168

Fax: _____

SIGNATURE PAGE TO THEFACEBOOK, INC.
HOLDER VOTING AGREEMENT

The parties hereto have executed this Holder Voting Agreement as of the date first written above.

STOCKHOLDER:

Eduardo Saverin

Address: 13621 DEERING BAY DR. Apt 402

CORAL GABLES, FL 33168

Fax: _____

SIGNATURE PAGE TO THEFACEBOOK, INC.
HOLDER VOTING AGREEMENT

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

James E. Burns / Penelope Graboys-Blair (State Bar # 53250 / 214742)
Orrick, Herrington and Sutcliffe
405 Howard Street, San Francisco 94105
TELEPHONE NO: 415-773-5700    FAX NO. *(Optional):* 415-773-5759
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* TheFacebook, Inc., et al.

**FILED**

06 FEB 28 PM 3:24

CHIEF E... ...R/CLERK
SU... ...I CF CA
COU... ...CLARA
BY............ ...EPUTY

M. Huerta

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: TheFacebook, Inc., et al.

DEFENDANT/RESPONDENT: Eduardo Saverin

| | CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|---|
| (Check one): ☑ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | 1-05-CV-039867 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: March 13, 2006    Time:    Dept.: 4    Div.:    Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  Party or parties *(answer one):*
    a. ☑ This statement is submitted by party *(name):* TheFacebook, Inc., et al.
    b. ☐ This statement is submitted jointly by parties *(names):*

2.  Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
    a. The complaint was filed on *(date):* July 20, 2005
    b. ☐ The cross-complaint, if any, was filed on *(date):*

3.  Service *(to be answered by plaintiffs and cross-complainants only)*
    a. ☑ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b. ☐ The following parties named in the complaint or cross-complaint
        (1) ☐ have not been served *(specify names and explain why not):*
        (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
        (3) ☐ have had a default entered against them *(specify names):*
    c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4.  Description of case
    a. Type of case in ☑ complaint    ☐ cross-complaint    *(describe, including causes of action):*
    First Amended Complaint for: (1) Declaratory Relief; (2) Misappropriation of Trade Secrets; (3) Tortious Interference with Prospective Economic Advantage; (4) Conversion; and (5) Breach of Fiduciary Duty.

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2005]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rule 212

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: TheFacebook, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Eduardo Saverin | 1-05-CV-039867 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

This action is for declaratory, injunctive and monetary relief arising out of various improper acts perpetrated by the Defendant. Plaintiffs bring the suit against the Defendant, Eduardo Saverin, for among other things, improperly seizing business funds when they were gravely needed, twice holding the business hostage, misappropriating trade secrets, intentionally interfering with the growth of the business, usurping corporate opportunities, diverting sales from the business' customers to a competing company, placing unauthorized advertisements on the business' website and breaching his fiduciary duties.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial   *(If more than one party, provide the name of each party requesting a jury trial):*
TheFacebook, Inc., TheFacebook, LLC, and Mark E. Zuckerberg

6.  **Trial date**
    a.  ☐   The trial has been set for *(date):*
    b.  ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* The case is not yet at issue.

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
    a.  ☑   days *(specify number):* It is premature at this time to estimate number of days for trial
    b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    ☐   Additional representation is described in Attachment 8.

9.  **Preference**
    ☐   This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel   ☑ has   ☐ has not   provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
    b.  ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐   The case has gone to an ADR process *(indicate status):*

| PLAINTIFF/PETITIONER: TheFacebook, Inc., et al. | Case Number: |
|---|---|
| DEFENDANT/RESPONDENT: Eduardo Saverin | 1-05-CV-039867 |

10. d.   The party or parties are willing to participate in (check all that apply):

    (1) ☑ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other (specify):

  e.   ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f.   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g.   ☑ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court (specify exemption):

    **Plaintiffs seek declaratory and equitable relief**

**11. Settlement conference**

  ☑ The party or parties are willing to participate in an early settlement conference (specify when):

    **120 days from the case management conference on March 13, 2006**

**12. Insurance**

  a.   ☐ Insurance carrier, if any, for party filing this statement (name):

  b.   Reservation of rights: ☐ Yes ☐ No

  c.   ☐ Coverage issues will significantly affect resolution of this case (explain):

    **N/A**

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

  ☐ Bankruptcy   ☐ Other (specify):

Status:

**14. Related cases, consolidation, and coordination**

  a.   ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a.

  b.   ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by (name party):

**15. Bifurcation**

  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**

  ☑ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

    **Motion for Summary Judgment**

| PLAINTIFF/PETITIONER: TheFacebook, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Eduardo Saverin | 1-05-CV-039867 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Document Requests | April 2006 |
| Plaintiffs | Interrogatories and Requests for Admission | May 2006 |
| Plaintiffs | Depositions | June 2006 |

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following (specify):

**21. Case management orders**
Previous case management orders in this case are (check one):    ☑ none    ☐ attached as Attachment 21.

