Connectu, Inc. v. Facebook, Inc. et al
Case 1:07-cv-10593-DPW    Document 68-84    Filed 08/08/2007    Page 1 of 9
Doc. 68 Att. 83

# EXHIBIT 72

# AGREEMENT

This "Agreement" is entered into and effective as of the 1st day of January, 2006 by and between ConnectU L.L.C., a Delaware limited liability company formerly known as Harvard Connection (an unincorporated entity), with a principal place of business at 500 West Putnam Avenue, Greenwich, Connecticut 08830 ("ConnectU"), and Sanjay Mavinkurve, an individual with a principal residence at 916 Oakes Street, Palo Alto, CA 94303 (Assignor).

WHEREAS, Assignor created during 2003 certain computer programs for use in connection with, and intended by Assignor to be merged into and/or with, other computer programs for a website to be known as Harvard Connection;

WHEREAS, Assignor created such computer programs on a confidential basis;

WHEREAS, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra are the founders and Members of ConnectU LLC;

WHEREAS, ConnectU LLC is the successor in interest to all of the pre-incorporation rights of Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra relating to the website to be known as Harvard Connection, and now known as connectu.com;

WHEREAS, Assignor desires to assign all of his rights in such computer programs to ConnectU, and ConnectU desires to receive such assignment.

NOW, THEREFORE, in consideration of receiving the good and valuable consideration set forth in this Agreement, the receipt and sufficiency of which is hereby acknowledged, ConnectU and Assignor agree as follows:

1. Assignor shall execute the Assignment attached hereto and made a part of this Agreement; it being Assignor's intent to assign to ConnectU all rights, title, and interest in the Work (as defined therein), including copyrights and all rights to sue and to recover damages and profits, and to obtain all equitable relief, for the past, present, or future violation of any such rights, title, or interest.

2. In exchange for executing the Assignment attached hereto contemporaneously with executing this Agreement, ConnectU shall pay Assignor as follows:

    a. a guaranteed minimum payment of $45,000, to be paid by ConnectU to Assignor in 48 monthly installments, plus 7% simple interest, no later than the 10th day of each month, beginning

CONFIDENTIAL

C011340

1

January 1, 2006. Such monthly payments, including interest, shall be $1077.58;

b. In the event that the lawsuit currently entitled ConnectU LLC v. Mark Zuckerberg, Eduardo Saverin, Dustin Moskowitz, Andrew McCollum, Christopher Hughes, and Facebook, Inc., pending in the U.S. District Court for the District of Massachusetts, Civil Action No. 1:04-cv-11923 (the "Lawsuit") results in an award of damages or other value (such as Defendants' stock or assets, referred to collectively herein as "Damages") to ConnectU after all trials and all appeals, or in a settlement between ConnectU and one or more of the Defendants named in the Lawsuit, ConnectU shall pay to Assignor five percent (5%) of such Damages (exclusive of ConnectU's attorneys' fees and costs not awarded by the finder of fact and collected by ConnectU), or five percent (5%) of such settlement (exclusive of ConnectU's attorneys' fees and costs), in addition to the $45,000 guaranteed payment set forth in paragraph 2.a above, subject to the following limitations:

   i. ConnectU shall be obligated to pay Assignor such percentage of any Damages award or settlement only to the extent that such Damages award or settlement exceeds the attorneys' fees and costs incurred by ConnectU in connection with the Lawsuit. If the finder of fact awards ConnectU its attorneys' fees and costs, ConnectU shall be obligated to pay Assignor such percentage of Damages collected by ConnectU equal to the amount of attorneys' fees and costs collected by ConnectU. ConnectU shall not be obligated to pay Assignor any percentage of any attorneys' fees or costs awarded to ConnectU by the finder of fact;

   ii. ConnectU shall be obligated to pay Assignor such percentage only with respect to Damages or settlements actually collected from the Defendants in the Lawsuit;

   iii. ConnectU shall be obligated to pay Assignor such percentage of all Damages awarded by the finder of fact in the Lawsuit and collected by ConnectU regardless of whether the finder of fact does or does not specify that any particular portion of the Damages award is for copyright infringement, provided that ConnectU's claim for copyright infringement has not been dismissed from the Lawsuit before such Damages award based on a contested motion filed by one or more of the Defendants in the Lawsuit, or on the Court's initiative;

