# **EXHIBIT A**

OHS West:260293841.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, AND THEFACEBOOK, LLC, <br><br> Defendants. | Civil Action No. 1:07-CV-10593 (DPW) <br><br> District Judge Douglas P. Woodlock <br><br> Magistrate Judge Robert B. Collings |

## AMENDED STIPULATED ORDER FOR DISCOVERY OF COMPUTER MEMORY DEVICES

Plaintiff ConnectU, Inc. ("ConnectU") seeks discovery of the Facebook hard drives and other memory devices identified in Exhibit A ("Facebook Hard Drives"). ConnectU has requested extensive discovery related to the Facebook Hard Drives, and the Facebook Defendants have disputed the propriety of the requests (see Dkt. Nos. 148, 37, 38, 42, and 43 in Civil Action No. 1:04-cv-11923-DPW). Facebook Defendants seek to protect from disclosure their attorney-client communications as well as other privileged material contained on the Facebook Hard Drives, including protection for any private or personal information that is outside of the scope of discovery. As a compromise, the parties, by and through their counsel, have stipulated to the use of the following protocol to govern discovery of such Facebook Hard Drives.

Accordingly, the Court hereby orders the parties and ConnectU's consultants Jeff Parmet and Associates LLC ("Parmet and Associates") to image and analyze the Facebook Hard Drives according to the following procedure:

1. Parmet and Associates agrees to be subject to the restrictions in this Order and the Protective Order in this case. Each employee of Parmet and Associates involved with the search and analysis covered by this order shall individually sign an acknowledgement of the protective order in effect for this case and this Order, thereby agreeing to be bound by both orders. Facebook Defendants' Counsel shall receive a copy of each of the undertakings by Parmet and Associates. To the extent Parmet and Associates has direct or indirect access to information protected by the attorney-client privilege, any material that is not Produced Program Code (as described below), or material protected by any other privilege ("Protected Material"), such access or disclosure shall not result in a waiver of the privilege. No "Protected Material" shall be shared in any way with ConnectU or its counsel at any time. ConnectU, by requesting this

- 1 -

- 2 -

discovery, is also barred from asserting that any such access or disclosure to Parmet and Associates constitutes any waiver by Facebook Defendants of any privilege. ConnectU shall pay all fees and costs charged by Parmet and Associates.

2. Upon signing the acknowledgement of the protective order and this order, Parmet and Associates may create mirror images of the Facebook Hard Drives. The Specifications for the Facebook Hard Drives are contained in Exhibit A. By no later than **[September 10]**, 2007, Parmet and Associates shall be allowed to inspect and make two mirror image electronic copies of the Facebook Hard Drives at the offices of Facebook Defendants' counsel, to be specified concurrently with Facebook Defendants' execution of this Order. Parmet and Associates shall utilize hardware and/or software write blocking devices when inspecting the Facebook Hard Drives. Facebook Defendants' counsel shall make the Facebook Hard Drives available for inspection and imaging for at least 15 business days, beginning September 10, 2007. In the interest of reducing the number of files that are subjected to visual inspection, Parmet and Associates will also copy to each mirror image drive the text files most likely to contain source code, retaining for those files thus copied the original directory structure from the source drive. Files selected for this copying function will be those less than 75,000 bytes in length containing printable characters (i.e., essentially all bytes are ASCII codes below 128 decimal), and showing the syntactical style of PHP or HTML source code. This selection will be implemented programmatically, and the files thus selected will be included on both sets of mirror image drives. The files thus created shall be exact copies of files which are present on the Facebook Hard Drives, and the file copies will be subject to the same protections, analysis, and disposal as the disk images themselves, as defined herein. One set of the mirror images of the Facebook Hard Drives shall be delivered to and maintained by Facebook Defendants' counsel, and one set

of mirror images shall be kept in a secure location by Parmet and Associates. Parmet and Associates shall keep its copy of the mirror images in its evidence locker at its offices at 9920 Potomac Manors Drive, Potomac, Maryland, and shall analyze such images using only stand-alone non-networked computers at that location ("Parmet and Associates Secure Location"). Facebook Defendants' counsel, and/or experts retained by them, and ConnectU's counsel, may be present during the making of the two mirror images, provided no information on any of the Facebook Hard Drives is displayed to ConnectU's counsel during the imaging process. Facebook Defendants' counsel shall thereafter maintain possession of the Facebook Hard Drives.

