# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>    Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>    Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIUVYA NARENDRA,<br><br>    Additional Counterdefendants. | |

**AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERDEFENDANT CONNECTU LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant TheFacebook, Inc. ("TheFacebook") will take the deposition by oral examination of Plaintiff and Counterdefendant ConnectU LLC ("ConnectU"), which deposition will now commence on August 9, 2005, at the offices of Proskauer Rose LLP,

-2-

One International Place, 22nd Floor, Boston, MA 02110, or at such other time and place as mutually agreed by counsel. The deposition will continue from day to day until completed. The testimony of the deponent(s) will be recorded by video, as well as stenographic means including the instant visual display of testimony. The deposition will be taken before an officer authorized by law to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, ConnectU is obligated to designate a person(s) to testify on its behalf concerning each of the matters set forth in the Amended Attachment A hereto. ConnectU previously designated Cameron Winklevoss for this deposition.

Dated: July 27, 2005.                    Respectfully submitted,

                                         _____/s/_____
                                         G. Hopkins Guy, III*
                                         I. Neel Chatterjee*
                                         Monte M.F. Cooper*
                                         Joshua H. Walker*
                                         ORRICK, HERRINGTON & SUTCLIFFE LLP
                                         1000 Marsh Road
                                         Menlo Park, CA 94025
                                         Telephone: (650) 614-7400
                                         Facsimile: (650) 614-7401
                                         hopguy@orrick.com
                                         nchatterjee@orrick.com
                                         mcooper@orrick.com
                                         ddaybell@orrick.com

                                         Steve M. Bauer
                                         Jeremy P. Oczek
                                         PROSKAUER ROSE, LLP
                                         One International Plaza, 14th Floor
                                         Boston, MA 02110-2600
                                         Telephone:   (617) 526-9600
                                         Facsimile:   (617) 526-9899
                                         sbauer@proskauer.com
                                         joczek@proskauer.com

                                         ATTORNEYS FOR MARK ZUCKERBERG,
                                         DUSTIN MOSKOVITZ, ANDREW
                                         MCCOLLUM, CHRISTOPHER HUGHES, and
                                         THEFACEBOOK, INC.

                                         * Admitted Pro Hac Vice

DOCSSV1:417815.1

## AMENDED ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

A.  "Any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

B.  The terms "Person" and "Persons" mean both natural persons and legal entities, including, without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

C.  "Refer To" and "Relate To" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

D.  As used herein, the term "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "Documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "Document"

includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or electronically.

    E.    "Amended Complaint" means the First Amended Complaint by ConnectU LLC.

    F.    "Communication" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

    G.    "Infringe" or any variant thereof, including but not limited to "Infringing" and "Infringement," refers to any infringement whether direct, indirect, by equivalents, contributory, or by inducement.

    H.    "Code" or "Software" refers to any computer source code, computer object code, or functionalities of computer software, including, without limitation, any code required for a web site to function.

    I.    "Product," "Device," "Technology" and "System" to the extent any such term may describe any software product, refers to each and every version of such software product.

    J.    "ConnectU," "You," "Your," "Plaintiff," or "Counterdefendant" means plaintiff ConnectU LLC and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it acting on its behalf, or purporting to act on its behalf. It is acknowledged that the issue of whether HarvardConnection is a predecessor in interest to ConnectU may be disputed.

To the extent that a deposition topic relates to information on "ConnectU," "You," "Your," "Plaintiff," or "Counterdefendant," you must respond with specific information relating to ConnectU LLC first and all Persons listed above other than HarvardConnection. To the extent that you contend that any requested information Relates To HarvardConnection directly (e.g., a contention that a trade secret belonged to HarvardConnection) you must <u>separately</u> detail your response *vis-à-vis* HarvardConnection.

K.  "Counterdefendants" means ConnectU LLC, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra.

L.  "HarvardConnection" means a project to develop a web site for Harvard University Students and alumni which made use of the term "HarvardConnection," and any individual, group, or association conducting or proposing work to develop such web site.

M.  "TheFacebook" means, without limitation, TheFacebook, Inc., its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, and all persons acting or purporting to act on its behalf.

N.  "Information" (as in "confidential business information") includes procedures.

O.  "Defendants" means Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook.

P.  The time period covered by the below topics, unless otherwise specified, is any time period encompassing the greatest number and scope of information called for or identified in these requests.

## DEPOSITION TOPICS

1. The circumstances and terms of the alleged agreement involving Mark Zuckerberg referenced in Paragraph 17 of the Amended Complaint.

2. Confidential information and/or trade secrets allegedly entrusted to Mark Zuckerberg, including the confidential information referenced in Paragraph 16 of the Amended Complaint.

3. Alleged use by Mark Zuckerberg or any other Defendant of the source code for the HarvardConnection website.

4. Alleged use by Mark Zuckerberg or any other Defendant of Plaintiff's alleged confidential business information.

5. The conception, design, and development of the HarvardConnection web site and the ConnectU web site.

6. The alleged role of Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes in the acts alleged in the Amended Complaint..

7. Of the Code produced by TheFacebook in the file entitled "december.zip," all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter.

8. Of the Code produced by TheFacebook in the file entitled "october.zip," all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter.

9. Of any Code subsequently produced by TheFacebook (i.e., subsequent to the production of the files labeled "december.zip" and "october.zip") prior to August 9, 2005, all Code You contend Infringes HarvardConnection Code, ConnectU Code, or any other matter. You shall identify each such individual file or aggregation of code by name and date of production, in addition to the specific Code you contend is Infringing. To the extent You claim

-5-

You are not prepared to address this topic with specificity on August 9, 2005, TheFacebook reserves the right to depose You on Topic 9 at a future deposition.

10. Your alleged ownership of all intellectual property (including, without limitation, all rights, title, and interest relating to trade secrets, copyrighted material, or other intangible property) referenced in the Amended Complaint, and any alleged transfer of any rights to You by HarvardConnection or any of the other Counterdefendants.

DOCSSV1:417844.3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>        Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>        Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>        Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIUVYA NARENDRA,<br><br>        Additional Counterdefendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |

## DECLARATION OF SERVICE VIA FACSIMILE AND FEDERAL EXPRESS

I am more than eighteen years old and not a party to this action. My place of employment and business address is 1000 Marsh Road, Menlo Park, CA 94025.

On July 27, 2005, I delivered to the below listed individuals the following documents:

1. **AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERDEFENDANT CONNECTU LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)**

| ☒ | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:00 p.m. on July 27, 2005. |
| --- | --- |
| ☐ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on July 27, 2005. |
| ☐ | By causing personal delivery by WESTERN MESSENGER of the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☒ | By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

**John F. Hornick, Esq,**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1300 I Street, N.W.
Washington, D.C. 20005
Telephone: (202) 408-4000
**Facsimile: (202) 408-4400**

**Lawrence R. Robins, Esq.**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
**Facsimile: (617) 452-1666**

### ATTORNEYS FOR PLAINTIFF CONNECTU

**Robert B. Hawk, Esq.**
**Bhanu K. Sadasivan, Esq.**
Heller Ehrman, LLP
275 Middlefield Road
Menlo Park, CA 94025
Telephone: (650) 324-7000
**Facsimile: (650) 324-0638**

**Daniel K. Hampton, Esq.**
Holland & Knight, LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
**Facsimile: (617) 523-6850**

### ATTORNEYS FOR DEFENDANT EDUARDO SAVERIN

Executed on July 27, 2005, at Menlo Park, California. I declare under penalty of perjury that the foregoing is true and correct.

_____
Amy Dalton