# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |

## OBJECTIONS TO AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERCLAIM DEFENDANT CONNECTU LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)

Plaintiff and Counterclaim Defendant ConnectU L.L.C. ("ConnectU") hereby serves these Objections to the Amended Notice of Deposition of Plaintiff and Counterclaim Defendant ConnectU LLC Pursuant to Fed. R. Civ. P. 30(b)(6), served by Thefacebook, Inc. on July 27, 2005, (referred to herein as the "Amended Notice") on

Defendants and Counterclaimants Thefacebook, Inc. and Mark Zuckerberg and Defendants Eduardo Saverin, Dustin Moscovitz, Andrew McCollum, and Christopher Hughes (collectively, "Defendants").

These objections are made without waiving any rights or objections or admitting the relevance or materiality of any subject upon which oral examination has been requested. ConnectU reserves all objections for the deposition.

## GENERAL OBJECTIONS

ConnectU objects as follows to the "Definitions and Instructions" and "Deposition Topics" set forth on Amended Attachment A of the Amended Notice (referred to herein as "Amended Attachment A"):

1. ConnectU objects to the definition of ConnectU in paragraph J of the Definitions and Instructions for purposes of the deposition to the extent that the definition is not limited to the single corporate entity ConnectU LLC. The designated witness will testify only as to matters covered by Amended Attachment A and known or reasonably available to the single corporate entity ConnectU LLC, subject to all other objections. ConnectU objects to the instruction to respond with specific information relating to ConnectU and Harvard Connection separately.

2. ConnectU objects to the definitions to the extent they are inconsistent with Local Rule 26.5.

3. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek testimony regarding information subject to attorney-client privilege and/or work product immunity.

4. ConnectU objects to each of the Deposition Topics, and to any questions directed to the witness designated to speak on behalf of ConnectU, to the extent such topics and/or questions are directed to the witness in his personal capacity.

5. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information beyond the scope and limits of, or contrary to, the Federal Rules of Civil Procedure, the Local Rules, any orders of the Court, and/or any stipulations of the parties.

6. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information unrelated to any claim or defense asserted by any party in the action, and/or information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

7. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information relating to any individual Counterclaim Defendant.

8. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information outside the corporate knowledge, possession, custody, or control of ConnectU LLC.

9. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information prematurely.

10. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information primarily within the knowledge, possession, custody, or control of Defendants.

11. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions are vague, ambiguous, indefinite in scope, meaning, or otherwise, indefinite in time, harassing, and/or unduly burdensome.

12. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions cause the deposition to last more than one day of seven hours, plus reasonable breaks.

13. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information in contravention of the Stipulated Protective Order.

14. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek a legal conclusion or legal contentions.

15. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information that can be more expeditiously and efficiently obtained through other methods and/or sources.

16. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions are duplicative of other discovery.

17. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information not readily known by any persons currently within ConnectU's control, information outside ConnectU's corporate records, and/or information beyond any witnesses' reasonable ability, knowledge, or recall.

18. ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions call for expert testimony.

## SPECIFIC OBJECTIONS

Subject to and without waiving its General Objections, which are incorporated herein by reference, ConnectU objects to the individual Deposition Topics as follows:

### Topic No. 3:

Alleged use by Mark Zuckerberg or any other Defendant of the source code for the HarvardConnection website.

### Specific Objections to Topic 3:

In addition to the General Objections set forth above, ConnectU objects to this topic to the extent it requests testimony by ConnectU as to any source code used by Mark Zuckerberg in the thefacebook.com website or produced by Defendants. Because Defendants have designated source code they have produced as Confidential Information under the Stipulated Protective Order, officers and agents of ConnectU have not had access and cannot have access to any of the source code produced by Defendants. Therefore, a 30(b)(6) witness of ConnectU cannot testify regarding uses by Mark Zuckerberg or any other Defendant of the Harvard Connection source code.

ConnectU also objects to this topic because Defendants to date have not produced any Harvard Connection source code that Mr. Zuckerberg allegedly worked on, and have only produced uncorrupted versions of thefacebook.com source code from October and December 2004, approximately 8 months after the February 2004 launch of the thefacebook.com website. ConnectU therefore also objects to this topic as premature and as calling for expert testimony.

**Topic No. 4:**

Alleged use by Mark Zuckerberg or any other Defendant of Plaintiff's alleged confidential business information.

