IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>       Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, and FACEBOOK, LLC,<br><br>       Defendants. | Civil Action No. 1:07-CV-10593-DPW |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FACEBOOK, INC. AND THEFACEBOOK LLC'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS.................................................................................................... 3

III. LEGAL DISCUSSION .......................................................................................................... 4

    A. Plaintiffs Have Insufficiently Pled Successor Liability......................................... 4

        1. Plaintiffs Fail To Allege That Any Alleged Misconduct Is Attributable To The Facebook Entities...................................................... 5

            a. Plaintiffs Fail To Adequately Allege That Zuckerberg Was A Sole Proprietor.......................................................................... 5

            b. Plaintiffs Fail To Allege That A De Facto Partnership Transferred Liability To The Facebook Entities Through A De Facto Merger ........................................................................... 6

        2. Successor Liability Is Inapplicable Because Plaintiffs Fail To Allege A "Mere Continuation" Between Zuckerberg And The Facebook Entities.................................................................................... 9

        3. Plaintiffs Fail To Provide Factual Allegations That The Facebook Entities Assumed Liability ....................................................................... 10

            a. Plaintiffs Do Not Provide Factual Allegations Of The Facebook Entities' Express Assumption Of Liability................. 10

            b. Plaintiffs Do Not Provide Factual Allegations Of The Facebook Entities' Implied Assumption Of Liability ................. 11

    B. The Statute of Limitations Bars Claims For Fraud And Breach Of Fiduciary Duty .................................................................................................... 11

    C. Plaintiffs Fail To Allege A Claim For Unjust Enrichment................................. 12

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Bell Atl. Corp.* v. *Twombly*, 127 S. Ct. 1995, 1966 .................................................................. 13

*Brennan* v. *Concord EFS, Inc.*, 369 F. Supp. 2d 1127, 1135-37 (N.D. Cal. 2005) .................... 10

*Crane Constr. Co.* v. *Klaus Masonry, L.L.C.*,
  114 F. Supp. 2d 1116, 1119 (D. Kan. 2000) ...................................................................... 5, 7

*Dayton* v. *Peck, Stow & Wilcox Co. (Pexto)*, 739 F.2d 690. 693 (1st Cir. 1984) ......................... 8

*Doherty* v. *Doherty Ins. Agency, Inc.*, 878 F.2d 546, 550 n.3 (1st Cir. 1989) ............................. 11

*JSB Indus.* v. *Nexus Payroll Servs., Inc.*,
  463 F. Supp. 2d 103, 109-111 (D. Mass. 2006) ................................................................. 5, 8

*LoCicero* v. *Leslie*, 948 F. Supp. 10, 12 n.2 (D. Mass. 1996) ..................................................... 12

*Motorsport Eng'g Inc.* v. *Maserati, S.p.A.*, 183 F. Supp. 2d 209, 222 (D. Mass. 2001) ................ 9

*Petricca* v. *Simpson*, 862 F. Supp. 13, 16 (D. Mass. 1994) ......................................................... 12

*In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 279 (D. Mass. 2004) ........................................... 13

*Roy* v. *Bolens Corp.*, 629 F. Supp. 1070, 1072 (D. Mass. 1986) ................................................... 9

*Scott v. NG US 1, Inc.*, 67 Mass. App. Ct. 474, 486 (2006) ........................................................ 7

### STATE CASES

*Guzman* v. *MRM/Elgin*, 409 Mass. 563 (1991) ............................................................................ 5

*Kirley* v. *Kirley*, 25 Mass. App. Ct. 651, 653-54 (1988) ............................................................ 12

*Ladd* v. *Scudder Kemper Invs., Inc.*, 433 Mass. 240, 243 (2001) ................................................. 6

*McCarthy* v. *Litton Industries, Inc.*, 410 Mass. 15, 21 (1991) ...................................................... 9

*Pittsfield General Hospital* v. *Markus*, 355 Mass. 519, 521 (1969) ........................................... 11

