**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, AND THEFACEBOOK LLC,<br><br>Defendants. | Civil Action No. 1:07-CV-10593-DPW<br><br>Related Action No. 04-11923 DPW<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT SCHEDULING
CONFERENCE, OR ALTERNATIVELY, FOR A SCHEDULING ORDER**

## I. INTRODUCTION

On August 29, 2007, Defendants Facebook Inc., Zuckerberg, and TheFacebook LLC (hereinafter "Facebook Defendants") filed a Motion for Summary Judgment, asking the Court to determine that Plaintiffs' claims for breach of contract, breach of covenant of good faith and fair dealing, and promissory estoppel are inadequate as a matter of law. In light of the scope of the issues involved with opposing the motion for summary judgment, Defendants' four concurrently filed Motions to Dismiss and Motion to Strike (also filed August 29, 2007), the current state of discovery, the overlap between the motions to dismiss and the motion for summary judgment, reasons of fundamental fairness, and the lack of clarity regarding the deadline to oppose the Motion for Summary Judgment, Plaintiffs asked Facebook Defendants to defer summary

judgment briefing, offering several compromise options[1]. After the Local Rule 7.1(A)(2) conference on the issue, Facebook Defendants' refused.[2] Accordingly, for the same reasons, Plaintiffs hereby ask the Court to hold a scheduling conference to discuss an appropriate briefing schedule for Facebook Defendants' Summary Judgment Motion. Alternatively, Plaintiffs ask the Court to set a briefing schedule, as detailed below.

## II. FACTS & ARGUMENT

### A. Deferring the Motion Until After Discovery Would Be Fair

Plaintiffs have preliminarily reviewed the motions to dismiss and see that they will need to submit declarations of the Harvard Connection Founders. It will take time to prepare such declarations, and ConnectU simply does not have much time, in view of the other pending motions and other issues described herein. Also, Plaintiffs cannot present by declaration some of the facts essential to justify their opposition, namely, facts solely known to Mr. Zuckerberg or contained within 43,000 documents just produced by Facebook Defendants (see below), and therefore need further discovery under Fed. R. Civ. P. 56(f). Plaintiffs need to depose Mr. Zuckerberg, other co-Defendants, and third parties before opposing this motion, but it would be unfair to force them to do so before they have reviewed the 43,000 documents, before Facebook Defendants have produced all documents they have promised to produce (they promise that more documents are on the way), before they have reviewed all such additional documents, and before

---

[1] Specifically, Plaintiffs suggested the following alternatives with respect to the motion for summary judgment: (1) deferring the motion until after the close of discovery, (2) deferring the motion until after the motions to dismiss are decided, and (3) deferring briefing on the motion until after the motions to dismiss are briefed, and/or agreeing to an extension of time to respond to the motion until December 3, 2007.

[2] Pursuant to Mass Local Rule 7.1(a)(2), Plaintiffs hereby certify that the parties conferred to resolve this issue but were unable to do so.

the analysis of the forensic images of Facebook Defendants' electronic memory devices has been completed (see below).

Also, Facebook Defendants will surely want to depose Plaintiffs' declarants, as they did in June 2006 when Harvard Connection's Founders submitted declarations in support of ConnectU's supplemental brief in opposition to Defendants' motion to dismiss. Facebook Defendants moved to strike such declarations if they could not depose the declarants (R.A. Dkt. 192).[3] Depositions of Plaintiffs' declarants in opposition to the motion for summary judgment, if the Court deems them appropriate, will also take time.

Coupling these considerations with the discovery issues described below, it would not be fair to Plaintiffs to require them to oppose the motion for summary judgment until after the close of discovery.

### B. Discovery Needed to Oppose the Motion Is Not Complete

Facebook Defendants were blocking discovery and withholding documents until this Court broke the logjam at the June 8, 2007 hearing, Suddenly, Facebook Defendants began saying that they would produce huge quantities of documents and other discovery that ConnectU has been fighting to get from them for two years. At a July 6, 2007 face-to-face meet and confer ordered by Judge Collings, Facebook Defendants also agreed to permit ConnectU to make electronic images of fifteen memory devices, after which ConnectU's forensic discovery experts will search and analyze such images for missing source code that ConnectU has also been fighting to get from Facebook Defendants for two years, namely, the Harvard Connection code Zuckerberg allegedly worked on, the facebook.com code from before launch, the time of launch, and after launch through September 2004, the facemash code, and the coursematch code, none of

---

[3] "R.A. Dkt." refers to docket numbers in the related action, no. 04-11923 DPW.

which have ever been located or produced by Facebook Defendants.[4]  The Harvard Connection code Zuckerberg said he worked on is directly relevant to the motion for summary judgment.  If he wrote it, as he said he did in numerous emails attached to the Amended Complaint file August 8, 2007, it is evidence that he and the Harvard Connection Founders had a meeting of the minds, that a contract was made, and that he performed, in whole or in part.

