IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, AND THEFACEBOOK LLC, <br><br> Defendants. | CIVIL ACTION NO. 1:07-CV-10593-DPW <br><br> RELATED ACTION NO. 1:04-CV-11923-DPW <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFFS' RESPONSE TO THE COURT'S SEPTEMBER 5, 2007 ORDER TO SHOW CAUSE REGARDING MOTIONS TO SEAL

### I.   INTRODUCTION

The Court ordered the parties to show cause why Motions to Seal should be granted. It is ConnectU's position that none of the pleadings, motions, documents, or information filed on or after August 8, 2007 need to be sealed. Accordingly, ConnectU does not oppose denial of the Motions to Seal.

### II.   BRIEF PROCEDURAL HISTORY

On August 8, 2007, Plaintiffs' counsel Meredith H. Schoenfeld filed a declaration in support of Plaintiffs' First Amended Complaint and on August 17, 2007 Meredith H. Schoenfeld filed a supplemental declaration in support of Plaintiffs' First Amended Complaint (Dkt. 68 and 76, the "Schoenfeld Decls."). On August 29, 2007, counsel for Facebook Defendants, Monte

Cooper, filed a declaration in support of Facebook Defendants' Motion for Summary Judgment on Plaintiffs' Claims For Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, and Promissory Estoppel (Dkt. 86, the "Cooper Decl."). Attached to these declarations were documents that one of the parties identified as "confidential" under the Stipulated Protective Order ("SPO"), requiring the parties to file the documents under seal. Accordingly, the parties moved to seal such documents, as required by the SPO. On September 5, 2007, this Court ordered the parties to show cause why the Motions to Seal should be allowed.

### III. PLAINTIFFS' POSITIONS

#### A. Defendants' Documents

With respect to Dkt. Nos. 66, 69, and 73, ConnectU moved to seal the Amended Complaint and Exhibits thereto only because ConnectU cited and included documents and information designated confidential by Defendants under the SPO. On August 6, 2007, before filing the Amended Complaint on August 8, ConnectU asked Defendants to re-designate such documents and information as nonconfidential. Defendants did not do so before the Amended Complaint had to be filed, so ConnectU moved to seal the Amended Complaint and the documents designated confidential by the Defendants. On September 6, 2007, ConnectU renewed its request to Facebook Defendants, who never responded. ConnectU does not object to unsealing the Amended Complaint and the exhibits thereto.

#### B. Plaintiffs' Documents

With respect to Dkt. Nos. 80, 81, and 82, Facebook Defendants apparently moved to seal because they cited and included documents and information designated confidential by ConnectU under the SPO. On August 29, 2007, before filing their motions later that day, Facebook Defendants asked ConnectU to re-designate as nonconfidential its responses to

2

Facebook, Inc.'s interrogatories, but ConnectU was unable to do so before the motions needed to be filed. On September 6, 2007, ConnectU re-designated as nonconfidential under the SPO "Plaintiff and Counterclaim Defendant ConnectU LLC's Responses to Defendant and Counterclaim Plaintiff Thefacebook, Inc.'s First Set of Interrogatories (Nos. 1-17)," served August 22, 2005 (Ex. 5 to Dkt. 86). This appears to be the only ConnectU information or documents submitted as exhibits to any of Defendants' ten motions to dismiss, to strike, or for summary judgment that ConnectU has designated as confidential under the SPO. ConnectU does not object to unsealing the ConnectU documents and information cited and/or included by Defendants in Dkt. Nos. 80, 81, and 82.

### C.    Harvard College Documents

Exhibit 52 to the Schoenfeld Decl. (Dkt. 68) is a document produced by Harvard College, which asked that it be treated as confidential under the SPO. On September 20, 2007, Harvard College agreed to re-designate this document as nonconfidential. See Letter from Harvard College, attached hereto as Ex. A to the Declaration of Margaret Esquenet. Accordingly, neither Harvard College nor Plaintiffs object to the unsealing of Exhibit 52.

## IV.    CONCLUSION

ConnectU sees no reason why any of the pleadings, motions, documents, or information filed on or after August 8, 2007 need to be sealed. Accordingly, ConnectU does not oppose denial of the Motions to Seal.

Dated: September 21, 2007                    Respectfully submitted,


                                             /s/ Anastasia Fernands

                                             Anastasia Fernands (BBO # 633131)
                                             Richard I. Werder, Jr. (*pro hac vice pending*)
                                             Peter Calamari (*pro hac vice pending*)
                                             QUINN EMANUEL URQUHART OLIVER &
                                             HEDGES, LLP
                                             51 Madison Avenue
                                             22nd Floor
                                             New York, New York  10010-1601
                                             T: (212) 849-7000
                                             F: (212) 849-7100

                                             John F. Hornick (*pro hac vice*)
                                             Margaret A. Esquenet (*pro hac vice*)
                                             Meredith H. Schoenfeld (*pro hac vice*)
                                             Daniel P. Kaufman (BBO # 663535)
                                             FINNEGAN, HENDERSON, FARABOW,
                                             GARRETT & DUNNER, L.L.P.
                                             901 New York Avenue, N.W.
                                             Washington, D.C. 20001
                                             T: (202) 408-4000
                                             F: (202) 408-4400

                                             Daniel P. Tighe (BBO # 633131)
                                             Scott McConchie (BBO # 556583)
                                             GRIESINGER, TIGHE, & MAFFEI, L.L.P.
                                             176 Federal Street
                                             Boston, MA 02110
                                             T: (617) 542-9900
                                             F: (617) 542-0900

                                             Attorneys for Plaintiffs
                                             ConnectU, Inc., Cameron Winklevoss, Tyler
                                             Winklevoss, and Divya Narendra

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 21, 2007.

/s/ Anastasia M. Fernands
Anastasia M. Ferrands (BBO# 633131)