| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, AND THEFACEBOOK LLC,<br><br>Defendants. | 1:07-CV-10593 (DPW)<br><br>Related Action: Civil Action No. 04-CV-11923 (DPW)<br><br>District Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' "UNDISPUTED MATERIAL FACTS" PURSUANT TO LOCAL RULE 56.1** |

In accordance with Local Rule 56.1, plaintiffs ConnectU, Inc., Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra hereby submit the following responses to controvert the "Statement of Undisputed Facts" within the Motion for Summary Judgment submitted by defendants on August 29, 2007, in this action. As a preliminary matter, defendants' "Statement of Undisputed Facts" fails to comply with the requirement of Local Rule 56.1 that motions for summary judgment "include a **concise** statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried."

The purpose of a Rule 56.1 Statement is to set forth undisputed facts that would, if truly undisputed, support a grant of summary judgment. Local Rule 56.1 ("[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.") Defendants' asserted undisputed facts do not do that, but instead set forth arguments that defendants apparently intend to make to undercut the factual allegations of the Amended Complaint ("FAC") and to rebut the deposition testimony of Cameron Winklevoss and the other evidence that plaintiffs intend to present at trial concerning the existence of a contractual

1

partnership relationship. Properly read, defendants' asserted facts (or at least those of them on which defendants cite admissible evidence) are in reality at best potential cross-examination points and not evidence showing the non-existence of disputed issues of material fact.

Regardless, plaintiffs respond to the specific statements as follows:

**CONTENTION NO. 1:**

The nature of the relationship between Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra, on the one hand, and Mark Zuckerberg on the other hand, was not clearly defined.

**RESPONSE TO CONTENTION NO. 1:**

Plaintiffs deny that this statement is a material statement of undisputed fact.

Defendants' statement is vague and ambiguous and would, even if true, not constitute a material fact precluding a fact finder from concluding that the parties had an enforceable contractual relationship.

In addition, plaintiffs dispute this statement on the grounds that the facts show that the material terms of the relationship between Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra (the "Founders"), on the one hand, and Mark Zuckerberg on the other hand was clearly defined. The parties were in agreement that each individual was an equal partner in the Harvard Connection partnership to develop the harvardconnection.com website. Declaration of Cameron Winklevoss, ¶¶ 6-10; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56.

**CONTENTION NO. 2:**

Notably, it is undisputed that the ConnectU Founders never informed Zuckerberg how long they expected he would work on the Harvard Connection site.

2

**RESPONSE TO CONTENTION NO. 2:**

Plaintiffs deny that this statement is a material statement of undisputed fact.

Defendants' statement mischaracterizes the nature of the relationship between Zuckerberg and the Founders and, even if true, would not constitute a material fact precluding a fact finder from concluding that the parties had an enforceable contractual relationship. Defendants imply that Zuckerberg was a contract programmer for the Founders. In fact, Zuckerberg joined the Founders as a partner to develop the Harvard Connection. Declaration of Cameron Winklevoss, ¶¶ 6-10, 17; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56. Plaintiffs object to this statement on the grounds that it is irrelevant and immaterial to the subject matter of Defendants' motion for summary judgment because it has no bearing on whether Zuckerberg was offered and accepted a partnership interest in the Harvard Connection. FED. R. EVID. §§ 401, 402. The lack of an outer time boundary on the length of time that the parties would together to successfully launch their website is irrelevant to the existence of the relationship alleged in the FAC.

In addition, plaintiffs dispute this fact. Zuckerberg and the Founders agreed that they would work together as partners to develop and successfully launch and promote a website. Declaration of Victor Gao, ¶¶ 9,-11; Declaration of Divya Narendra, ¶¶ 7-9; Declaration of Cameron Winklevoss, ¶¶4-5. 7-10. Zuckerberg breached the agreement even before the website was completed and launched and so his breach occurred within a time period as to which there can be no dispute that he had agreed to work with the Founders as a partner.

**CONTENTION NO. 3:**

Facebook also deposed ConnectU LLC in the previous action pursuant to FED.R.CIV.P. 30(b)(6).

**RESPONSE TO CONTENTION NO. 3:**

Plaintiffs deny that this statement is a material statement of undisputed fact.

Plaintiffs do not dispute that a deposition was taken.

