IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>    Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, and FACEBOOK, LLC,<br><br>    Defendants. | Civil Action No. 1:07-CV-10593-DPW |

**FACEBOOK DEFENDANTS' RESPONSE TO
SEPTEMBER 5, 2007 ORDER TO SHOW CAUSE RE: MOTIONS TO SEAL**

Pursuant to the Court's September 5, 2007 Order to Show Cause why the Motions to Seal (Dkt. No. 66, 69, 73, 80, 81, 82) should be allowed, the Facebook Defendants file this Response. The following exhibits to the Declaration of Meredith H. Schoenfeld in Support of First Amended Complaint (Dkt. No. 68) (the "Schoenfeld Declaration") should remain sealed: 37, 40,[1] 56A, 63, 67, 78, 80, 81 and 83.[2] Similarly, paragraphs of ConnectU's First Amended Complaint (Dkt. No. 71) and Defendant's Motion to Strike Demands in Prayer for Relief (Dkt. No. 84) contain information derived directly from those exhibits and should also be redacted. Further, the Facebook Defendants do not oppose the denial of the Motions to Seal at Dkts. No. 80 and 81. Supporting declarations of Mark Zuckerberg, Owen Van Natta, and Jennifer S. Muller, as well as a proposed order, are attached.

Exhibit 37 should be redacted to protect confidential technical information. Exhibit 40 should be redacted to protect individual address information from public disclosure. Exhibits 56A, 63, 67, and 78 should be sealed to protect highly confidential financial information of Facebook, Inc. and other third parties. Exhibits 80, 81, and 83 should be sealed to protect individual privacy interests, including parties to this litigation and other third parties.

Where possible, the Facebook Defendants are submitting redacted exhibits, a redacted version of ConnectU's First Amended Complaint (filed August 8, 2007, not incorporating later errata) (attached hereto as Exhibit A), and a redacted version of Defendants' Motion to Strike Demands in Prayer for Relief (attached hereto as Exhibit B). Except for these exhibits and

---

[1] Exhibit 40 was not discussed in any of the motions to seal. Upon its filing, Counsel for the Facebook Defendants discovered that it contained personal information and took immediate action with the Clerk's Office to have the Exhibit removed from the public record. Email of August 9, 2007 from Monte Cooper to Meredith Schoenfeld (attached hereto as Exhibit 1 of the Declaration of Michael W. Trinh).

[2] Taken together, ConnectU's Motions to Seal at Dkts. No. 66, 69 and 73 address ConnectU's First Amended Complaint, exhibits of the Schoenfeld Declaration, and the errata to ConnectU's

documents specifically mentioned above, the Facebook Defendants do not oppose the public filing of any other exhibit in the Schoenhold Declaration or document subject to the pending motions to seal.[3]

## I. CERTAIN EXHIBITS AND PORTIONS OF THE FIRST AMENDED COMPLAINT SHOULD BE SEALED

### A. Technical Password and Authentication Information In Exhibit 37 Must Be Redacted

Exhibit 37 contains computer source code, including confidential password and authentication information that is not publicly available. Declaration of Mark Zuckerberg at ¶2 ("Zuckerberg Decl."). Disclosure of any password or authentication information found in Exhibit 37 could compromise the security of existing computer systems at Facebook and harm Facebook, Inc. *Id.* Redacting Exhibit 37 is necessary to prevent harmful disclosure of the password/authentication information. A redacted version is attached hereto as Exhibit C.

