IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, and FACEBOOK, LLC, <br><br> Defendants. | Civil Action No. 1:07-CV-10593-DPW |

**DEFENDANTS FACEBOOK, INC. AND THEFACEBOOK LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT ............................................................................................................ 1

    A.    Plaintiffs Incorrectly State The Legal Standard ....................................................... 1

    B.    Plaintiffs Factual Allegations Fail .......................................................................... 3

        1.    The Opposition Does Not Explain How The Actions Of Zuckerberg Are Attributed To Any Organization Related To Facebook.com .................................................................................................. 3

        2.    Plaintiffs Fail To Properly Allege That The Facebook Entities Assumed Successor Liability ................................................................... 3

        3.    Plaintiffs Fail To Meet The Single Survivor Requirement For "Mere Continuation" ................................................................................ 4

        4.    Plaintiffs Have Failed To Allege A "De Facto Merger" ........................... 5

    C.    Plaintiffs Pleads No Allegations Or Facts Regarding Its Unjust Enrichment Against The Facebook Entities ........................................................... 6

    D.    The Newly Asserted Claims Do Not Relate Back Because Plaintiffs Do Not Justify The Three Year Delay .......................................................................... 6

        1.    Plaintiffs Cannot Relate Back To The Previously Dismissed Case .......... 7

        2.    The Savings Statute Does Not Apply To The New Plaintiffs Or New Claims Against The Facebook Entities ............................................ 7

III. CONCLUSION ....................................................................................................... 8

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Ali* v. *O'Brien*,
   No. 07-40056-FDS, 2007 U.S. Dist. LEXIS 63252 (D. Mass. Aug. 28, 2007) ...................... 7

*Bell Atl. Corp.* v. *Twombly*, 127 S. Ct. 1955 (2007) ................................................................ 2

*Braga v. Genlyte*, Inc., 57 Fed. Appx. 451 (1st Cir. 2003) ........................................................ 2

*Conley* v. *Gibson*, 355 U.S. 41 (1957) ...................................................................................... 2

*Corliss* v. *City of Fall River*, 397 F. Supp. 2d 260 (D. Mass. 2005) ......................................... 8

*Crane Constr. Co.* v. *Klaus Masonry, LLC*, 114 F. Supp. 2d 1116 (D. Kansas 2000) .................. 2

*Dayton* v. *Peck, Stow & Wilcox Co. (Pexto)*, 739 F.2d 690 (1st Cir. 1984) ............................... 5

*Goulson* v. *Yum! Brands, Inc.*,
   No. 05-71539, 2005 U.S. Dist. LEXIS 28188 (E.D. Mich. Nov. 10, 2005) ...................... 2, 4

*JSB Indus.* v. *Nexus Payroll Servs., Inc.*, 463 F. Supp. 2d 103 (D. Mass. 2006) ......................... 2

*Motorsport Eng'g Inc.* v. *Maserati, S.p.A.*, 183 F. Supp. 2d 209 (D. Mass. 2001) ...................... 6

*Neverson* v. *Bissonnette*, 261 F.3d 120 (1st Cir. 2001) ............................................................. 7

*Roy* v. *Bolens, Corp.*, 629 F. Supp. 1070 (D. Mass. 1986) ........................................................ 4

### STATE CASES

*Scott v. NG US 1, Inc.*, 67 Mass. App. Ct. 474, 486-487 (2006) ................................................ 6

*Jordan* v. *Commissioners of Bristol County*, 268 Mass.329, 167 N.E. 652 (1929) ................. 7, 8

*McCarthy* v. *Litton Industries, Inc.*, 410 Mass. 15 (1991) ........................................................ 4

*Pittsfield General Hospital* v. *Markus*, 355 Mass. 519 (1969) ........................................... 2, 3, 4

-iii-

## TABLE OF AUTHORITIES
### (continued)

**Page**

**STATE STATUTES**

Mass. Gen. Laws. Ch. 260 § 32

I.  **INTRODUCTION**

The Court should dismiss all claims against Facebook, Inc. and TheFacebook LLC ("the Facebook Entities"). Plaintiffs appear to agree that the only basis for asserting these claims against the Facebook Entities is successor liability. Plaintiffs' opposition fails to address three issues fatal to its claims:

1. Plaintiffs do not explain the particularized facts supporting the inferential leap it takes from identifying Mark Zuckerberg as a "sole proprietor" who did allegedly improper things to attributing his actions to two entities formed long after the alleged actions occurred.