**22.** Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

James E. Burns Jr.
(TYPE OR PRINT NAME)

_Jim Burns/ (JMW)_
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

| | | |
|---|---|---|
| 1 | | **PROOF OF SERVICE**    **FILED** 06 FEB 28 PM 3:24 |
| 2 | | I am more than eighteen years old and not a party to this action. My business address is |
| 3 | | Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, |
| 4 | | California 94105-2669. On February 28, 2006, I served the following document(s): |
| 5 | | • CASE MANAGEMENT STATEMENT    M. Huerta |
| 6 | | on the interested parties in this action. |
| 7 | | |
| 8 | | Allan Steyer<br>Jeffrey H. Lowenthal<br>Lisa Marie Williams |
| 9 | | Steyer Lowenthal Boodrokas Alvarez, et al. |
| 10 | | One California Street, 3rd Fl.<br>San Francisco, CA |
| 11 | | Fax: (415) 421-2234<br>Tel: (415) 421-3400 |

| | | |
|---|---|---|
| 12 | ☒ | **BY REGULAR U.S. MAIL** |
| 13 | | On the date indicated above, I placed the sealed envelope(s) for collection and |
| 14 | | mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of |
| 15 | | correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States |
| 16 | | Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business. |

| | | |
|---|---|---|
| 17 | ☒ | **BY FACSIMILE** |
| 18 | | On the date indicated above, I transmitted true copies of these documents |
| 19 | | electronically by means of a facsimile machine, to the facsimile number(s) indicated at the offices of the addressee(s) listed above. The facsimile |
| 20 | | transmission was reported as complete and without error. |

| | |
|---|---|
| 21 | The facsimile transmission was reported as complete and without error. A copy of |
| 22 | the transmission report, properly issued by the transmitting facsimile machine, is attached. |
| 23 | I declare under penalty of perjury that the foregoing is true and correct. |
| 24 | Executed on February 28, 2006 at San Francisco, California. |
| 25 | |
| 26 | Meagan McGowan |
| 27 | |
| 28 | |

DOCSSF1:853325.1                 - 1 -                 Case No. 01-05-cv039867

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* Allan Steyer / Lisa Marie Williams    (State Bar # 100318 / 226360) Steyer Lowenthal Boodrookas Alvarez & Smith LLP One California Street, Third Floor San Francisco, CA 94111 TELEPHONE NO.: (415) 421-3400    FAX NO. *(Optional):* (415) 421-2234 . E-MAIL ADDRESS *(Optional):* lwilliams@steyerlaw.com ATTORNEY FOR *(Name):* Defendant Eduardo Saverin | FILES |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA STREET ADDRESS: 191 N. First Street MAILING ADDRESS: CITY AND ZIP CODE: San Jose 95113 BRANCH NAME: | |
| PLAINTIFF/PETITIONER: TheFacebook, Inc.; TheFacebook, LLC; and Mark Zuckerberg DEFENDANT/RESPONDENT: Eduardo Saverin | Ciark Sokai |

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):    [X] UNLIMITED CASE (Amount demanded exceeds $25,000) | [ ] LIMITED CASE (Amount demanded is $25,000 or less) | 1-05-CV-039867 |

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: |
|---|
| Date:    March 14, 2006    Time:    10:00 a.m.    Dept.:    8    Div.:    Room: Address of court *(if different from the address above):* |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Eduardo Saverin
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* April 21, 2005
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint    [ ] cross-complaint    *(describe, including causes of action):*
      Defendant anticipates the filing of second amended complaint on March 7, 2006, following the Court's earlier order sustaining defendant's demurrer to the first amended complaint. Plaintiffs' first amended complaint cited causes of action for (1) Declaratory Relief; (2) Misappropriation of Trade Secrets; (3) Tortious Interference with Prospective Economic Advantage; (4) Conversion; and (5) Breach of Fiduciary Duty. Jury Trial Demanded.

Page 1 of 4

10722669.tif - 2/27/2006 1:29:47 PM

BY FAX

| PLAINTIFF/PETITIONER: TheFacebook, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Eduardo Saverin | 1-05-CV-039867 |

**4. b.** Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

The instant action involves a dispute between the founders of TheFacebook, an online directory for college and high school students which has grown into an internet phenomenon. The dispute concerns the percentage of stock owned by minority shareholder defendant Eduardo Saverin in TheFacebook, Inc., a California corporation, and the actions of plaintiff Mark Zuckerberg and others which unlawfully purported to improperly dilute defendant's ownership interest. Plaintiffs filed a first amended complaint seeking declaratory relief, injuntive relief, and nonspecified compensatory and punitive damages along with attorneys' fees and costs. Defendant filed a demurrer to the first amended complaint, which this Court sustained in part on or about February 1, 2006. Defendant anticipates that plaintiffs will file a second amended complaint on or before March 7, 2006.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5. Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

**6. Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* This case is not yet at issue. The Court sustained in part defendants' demurrer to the first amended complaint. Defendant anticipates a second amended complaint will be filed on or before March 7, 2006. Moreover, Defendant will file a cross-complaint.