CONFIDENTIAL

C011341

2

      iv. ConnectU shall not be obligated to pay Assignor such percentage of any Damages awarded by the finder of fact in the Lawsuit if ConnectU's claim for copyright infringement has been dismissed from the Lawsuit before the finder of fact awards Damages based on a contested motion filed by one or more of the Defendants in the Lawsuit, or on the Court's initiative;

      v. ConnectU shall be obligated to pay Assignor such percentage of any settlement collected by ConnectU, provided that ConnectU's claim for copyright infringement of the Harvard Connection Code has not been dismissed from the Lawsuit before the execution of the corresponding settlement agreement based on a contested motion filed by one or more of the Defendants in the Lawsuit, or on the Court's initiative;

      vi. ConnectU shall not be obligated to pay Assignor such percentage of any increased damages or punitive damages awarded to ConnectU under any statute or common law, provided that such increased damages or punitive damages are specified as such by the finder of fact.

3. Assignor has entered into this Agreement in lieu of accepting an equity share of ConnectU. By entering into this Agreement, Assignor relinquishes any and all right, title, interest, or claims he has or may have in any aspect of ConnectU or its business or assets, including but not limited to any and all computer programs covered by the attached Assignment. Assignor is not obligated to provide any particular testimony in connection with the Lawsuit.

4. Assignor represents and warrants that he is the author of the Work covered by the attached Assignment and that he did not copy all or any part of the Work from any third party source.

5. This Agreement and the attached Assignment shall be fully assignable by ConnectU or Assignor. In the event that either party assigns his/its rights under this Agreement, such assigning party shall provide notice and the assignee's contact information to the other party before executing any such assignment.

6. This Agreement and the attached Assignment shall be governed by and construed in accordance with the laws of Connecticut, without regard to Connecticut's conflicts of laws principles.

CONFIDENTIAL

7. The Assignment attached to this Agreement shall not be revoked or terminated by the parties under any circumstances, except as permitted by 17 U.S.C. § 203. In case of any dispute arising under or in connection with the subject matter of this Agreement, or the performance of any party to this Agreement, or relating to any disputes between the parties to this Agreement, the sole and exclusive remedy for any such dispute shall be enforcement of this Agreement through binding arbitration, by a sole arbitrator, in accordance with the rules of the American Arbitration Association, unless the parties agree otherwise in writing. Any such arbitration shall be conducted in Phoenix, Arizona. However, nothing in this provision shall limit either party's right to seek appropriate injunctive relief from any court of competent jurisdiction, provided that any party seeking injunctive relief satisfies all legal and equitable requirements for obtaining such relief, independent of any provision of this Agreement. The parties, by their signatures to this Agreement, hereby stipulate to jurisdiction and venue in Phoenix, Arizona for purposes of seeking the injunctive relief contemplated by this provision. The prevailing party in any such arbitration or equitable action shall be entitled to recover from the other party all reasonable fees, costs, and expenses of such arbitration or action, including without limitation, reasonable attorneys' fees and expenses. Any judgment or order entered in such arbitration or action shall contain a specific provision providing for the recovery of attorneys' fees and costs incurred by the prevailing party in connection with successfully enforcing such judgment or order. For purposes of this Agreement: (A) "attorneys' fees" shall include without limitation, fees incurred in the following: (1) post-judgment motions; (2) contempt proceedings; (3) garnishment, levy and other debtor and third party examinations; (4) discovery; (5) appeals; and (6) bankruptcy litigation; and (B) "prevailing party" shall mean the party who is determined in the arbitration or action to have prevailed or who prevailed by dismissal, default or otherwise.

8. The provisions of this Agreement shall be deemed severable, and the enforceability of any one or more of its provisions shall not affect the enforceability of any other provision. If any provision is deemed unenforceable by an arbitrator or by a court of competent jurisdiction, the parties shall substitute an enforceable provision that preserves the original intentions and economic positions of the parties to the maximum extent legally possible.

9. ConnectU and Assignor shall maintain the terms of this Agreement on a confidential basis, except that either party may produce this Agreement and the Assignment in discovery in the Lawsuit, if in

CONFIDENTIAL

C011343

4

counsel's judgment it is required by the Federal Rules of Civil Procedure or by an order of a court of competent jurisdiction, and if produced, such production will be governed by the stipulated protective order entered by the Court in the Lawsuit.

10. This Agreement and the attached Assignment are the results of negotiations between ConnectU and Assignor, as to which both parties have had the advice of counsel. The fact that this Agreement and the attached Assignment were drafted by ConnectU shall not result in construing any terms against ConnectU.