3. Parmet and Associates shall maintain custody of one copy of the mirror images of the Facebook Hard Drives in the Parmet and Associates Secure Location and shall not disclose their contents to anyone, including ConnectU and its counsel, either verbally or by providing written documentation or copies of information obtained from the Facebook Hard Drives, except as provided by this Order, or as otherwise ordered by the Court. After this Order has been signed by the parties and until the production is complete pursuant to this Order, all communications between Parmet and Associates and ConnectU's counsel as to any matters governed by this Order shall take place either in the presence of Facebook Defendants' counsel (including by telephone), by way of written or electronic communications from ConnectU's counsel to Parmet and Associates copied to Facebook Defendants' counsel, or by way of written or electronic communications from Parmet and Associates to ConnectU's counsel approved in advance by Facebook Defendants' counsel. Within 10 business days after the later of the completion of production of the Produced Program Code or the resolution of any motions relating to production under this Order, Parmet and Associates shall return their one copy of the mirror images of the Facebook Hard Drives to the Facebook Defendants' counsel. Following the return of the mirror

images of the Facebook Hard Drives, production shall be considered complete and, therefore, Parmet and Associates and ConnectU's counsel no longer need to copy Facebook Defendants' counsel on any communications, obtain Facebook Defendants' counsel's approval, or include Facebook Defendants' counsel in any communications.  Parmet and Associates may not discuss with ConnectU's counsel or with anyone else any information obtained from the Facebook Hard Drives, except with respect to Produced Program Code.

4. Parmet and Associates shall search their one copy of the mirror images of the Facebook Hard Drives for deleted or undeleted computer program code (including database definitions in any form) and metadata associated with computer program code or database definitions.  They will examine the materials located by such searches in order to identify only computer program code, database definitions associated with such computer program code, and metadata associated with such computer program code that reasonably appears to be related to the facebook.com website, the harvardconnection.com website, and the programs coursematch and facemash (collectively "Computer Program Code").  Only files, file fragments, or metadata related to the aforementioned computer program code or database definitions shall be collected and considered as possibly relevant.

**FACEBOOK'S PROPOSED ADDITIONAL LANGUAGE [IN BOLD AND BRACKETS]:** [**No other data unrelated to the aforementioned computer program code or database definitions shall be examined or searched.  Except as expressly stated herein, Parmet and Associates shall not search, analyze, view, copy or otherwise examine in any way any other file, data, document, email, electronic communication, non-computer program code database or non-computer program code**.] Computer Program Code deemed relevant by Parmet and Associates shall be saved and stored in a separate form, and shall be deemed the

- 4 -

- 5 -

"Collected Computer Program Code". The methodology of such searches shall be governed by this Order and the professional judgment of Parmet and Associates in searching for the Computer Program Code. Parmet and Associates shall keep a detailed log of what files were searched, the methodology used, when they were searched, and for how long (the "Search Log"). Other than as specified in this Order, the parties shall have no control over the search process. The parties and their counsel shall not have the right to be present, and shall not be present, during such searches.

5.  **CONNECTU'S PROPOSED PARAGRAPH 5**: Facebook Defendants represent that the languages in which the facebook.com computer program code, the coursematch computer program code, the facemash computer program code, and Mr. Zuckerberg's alleged contributions to the website that was to be known as harvardconnection.com were written were HTML and/or PHP and that the PHP code included database statements in the SQL language and employed the database engine MySQL for database functions. The search by Parmet and Associates will be conducted to locate files, file fragments, or metadata, whether intact or deleted, which contain source code written in the HTML or PHP languages, or which show database definitions in any form, and which may include "comments" (as defined in the standard specifications for those languages). The search process may include examination of any files or file fragments which are in the form of ASCII text, including such files which may be found in archive files, compressed files, source code repositories, or databases. However, such files, file fragments, or metadata shall be included in the Collected Computer Program Code only if it has been found to be program code or database definitions related to the websites and programs listed in ¶ 4, or metadata related to such material.