**Specific Objections to Topic 4:**

In addition to the General Objections set forth above, ConnectU objects to this topic to the extent it requests testimony by ConnectU as to any source code used by Mark Zuckerberg in the thefacebook.com website or produced by Defendants. Because Defendants have designated all source code they have produced as Confidential Information under the Stipulated Protective Order, officers and agents of ConnectU have not had access and cannot have access to any of the source code produced by Defendants. Therefore, a 30(b)(6) witness of ConnectU cannot testify regarding any of Plaintiff's confidential business information to the extent it is embodied in the source code for thefacebook.com. ConnectU also objects to this topic because Defendants to date have not produced any Harvard Connection source code that Mr. Zuckerberg allegedly worked on, and have only produced uncorrupted versions of thefacebook.com source code from October and December 2004, approximately 8 months after the

February 2004 launch of the thefacebook.com website. ConnectU therefore also objects to this topic as premature and as calling for expert testimony.

**Topic No. 6:**

The alleged role of Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes in the acts alleged in the Amended Complaint.

**Specific Objections to Topic 6:**

In addition to the General Objections set forth above, ConnectU objects to this topic as premature. ConnectU also objects to this topic to the extent that it would require ConnectU to review information designated as Confidential Information under the Stipulated Protective Order. A 30(b)(6) witness of ConnectU cannot testify on this topic to the extent that it requires reviewing Defendants' Confidential documents.

**Topic No. 7:**

Of the Code produced by TheFacebook in the file entitled "december.zip," all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter.

**Topic No. 8:**

Of the Code produced by TheFacebook in the file entitled "october.zip," all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter.

**Topic No. 9:**

Of any Code subsequently produced by TheFacebook (i.e., subsequent to the production of the files labeled "december.zip" and "october.zip" prior to August 9, 2005, all Code You contend Infringes HarvardConnection Code, ConnectU Code, or any other matter. You shall identify each such individual file or aggregation of code by name and

date of production, in addition to the specific Code you contend is Infringing. To the extent You claim You are not prepared to address this topic with specificity on August 9, 2005, TheFacebook reserves the right to depose You on Topic 9 at a future deposition.

**Specific Objections to Topics 7-9:**

In addition to the General Objections set forth above, ConnectU objects to these topics to the extent they request testimony by ConnectU as to any source code produced by Defendants. Because Defendants have designated all source code they have produced as Confidential Information under the Stipulated Protective Order, officers and agents of ConnectU have not had access and cannot have access to any of the source code produced by Defendants. Therefore, a 30(b)(6) witness of ConnectU cannot testify regarding any of ConnectU's infringement allegations. ConnectU also objects to these topics because Defendants to date have not produced any Harvard Connection code that Mr. Zuckerberg allegedly worked on, and have only produced uncorrupted versions of thefacebook.com source code from October and December 2004, approximately 8 months after the February 2004 launch of the thefacebook.com website. ConnectU also objects to these topics as premature and as calling for expert testimony. ConnectU also objects to these topics to the extent they request testimony as to corrupted code produced by Defendants. ConnectU also objects to Topic No. 9 to the extent it purports to reserve any rights to depose ConnectU regarding such topic.

## Topic No. 10:

Your alleged ownership of all intellectual property (including, without limitation, all rights, title, and interest relating to trade secrets, copyrighted material, or other intangible property) referenced in the Amended Complaint, and any alleged transfer of any rights to You by HarvardConnection or any of the other Counterdefendants.

## Specific Objections to Topic 10:

In addition to the General Objections set forth above, ConnectU objects to this topic to the extent that it requests legal conclusions, legal testimony, or legal contentions, which ConnectU cannot provide. ConnectU also objects to this topic to the extent it seeks testimony regarding information subject to attorney-client privilege and/or work product immunity.

Subject to the above General and Specific Objections, ConnectU designates Cameron Winklevoss to testify on its behalf.

_____
John F. Hornick (pro hac vice)
Margaret A. Esquenet (pro hac vice)
Troy E. Grabow (pro hac vice)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

Attorneys for Plaintiff and Counterclaim Defendants

DATED: August 3, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the attached OBJECTIONS TO AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERCLAIM DEFENDANT CONNECTU LLC PURSUANT TO FED. R. CIV. P. 30(b)(6) was served by facsimile and Federal Express overnight courier on August 3, 2005 to the following:

Daniel K. Hampton, Esq.
HOLLAND & KNIGHT, LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
617.523.6850(fax)

Robert B. Hawk, Esq.
HELLER EHRMAN, LLP
275 Middlefield Road
Menlo Park, CA 94025
650.324.0638(fax)

Steven M. Bauer, Esq.
PROSKAUER ROSE LLP
One International Place, 14th Floor
Boston, MA 02110-2600
617.526.9899 (fax)

Joshua H. Walker, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
650.614.7401 (fax)