I.      **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Facebook, Inc. and TheFacebook LLC (collectively, "Facebook Entities") move to dismiss ConnectU, Inc., Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra's (collectively, "Plaintiffs") first through fifth (1-5) and seventh through ninth (7-9) claims for relief.[1]

Through a complex set of alternative allegations, Plaintiffs try to plead a very large number of successor liability legal theories. Such types of "shotgun" allegations are improper and, as set forth in Mark Zuckerberg's Motion to Dismiss, are grounds for dismissal. They fail to state a claim and should be dismissed.[2]

The inferential leap of the complaint no matter what theory is pursued is that the alleged actions taken by Zuckerberg are automatically attributed to a *de facto* partnership between Zuckerberg, Moskovitz and Saverin, an "informal partnership" between Zuckerberg, Moskovitz and Saverin, or a "sole proprietorship." No particularized factual allegations are made to support such an inferential leap. Without meeting this basic requirement, successor liability cannot be found.

Even if such a defect is overcome, however, successor liability cannot apply because the complaint provides for an internally inconsistent set of theories naming all potential parties as defendants. One requirement of successor liability is that the previous entity ceases to exist. No such allegation is made in the complaint. Indeed, by accusing all of the parties, Plaintiffs have effectively admitted that all entities continue to exist. Another requirement to find successor

---

[1] Facebook, Inc. and TheFacebook LLC join, and incorporate by reference herein, Moskovitz and McCollum's and Mark Zuckerberg's Motions to Dismiss, both of which are being filed concurrently herewith.
[2] Notably, if the Court finds that Plaintiffs have not alleged sufficient facts against the Individual Defendants other than Zuckerberg, successor liability also has been inappropriately pled because it cannot be imputed to the alleged partnership.

liability is that management, shareholders, and control cannot generally change between entities. The facts pled indicate that many people, including Eduardo Saverin, were no longer involved in management when the Facebook Entities were formed. These deficiencies prevent Plaintiffs from constructing viable causes of action against the Facebook Entities based on successor liability.

Alternatively, Plaintiffs attempt to claim that successor liability is applicable because the Facebook entities assumed the liability from the alleged *de facto* partnership (or the "informal partnership") between Zuckerberg, Moskovitz, and Saverin. While the complaint makes conclusory allegations regarding an express and implied assumption of liability, it fails to provide the necessary particularized factual allegations.

Plaintiffs' claims for relief based on breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and fraud, as asserted against the Facebook Entities, also should be dismissed as time-barred.[3] The challenged claims were never, in any of the three previous complaints, asserted against the Facebook Entities. Also, ConnectU, Inc. was not a party to the earlier case. The three new plaintiffs were not parties to the earlier case. To the extent claims have been added since July 25, 2007, including by individuals who have never previously been plaintiffs, the addition of those claims and parties is time-barred and should be dismissed as to the Facebook Entities.

Plaintiffs also assert a claim of unjust enrichment against the Facebook Entities. The

---

[3] The Facebook Entities are aware that, at the July 25, 2007, hearing the Court indicated a willingness to equitably toll the statute of limitations and allow Plaintiffs' then-pending claims from the original complaint to go forward. In order to preserve their arguments related to the statute of limitations, as to the claims pending at the time of the hearing, the Facebook Entities incorporate by reference arguments made by the defendants in their April 23, 2007 moving and May 14, 2007 reply papers. (Doc. Nos. 16-1, 38-2). The argument raised herein related to the statutes of limitations is based on new allegations raised by the FAC.

allegation suggests it may be proceeding on theories other than successor liability. To the extent the claim is not premised on successor liability and is not time barred, the complaint fails to state a claim.

## II.   STATEMENT OF FACTS

TheFacebook.com launched on February 4, 2004. TheFacebook LLC, a Florida Limited Liability Company, was formed on April 13, 2004. Facebook, Inc. is a Delaware corporation and was incorporated on July 29, 2004. All facts underlying the claims predate the founding of both Facebook Entities.