As a result of Facebook Defendants' newfound interest in providing discovery, ConnectU agreed, as a result of the July 6 meet and confer, to withdraw all five of its motions to compel filed in the related case, and submitted only one remaining discovery issue to Judge Collings, plus three issues relating to the protocol for the forensic imaging, search, and analysis mentioned above. (See Corrected Amended Joint Report filed August 29, 2007, Dkt. 94).  However, the result of the broken discovery logjam is that Plaintiffs are receiving huge amounts of documents at the same time they are required to respond to the summary judgment motion and other motions filed August 29, will be receiving more documents when Facebook Defendants produce them, and will obtain from their experts an analysis of the Facebook Defendants' memory devices a couple of months after the forensic imaging process is completed (see Ex. A protocol to Corrected Amended Joint Report filed August 29, 2007, Dkt. 94).

On August 20 and 25, 2007, Defendants served over 42,000 documents, and have promised that more are forthcoming.  Because of the large volume of documents and the pending Motions to Dismiss and Motion to Strike, Plaintiffs do not have time to review these documents

---

[4]  The parties have agreed to the principal terms of a protocol, currently before Judge Collings, that will allow Plaintiffs' computer forensics expert to image fifteen of Facebook Defendants' electronic memory devices and search for the code that is the subject of ConnectU's copyright claim (such code is also relevant to the claims covered by the motion for summary judgment, as discussed above, and is relevant to Plaintiffs' other claims as well).  This protocol is the result of the July 6, 2007 meet and confer, and is the reason ConnectU has withdraw its motion to compel the imaging of such devices, which it has been fighting to do for two years.

thoroughly.  Moreover, virtually all of Plaintiffs' resources will be directed to the motions to dismiss, the motion to strike, and the summary judgment motion (if this motion is not granted), making it virtually impossible for Plaintiffs to review and assimilate such documents until after the current round of motions has been fully briefed.  Such documents likely include documents directly relevant to the motion for summary judgment, and to the Zuckerberg deposition needed to oppose the motion, but Plaintiffs have no time to review them, and it would be unfair to require Plaintiffs to depose Zuckerberg until all document and forensic discovery is complete.

Furthermore, no Defendant has been deposed regarding the substantive issues presented by the Complaint.  Co-Defendants other than Zuckerberg, as well as third parties, may have information regarding the facts relevant to the summary judgment motion, specifically, the nature and scope of Zuckerberg's contract with the Harvard Connection Founders, and whether he created the code he promised to create (there may be other reasons for deposing such witnesses relating to the motion, which have not become apparent after one reading).  Plaintiffs need to depose such witnesses before opposing the motion, under Fed. R. Civ. P. 56(f).  Plaintiffs cannot present by declaration some of the facts essential to justify their opposition without such depositions.  But again, it would be unfair to require Plaintiffs to depose such witnesses until all document and forensic discovery is complete.[5]

---

[5] After waiting 1-2 years after ConnectU produced documents and provided interrogatory responses in response to Facebook Defendants' discovery requests, Facebook Defendants have also now decided to press Plaintiffs for supplemental discovery.  The parties have been meeting and conferring on this subject for several weeks.  Plaintiffs have no objection to supplementing.  ConnectU has not resisted discovery, and to date no motions to compel documents or interrogatory responses have been filed against it (except for then now-withdrawn motion relating to Interrogatory No. 2, which identifies the trade secret Zuckerberg stole from the Founders; Plaintiffs recently supplemented that response, voluntarily).  However, this will also take time away from the pending motions.

### C. On Its Face, Facebook Defendants' Motion is Not Ripe for a Response

Facebook Defendants are likely to argue in opposition to this motion that no discovery is needed because ConnectU's Fed. R. Civ. P. 30(b)(6) testimony is sufficient to decide the motion. This is incorrect. Although Plaintiffs should not be required to win the motion for summary judgment to obtain the relief requested by this motion, several points are worth mentioning here. First, the ConnectU testimony set forth in the motion does not show there was no meeting of minds between Zuckerberg and the Founders, that there was no contract, or no consideration. In fact, the testimony and other facts are entirely consistent with, and support, the formation of an actual or implied contract, under relevant First Circuit case law, and this is a jury issue. Secondly, what Mr. Zuckerberg understood, intended, and agreed to do, and his performance, are also directly relevant to whether a contract was formed, and whether it was supported by consideration, regardless of what ConnectU said in response to the narrow questions asked by Facebook Defendants during the deposition. Mr. Zuckerberg also offered no declaration on these issues. It would be unfair to deny Plaintiffs discovery of Mr. Zuckerberg -- and others -- before opposing the motion, and the results of such discovery are likely to raise jury issues (i.e., Zuckerberg is likely to deny the formation of a contract, even though he admitted the existence of a contract in response to the Founders' cease and desist letter (Amended Complaint, ¶ ¶ 142, 317, Ex. 17), and even though he performed it and said he performed it, which are also jury issues). Third, whenever in their brief in support of the motion Facebook Defendants assert an argument, they are identifying a jury issue, and an issue on which Plaintiffs need discovery under Fed. R. Civ. P. 56(f) before they can fairly oppose the motion.

Accordingly, Plaintiffs' opposition brief should be deferred until after the close of discovery.