**CONTENTION NO. 4**

Topic Number 1 was: "The circumstances and terms of the alleged agreement involving Mark Zuckerberg referenced in Paragraph 17 of the Amended Complaint."

**RESPONSE TO CONTENTION NO. 4:**

Plaintiffs deny that this statement is a material statement of undisputed fact.

Plaintiffs do not dispute that defendants have quoted Topic 1.

**CONTENTION NO. 5**:

During the Rule 30(b)(6) deposition, ConnectU testified that the benefit to be conferred on Zuckerberg as part of this arrangement was never agreed upon.

**RESPONSE TO CONTENTION NO. 5:**

Plaintiffs deny that this statement is a material statement of undisputed fact.

The deposition testimony on which defendants rely for this statement – even if fairly quoted or summarized by defendants (which it is not) – would not constitute a material fact precluding a fact finder from concluding that the parties had an enforceable contractual relationship. At best the deposition testimony is evidence that defendants can seek to use at trial to dispute the existence of a

4

contractual relationship or to seek to undermine the evidence that plaintiffs intend to offer at trial concerning their relationship with Zuckerberg.

In addition, plaintiffs dispute this statement to the extent it implies that ConnectU testified that Zuckerberg and the ConnectU Founders did not agree that Zuckerberg would acquire a partnership stake in the Harvard Connection partnership. The statement does not accurately summarize the 401-page deposition transcript and it does not reflect the facts with respect to the agreement that Zuckerberg entered into. The ConnectU Founders agreed with Zuckerberg that Zuckerberg would be a partner in their Harvard Connection partnership, with an equity interest therein. Declaration of Cameron Winklevoss, ¶¶ 6-10, 17; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56.

**CONTENTION NO. 6:**

ConnectU repeatedly confirmed that equity in Harvard Connection was never agreed upon by the parties.

**RESPONSE TO CONTENTION NO. 7:**

Plaintiffs deny that this statement is a material statement of undisputed fact.

The deposition testimony on which defendants rely for this statement – even if fairly quoted or summarized by defendants (which it is not) – would not constitute a material fact precluding a fact finder from concluding that the parties had an enforceable contractual relationship. At best the deposition testimony is evidence that defendants can seek to use at trial to dispute the existence of a contractual relationship or to seek to undermine the evidence that plaintiffs intend to offer at trial concerning their relationship with Zuckerberg.

5

In addition, plaintiffs dispute this statement to the extent that defendants suggest that the division of the partnership into four equal shares between the Founders and Zuckerberg was not agreed upon or that the parties did not agree that Zuckerberg would join the partnership. The statement does not accurately summarize the 401-page deposition transcript and it does not reflect the facts with respect to the agreement that Zuckerberg entered into. The Founders and Zuckerberg had a meeting of the minds and a mutual understanding that Zuckerberg was joining the Harvard Connection partnership and that each partner would have an equity stake in the partnership. Declaration of Cameron Winklevoss, ¶¶ 6-10, 17; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56. Statements that the exact proportional division of the equity stakes was not necessarily determined for all time at the outset or that shares might be adjusted in the future based on the partners' assessments of their relative contributions to the venture in no way imply that the parties had not agreed to join as partners. *Cygan v. Megathlin*, 326 Mass. 732, 96 N.E.2d 702 (1951) (holding that oral employment contract was not void for indefiniteness despite agreement that plaintiff would receive extra compensation once the defendants "got on their feet). *Delorafano v. Delorafano*, 333 Mass. 684, 132 N.E.2d 668 (1956) (upholding contract for increased wages should the business "improve"); *Hastings Assoc., Inc. v. Local 369 Bldg. Fund, Inc.*, 42 Mass. App. Ct. 162, 675 N.E. 2d 403, 411 (1997) (enforcing contract that left price to be determined by a third party); *Cataldo v. Zuckerman*, 20 Mass. App. Ct. 731, 482 N.E. 2d 849 (1985) (finding that formula to determine compensation was sufficiently definite for an enforceable contract).

**CONTENTION NO. 8:**

When questioned extensively by the Court on the so-called "contract" during the previous motion to dismiss hearing, ConnectU's counsel remarked:

> "The amendment will say that at the time Mr. Zuckerberg joined the team, the parties intended that he would obtain 25 percent of the profits if any profits came."