### B. Personal Information In Exhibit 40 Must Be Redacted

Exhibit 40 contains specific contact information for members of Mark Zuckerberg's family, including address and telephone numbers. Zuckerberg Decl. at ¶3. Disclosure of that information will invite others to intrude on the privacy of Zuckerberg's family (who are not a party to this action), imposing an unnecessary and avoidable burden on them. *United States v. Connolly*, 206 F. Supp. 2d 187 (D. Mass. 2002) (Judge Collings) (refusing to release documents because of "intrusion on the privacy of the defendant and that of his family if the documents were released"); *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (recognizing privacy interests of "innocent third parties"). Moreover, Section K of the 2006 Electronic Case

---

First Amended Complaint.
[3] Facebook Defendants do not oppose the dedesignation and public filing of the following exhibits to the Schoenfeld Declaration: 5, 6, 8, 11, 13, 23, 28, 29, 38, 39, 41, 44, 45, 48, 49, 50, 51, 52, 53, 54, 55, 57, 59, 60, 61, 62, 64, 68, 69, 70, 71, 84 and 85.

Filing Administrative Procedure of this judicial district require that the "filing attorney shall modify certain personal data identifiers," including home address information, "to address the privacy concerns created by Internet access to court documents." A version redacting the private contact information is attached hereto as Exhibit D.

    C.    **Exhibits 56A, 63, 67 and 78 Must Be Sealed To Prevent Disclosure of Sensitive Financial Information**

Exhibit 56A should be sealed because it is an excerpt from a confidential business report, prepared by non-party Houlihan Lokey Howard & Zulkin LLP ("Houlihan"), that contains extraordinarily sensitive financial information of Facebook, Inc. and third party companies. Declaration of Jennifer S. Muller at ¶2 ("Muller Decl."); Declaration of Owen Van Natta at ¶2 ("Van Natta Decl"). The report was the result of in-person meetings with Facebook, Inc.'s senior management, review of confidential documents, and review of highly confidential business discussions between Facebook, Inc. and third parties. Muller Decl. at ¶2. Specifically, Exhibit 56A contains business and financial analysis of the financial history of Facebook, Inc. and discussion of the terms and conditions of business discussions between Facebook, Inc. and third parties. Muller Decl. at ¶2. The data contained in Exhibit 56A is considered to be closely-guarded confidential information by both Facebook, Inc. and Houlihan, and Houlihan marked the report as "Confidential." Muller Decl. at ¶2; Van Natta Decl. at ¶2. Because release of that financial information would cause great harm, Exhibit 56A should be sealed. Muller Decl. at ¶2; Van Natta Decl. at ¶2; *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157 (3d Cir. 1993) (holding that "confidential business information" warrants sealing). Because Paragraph 189 of the First Amended Complaint and Page 2 of the Defendants' Motion to Strike contain information from Exhibit 56A, those sections should be redacted for the same reasons.

Exhibits 63 and 67[4] contain confidential financial information regarding personal shareholders of Facebook, Inc., including personal identifying information and highly specific financial information of each Facebook shareholder. Van Natta Decl. at ¶¶3-4. *United States v. Connolly (In re Boston Herald, Inc.)*, 321 F.3d 174, 190 (1st Cir. 2003) ("Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public."); *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157 (3d Cir. 1993) (holding that "confidential business information" warrants sealing). That financial information is private, and Facebook goes to great lengths to maintain the confidentiality and secrecy of its investor information. Van Natta Decl. at ¶¶3-4. Sealing exhibits 63 and 67 is necessary to prevent disclosure of that sensitive Facebook financial information and personally identifiable investor information. Because paragraphs 215 and 223 of the First Amended Complaint contain information directly derived from Exhibits 63 and 67, those paragraphs should be sealed for the same reasons.

Exhibit 78 is an excerpt of a confidential document containing confidential business information of Facebook, Inc, including proprietary evaluation of Facebook's market, competitors, and business model. Van Natta Decl. at ¶5. That type of detailed business information is highly proprietary and extremely valuable; the release of which would cause competitive harm to Facebook, Inc. Van Natta Decl. at ¶5. Sealing exhibit 78 is necessary to prevent disclosure of this detailed business information and to prevent competitive harm to Facebook, Inc. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157 (3d Cir. 1993) (holding that "confidential business information" warrants sealing). Paragraph 268 of the First Amended Complaint quotes from Exhibit 78, so that paragraph should be sealed for the

---

[4] ConnectU has submitted two similar documents as "Exhibit 67" on August 8 and 17, 2007. *See*

same reason.