2. Plaintiffs do not address the fatal defect in its allegations which concede that there was no continuity of all shareholders and management from Zuckerberg to the alleged "partnership" to Facebook LLC and/or Facebook, Inc. and provides no particularized allegation of assumption of liability between these various people and entities.

3. Plaintiffs "shotgun" allegations merely restate the legal requirements for its "assumption of liability," "de facto" merger and "mere continuation" theories with no particularized facts and relies upon the now-retired "no sets of facts" rule. Plaintiffs' allegations do not rise above a speculative level and in some instances, negate the claim for relief. These confused allegations do not comply with Rule 8 because of their prolix and confused nature and do not meet the particularity requirement set forth by the Court.

In addition to these failings, several claims, newly asserted against the Facebook Entities, are time-barred and do not "relate back" to any previous complaint.[1] Finally, Plaintiffs make no argument in opposition to dismissing the unjust enrichment claim. As a result, the Facebook Entities should be dismissed from this case.[2]

II. **ARGUMENT**

   A.  **Plaintiffs Incorrectly State The Legal Standard**

Plaintiffs incorrectly claim that successor liability is inappropriate for a motion to

---

[1] In addition, Plaintiffs fail to state a claim for the reasons set forth in the other motions to dismiss and to strike, each of which is joined by the Facebook Entities.

[2] The Facebook Entities also join, and incorporate by reference herein, the Replies in support of the Motions to Dismiss brought by Defendants Mark Zuckerberg, Dustin Moskovitz, and Andrew McCollum.

dismiss. Plaintiffs' Consolidated Opposition, Dkt. No. 112 ("Consol. Opp'n") at 22. To the contrary, motions to dismiss should be granted where plaintiffs do not sufficiently plead successor liability. *JSB Indus. v. Nexus Payroll Servs., Inc.*, 463 F. Supp. 2d 103, 109 (D. Mass. 2006) ("This court recommends that this count be dismissed as well, since it fails to state a claim for successor liability."); *Pittsfield General Hospital v. Markus*, 355 Mass. 519, 522 (1969) (sustaining demurrer); *Crane Constr. Co. v. Klaus Masonry, LLC*, 114 F. Supp. 2d 1116, 1119-21 (D. Kansas 2000) ("Under the circumstances, the court concludes that Crane's claim for successor liability against the defendant cannot be sustained and that the allegations fail to state a claim upon which relief can be granted."); *Goulson v. Yum! Brands, Inc.*, No. 05-71539, 2005 U.S. Dist. LEXIS 28188, *10-*11 (E.D. Mich. Nov. 10, 2005).

Plaintiffs erroneously argue that they have found no authority that requires "pleading of successor liability with particularity." Consol. Opp'n at 22. In this instance, the Court required even greater particularity at the July 25, 2007 hearing under its Rule 16 powers. Further, *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) requires appending to rise above the speculative level. Plaintiffs have not met the Court's requirements or *Bell Atlantic*, as set forth in the moving papers. Plaintiffs do not even attempt to state that they meet this higher threshold.

Plaintiffs primarily rely upon an unpublished decision, *Braga v. Genlyte*, Inc., 57 Fed. Appx. 451 (1st Cir. 2003), to claim that successor liability is not appropriate for resolution on motion to dismiss. *Braga* is inapplicable. The *Braga* court's sole basis for determining that in its particular case pleading was sufficient was by applying the "no set of facts" rule of *Conley v. Gibson,* 355 U.S. 41 (1957). The *Conley* "no set of facts" rule was "retired" by the *Bell Altantic* decision. *Bell Atlantic*, 127 S. Ct. at 1968-69. Like any other pleading, a claim premised upon successor liability must rise above the speculative level. The fact that Plaintiffs generally pled nearly every successor liability theory possible actually demonstrates the speculative nature of the claim.