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

**7. Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* premature to estimate number of days for trial

b. ☐ hours (short causes) *(specify):*

**8. Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. Fax number:

f. E-mail address:

g. Party represented:

☐ Additional representation is described in Attachment 8.

**9. Preference**

☐ This case is entitled to preference *(specify code section):*

**10. Alternative Dispute Resolution (ADR)**

a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.

b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*

c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2005]

**CASE MANAGEMENT STATEMENT**

LexisNexis® Automated California Judicial Council Forms

10722669.tif - 2/27/2006 1:29:47 PM

| PLAINTIFF/PETITIONER: TheFacebook, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Eduardo Saverin | 1-05-CV-039867 |

10. d.    The party or parties are willing to participate in *(check all that apply)*:
  (1) [X] Mediation
  (2) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
  (3) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
  (4) [ ] Binding judicial arbitration
  (5) [ ] Binding private arbitration
  (6) [ ] Neutral case evaluation
  (7) [ ] Other *(specify)*:

  e. [ ] This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f. [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g. [X] This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption)*:
  Declaratory and equitable relief sought

**11. Settlement conference**
  [X] The party or parties are willing to participate in an early settlement conference *(specify when)*:
  120 days after the date this case is at issue

**12. Insurance**
  a. [ ] Insurance carrier, if any, for party filing this statement *(name)*:
  b. Reservation of rights: [ ] Yes [ ] No
  c. [ ] Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  [ ] Bankruptcy [ ] Other *(specify)*:
  Status:

**14. Related cases, consolidation, and coordination**
  a. [ ] There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    [ ] Additional cases are described in Attachment 14a.
  b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party)*:

**15. Bifurcation**
  [ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**
  [X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
  Although it is early, Defendant contemplates filing a motion for summary judgment/adjudication prior to trial. Moreover, Defendant will file a cross-complaint.

10722669.tif - 2/27/2006 1:29:47 PM

| PLAINTIFF/PETITIONER: TheFacebook, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Eduardo Saverin | 1-05-CV-039867 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendant | Document Reqs, Req for Admission | Summer 2006 |
| Defendant | Special Interrogatories | Summer 2006 |
| Defendant | Depositions of plaintiffs, shareholders, directors, employees, and third parties | Summer 2006 |

Continued in Attachment 17b

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☒ none ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any)*: ___2___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 24, 2006

| Allan Steyer / Lisa Marie Williams | ▶ | _(signature)_ |
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ | |
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached

10722669.tif - 2/27/2006 1:29:47 PM

Attachment to Case Management Statement

6.c.   February 6 - February 9, 2006 - Trial - Sun Roofing & Const. Co., Inc. vs. Henry Chan, San Francisco Superior Court;

March 6 - March 10, 2006 - Trial - J. Middlebrook vs. First American - Mendocino County Superior Court;

March 27 - April 1, 2006 - Trial - Delfin M. Venova, et al. vs. Shirley Remmert, et al., San Mateo Superior Court;

April 18 - April 25, 2006 - Trial - Hans v. Northstate, Yuba Superior Court;

May 1- May 15, 2006 - Trial - Pacific Rim Realty Capital Advisors, Inc. vs. Courtside Village, L.P., Orange County Superior Court;

May 8 - May 12, 2006 - Trial - Stanley Wong, et al. vs. Andy Mabardy, et al., San Mateo Superior Court;

May 15 - May 19, 2006 - Trial - Elaine Chan vs. Peter Karl Wolff, Jr., San Francisco Superior Court;

May 23 - May 31, 2006 - Trial - Keith T. Towns vs. Ameriquest Mortgage Company, et al., Eastern District Court - Sacramento Division;

June 9 - June 23, 2006 - Trial - Lakeshore Property LLC v. Grace S. Chizar, Alameda Superior Court;

June 26 - July 7, 2006 - Trial - Carson V. Levit vs. Ronald Alvarez, et al., San Francisco Superior Court;

July 28 - July August 4, 2006 - Trial - Wilcox Embarcadero vs. Union Pacific Railroad Company, Alameda Superior Court;

July 31 - August 7, 2006 - Trial - Delfin Venova, et al. vs. Shirley Remmert, et al., San Mateo Superior Court;

August 8 - August 15, 2006 - Trial - Christina Meakim vs Pinnacle Builders, Inc., San Francisco Superior Court; and

September 11 - September 22, 2006 - Trial - Catherine Schmitz Dd Fernandez vs. Carola Nicholson, San Francisco Superior Court.