11. This Agreement and the attached Assignment contain a complete statement of all the agreements and arrangements between ConnectU and Assignor with respect to their subject matter and supersede all existing agreements between them. No person not a party hereto shall have any interest herein or be deemed a third party beneficiary hereof. This Agreement may be amended or modified at any time but only by the written agreement of ConnectU and Assignor.

IN WITNESS WHEREOF, and intending to be legally bound, Assignor and an authorized representative of ConnectU have executed this Agreement below.

For Assignor:

*[signature: Sanjay G Mavinkurve]*    Date: January 13, 2006
Sanjay Mavinkurve

For ConnectU LLC:

*[signature: Cameron Winklevoss]*    Date: 1/24/06
Cameron Winklevoss
Member

CONFIDENTIAL

C011344

# ASSIGNMENT

THIS ASSIGNMENT is entered into and effective as of the 1st day of January, 2006 by and between Sanjay Mavinkurve, an individual with a principal place of residence at 916 Oakes Street, Palo Alto, California 94303 ("Assignor"), and ConnectU LLC, a Delaware limited liability company formerly known as Harvard Connection (an unincorporated entity), with a principal place of business at 500 West Putnam Avenue, Greenwich, Connecticut 08830 ("ConnectU").

WHEREAS, Assignor created during 2003 certain computer programs for use in connection with, and intended by Assignor to be merged into and/or with, other computer programs for a website to be known as Harvard Connection;

WHEREAS, Assignor desires to assign all rights in and to such computer programs to ConnectU, and ConnectU desires to receive such assignment;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged,

1. Assignor hereby assigns and quitclaims to ConnectU, and its successors and assigns, effective as of the date of creation of the subject matter of this Assignment, all of Assignor's rights, title, and interest, including copyright, in and to any and all computer programs, in source code or object code form, which Assignor designed, created, wrote, or coded for the Harvard Connection website, including without limitation all versions, updates, changes, revisions, derivative works, and/or alterations thereof, and all database definitions therefor (the "Work"), together with all claims for damages, profits, and equitable remedies arising or resulting from any past, present, and/or future infringement of the Work, such rights, title, and interest to be held by ConnectU for the full term of the Work, including any reissues, renewals, or extensions thereof as are or may be granted.

2. Assignor hereby releases ConnectU, its predecessors, employees, officers, directors, members, and affiliates from any and all claims relating to any use of the Work prior to the date hereof.

3. Assignor hereby waives all moral rights he may have in the Work.

4. Assignor agrees, at ConnectU's cost, to promptly sign, execute, make, and do all such deeds, documents, acts, and things as ConnectU may reasonably request to protect, apply for, obtain, register, and vest in the name of ConnectU any and all trademarks, copyrights, or other form of protection for the Work in any country of the world, and to renew and maintain the same, to the full extent permitted by applicable law. Assignor further agrees that if ConnectU is unable, because of Assignor's unavailability or any other reason, to secure the signature of Assignor or his authorized agent for any such purposes, then Assignor hereby irrevocably designates and appoints ConnectU (and its duly authorized officers and agents) as Assignor's agent and attorney

CONFIDENTIAL

C011345

1

in fact, to act for and on Assignor's behalf to execute and file any such documents for such purposes with the same legal force and effect as if executed by Assignor.

| ASSIGNOR | ASSIGNEE |
|---|---|
| Sanjay Mavinkurve | CONNECTU LLC |
| *Sanjay G Mavinkurve* | *Cameron Winklevoss* |
| Signature | Signature |
| January 13, 2006 | CAMERON WINKLEVOSS |
| Date | Name |
| | 1/24/06 |
| | Date |

CONFIDENTIAL

C011346

2

## Amendment to Agreement

This document amends the "Agreement" effective January 1, 2006 between ConnectU L.L.C., a Delaware limited liability company formerly known as Harvard Connection (an unincorporated entity), with a principal place of business at 500 West Putnam Avenue, Greenwich, Connecticut 08830 ("ConnectU"), and Sanjay Mavinkurve, an individual with a principal residence at 916 Oakes Street, Palo Alto, CA 94303 (Assignor).

Assignor and ConnectU agree that Paragraph 2.a of the Agreement is hereby amended to read as follows:

"January 1, 2006" shall be changed to "February 1, 2006".

Except for such amendment, the terms of the Agreement shall remain unchanged.

IN WITNESS WHEREOF, and intending to be legally bound, Assignor and an authorized representative of ConnectU have executed this Amendment to Agreement below.

For Assignor:

_____    Date: 4/3/06
Sanjay Mavinkurve

For ConnectU LLC:

_____    Date: 1/24/06
Cameron Winklevoss
Member