**FACEBOOK'S PROPOSED PARAGRAPH 5**: Facebook Defendants represent that the languages in which the facebook.com computer program code, the coursematch computer program code, the facemash computer program code, and Mr. Zuckerberg's alleged contributions to the website that was to be known as harvardconnection.com were written were HTML and/or PHP and that the PHP code included database statements in the SQL language and employed the database engine MySQL for database functions. The search by Parmet and Associates will be conducted to locate files, file fragments, or metadata, whether intact or deleted, which contain source code written in the HTML or PHP languages, or which show database definitions in any form, and which may include "comments" (as defined in the standard specifications for those languages). Parmet and Associates may examine only the material located by its searches that it determines to be computer program code, database definitions, or metadata to determine whether to include such program code, database definitions, or metadata in the Collected Computer Program Code. In order to facilitate the search for database definitions within files containing .txt, .doc extensions or non-code based extensions ("Text Files"), Parmet and Associates may search such files using the text string criteria identified in Exhibit C [, to be provided by ConnectU]. To the extent that a search filter initially indicates that at least one of the text strings identified in Exhibit B is present in a Text File, then and only then may Parmet and Associates open and search the Text Files. Parmet and Associates may include Computer Program Code found in any such Text Files within the Collected Computer Program Code only to the extent that such Text Files contain Computer Program Code or a database definition for a computer program code and may not otherwise include any Text File as Collected Computer Program Code. Alternatively, if ConnectU persists in refusing to provide a search string for Exhibit B, Parmet and Associates

may identify only to Facebook Defendants' Counsel what additional, non-code-based extension files it seeks to search. Facebook Defendants will then review the files for privileged or private information and determine with Parmet and Associates what additional files are available to search.

6. Within 60 calendar days after completing the making of the copies of the mirror images, Parmet and Associates shall provide printouts, or other appropriate copies of the files or file fragments, together with a fully searchable electronic version of such copies, including any associated metadata, of the Collected Computer Program Code to Facebook Defendants' counsel, and no other persons. Such printouts or copies shall comply with Exhibit B hereto. Parmet and Associates shall also provide a copy of the Search Log at the same time. This amount of time may be enlarged with the mutual consent of the parties, at Parmet and Associates' request, or upon order of the Court following a noticed motion, depending on the number of files or file fragments (including any associated metadata) contained in the Collected Computer Program Code.

7. Within thirty (30) calendar days after receiving all Collected Computer Program Code from Parmet and Associates, Facebook Defendants' counsel shall designate through a log any portion thereof that they claim is privileged or protected, irrelevant, or not Computer Program Code. Parmet and Associates is authorized to produce to ConnectU's counsel copies of the remainder of the Collected Computer Program Code (the "Produced Program Code") and any details of the Search Log related to the Produced Program Code only ("Produced Code Search Log"). This amount of time may be enlarged with the mutual consent of the parties or upon order of the Court following a noticed motion, depending on the number of files or file fragments (including any associated metadata) involved. The Produced Program Code and Produced Code

Search Log shall be produced by Parmet and Associates to ConnectU's counsel and designated as "Confidential Information" under the stipulated protective order entered in this action and a copy of the Produced Program Code and Produced Code Search Log shall be provided to the Facebook Defendants' counsel. Parmet and Associates shall not produce to ConnectU's counsel any portions of the Collected Computer Program Code or Search Log designated by Facebook Defendants as objected to unless and until ordered by this Court or agreed upon by the Facebook Defendants' counsel.

        8.     Within fifteen (15) business days after providing the log of objected to information in paragraph 7 above, Facebook Defendants' counsel shall provide notice of objection, providing or identifying to Parmet and Associates only any information in the Collected Computer Program Code that counsel designated as objected to ("Objected to Materials"), along with an explanation of why the Facebook Defendants believe the Objected to Materials are not Computer Program Code, are not relevant, and/or are privileged or protected. This amount of time may be enlarged with the mutual consent of the parties, depending on the amount of files or file fragments (including any associated metadata) provided. If Parmet and Associates agrees that the Objected to Materials are irrelevant, privileged, or not Computer Program Code, the Objected to Materials shall not be included in the *In Camera* Materials to be provided to the Court, and no further disclosure of Objected to Materials may be made. Parmet and Associates will also immediately destroy or erase the agreed-upon Objected to Materials and certify that Parmet and Associates has done so. If Parmet and Associates disagrees with the Facebook Defendants' position with respect to the Objected to Materials, Parmet and Associates must notify the Facebook Defendants within 15 business days of receipt of the designation of Objected to Materials and explain Parmet and Associates' basis for why the materials are

Computer Program Code, relevant, and not privileged or protected. This amount of time may be enlarged with the mutual consent of the parties, at Parmet and Associates' request, or by order of the Court following a noticed motion, depending on the amount of files or file fragments (including any associated metadata) involved.