The Court is familiar with the procedural history of this and the previously dismissed case. The refiled March 2007 complaint had a new plaintiff (ConnectU, Inc.) and added two defendants that were not named in the dismissed Complaint — Facebook, Inc. and TheFacebook LLC. *See* Compl. ¶¶ 10-11 (Doc. No. 1). The March 2007 complaint also added four claims for relief that were not originally raised by ConnectU LLC. At a motion to dismiss hearing on July 25, 2007, the Court allowed Plaintiffs to amend to add detail with respect to its claims. Plaintiffs did not state at the hearing that it would add new claims or new plaintiffs. *See* 7/25/07 Hr'g Tr. at 16:9-17; 17:18-19:16; 67:3-70:20.

In its First Amended Complaint ("FAC"), filed on August 8, 2007, ConnectU added three new plaintiffs, who were never before named in either suit, and a new claim for relief, promissory estoppel. Even though all operative facts occurred long before the Facebook Entities were formed, the Plaintiffs now assert claims against the Facebook Entities for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and fraud. The Facebook Entities have never before had these claims asserted against them.

With very few alleged facts, Plaintiffs nevertheless allege that the Facebook Entities are liable for these claims as successors-in-interest. The only factual pleadings of successor liability

are recited in paragraphs 16-22 of the FAC. According to the FAC, every claim against Facebook, Inc. and TheFacebook LLC is premised on the following allegations:

- the individual Defendants answered a previous complaint in the separate action stating generally that any claim of an ongoing tort may be attributed to Facebook, Inc.
- the individual defendants answered an interrogatory in the previous case stating that recovery may be attributable to Facebook, Inc.
- the individual defendants expected Facebook to assume their liabilities for alleged tortious conduct before Facebook, Inc. was founded.
- The Facebook LLC was founded to operate the Facebook.com website and accepted liability for certain actions and later Facebook, Inc. was formed for the same purpose.
- Alternatively, TheFacebook, LLC acquired an interest in theFacebook.com website from an "informal" or *de facto* partnership.
- Alternatively, the "informal" partnership is a continuation of Zuckerberg operating as a sole proprietorship which led to one, or both, of the Facebook entities.[4]

FAC ¶¶ 16-22. Such bare allegations are not particularized and warrant dismissal.

While not entirely clear, the unjust enrichment claim also may be asserted on a theory other than successor liability. Other than the citation to paragraphs 16-22 of the FAC, Plaintiffs' only factual allegation with respect to Facebook, Inc. is:

> "201. Facebook, Inc. has been unjustly enriched by Zuckerberg's Actions as described in ¶¶ 175-201, to the detriment of the Founders and ConnectU."

FAC ¶ 201. The factual allegation against TheFacebook LLC is substantively identical. FAC ¶ 204. Other than saying that the user base and value of facebook.com grew, paragraphs 175-201 make no other allegations directly related to the Facebook Entities.

### III. LEGAL DISCUSSION

#### A. Plaintiffs Have Insufficiently Pled Successor Liability

Plaintiffs erroneously allege that Facebook, Inc. and TheFacebook LLC are liable under a

---

[4] Defendants submit that these last two bullet points are not factual allegations, but rather conclusory legal statements.

theory of successor liability. It is a settled rule of corporate law that when one company purchases the assets of another, the purchaser does not thereby acquire the debts and liabilities of the seller. *Guzman v. MRM/Elgin*, 409 Mass. 563 (1991). This general rule does not apply if: (1) the successor expressly or impliedly assumes liability of the predecessor, (2) the transaction is a *de facto* merger or consolidation, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor. *JSB Indus. v. Nexus Payroll Servs., Inc.*, 463 F. Supp. 2d 103, 109-111 (D. Mass. 2006) citing *Guzman,* 409 Mass. at 566. Plaintiffs have not alleged facts which bring the Facebook Entities within one of these exceptions.

      **1.**    **Plaintiffs Fail To Allege That Any Alleged Misconduct Is Attributable To The Facebook Entities**

Successor liability rules require that a business enterprise exist on both sides of a transaction effecting a change of control – such as where the business entity began as a sole proprietorship and later became a limited liability company. *Crane Constr. Co. v. Klaus Masonry, L.L.C.*, 114 F. Supp. 2d 1116, 1119 (D. Kan. 2000) (holding that successor liability rules "were designed to govern corporate liability," so the predecessor and successor parties must be some form of "business organization"). Despite Plaintiffs' conclusory statements that Zuckerberg's conduct is attributable to the Facebook Entities, the Plaintiffs do not provide factual allegations to support such an inferential leap.