D. **The Deadline to Oppose Summary Judgment Motions is Unclear**

Local Rule 7.1 states that oppositions to motions are due fourteen days after service of the moving papers, here, September 12, 2007. The Scheduling Order in the Related Action[6] indicated that these rules would apply. However, on November 18, 2005, Judge Collings vacated that portion of the Scheduling Order:

> "Electronic ORDER entered granting [105] Motion for Modification of March 29, 2005 Scheduling Order. Paragraphs (2)(3)(4) of the March 29, 2005 scheduling order are VACATED. After the Court enters orders on all pending discovery motions, the Court will set a Scheduling Order which will provide that all non-expert discovery will be completed in 4 months from the date of the last discovery order; initial expert reports will be served three weeks after that; rebuttal expert reports will be served thirty days later; expert depositions will be completed with thirty days after that. A schedule for filing dispositive motions will be set at a further conference to be scheduled at a time when all discovery is complete."

The Rule 16(D) Statement filed by the parties in this case said (Dkt. 54):

> Pursuant to Judge Collings' November 18, 2005 Order in the related action, the Court will set a deadline for completing the filing of summary judgment motions at a scheduling conference to be held after all fact and expert discovery is complete.

Thus, it appears that the Court intended to set a briefing schedule for Motions for Summary Judgment different from that contemplated by Local Rule 7.1. It is also unclear if Facebook Defendants can file a reply brief.

E. **LR 7.1 Deadline Interferes With Briefing on Motions to Dismiss and Strike**

Each Defendant has moved to dismiss each claim asserted against it/him. The Oppositions to the Motions to Dismiss are due September 12, 2007, and will be due September 21 if the Court grants the joint motion for extension of time filed August 30, 2007 (Dkt. 96). If the Court applies Local Rule 7.1 to Defendants' Motion for Summary Judgment, the opposition briefs will be due before the oppositions to the Motions to Dismiss and Motion to Strike. As the

---

[6] No Scheduling Order has been issued in this pending action.

Motions to Dismiss overlap with the Motion for Summary Judgment (see below), it is waste of the Court's resources to consider all of these motions at once, and it is a waste of ConnectU's resources for ConnectU to be required to brief the motion for summary judgment and motions to dismiss at the same time. Moreover, preparing opposition briefs on six motions in less than three weeks strains Plaintiffs' ability to devote the appropriate time to these dispositive motions, and may affect Plaintiffs' ability to present the best and most cogent work product to the Court. It is simply unfair to force Plaintiffs to respond to 101 pages of argument in three weeks, with their entire case hanging in the balance.

### F. The Motion for Summary Judgment Overlaps the Motions to Dismiss

As mentioned above, Facebook Defendants' motions to dismiss seek to dismiss the same claims covered by the motion for summary judgment. (See Facebook Defendants' Hierarchy of Arguments to Dismiss Claims, Dkt. 92-2). It is a waste of this Court's time and of Plaintiffs' resources to address, or at least for Plaintiffs to be required to brief, the motion for summary judgment until after the motions to dismiss are decided. If the claims covered by the motion for summary judgment are dismissed pursuant to the arguments set forth in Facebook Defendants' motions to dismiss, there will be no reason to decide the summary judgment motion, and the briefing of such motion will have been wasted.

In view of Plaintiffs' reasons for needing substantial time to oppose the motion for summary judgment, set forth above, Plaintiffs urge the Court, in the alternative, to defer the motion for summary judgment until after the motions to dismiss have been decided, and to give Plaintiffs until December 3, 2007 to take discovery under Fed. R. Civ. P. 56(f) and file their opposition to the motion for summary judgment. If the Court so orders, Plaintiffs ask the Court to make clear that if Plaintiffs depose witnesses for purposes of opposing the motion for

summary judgment, they shall be permitted to depose them again at a later time, after all document and forensic discovery is complete, without restriction against covering the same subject matter.

### III.     CONCLUSION

For the reasons set forth above, Plaintiffs hereby urge the Court to defer the briefing schedule on the Motion for Summary Judgment until such time that it can hold a conference to discuss an appropriate briefing schedule.  Alternatively, Plaintiffs urge the Court to order one of the following, in descending order of preference to Plaintiffs:

(1)    defer the motion until after the close of discovery, or

(2)    defer the motion until after the motions to dismiss are decided and extend Plaintiffs' time to respond to the motion to December 3, 2007.

Dated: August 30, 2007 Respectfully submitted,

 /s/ John F. Hornick
John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Meredith H. Schoenfeld (*pro hac vice*)
Daniel P. Kaufman (BBO# 663535)
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
Tel: (202) 408-4000
Fax: (202) 408-4400

Daniel P. Tighe (BBO# 556583)
Scott McConchie (BBO# 634127)
GRIESINGER, TIGHE, & MAFFEI, L.L.P.
176 Federal Street
Boston, MA  02110
Telephone:  (617) 542-9900
Facsimile:   (617) 542-0900
dtighe@gtmllp.com
smcconchie@gtmllp.com

Attorneys for Plaintiffs
ConnectU, Inc., Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 30, 2007.

/s/ John F. Hornick
John F. Hornick