**RESPONSE TO CONTENTION NO. 8:**

Plaintiffs deny that this statement is a material statement of undisputed fact.

Counsel's response to the Court's question does not constitute evidence, *Com. v. Lavoie*, 67 Mass. App. Ct. 1114, 856 N.E.2d 917 (2006) (unpublished) (instructing jury that statements of lawyer, including "opening statements, closing arguments and any remarks and questions of the lawyers are not evidence and may not be considered as evidence"), and, in any event, does not support summary judgment for defendants. Counsel's statement set forth what counsel anticipated at the time of the prior hearing the FAC would allege, and the FAC in fact does allege facts consistent with counsel's statement. A statement by counsel to the effect that a 25% partnership share was agreed upon is consistent with the allegations of the FAC and with the facts that plaintiffs intend to prove at trial. To the extent that defendants might perceive some inconsistency between counsel's statement and the allegations of the FAC or the facts that plaintiffs intend to prove at trial, defendants are free to seek to use any such perceived inconsistency to attack plaintiffs' credibility if so permitted by the Federal Rules of Evidence.

In addition, while plaintiffs do not dispute that this statement was made, the statement is irrelevant and immaterial to the subject matter of defendants' motion for summary judgment because it has no bearing on whether Zuckerberg was offered and accepted a partnership interest in the Harvard Connection. FED. R. EVID. §§ 401, 402. Defendants cite to no evidence to support their implication that the parties did not agree that Zuckerberg would obtain a 25% interest in the Harvard

7

Connection. As plaintiffs have repeatedly attested, the parties agreed that when Zuckerberg joined the Harvard Connection partnership, he would have an equity stake in the company and that the parties' understanding was that such stake would be a 25% stake. Declaration of Cameron Winklevoss, ¶¶ 6-10, 17; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56.

**CONTENTION NO. 9**

Plaintiffs also admitted during the hearing that for an agreement to exist, the percentage of equity interest alone was "**an important term or condition of the contract.**"

**RESPONSE TO CONTENTION NO. 9:**

Plaintiffs deny that this statement is a material statement of undisputed fact.

Counsel's statement at the hearing does not constitute evidence *Com. v. Lavoie*, 67 Mass. App. Ct. 1114, 856 N.E.2d 917 (2006) (unpublished) (instructing jury that statements of lawyer, including "opening statements, closing arguments and any remarks and questions of the lawyers are not evidence and may not be considered as evidence"), and, in any event, does not support summary judgment for defendants. To the extent that defendants might perceive some inconsistency between counsel's statement and the allegations of the FAC or the facts that plaintiffs intend to prove at trial, defendants are free to seek to use any such perceived inconsistency to attack plaintiffs' credibility if so permitted by the Federal Rules of Evidence.

In addition, while plaintiffs do not dispute that the statement was made, this statement is irrelevant and immaterial to the subject matter of defendants' motion for summary judgment because it has no bearing on whether Zuckerberg was offered and accepted a partnership interest in the Harvard Connection. FED. R. EVID. §§ 401, 402. Moreover, this purported "fact" is in actuality a

8

legal conclusion and inadmissible. Local Rule 56.1. Furthermore, defendants cite to no evidence to oppose the undisputed evidence in this case that the parties did agreed that Zuckerberg would obtain a 25% interest in the Harvard Connection. Declaration of Cameron Winklevoss, ¶¶ 6-10, 17; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56.

**CONTENTION NO. 10**:

Notwithstanding that acknowledgement and promise, however, ConnectU now claims that the alleged agreement between the ConnectU Founders and Zuckerberg was that:

> Cameron and Tyler Winklevoss, and Zuckerberg, agreed that in exchange for Zuckerberg's completion of the website and help launching, marketing, and operating the site, Zuckerberg would receive: (1) **an equal interest in the Harvard Connection project, divided among the four team members**, (2) equal say in the management and control of the project, (3) the opportunity to highlight the project on his resume, and (4) the opportunity to rehabilitate his reputation. Thus, the final meeting of the minds regarding the key terms of the agreement occurred during this conversation.

**RESPONSE TO CONTENTION NO. 10:**

Plaintiffs deny that this statement is a material statement of undisputed fact.