### D.  Exhibits 80, 81 and 83 Must Be Sealed To Protect Individual Privacy

Exhibit 80 is a version of a private journal written by Mark Zuckerberg containing sensitive and personal information about Zuckerberg and third parties, including personally identifiable information about third parties entirely unrelated to the subject matter of this action. Zuckerberg Decl. at ¶4. This version is not currently publicly available, and contains personal and private thoughts never intended by Zuckerberg for public disclosure. *Id.* Disclosure of Exhibit 80 will also reveal identifying information of third party individuals and intrude on third party privacy interests. *Amodeo*, 71 F.3d at 1050-51 (recognizing privacy interests of "innocent third parties"). Sealing exhibit 80 is necessary to prevent embarrassment and unnecessary intrusion on the privacy rights of Zuckerberg and the third parties mentioned in the document. *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Gloval Corp.)*, 422 F.3d 1, 8 (1st Cir. 2005) (recognizing need to seal documents to prevent judicial records from being "used to gratify private spite or promote public scandal or to prevent their records from becoming reservoirs of libelous statements for press consumption").

Exhibits 81[5] and 83 are copies of a personal and private email sent by Mark Zuckerberg to only Eduardo Saverin and never meant for public disclosure. Zuckerberg Decl. at ¶5. This email was sent while Zuckerberg was still a student at Harvard University. *Id.* Zuckerberg and Saverin each have a reasonable expectation of privacy in the contents of emails that he "seeks to preserve as private." *Warshal v. United States*, 490 F.3d 455, 473 (6th Cir. June 18, 2007) (quoting *Katz v. United States*, 389 U.S. 347, 351 (1967)). Sealing exhibits 81 and 83 is

---

Errata to Plaintiff's First Amended Complaint, Dkt. No. 75. Both documents should be sealed.
[5] ConnectU has submitted two documents as Exhibit 81 on August 8 and 17, 2007. *See* Errata to Plaintiff's First Amended Complaint, Dkt. No. 75. The document submitted on August 8, 2007 should be sealed.

necessary to protect and prevent harm to the individual privacy interests in the content of that email. The email also contains discussions of sensitive business information, such as pricing information, that warrant sealing. *Id.*; *Gitto,* 422 F.3d at 8 (recognizing the need to seal documents in order to prevent disclosure of "business information that might harm a litigant's competitive standing.") (quotation and citations omitted).

## II.   MOTIONS WITHDRAWN

Because ConnectU and third party Harvard College have agreed to dedesignate certain documents, the motions to seal at Dkt. Nos. 80 and 81 are no longer necessary and the Facebook Defendants hereby withdraw those motions. As to Dkt. No. 80, Defendant Mark Zuckerberg's Motion to Dismiss (Dkt. No. 83) contains information previously designated as confidential by the parties in this case or Harvard. As to Dkt. No. 81, Defendant Mark Zuckerberg's Motion for Summary Judgment (Dkt. No. 85) contains ConnectU's interrogatory responses, previously designated as confidential by ConnectU. All confidentiality designations relevant to motions to seal at Dkt. Nos. 80 and 81 have been withdrawn by ConnectU and Harvard, respectively. *See* Declaration of Michael Trinh at ¶¶3-4. The Facebook Defendants do not oppose the public filing of those documents addressed in the motions to seal at Dkt. Nos. 80 and 81.

Dated: September 21, 2007.                                   Respectfully submitted,

/s/ Theresa A. Sutton /s/
———————————————
G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte Cooper*
Theresa A. Sutton*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   (650) 614-7400
Facsimile:    (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
tsutton@orrick.com

Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:    (617) 526-9600
Facsimile:     (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

* Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 21, 2007.

Dated:  September 21, 2007.           Respectfully submitted,

                                           /s/ Theresa A. Sutton /s/
                                               Theresa A. Sutton

OHS West:260304411.1

Facebook Defendant's Response to OSC re: motions to seal