### B. Plaintiffs Factual Allegations Fail

#### 1. The Opposition Does Not Explain How The Actions Of Zuckerberg Are Attributed To Any Organization Related To Facebook.com

The Facebook Entities motion explained how no particularized facts support the inferential leap that attributes the actions of Mark Zuckerberg to all other people and entities. *See* Defendants Facebook, Inc. and TheFacebook LLC's Motion to Dismiss, Dkt. No. 90 ("Facebook Mot. to Dismiss") at 5-7. Plaintiffs' opposition only explains how people working on Facebook.com are tied to the Facebook.com website and business. It does not bridge the inferential leap between (a) Zuckerberg and his relationship with Plaintiffs and (b) Zuckerberg's involvement with the Facebook Entities in the development of the Facebook.com website and business. Plaintiffs' failure to establish this link is a concession fatal to its claim.[3]

#### 2. Plaintiffs Fail To Properly Allege That The Facebook Entities Assumed Successor Liability

Plaintiff has not sufficiently pled "assumption of liability." Plaintiffs do not dispute that it has only pled the most conclusory of allegations and no particularized facts. Such pleading is insufficient under the law.

The Facebook Entities made clear that the factual allegations of the conclusory statements of paragraph 18 and 19 can only be fairly read to address actions taken after the formation of the entities. Facebook Mot. to Dismiss at 10 ("By its very language, this statement indicates that *after the formation* of Facebook, Inc. (*i.e.* July 2004), the company may have become liable for one person's . . . acts."). Plaintiffs provide no response to this plain reading of the allegations and rather merely restate the allegations of these paragraphs without explanation.

Plaintiffs primarily rely upon *Pittsfield General Hospital v. Markus,* 355 Mass. 519, 522 (1969) for the proposition that a successor can expressly or implied accept liability of a

---

[3] Plaintiffs appear to concede that they have not sufficiently alleged Zuckerberg was a sole proprietor with respect to its claim of successor liability as it provides no argument in response to the Facebook Entities Motion. *See* Facebook Mot. To Dismiss at 5-6. As a result, any claim of successor liability premised on such an allegation should be dismissed.

predecessor. However, *Pittsfield General Hospital* held that a claim of successor liability supported only by argument should be dismissed:

> But there is no allegation that there was such an express agreement; there is merely a conclusory statement that the corporation had assumed the liabilities of the partnership. The allegation is later qualified by the assertion that the corporation "by its conduct" assumed these liabilities. This was not sufficient to show that there was either an express or implied agreement.

*Pittsfield General Hospital*, 355 Mass. at 521-522. Here, Plaintiffs' bare allegations are even less detailed than those dismissed in *Pittsfield*. *Id*. at 521. Plaintiffs do not allege whether the Facebook Entities assumed liability through an express agreement only or rather by implication from conduct. Plaintiffs cite only to an interrogatory response that, as explained in the Motion, is silent on assumption of successor liability. Facebook Mot. To Dismiss at 10-11. Indeed, Plaintiffs allege no other facts or conduct whatsoever to show an assumption of liability.

### 3. Plaintiffs Fail To Meet The Single Survivor Requirement For "Mere Continuation"

Plaintiffs also fail to allege that successor liability under that the Facebook Entities are "mere continuations" of an earlier "*de facto*" partnership. As Plaintiffs admit, mere continuation requires "at a minimum: continuity of directors, officers, and stockholders; and the continued existence of only one corporation after the sale of assets." *McCarthy v. Litton Industries, Inc.*, 410 Mass. 15, 23 (1991); Consol. Opp'n at 24.

As a threshold matter, Plaintiffs fail to identify any particularized facts showing a sale of assets. Plaintiffs do not mention any transfer of assets from the alleged Zuckerberg "sole proprietorship" and the *de facto* partnership, nor any transfer of assets between the Facebook Entities.

Citing *Roy v. Bolens*, Corp., 629 F. Supp. 1070, 1072 (D. Mass. 1986), the Facebook Entities also argued that to be a "mere continuation," the previous business form must cease to exist. Facebook Mot. to Dismiss at 9. *See also, McCarthy*, 410 Mass. at 16; *Goulson*, 2005 U.S.

Dist. LEXIS 28188 at *10-*11.  Plaintiffs do not rebut or argue that the Facebook Entities position is an incorrect statement of the law.  Plaintiffs also do not identify any pleading that shows the entity ceased to exist.  On this basis alone, any claim based upon "mere continuation" theory fails.