# Attachments

**Attachment 17b**

    Party: Defendant
    Description: Depositions of third parties
    Date: 1 Apr 2006

1

**PROOF OF SERVICE BY MAIL**

2        I am employed in the County of San Francisco, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is One California Street,
3    Third Floor, San Francisco, CA 94111.

4        On the date set forth below, I served the following document:

5    **CASE MANAGEMENT STATEMENT**

6    on the interested parties in this action by placing a true copy thereof enclosed in a sealed
envelope with postage thereon fully prepaid, in the United States mail at San Francisco,
7    California, addressed as follows:         Clark Sakai

8    James E. Burns, Jr.
Orrick, Herrington & Sutcliffe LLP
9    The Orrick Building
405 Howard Street
10    San Francisco, CA 94105
*Fax:* 415.773.5759

11

12        I am readily familiar with this firm's business practice for collection and processing of
correspondence for mailing with the United States Postal Service. I caused such sealed envelope
13    with postage thereon fully prepaid to be placed in the United States mail the same day as this
declaration at San Francisco, California in the ordinary course of business.

14

15        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

16        Executed on February 27, 2006 at San Francisco, California.

17

18    Mariah Jane Paone

19

20

21

22

23

24

25

26

27

28

S:\Facebook\Proofs\Proof - MAIL.wpd

10722669.tif - 2/27/2006 1:29:47 PM

1   JAMES E. BURNS, JR. (STATE BAR NO. 53250)
    KENNETH P. HERZINGER (STATE BAR NO. 209688)
2   JUSTIN MYER LICHTERMAN (STATE BAR NO. 225734)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
3   The Orrick Building
    405 Howard Street
4   San Francisco, CA 94105-2669
    Telephone:   415-773-5700
5   Facsimile:   415-773-5759                          Clerk Soko:

6   Attorneys for Plaintiffs
    FACEBOOK, INC., THEFACEBOOK, LLC, and
7   MARK E. ZUCKERBERG

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SANTA CLARA

10

11  FACEBOOK, INC., a Delaware Corporation,      CASE NO.  105 CV 039867
    THEFACEBOOK, LLC, a Florida limited
12  liability company, and MARK E.               **PROOF OF SERVICE**
    ZUCKERBERG, an individual,
13
                    Plaintiff,
14
           v.
15
    EDUARDO SAVERIN, an individual,
16
                    Defendant.
17

18

19

20

21

22

23

24

25

26

27  DOCSSF1:868458.1                     PROOF OF SERVICE
    16069-3                              CASE NO.  105 CV 039867
28

1

**PROOF OF SERVICE**

2          I am more than eighteen years old and not a party to this action. My business address is

3   Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco,

4   California 94105-2669. On March 7, 2006 I served the following document(s):

5          **SECOND AMENDED COMPLAINT FOR:**
           **(1) DECLARATORY RELIEF;**
6          **(2) MISAPPROPRIATION OF TRADE SECRETS;**
           **(3) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC**
7          **ADVANTAGE;**
           **(4) CONVERSION; AND**
8          **(5) BREACH OF FIDUCIARY DUTY**

9

10  on the interested parties in this action.

11          **Allan Steyer, Esq.**
            **Jeffrey H. Lowenthal, Esq.**
12          **Lisa Marie Williams, Esq.**
            **STEYER LOWENTHAL BOODROOKAS**
13              **ALVAREZ & SMITH LLP**
            **One California Street, Third Floor**
14          **San Francisco, CA 94111**
            **Telephone:  (415) 421-3400**
15          **Facsimile:  (415) 421-2234**

16   ☒   BY REGULAR U.S. MAIL
         On the date indicated above, I placed the sealed envelope(s) for collection
17       and mailing at this firm's office business address indicated above. I am
         readily familiar with this firm's practice for the collection and processing of
18       correspondence for mailing with the United States Postal Service. Under
         that practice, the firm's correspondence would be deposited with the United
19       States Postal Service on this same date with postage thereon fully prepaid in
         the ordinary course of business.

20   ☐   BY FACSIMILE
21       On the date indicated above, I transmitted true copies of these documents
         electronically by means of a facsimile machine, to the facsimile number(s)
22       indicated at the offices of the addressee(s) listed below. The facsimile
         transmission was reported as complete and without error.

23

24   ☐   BY FEDERAL EXPRESS
         On the date indicated above. I delivered the sealed package(s) to an
25       authorized courier or driver authorized by Federal Express to receive
         documents, with the delivery fees paid or provided for by the sender

26

27

28

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on March 7, 2006 at San Francisco, California.

3

4    _____
     Maria S. Ticzon

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCSSF1:868458.1
16069-3

NEXANT'S RESPONSES TO PLAINTIFF'S INTERROGATORY FOR PROD OF DOCS & THINGS, SET I