9. Within fifteen (15) business days of receipt of the responsive notification from Parmet and Associates asserting that the objected-to materials should still be produced, the Facebook Defendants shall submit a pleading to the Court providing each side's respective positions (including Parmet and Associates' actual notice and explanation described in paragraph 8 of this order) for *in camera* review and resolution to determine whether the material is Computer Program Code, relevant, and not privileged. ConnectU and/or ConnectU's counsel shall not be allowed to view or learn of any of the Objected to Materials or discussions about the contents of Objected to Materials submitted for *in camera* review unless the Court determines that production of the Objected to Materials is warranted.

10. Following the *in camera* submission, the Court may, in its discretion, order that the *In Camera* Materials be produced to ConnectU's counsel if they are Computer Program Code, relevant, and not privileged. Any Computer Program Code ordered to be produced or agreed to be produced under this procedure shall be deemed part of the Produced Program Code.

11. If the Court rules that any *In Camera* Materials are not within the scope of Computer Program Code, then Parmet and Associates shall destroy all copies of the *In Camera* Materials determined to be not within the scope of Computer Program Code

12. This procedure is without prejudice to any Defendant to later challenge Parmet and Associates' opinions, qualifications, methods, procedures, techniques, approaches, or execution of approaches, methods, or procedures. Defendants shall have the full right to depose

and otherwise cross-examine Parmet and Associates on any of the foregoing during the expert discovery period or at trial, or regarding any declaration provided by Parmet and Associates at any time. This stipulation is not admissible as evidence in any court proceeding, except with respect to enforcement of this stipulation, but any qualified expert can testify regarding the process or procedure used to obtain or analyze the Produced Program Code. Nothing under this Order shall prevent Parmet and Associates from serving as a testifying expert witness for ConnectU in this action. **[FACEBOOK'S PROPOSED ADDITIONAL LANGUAGE, IN BOLD AND BRACKETS:**, **except for a violation of this Order**].

13. Upon termination of this litigation and all appeals, Parmet and Associates shall erase and scrub the memory devices containing any code, fragments, or other data retained by Parmet and Associates and certify to Facebook Defendants' counsel that the code, fragments, and/or other data have been irretrievably deleted therefrom, and delete and destroy all work materials associated with the Facebook Hard Drives, including all information copied to any computer in connection with the searches of the Facebook Hard Drives, and certify such deletion and destruction to Facebook Defendants' counsel.

14. This stipulation is without prejudice to Facebook Defendants' counsel to request the same or similar procedure for inspection of the hard disk drives of the Plaintiff ConnectU.

NOW THEREFORE, the parties hereby stipulate, agree, and request that this Court enter an Order requiring that the procedures set forth above shall be adopted.

IT IS SO ORDERED.


Date: _____           _____
                                       UNITED STATES DISTRICT COURT
                                       MAGISTRATE JUDGE

STIPULATED TO AND SUBMITTED BY:

Date: _____ __, 2007

/s/  John F. Hornick_____
John F. Hornick, Esq. (*pro hac vice*)
Margaret E. Esquenet, Esq. (*pro hac vice*)
Meredith H. Schoenfeld, Esq. (*pro hac vice*)
Daniel P. Kaufmann, Esq. (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001-4413

*Attorneys for Plaintiff*
*ConnectU, Inc..*

Dated: _____ ___, 2007

/s/ I. Neel Chatterjee_____
G. Hopkins Guy, III  (*pro hac vice*)
I. Neel Chatterjee  (*pro hac vice*)
Monte M.F. Cooper  (*pro hac vice*)
Theresa A. Sutton  (*pro hac vice)*
ORRICK, HERRINGTON &  SUTCLIFFE
1000 Marsh Road
Menlo Park, CA 94025

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

*Attorneys For Defendants Facebook, Inc., Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and Thefacebook, LLC*