      **a.**    **Plaintiffs Fail To Adequately Allege That Zuckerberg Was A Sole Proprietor**

Successor liability only passes from one business entity to another. *Id.* Plaintiffs allege that "prior to December 2003, Zuckerberg was engaged in trade or commerce as a web-developer and programmer" and that "Zuckerberg [developed] thefacebook.com website as a 'sole proprietor.'" FAC ¶¶ 21, 302. Plaintiffs attempt to reference their interaction as a basis for

supporting their allegation that Zuckerberg was a "sole proprietor." *See* FAC, Ex. 9, CO004632-33. This allegation is inconsistent with other allegations that Zuckerberg was part of some form of common enterprise with the ConnectU's Founders and not a "sole proprietor."

In any event, this allegation is wrong as a matter of law. A "sole proprietor" is an individual conducting business. *Ladd v. Scudder Kemper Invs.*, Inc., 433 Mass. 240, 243 (2001). Plaintiffs nowhere allege that Zuckerberg acted as a business entity in his efforts to launch the Facebook as a college directory at Harvard. To the contrary. Plaintiffs admit Zuckerberg "never requested monetary payment for his work on the Harvard Connection website." FAC ¶ 34. *See also* FAC, Ex. 52, at HU000086 ("From the beginning Mr. Zuckerberg volunteered to work on the site, and it was agreed that his remuneration would be the prestige of being a part of a team and site that would be useful to Harvard students (current and past). He never indicated that he wanted more compensation in emails or orally.") Indeed, nothing in the 1000 pages of allegations, argument and exhibits supports the conclusory allegation that Zuckerberg was a "sole proprietor." The FAC (and its exhibits) show that Zuckerberg was no more than a talented college student with programming skills helping out a couple of classmates. Thus, Plaintiffs fail to provide factual allegations that Zuckerberg was acting as a business during the alleged misconduct. This failure is by itself fatal to Plaintiffs' successor liability theory and their ability to state a claim for relief against the Facebook Entities.

    b. **Plaintiffs Fail To Allege That A *De Facto* Partnership Transferred Liability To The Facebook Entities Through A *De Facto* Merger**

Plaintiffs attempt to allege that a "'*de facto* partnership'" between Zuckerberg, Saverin and Moskovitz transferred its interest to TheFacebook LLC, which later transferred its interest to Facebook, Inc. FAC ¶ 20. This allegation concludes that "this transfer should be viewed as a "*de facto* merger of the partnership." *Id.* Besides reciting the legal standard required for a *de*

MPA ISO Facebook's Motion to Dismiss

*facto* merger, Plaintiffs fail to provide the necessary factual allegations to support a *de facto* merger or consolidation theory.

As a threshold matter, it is notable that plaintiffs nowhere in the First Amended Complaint allege that Zuckerberg as "sole proprietor" of Facebook (*see* FAC ¶¶ 21, 302), ever merged formally, or by *de facto* merger, into a *de facto* partnership with McCollum, Moskovitz and Saverin. Given the requirements for continuation of a business entity, this by itself provides a ground to deny successor liability. *Crane*, 114 F. Supp. 2d at 1119.

Moreover, under Massachusetts law, a *de facto* merger requires: (1) a "continuity of management, personnel, physical location, assets, and general business operations;" (2) a "continuity of shareholders," where the purchaser corporation exchanges its own stock for the seller corporation's assets;" (3) "the seller corporation ceases its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible;" and (4) "the purchasing corporation assumes those obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations." *Scott v. NG US 1, Inc.*, 67 Mass. App. Ct. 474, 486 (2006). None of these facts is pled with respect to any change in business relationship between Zuckerberg, as sole proprietor of Facebook, and the so-called *de facto* Facebook partnership. Nor are any of these facts pled with respect to any change in business relationship between the so-called *de facto* partnership and Facebook LLC or Facebook, Inc. These glaring omissions are fatal to virtually all of the successor liability claims.