The assertion that there is some conflict between this allegation of the FAC and counsel's statements at the hearing (which are not evidence) is incorrect and, even if there were a conflict, would not show the non-existence of a material disputed issue of fact. At most, if the fact finder were allowed to consider counsel's statement (contrary to defendants' belief that it is inadmissible) and concluded (contrary to defendants' belief) that there was a conflict between counsel's statement and the FAC or plaintiffs' evidence at trial supporting the allegations contained in the FAC, the fact finder might consider such a conflict as giving rise to credibility issues, which are not appropriate for

9

resolution on motion for summary judgment. Plaintiffs intend to prove the facts alleged in the FAC, and those facts are supported by Cameron Winklevoss's deposition and by the declarations that plaintiffs have submitted in connection with their opposition to defendants' motion for summary judgment. Plaintiffs therefore object to this statement on the grounds that it is irrelevant and immaterial to the subject matter of defendants' motion for summary judgment because it has no bearing on whether Zuckerberg was offered and accepted a partnership interest in the Harvard Connection. FED. R. EVID. §§ 401, 402.

Further, plaintiffs dispute the implication that this allegation in plaintiffs' FAC does not allege that "[Zuckerberg] would obtain 25% of the profits" of the Harvard Connection partnership. Such a suggestion is disingenuous and the facts indicate otherwise. Declaration of Cameron Winklevoss, ¶¶ 6-10, 17; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56. Moreover, contrary to defendants' suggestion, the cited language <u>supports</u> Plaintiffs' position that the parties agreed to a division of the equity in the Harvard Connection partnership into four parts. Basic mathematics and common sense confirm that four equal interests in one partnership gives each party a 25% stake in the partnership.

**CONTENTION NO. 11:**

The term "equal interest" is not defined anywhere in the FAC.

**RESPONSE TO CONTENTION NO. 11:**

Plaintiffs deny that this statement is a material statement of undisputed fact.

The implication of defendants' statement that the FAC is defective for failing to define this term is incorrect. Certainly, the lack of any stated definition of the term does not constitute a material undisputed issue of fact. "Equal interest" is a commonly understood term, and the fact

finder at trial will be entitled to draw a conclusion from all the evidence as to what the term was intended to mean in the context of the relationship between Zuckerberg and the Founders. Basic mathematics and common sense confirm that four equal interests in one partnership gives each party a 25% stake in the partnership, thus mandating no express definition of the term "equal interest" in the FAC. Declaration of Cameron Winklevoss, ¶¶ 6-10, 17; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56.

Plaintiffs therefore object to this statement on the grounds that it is irrelevant and immaterial to the subject matter of defendants' motion for summary judgment because it has no bearing on whether Zuckerberg was offered and accepted a partnership interest in the Harvard Connection. FED. R. EVID. §§ 401, 402.

Dated: September 21, 2007

Respectfully submitted,

    /s/ Anastasia Fernands

Anastasia Fernands (BBO # 633131)
Richard I. Werder, Jr. (*pro hac vice pending*)
Peter Calamari (*pro hac vice pending*)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue
22nd Floor
New York, New York  10010-1601
T: (212) 849-7000
F: (212) 849-7100

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice* )
Meredith H. Schoenfeld (*pro hac vice*)
Daniel P. Kaufman (BBO # 663535)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
T: (202) 408-4000
F: (202) 408-4400

Daniel P. Tighe (BBO # 633131)
Scott McConchie (BBO # 556583)
GRIESINGER, TIGHE, & MAFFEI, L.L.P.
176 Federal Street
Boston, MA 02110
T: (617) 542-9900
F: (617) 542-0900

Attorneys for Plaintiffs
ConnectU, Inc., Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>     Plaintiffs,<br><br>    v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, AND THEFACEBOOK LLC,<br><br>     Defendants. | 1:07-CV-10593 (DPW)<br><br>Related Action: Civil Action No. 04-CV-11923 (DPW)<br><br>District Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings<br><br>**PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1** |

  In accordance with Local Rule 56.1, Plaintiffs ConnectU, Inc., Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra (the "Plaintiffs") hereby submit the following undisputed material facts in opposition to Defendants' Motion for Summary Judgment submitted by Defendants on August 29, 2007, in this action.

**CONTENTION NO:1:**

  Operating as a partnership from December 2002 onward, the Founders came up with a novel idea for a new type of niche social network website for university students, developed a business plan around that idea, and made substantial progress toward designing and launching their website – including hundreds of hours of development time. Declaration of Divya Narendra, ¶¶ 1-3; Declaration of Victor Gao, ¶¶ 1-3.