The Facebook Entities claimed that Plaintiffs had not alleged particularized facts to establish a "*de facto*" or "informal Partnership" of Zuckerberg, Moskovitz and Saverin.  The Facebook Entities explained that Plaintiffs' successor liability theory hangs on continuity of shareholders. Facebook Mot. to Dismiss at 6-8.  Indeed, the Facebook Entities established that Plaintiffs' allegations and exhibits establish that no such continuity exists as the shareholders were not the same.  For example, the FAC attaches exhibits showing Eduardo Saverin's diminishing role and the arrival of other individuals upon formation of the Facebook Entities. Facebook Mot. to Dismiss at 10.  In addition, while Plaintiffs allege that Zuckerberg, Moskovitz and Saverin formed the *de facto* partnership and formed TheFacebook LLC, they allege that Facebook Inc. acquired only Zuckerberg and Moskovitz's shares in the TheFacebook LLC.  FAC ¶ 20.  Plaintiffs provide no response to this factual defect other than to cite to general statements which contradict the specific factual allegations.

### 4. Plaintiffs Have Failed To Allege A "De Facto Merger"

Plaintiffs' opposition ignores the specific arguments regarding successor liability based on the de facto merger exception.  Facebook Mot. to Dismiss at 9.  Instead, Plaintiffs now claim, without stating specific fact, that "TheFacebook.com was the predecessor business of the Facebook Entities," and "the employees, management, business operation and shareholders are substantially the same."  Consol. Opp'n at 26; *see also* FAC ¶¶ 20-22.  The First Circuit has rejected successor liability theories based on this type of conclusory allegation, devoid of factual support.  *Dayton v. Peck, Stow & Wilcox Co. (Pexto)*, 739 F.2d 690, 692 n.2 (1st Cir. 1984).

Plaintiffs set forth the legal standard for *de facto* merger on page 25 of their Opposition Notably, the FAC only pleads one of the four factors in conclusory form, and even that allegation is diminished because all shareholders did not continue as set forth above.  When only one of the

four factors is plead and even that factor is unsupported (and contradicted) by the allegation, the claim must fail. This discontinuity of shareholders bars a "de facto merger." *Motorsport Eng'g Inc. v. Maserati, S.p.A.*, 183 F. Supp. 2d 209, 221 (D. Mass. 2001) (refusing to find successor liability on the "de facto merger" exception because of change in ownership between predecessor and successor entities); *Scott v. NG US 1, Inc.*, 67 Mass. App. Ct. 474, 486-487 (2006) (holding no de facto merger because of a "lack of continuity in management, officers, directors and shareholders"). Plaintiffs do not dispute this fatal defect in the FAC, instead arguing that its conclusory allegation should somehow trump this pleading defect.

### C. Plaintiffs Pleads No Allegations Or Facts Regarding Its Unjust Enrichment Against The Facebook Entities

The unjust enrichment claims fail to allege the Facebook Entities' knowledge, appreciation or acceptance of a benefit from the Plaintiffs. Facebook Mot. to Dismiss at 12. Apparently admitting these shortcomings, Plaintiffs' opposition simply ignores the unjust enrichment claim against the Facebook Entities. Consol. Opp'n at 15. Plaintiffs' discussion is limited to thin allegations against the individual defendants, without any mention of the Facebook Entities. Each allegation occurred prior to formation of any of the Facebook Entities. Facebook Mot. to Dismiss at 10-11. Under any pleading standard, Plaintiffs have failed to state a claim of unjust enrichment against the Facebook Entities. Accordingly, the Court should dismiss that claim.

### D. The Newly Asserted Claims Do Not Relate Back Because Plaintiffs Do Not Justify The Three Year Delay

Plaintiffs admit that its newly added claims and plaintiffs are time-barred by the three year statute of limitations. Plaintiffs contend that (1) both the addition of plaintiffs and the new claims filed in this case against the Facebook Entities all "relate back" to an earlier complaint but do not specify which complaint and (2) a savings statute protects them. Consol. Opp'n at 26-29; Mass. Gen. Laws. Ch. 260 § 32. Plaintiffs do not dispute that equitable tolling is inapplicable to either adding new plaintiffs or addition of new claims. The only relevant complaint that would

"relate back" to avoid a statute of limitations problem is the complaint from the previously dismissed action.