READ AND AGREED TO BY:

Date: _____ ___, 2007

_____ Printed Name: _____
Parmet & Associates
9920 Potomac Manors Drive
Potomac, MD 20854

Date: _____ ___, 2007

_____ Printed Name: _____

Date: _____ ___, 2007

_____ Printed Name: _____

- 11 -

- 12 -

Date: _____ ___, 2007

_____ Printed Name: _____

Date: _____ ___, 2007

_____ Printed Name: _____

**EXHIBIT A**

| Device Model Number | Serial Number | Original Custodian | Location of Devices | Disk Capacity | Interface Type |
|---|---|---|---|---|---|
| (371-01) Sony Vaio PCG-TR2A laptop | 3211829 | Zuckerberg | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | | unknown |
| (371-02) Hard drive, Western Digital WD800 | WMAJ91 734644 | Zuckerberg/ Facebook | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 80 GB | SATA |
| (371-03) Hard drive, Western Digital WD800 | WMAJ91 462802 | Zuckerberg/ Facebook | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 120 GB | 2.5" IDE |
| (371-04) IBM Travelstar Hard drive | TH-02E285-12561-18P-3F51 | McCollum | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 10.05 GB | 2.5" IDE |
| (371-05) Hard drive, Seagate Momentus ST94811A from Dell Inspiron 8200 laptop | 3KW28ARS | McCollum | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 40 GB | 2.5" IDE |
| (371-06) IBM Thinkpad (Hitachi) | | Moskovitz | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 40 GB | 2.5" IDE |

| Device Model Number | Serial Number | Original Custodian | Location of Devices | Disk Capacity | Interface Type |
|---|---|---|---|---|---|
| **(371-07)** Sony Vaio Laptop | | McCollum | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 15.00 GB | 2.5" IDE |
| **(371-08)** Kingston USB Memory Stick | | McCollum | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 256 MB | USB |
| **(371-09)** Diamond Max Plus Hard Drive | Y43Z0QJE | Moskovitz | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 160 GB | 3.5" IDE |
| **(371-10)** Western Digital Hard drive | WMA8C4157888 | McCollum | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 120 GB | 3.5" IDE |
| **(371-11)** Sony Vaio laptop | 281979303101642 | Moskovitz | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 55GB | unknown |
| **(371-12)** Hard drive, Toshiba MK4019GAX HDD2171 | 728I1997T 2X9 | Zuckerberg | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 40.00 GB | unknown |
| **(371-13)** Dell Inspiron 7500 laptop  No Hard drive located inside Laptop | 0009963T-12961-07A-2026 | Zuckerberg | Orrick, Herrington & Sutcliffe LLP 1000 Marsh Rd Menlo Park, CA 94025 | n/a | |

OHS West:260293841.1

- 15 -

| Device Model Number | Serial Number | Original Custodian | Location of Devices | Disk Capacity | Interface Type |
|---|---|---|---|---|---|
| **(371-14)** Hard drive, IBM DARA 212000 12.07GB | HU-09964T-47710-07J-2BCG | Zuckerberg | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 12.07 GB | 2.5" IDE |
| **(371-15)** **Dell 2nd HDD Module Bay** | | unknown | In custody of: Guidance Software, Inc. 215 North Marengo Ave. 2nd Floor Pasadena CA 91101 | 40GB | 2.5" IDE |

OHS West:260293841.1

**EXHIBIT B**

Parmet and Associates shall comply with the following requirements:

1.	Each of the hard drive images made under ¶ 2 shall be separately copied onto a device or medium chosen by Parmet and Associates, and Parmet and Associates shall produce a duplicate device or medium for each hard drive image to Facebook Defendants' counsel.

2.	All information and data comprising the Collected Computer Program Code (including but not limited to files, file fragments, and metadata) shall be identified as to its source in accordance with generally accepted forensic analysis practices.

3.	All items obtained from deleted files or fragments of files shall be identified as such, including the device and location from which they were recovered.

4.	All file or other names assigned by Parmet and Associates shall be neutral in nature.

5.	Parmet and Associates shall use best efforts to extract for compilation in Collected Computer Program Code only program code, database definitions (in any form), or metadata. Any other material observed in the course of Parmet and Associates' searches shall not be compiled or retained in any form.

OHS West:260293841.1