Plaintiff simply does not plead the requisite "continuation" facts. The totality of Plaintiffs' allegations in this regard is that "there was a continuation of management, personnel, physical location, assets, and general business operations" from the partnership to the LLC and then to the corporation. FAC ¶ 20. To support this contention, Plaintiffs allege that Zuckerberg,

Saverin, and Moskovitz operated Facebook.com as an "informal partnership," which was acquired by TheFacebook LLC. FAC ¶ 20.[5] As noted above, there is no allegation of how the *de facto* partnership was ever formed from Zuckerberg acting as sole proprietor. This omission then becomes even more problematic because the prerequisites for further merger are also not alleged. Plaintiffs aver that Facebook, Inc. acquired Zuckerberg's and Moskovitz's (but not Saverin's) interests in the LLC at an unspecified "Later" time. *Id.* The FAC attaches exhibits showing that Saverin's role reduced substantially and other new people entered the picture. FAC ¶ 20, Ex. 3 at ¶¶ 16-17. Thus, Plaintiffs' allegations fail to provide a "key requirement for merger": **continuity of shareholders**. *Dayton v. Peck, Stow & Wilcox Co. (Pexto)*, 739 F.2d 690, 693 (1st Cir. 1984). Indeed, far from showing continuity in shareholders, plaintiffs show *discontinuity*.

Plaintiffs also fail to allege that the predecessor entities dissolved or to offer particularized facts that Facebook, Inc. assumed the obligations of any predecessor entities. Indeed, they cannot allege that TheFacebook LLC dissolved because it remains in existence today and is named as a defendant. Plaintiffs also fail to allege that TheFacebook LLC "acquired all or substantially all assets" from the purported "informal partnership" or that Facebook, Inc. acquired all or substantially all assets from TheFacebook LLC. FAC ¶20; *see JSB Indus.,* 463 F. Supp. 2d at 109. No allegation is made that the "seller corporation" ceased its business operations, liquidated or dissolved.

These myriad deficiencies prevent Plaintiffs from satisfying the basic pleading requirements to establish that Facebook, Inc. or TheFacebook LLC should be held as successors-in-interest through the *de facto* merger or consolidation exception.

---

[5] Notably, the allegations do **not** include McCollum.

2. **Successor Liability Is Inapplicable Because Plaintiffs Fail To Allege A "Mere Continuation" Between Zuckerberg And The Facebook Entities**

Plaintiffs allege (1) that Facebook, Inc. was a "mere continuation" of TheFacebook LLC and an alleged "TheFacebook.com" partnership of Zuckerberg, Saverin and Moskovitz, and (2) the informal partnership was itself another "mere continuation" of Zuckerberg developing "theFacebook.com website as a sole proprietor." FAC ¶¶ 20, 21. As discussed above, the Plaintiffs fail to provide factual allegations establishing that Zuckerberg was a sole proprietor. As a result, no subsequent business entity could be deemed a successor-in-interest. However, even if Zuckerberg were a sole proprietor, Plaintiffs fail to allege facts sufficient to show each "continuation" necessary for imputing liability to the Facebook Entities.

The "mere continuation" exception applies to reorganizations "transforming a single company from one corporate entity to another." *McCarthy v. Litton Industries, Inc*., 410 Mass. 15, 21 (1991). Similar to a *de facto* merger, Plaintiffs must show a sale of assets and the traditional minimum "indices" of a continuation: "continuity of directors, officers, and stockholders; and the continued existence of only one corporation after the sale of assets." *McCarthy*, 410 Mass. at 23; *Motorsport Eng'g Inc. v. Maserati, S.p.A*., 183 F. Supp. 2d 209, 222 (D. Mass. 2001). Plaintiffs' allegations do not satisfy this standard for the following reasons.