**CONTENTION NO. 2:**

13

Zuckerberg, through his counsel, acknowledged in February 2004 that the Founders were operating as a partnership. Amended Complaint, Ex. 50.

**CONTENTION NO. 3:**

Defendants have conceded that they understood that the Founders' efforts were always directed to establishing a for-profit business, starting first at Harvard and then expanding to other schools. Deposition of Cameron Winklevoss, pp. 138:3-8, 139:19-25; Declaration of Divya Narendra, ¶ 19.

**CONTENTION NO. 4:**

In November 2003, at a time when Zuckerberg had not conceived of, developed a business plan for, or done any work on a niche social network website for university students, the Founders offered – and Zuckerberg accepted – the opportunity to become their partner. Declaration of Cameron Winklevoss, ¶¶ 6-10, 11, 17; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56.

**CONTENTION NO. 5:**

Offered the option of being paid in cash on a contract basis or taking an equity stake in the Founders' venture, Zuckerberg chose the latter, and he did so enthusiastically. Declaration of Cameron Winklevoss, ¶¶ 6-10, 17; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56.

**CONTENTION NO. 6:**

14

After agreeing to join the partnership, as a partner, Zuckerberg was afforded complete and unfettered access to the Founders' confidential business information, computer code, and other trade secrets and intellectual property, and he agreed to maintain that confidentiality. Declaration of Cameron Winklevoss, ¶¶ 5-6, 10; Declaration of Victor Gao, ¶¶ 4, 11.

**CONTENTION NO. 7:**

The Founders were willing to pay Zuckerberg in cash or give him an equity stake as a partner. Declaration of Cameron Winklevoss, ¶¶ 6-10, 17; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56.

**CONTENTION NO. 8:**

Zuckerberg did not want to be an employee or contractor and instead chose to take an equity stake. Declaration of Cameron Winklevoss, ¶¶ 6-10, 17; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56.

**CONTENTION NO. 9:**

Although the Founders and Zuckerberg made no written contract, by their words and conduct they entered into a partnership with the understanding that they would share equally in the proceeds if their social network website was successful. *See* Declaration of Cameron Winklevoss, ¶¶ 6-10, 17; Declaration of Divya Narendra, ¶¶ 6-9; Declaration of Victor Gao, ¶¶ 6, 8, 12; Deposition of Cameron Winklevoss, pp. 67, 351-52, 355-56.

**CONTENTION NO. 10:**

Zuckerberg affirmed his role in the partnership in November 2003 when he stated that he would begin coding for the harvardconnection.com website over his Thanksgiving vacation in 2003.

**CONTENTION NO. 11:**

Zuckerberg and his partners in the facebook.com website initially organized themselves in as an informal, *de facto* partnership, much as Plaintiffs organized the Harvard Connection partnership. Declaration of Cameron Winklevoss, ¶¶ 1-2.

**CONTENTION NO. 12:**

Zuckerberg has not denied that he had an agreement with the Founders.

**CONTENTION NO. 13:**

Zuckerberg acknowledged in writing (through his counsel) in February 2004 that there was an agreement and that he had confidentiality obligations under that agreement. Amended Complaint, Ex. 17.

Dated: September 21, 2007

Respectfully submitted,

/s/ Anastasia Fernands

Anastasia Fernands (BBO # 633131)
Richard I. Werder, Jr. (*pro hac vice pending*)
Peter Calamari (*pro hac vice pending*)
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
51 Madison Avenue
22nd Floor
New York, New York  10010-1601
T: (212) 849-7000
F: (212) 849-7100

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice* )
Meredith H. Schoenfeld (*pro hac vice*)
Daniel P. Kaufman (BBO # 663535)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
T: (202) 408-4000
F: (202) 408-4400

Daniel P. Tighe (BBO # 633131)
Scott McConchie (BBO # 556583)
GRIESINGER, TIGHE, & MAFFEI, L.L.P.
176 Federal Street
Boston, MA 02110
T: (617) 542-9900
F: (617) 542-0900

Attorneys for Plaintiffs
ConnectU, Inc., Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 21, 2007.

                                                /s/ Anastasia M. Fernands
                                                Anastasia M. Ferrands (BBO# 633131)