Plaintiffs' arguments fail because: 1) there is no timely pleading filed in this action to relate back to, and 2) the savings statute does not apply to the addition of plaintiffs or claims not previously asserted against the Facebook Entities.[4]

### 1. Plaintiffs Cannot Relate Back To The Previously Dismissed Case

Plaintiffs' new claims and parties cannot relate back to the original complaint in the dismissed action because the effect of the earlier dismissal "is to render the proceedings a nullity and leave the parties as if the action had never been brought." *Neverson v. Bissonnette*, 261 F.3d 120, 126 (1st Cir. 2001) ("a dismissal without prejudice leaves a habeas petitioner who asserts a 'relation-back' claim – like any other plaintiff in a civil action – in the same situation as if his first suit had never been filed."). Under First Circuit law, a complaint cannot relate back to an earlier-filed case dismissed without prejudice unless a savings statute applies. *Neverson*, 261 F.3d at 126 ("In all events, Rule 15(c) simply does not apply where, as here, the party bringing suit did not seek to 'amend' or 'supplement' his original pleading, but rather, opted to file an entirely new petition at a subsequent date."); *Ali v. O'Brien*, No. 07-40056-FDS, 2007 U.S. Dist. LEXIS 63252, 7 (D. Mass. Aug. 28, 2007) ("the filing of the third petition did not relate back to the filing of any of the previous petitions."). As explained below, the savings statute is inapplicable here. In short, Plaintiffs' "relation back" argument fails because there is nothing to relate back to.

### 2. The Savings Statute Does Not Apply To The New Plaintiffs Or New Claims Against The Facebook Entities

Plaintiffs suggest that the addition of new plaintiffs and new claims against the Facebook Entities are timely under the savings statute.

Plaintiffs do not dispute that *Jordan v. Commissioners of Bristol County*, 167 N.E. 652,

---

[4] In addition. the savings statute is not applicable to the newly asserted claims for all the reasons stated in the Facebook Entities' April 23, 2007 papers and May 14, 2007 reply papers, incorporated by reference. (Dkt. No. 16-1, 38-2).

654 (1929) holds that adding new defendants is not a "matter of form." Consol. Opp'n at 28, Zuckerberg Motion to Dismiss at 20. They provide no argument to explain why adding a plaintiff should result in a different conclusion. Indeed, the plain language of *Jordan* contradicts Plaintiffs' position: "plaintiff, cause of action and defendant cannot be regarded as 'form' within this definition. They are matters of substance." *Jordan*, 268 Mass. at 332. Also, Plaintiffs cite no cases whatsoever for its proposition that the savings statute permits the addition of a new plaintiff through relation back to a dismissed action. Accordingly, the survival statute does not save the addition of new Plaintiffs to this action.

Plaintiffs' citation to *Corliss v. City of Fall River*, 397 F. Supp. 2d 260, 267 (D. Mass. 2005) is unavailing. In *Corliss*, the Court tightly construed what the term "same causes of action" under the savings statute, holding that the savings statute applied to claims previously asserted by a plaintiff in a prior action, but refused to apply the savings statute to a newly asserted claim. *Id*. at 269. That case did not discuss the use of the savings statute to allow the addition of a new plaintiff.

### III.    CONCLUSION

Because their allegations of successor liability are insufficient, Plaintiffs have failed to state a single claim against the Facebook Entities. Several of those claims are time-barred. The Court should dismiss the Facebook Entities from this case.

/ / /

Dated:  October 5, 2007                           Respectfully submitted,


  /s/ I. Neel Chatterjee /s/
G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte Cooper*
Theresa A. Sutton*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   (650) 614-7400
Facsimile:   (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
tsutton@orrick.com

Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:   (617) 526-9600
Facsimile:   (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

* Admitted Pro Hac Vice

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 5, 2007.

| | |
|---|---|
| Dated:  October 5, 2007. | Respectfully submitted, |
| | /s/ I. Neel Chatterjee /s/ |
| | I. Neel Chatterjee |