First, Plaintiffs admit that both Facebook, Inc. and TheFacebook LLC continue to exist as independent and distinct legal entities. FAC ¶¶ 14-15. Thus, Plaintiffs cannot satisfy the "continued existence of only one corporation" requirement necessary to show a "mere continuation." *See Roy v. Bolens Corp*., 629 F. Supp. 1070, 1072 (D. Mass. 1986). Furthermore, as for continuations of the purported "TheFacebook.com partnership," the FAC is silent as to which Facebook Entity the Plaintiffs believe to be the successor-in-interest. FAC ¶ 21.

Plaintiffs have not pled that either TheFacebook LLC or Facebook, Inc. acquired assets

from the alleged "informal TheFacebook.com partnership" or any other business entity. *Id*. Plaintiffs conclude without any particularized facts that the Facebook Entities were "clearly … intended to continue the operations" of the prior business entity. *Id*. Plaintiffs plead no facts regarding any asset transfers to support its "mere continuation" theory. And, as discussed above, the FAC attaches exhibits that show that Saverin's role reduced substantially and other new people entered the picture. FAC, Ex. 3, 67. Thus, no continuity of directors, officers and shareholders is alleged as required for this exception to apply.

These deficiencies prevent Plaintiffs from successfully asserting that the Facebook Entities are successors-in-interest under the "mere continuation" exception.

### 3. Plaintiffs Fail To Provide Factual Allegations That The Facebook Entities Assumed Liability

Alternatively, the FAC attempts to allege that successor liability is applicable because the Facebook Entities assumed the liability, both expressly and impliedly, from the so-called *de facto* partnership (or the "informal partnership") between Zuckerberg, Moskovitz and Saverin. Plaintiffs have not alleged any particularized facts establishing that the Facebook Entities expressly or impliedly assumed the liabilities of the predecessor.

#### a. Plaintiffs Do Not Provide Factual Allegations Of The Facebook Entities' Express Assumption Of Liability

Plaintiffs incorrectly allege that Facebook, Inc. expressly assumed liability for the actions of all of the individual defendants that predated its incorporation. FAC ¶ 18. The only basis for the allegation is a statement that "[t]o the extent the individual defendants engaged in any conduct for which the plaintiff might ultimately establish a right to recover, their conduct was undertaken pursuant to his role in TheFacebook, Inc." *Id.*. By its very language, this statement indicates that ***after the formation*** of Facebook, Inc. (*i.e.*, July 2004), the company may have become liable for one person's (identified as "his") acts. *See*, *e.g.*, *Brennan v. Concord EFS,*

*Inc.*, 369 F. Supp. 2d 1127, 1135-37 (N.D. Cal. 2005) (distinguishing successor liability from other types of vicarious liability). Notably, any acts "undertaken as employees, agents or servants" of the Facebook Entities could only have taken place after the date of formation of each of the Facebook Entities. TheFacebook LLC was formed on April 13, 2004; Facebook, Inc., incorporated on July 29, 2004 — each was formed well after February 17, 2004, (the latest date of any specific alleged wrongdoing). FAC, Ex. 3 at ¶¶10, 15. Plaintiffs do not otherwise allege that Facebook Inc. expressly assumed the liabilities of individuals Zuckerberg, Moskovitz, Saverin and McCollum. *See* FAC ¶ 18.

        **b.**        **Plaintiffs Do Not Provide Factual Allegations Of The Facebook Entities' Implied Assumption Of Liability**

Plaintiffs' attempt to save its successor liability claim by alleging in conclusory form that "Defendants expected the Facebook, Inc. to assume any such liabilities." FAC ¶ 19. This allegation of an implied assumption of liability is insufficient because no particularized facts are provided. *Pittsfield General Hospital v. Markus*, 355 Mass. 519, 521 (1969) (alleging a "merely [c]onclusory statement" that the corporation had assumed liabilities "by its conduct" is insufficient). The "facts and circumstances" of an implied agreement to assume liabilities must be alleged. *Doherty v. Doherty Ins. Agency, Inc.,* 878 F.2d 546*,* 550 n.3 (1st Cir. 1989) quoting *Pittsfield,* 355 Mass. at 521. Without such particularized allegations, Plaintiffs' claim that the Facebook Entities assumed the liabilities of the Individual Defendants fails.

    **B.**    **The Statute of Limitations Bars Claims For Fraud And Breach Of Fiduciary Duty**

Though it had filed three previous complaints containing the same time-barred claims, ConnectU never before asserted against the Facebook Entities its purported claims for breach of fiduciary duty or fraud. Each previous version of the complaint had only asserted these claims against Zuckerberg. Plaintiffs should not now be permitted to assert time-barred claims against

the Facebook Entities, where they had never before asserted them.

Although the Court suggested at the July 25, 2007 hearing that it might equitably toll the limitations period as to Plaintiffs' claims that had already been asserted, the Court did not suggest that the door was wide open for Plaintiffs (or the individual plaintiffs) to newly assert claims against new defendants, where those claims are otherwise time-barred. As discussed in the defendants' earlier motions to dismiss, the fraud and breach of fiduciary duty claims are time-barred because such claims must be brought within three years from the date that the claim accrued. *Petricca v. Simpson*, 862 F. Supp. 13, 16 (D. Mass. 1994) (dismissing fraud claim); *LoCicero v. Leslie*, 948 F. Supp. 10, 12 n.2 (D. Mass. 1996); citing *Kirley v. Kirley*, 25 Mass. App. Ct. 651, 653-54 (1988) (applying three year statute of limitation to breach of fiduciary duty claim, and holding that breach of fiduciary duty is not a continuing tort). The present fraud and breach of fiduciary duty claims accrued on February 17, 2004, the latest possible date of any allegation of fraud. FAC ¶ 145. They were not asserted against the Facebook Entities until August 8, 2007 – long after the three year limitations period ran. As a result, they are time-barred, and must be dismissed as to the Facebook Entities.[6]

### C. Plaintiffs Fail To Allege A Claim For Unjust Enrichment

In addition to its theory of successor liability, Plaintiffs assert a claim for unjust enrichment against the Facebook Entities.

Plaintiff bases its unjust enrichment claim on the "immense value of their facebook.com website" at present, rather than any wrongful behavior by the Facebook Entities. FAC ¶ 2.

---

[6] Other bases exist for dismissing these claims, which are discussed in detail in Zuckerberg's Motion to Dismiss. That motion is being filed concurrently herewith and is incorporated by reference as if fully set forth herein. The other bases for dismissal are that the fraud and breach of fiduciary duty claims are nonassignable claims and cannot, therefore, be asserted against any defendant by Plaintiffs. And, the late addition of the individual plaintiffs is improper and does not resurrect the assignability of these claims.

Being successful does not automatically equate to unjust enrichment.

Even assuming that all of the allegations against the Facebook Entities are true, Plaintiff's claim fails. Plaintiff only relies on conclusory allegations that the Facebook Entities appreciated, accepted, and retained the benefits of "an immense base of users" and "the first crack at advertisers" which "should have gone to the Founders and ConnectU." FAC ¶¶ 188, 190. None of the allegations demonstrates the Facebook Entities' knowledge, appreciation, or acceptance of a benefit from Plaintiff, or wrongful intent, as is required to plead unjust enrichment. *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 279 (D. Mass. 2004). Without further circumstances pointing toward wrongful intent or actions, Plaintiff's "account of a defendant's commercial efforts stays in neutral territory" and fails to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1995, 1966. Consequently, Plaintiff's claim for unjust enrichment is no more than "a formulaic recitation of the elements of a cause of action." *Id.* at 1965. Without more, ConnectU's claim for unjust enrichment fails to adequately state a claim and must be dismissed.

Dated: August 29, 2007.                    Respectfully submitted,


  /s/ I. Neel Chatterjee /s/
G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte Cooper*
Theresa A. Sutton*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   (650) 614-7400
Facsimile:   (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
tsutton@orrick.com

Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:   (617) 526-9600
Facsimile:   (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

* Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 29, 2007.

Dated:  August 29, 2007.                                    Respectfully submitted,

                                                                         /s/ I. Neel Chatterjee /s/
                                                                          I. Neel Chatterjee