IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, and FACEBOOK, LLC, <br><br> Defendants. | Civil Action No. 1:07-CV-10593-DPW |

**DEFENDANTS MOSKOVITZ AND MCCOLLUM'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ...................................................................................................... 1

    A.    ConnectU Must Plead Particularized Facts To Establish A Plausible Entitlement To Relief ............................................................................. 1

    B.    ConnectU's Copyright Claim Against McCollum And Moskovitz Should Be Dismissed ............................................................................................. 3

        1.    ConnectU Fails To Plead Sufficient Facts To Support Copyright Infringement ...................................................................................... 3

            a.    ConnectU Has Not Identified Protected Expression .................... 4

        2.    No Particularized Facts Justify Naming The Individual Defendants ........ 4

    C.    ConnectU's Unjust Enrichment Claim Fails ............................................... 6

        1.    The Unjust Enrichment Claim Is Insufficiently Pled ............................. 6

        2.    An Adequate Remedy At Law Precludes The Claim For Unjust Enrichment ........................................................................................ 7

    D.    ConnectU's Trade Secret And Unfair Trade Practices Claims Fail ..................... 7

        1.    ConnectU Fails To State A Claim For Trade Secret Misappropriation Under Mass.G.L. ch. 93, § 42 .................................... 7

            a.    Failure To Plead Continuous Use Of Its Trade Secret Is Fatal To Its Claim ................................................................... 8

            b.    ConnectU Does Not Allege The Existence Of A Trade Secret ............................................................................................. 9

            c.    The Complaint And Attached Exhibits Establish That ConnectU Did Not Keep Information Confidential ................... 10

            d.    ConnectU Does Not Allege "Knowing" Behavior ..................... 10

        2.    ConnectU Fails To Plead Sufficient Facts To Support A Claim Under Massachusetts G.L. ch. 93A ...................................................... 11

    E.    ConnectU's Unjust Enrichment And Mass.G.L. ch. 93A Claims Are Preempted By Copyright Law ............................................................... 13

        1.    ConnectU's Unjust Enrichment Claim Is Preempted By Copyright Law .................................................................................. 13

        2.    ConnectU's Mass.G.L. ch. 93A Claims Are Preempted By Copyright ........................................................................................ 14

III.    CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Bagheri* v. *Galligan*, 160 Fed. Appx. 4, 5 (1st Cir. 2005) ...................................................... 4, 13

*Bay State HMO Mgmt.* v. *Tingley Sys.*, 152 F. Supp. 2d 95 (D. Mass. 1995), ......................... 14

*Bell Atl. Corp.* v. *Twombly*, 127 S. Ct. 1955 (2007) ...................................................2, 3, 5, 9, 13

*Brandt* v. *Wand Partners*, 242 F.3d 6 (1st Cir. 2001) .................................................................. 6

*Bushkin Assoc., Inc.* v. *Raytheon, Co.*, 906 F.2d 11 (1st Cir. 1990) ........................................... 6

*CNN, L.P., v. GoSMS.com, Inc.*,
    No. 00 Civ. 4812 (LMM), 2000 U.S. Dist. LEXIS 16156 (S.D.N.Y. Oct. 30, 2000).............. 5

*Carell* v. *Shubert Org.*, 104 F. Supp. 2d 236 (S.D.N.Y. 2000)...................................................... 5

*Combined Metals of Chicago Ltd. Partner.* v. *Airtek, Inc.*,
    985 F. Supp. 827, 832 (N.D. Ill. 1997) ............................................................................... 9

*Data Gen. Corp.* v. *Grumman Sys. Support Corp.*, 825 F. Supp. 340 (D.Mass. 1993) ............... 10

*Educadores Puertorriquenos En Accion* v. *Hernandez*, 367 F.3d 61 (1st Cir. P.R. 2004) ........... 4

*Felix The Cat Prods.* v. *Cal. Clock Co.*,
    No. 04-Civ-5714-DAB, 2007 U.S. Dist. LEXIS 25290 (S.D.N.Y. Mar. 29, 2007)................. 3

*Kelly* v. *L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994) ............ 3

*Leatherman* v. *Tarrant County Narcotics Intelligence & Coordinating Unit*,
    507 U.S. 163 ....................................................................................................................... 2

*Linton* v. *New York Life Ins., & Annuity Corp.*, 392 F. Supp. 2d 39 (D. Mass. 2005)................. 7

*Marrero-Gutierrez* v. *Molina*, 491 F.3d 1 (1st Cir. 2007)............................................................ 5

*Massachusetts* v. *Mylan Labs.*, 357 F. Supp. 2d 314 (D. Mass. 2005) ......................................... 7

*McCree* v. *Pension Benefit Guar. Corp.*, No. 04-11334-JLT, 2004 U.S. Dist. LEXIS
    26496 (D.Mass. Dec. 16, 2004)......................................................................................... 10

*NBA* v. *Motorola , Inc.*, 105 F.3d 841 (2d Cir. N.Y. 1997)......................................................... 14

*Petricca Dev. Ltd. Pshp* v. *Pioneer Dev. Co.*, 214 F.3d 216 (1st Cir. 2000).........................11, 13

# TABLE OF AUTHORITIES
(continued)

**Page**

*Picker Int'l Corp.* v. *Imaging Equip. Servs.*, 931 F. Supp. 18 (D. Mass. 1995)............................ 8

*Plunket* v. *Estate of Conan Doyle,*
   No. 99-Civ-11006-KMW, 2001 U.S. Dist. LEXIS 2001 (S.D.N.Y. Feb. 22, 2001)............... 3

*Portfolioscope, Inc.* v. *I-Flex Solutions Ltd.*, 473 F. Supp. 2d 252 (D. Mass. 2007).................... 8

*In re Relafin Antitrust Litigation*, 221 F.R.D. 260 (D. Mass. 2004) ............................................ 6

*Selby* v. *New Line Cinema Corp.*, 96 F. Supp. 2d 1053 (C.D. Cal. 2000)................................... 13

*Storage Tech. Corp.* v. *Custom Hardware Eng'g & Consulting, Ltd.,*
   No. 02-12102, 2006 U.S. Dist. LEXIS 43690 (D. Mass. June 28, 2006)................................ 8

*Swartz* v. *Schering-Plough Corp.*, 53 F. Supp. 2d 95 (D. Mass. 1999) ........................................ 8

*Thompson* v. *Ill. Dep't of Prof'l Regulation*, 300 F.3d 750 (7th Cir. 2002), ............................. 10

*United States ex rel. Berge* v. *Bd. of Trustees*, 104 F.3d 1453 (4th Cir. 1997) .......................... 13

*Wrench LLC v. Taco Bell Corp.,*
   No. 1-98-C,1998 U.S. Dist. LEXIS 12710 (W.D. Mich. June 18, 1998) .............................. 14

## STATE CASES

*Curtiss-Wright Corp.* v. *Edel-Brown Tool & Die Co.*, 381 Mass. 1 (1980)................................. 10

*Decarlo* v. *Archie Comic Publications, Inc.,*
   No. 01-7132, 2001 WL. 604184 (2d Cir. June 1, 2001)....................................................... 14

*J. T. Healy & Son , Inc.* v. *James A. Murphy & Son , Inc.*, 357 Mass. 728 (1970)....................... 8

*Linkage Corp.* v. *Trustees of Boston Univ.*, 425 Mass. 1 (1997)................................................ 11

*Salamon* v. *Terra*, 394 Mass. 857 (1985) ................................................................................ 6

*Szalla* v. *Locke*, 421 Mass. 448 (1995)................................................................................... 11

## DOCKETED CASES

*Sun Micro Med. Techs. Corp.* v. *Passport Health Communs., Inc.,*
   No. 06 Civ 2083 (RWS), 2006 U.S. Dist. LEXIS 87772, 36-37 (S.D.N.Y. Dec. 4,
   2006) ............................................................................................................................. 5

## I.    <u>INTRODUCTION</u>

ConnectU, Inc.'s sixth (unjust enrichment), seventh (copyright infringement), eighth (trade secret misappropriation) and ninth (unfair trade practices) claims for relief fail to meet the guidelines set forth by the Supreme Court in *Bell Atlantic* or by this Court's mandate for ConnectU to state its case with particularized facts.  Instead, Plaintiffs have filed a shotgun complaint asserting numerous complex and confused alternate theories.  The complexity and number of alternate theories demonstrate the purely speculative nature of the complaint.  The complexity of the pleading makes an adequate response nearly impossible.  To the extent ConnectU's complaint continues to present a moving target to which Defendants cannot adequately respond, this Court should dismiss the case with prejudice in its entirety.

With respect to the Individual Defendants Dustin Moskovitz and Andrew McCollum ("the Individual Defendants"), the absence of particularized facts for key claim elements is particularly conspicuous.  When the factual allegations specific to Zuckerberg are stripped away, ConnectU is left with vague and speculative theories against the Individual Defendants.  None of ConnectU's speculative theories of misconduct by the Individual Defendants, viewed in isolation, survives scrutiny.  In addition, ConnectU's unjust enrichment and unfair trade practices claims should be dismissed because these allegations are coextensive with ConnectU's core claim of copyright infringement of website software and are therefore preempted.[1]

## II.    <u>ARGUMENT</u>

### A.    <u>ConnectU Must Plead Particularized Facts To Establish A Plausible Entitlement To Relief</u>

ConnectU incorrectly characterizes its pleading obligations and implicitly asks this Court

---

[1] The Individual Defendants also join, and incorporate by reference herein, the Replies in support of the Motions to Dismiss brought by Defendants Mark Zuckerberg, TheFacebook LLC and Facebook, Inc.

Moskovitz and McCollum Reply in Support of Motion to Dismiss

to allow it to proceed on a convoluted and overly complex complaint that is purely speculative in nature. Such pleading is inappropriate under both *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), and this Court's order. 7/25/07 Hr'g Tr. at 23:25-24:6; 67:8-69:3; 69:13-20.

ConnectU incorrectly claims that *Bell Atlantic* does not require more detailed pleading than before it. In *Bell Atlantic*, the Supreme Court expressly strengthened Rule 8 as a case management tool to eliminate groundless claims that lack "a plausible entitlement to relief." *Bell Atlantic*, 127 S. Ct. at 1967; *cf. Leatherman v. Tarrant County Narcotics Intelligence & Coordinating Unit*, 507 U.S. 163, 168-69 (court's tools for weeding out unmeritorious claims limited to summary judgment and discovery rulings). In order to dismiss deficient claims "at the point of minimum expenditure of time and money," the *Bell Atlantic* court adopted a plausibility threshold requirement arising from Rule 8(a)(2). *Bell Atl. Corp.*, 127 S. Ct. at 1966. Under the *Bell Atlantic* plausibility standard, all pleadings must contain more than "a formulaic recitation of the elements of a cause of action"; they must also contain "factual allegations sufficient to raise a right to relief above the speculative level." *Id.* at 1965 (internal citations omitted). Indeed, ConnectU concedes that under *Bell Atlantic* a complaint must cross the line between plausibility and possibility, and sufficiently identify facts that will reveal evidence of the allegations through discovery. Plaintiffs' Consolidated Opposition, Dkt. No. 112 ("Consol. Opp'n") at 5.

ConnectU does not address the "particularized" pleading ordered by the Court, which provides an independent basis for dismissal. The Court's approach from the July 25, 2007 hearing requested Plaintiffs to cure prior failures to allege particularized facts for *each* element of *each* claim if such particularized facts exist. 7/25/07 Hr'g. Tr. at 30:4-6; 31:9-10. At the hearing, the Court gave Plaintiffs an election: stand on its then-current complaint or amend with

- 2 -

a particularized pleading that would focus the case and get it moving forward.  The Court

followed that a failure to "allege particularized facts indicates that there are no particularized

facts."  7/25/07 Hr'g Tr. at 30:6-11.  Plaintiffs chose to amend its complaint.  It cannot now reap

the benefit of amending while at the same time leaving the case hopelessly vague and

speculative.  Cases like these should not be permitted to proceed with a complicated series of

allegations, claims, and alternate theories designed to preserve every imaginable contingency

while at the same time relying on a *Conley* style notice pleading standard. *Bell Atlantic*, 127 S.

Ct. at 1969 (stating that *Conley's* "no set of facts" language does not describe "the minimum

standard of adequate pleading to govern a complaint's survival.").

### B.    ConnectU's Copyright Claim Against McCollum And Moskovitz Should Be Dismissed

#### 1.    ConnectU Fails To Plead Sufficient Facts To Support Copyright Infringement

ConnectU has failed to allege with particularity sufficient factual bases to sustain a

copyright infringement claim against Moskovitz or McCollum.  ConnectU contends that its

copyright infringement claim against the Individual Defendants "is spelled out in more than

sufficient detail to satisfy a higher standard." Consol. Opp'n at 16.  For a copyright infringement

claim to be sufficient under Rule 8, a plaintiff must allege:  "(1) which specific original works

are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3)

that the copyrights have been registered in accordance with the statute; and (4) by what acts

during what time the defendant infringed the copyright."  *Felix The Cat Prods. v. Cal. Clock Co.*,

No. 04-Civ-5714-DAB, 2007 U.S. Dist. LEXIS 25290, 10 (S.D.N.Y. Mar. 29, 2007); *Plunket v.

Estate of Conan Doyle*, No. 99-Civ-11006-KMW, 2001 U.S. Dist. LEXIS 2001,*4 (S.D.N.Y.

Feb. 22, 2001) (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)) *aff'd*, 23 F.3d

398 (2d Cir. 1994).  As set forth in the Individual Defendants' opening memorandum, ConnectU

has not (1) provided particularized facts showing protectible expression, and has not (2) alleged

particularized facts showing infringement by the Individual Defendants. Per its Order, the Court

can assume there are none and dismiss the claim.

### a.    ConnectU Has Not Identified Protected Expression

As set forth in the motion to dismiss, ConnectU's claim rests on FAC, Exhibit 1A, which

is purely a functional description of the material allegedly protected by copyright. Individual

Defendants' Motion to Dismiss, Dkt. No. 93 ("Indiv. Defs. Mot. To Dismiss") at 5-6. No

protectible expression has been identified in any pleading other than the most conclusory

identification of "code." ConnectU does not clearly articulate whether it is seeking to protect the

literal aspects of the code, the graphical user interface, or something in between. ConnectU

should at least be able to identify the expression it is seeking to protect.

Rather than providing particularity, ConnectU merely claims, in conclusory form, that

Zuckerberg had access and that some undefined substantial similarity exists. No expressive

similarity between the "copyrighted" and accused work is particularly identified. Merely

identifying functional similarities is insufficient pleading for copyright infringement, as

copyright only protects expression and not function.

### 2.    No Particularized Facts Justify Naming The Individual Defendants

Each of ConnectU's claims against the Individual Defendants must be viewed in isolation

and will stand or fall based upon the particularized facts relevant to that individual. *See*

*Educadores Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. P.R. 2004);

*Bagheri v. Galligan*, 160 Fed. Appx. 4, 5 (1st Cir. 2005). ConnectU incorrectly argues that

pleading ownership of a registered copyright and "plead[ing] that defendants *copied* the code …

is all that need be pleaded." Consol. Opp'n at 17. A naked assertion of copying is merely a

formulaic recitation of the cause of action without particularized facts. Such a mere "conclusory

allegation ... does not supply facts adequate to show illegality," and is inadequate to support a plausible claim for relief. *Bell Atl. Corp.*, 127 S. Ct. at 1966. The FAC merely states that McCollum allegedly developed graphics and the user interface for thefacebook.com website (FAC ¶ 209) while Moskovitz fulfilled both programming and management roles. *Id.* ¶¶ 217, 124, 280, 313. These allegations demonstrate that the Individual Defendants were both independently contributing to and developing thefacebook.com website. Without some "factual enhancement" weighing toward wrongful intent or acts, a defendant's behavior "stays in neutral territory" between theories of culpability and innocence. *Bell Atl. Corp.*, 127 S. Ct. at 1966; *see id.* at 1964 (alleged behavior equally consistent "with a wide swath of rational and competitive business strategy"); *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 10 (1st Cir. 2007) (inference of wrongdoing from the "range of possibilities" would be "speculative").

ConnectU's opposition identifies no facts tying the Individual Defendants to the alleged copyright infringement other than "their close association with Zuckerberg and their work on thefacebook.com code at the same time Zuckerberg was a Harvard Connection development team member." FAC ¶ 254. There are no allegations that Moskovitz or McCollum participated in, supervised, or controlled the alleged infringing actions of Zuckerberg. As set forth in the Individual Defendants' motion to dismiss, this omission is fatal to ConnectU's claim. *See Sun Micro Med. Techs. Corp. v. Passport Health Communs., Inc.*, No. 06 Civ 2083 (RWS), 2006 U.S. Dist. LEXIS 87772, 36-37 (S.D.N.Y. Dec. 4, 2006) (dismissing copyright claim where plaintiff failed to plead the infringing acts with sufficient specificity as to individual defendants); *see also CNN, L.P., v. GoSMS.com, Inc.*, No. 00 Civ. 4812 (LMM), 2000 U.S. Dist. LEXIS 16156 (S.D.N.Y. Oct. 30, 2000) (citing *Carell v. Shubert Org.*, 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000)) (dismissing copyright infringement claim against defendants who were director

and major shareholder of allegedly infringing company, where plaintiffs failed to allege "acts of infringement, supervision or control over the direct infringers, or contribution to the infringement").

### C.     ConnectU's Unjust Enrichment Claim Fails

#### 1.     The Unjust Enrichment Claim Is Insufficiently Pled

The parties dispute the appropriate legal standard to plead unjust enrichment.  The Individual Defendants request that the Court adopt the legal standard set forth in the FAC and the cases cited by the Individual Defendants.  ConnectU's standard is unclear and is not supported by Massachusetts law.  ConnectU's silence on the issue reflects it concedes that it has not met the pleading requirements of unjust enrichment if the Individual Defendants' standard is correct.

To support its pleading standard, the primary case relied upon by ConnectU is *Bushkin Assoc., Inc. v. Raytheon, Co.,* 906 F.2d 11 (1st Cir. 1990).  *Bushkin* is not a pleading case. Rather, the case addressed prejudgment interest based upon a quantum meruit claim following a verdict.  The citation to *Salamon v. Terra*, 394 Mass. 857 (1985), similarly dealt with a quasi-contract and/or quantum meruit claim.  It did not address the legal standard for unjust enrichment.

In contrast, Individual Defendants rely upon the detailed reasoning of *In re Relafin Antitrust Litigation*, 221 F. R. D. 260, 279 (D. Mass. 2004), to assert that knowledge and appreciation of the benefit is required to state a claim for unjust enrichment. Indiv. Defs. Mot. To Dismiss at 8.  ConnectU disputes this position, citing to *Brandt v. Wand Partners*, 242 F.3d 6, 16 (1st Cir. 2001).  *Brandt* did not address whether knowledge and appreciation of the benefit is required.  Rather, *Brandt* only addressed whether wrongdoing is required for a claim of unjust enrichment.  *Id.*  Culpability is fundamentally different from knowledge and appreciation of a benefit conferred.  Notably, the legal standard identified in *Brandt* is fundamentally different

than the standard set forth by ConnectU.  *Id*.  ConnectU also cites to *Linton v. New York Life Ins., & Annuity Corp.*, 392 F. Supp. 2d 39 (D. Mass. 2005).  *Linton*, which cited *Brandt*, did not state or analyze what legal standard is appropriate for a claim for unjust enrichment and did not address whether knowledge and appreciation of a benefit is necessary, as it was not at issue.

ConnectU claims that it has pled that the Individual Defendants knew of the benefit conferred.  The Individual Defendants established in its moving papers that paragraphs 209, 211, 213, 214, 218, 221, and 222 of the FAC show that the accusations against them are speculation and do not plead knowledge and acceptance of a benefit.  ConnectU claims that paragraphs 214 and 222 of the FAC plead that the Individual Defendants may have known there was an accusation that facebook.com was the "fruit of a poisonous tree."  All that exists is the conclusory allegation that they were aware *post hoc* of some type of accusation.  ConnectU does not allege actual knowledge of the benefit conferred.  No particularized facts are alleged.  The pleading does not rise above a speculative level.

## 2.    An Adequate Remedy At Law Precludes The Claim For Unjust Enrichment

Unjust enrichment is available only to plaintiffs who lack adequate remedies at law.  *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 324 (D. Mass. 2005).  ConnectU fails to offer a convincing explanation why no remedy at law exists that would be "adequate and complete" and rather seeks to rely on its "shotgun" pleading.  *Id.*  ConnectU provides no particularized pleading of an entitlement to equitable relief and fails to explain why no remedy at law exists.  Without such pleading, the claim must be dismissed.

## D.    ConnectU's Trade Secret And Unfair Trade Practices Claims Fail

### 1.    ConnectU Fails To State A Claim For Trade Secret Misappropriation Under Mass.G.L. ch. 93, § 42

To properly plead a claim for misappropriation of trade secrets under Mass.G.L. ch. 93,

§ 42, ConnectU must allege that (i) the process or device is a trade secret, (ii) ConnectU took reasonable steps to preserve the confidentiality of its trade secret, and (iii) the defendants knowingly utilized improper means, or participated in their own or another's breach of a confidential relationship, to acquire and use the trade secret. *Swartz v. Schering-Plough Corp.*, 53 F. Supp. 2d 95, 100 (D. Mass. 1999), citing *Picker Int'l Corp. v. Imaging Equip. Servs.*, 931 F. Supp. 18, 35 (D. Mass. 1995). ConnectU must also allege that its claimed trade secret is " 'a process or device for continuous use in the operation of the business.' " *J. T. Healy & Son , Inc. v. James A. Murphy & Son , Inc.*, 357 Mass. 728, 736 (1970), quoting Restatement of Torts, § 757, comment b. ConnectU does not meet these basic pleading requirements.

### a.      Failure To Plead Continuous Use Of Its Trade Secret Is Fatal To Its Claim

ConnectU incorrectly argues that "it is unclear whether Massachusetts law requires continuous use of a trade secret" and that it is "not a pleading requirement." Consol. Opp'n at 18, fn. 6. While there is one judge who "questioned the vitality of this continuous use requirement in light of the new definition in the third Restatement of Unfair Competition," "Massachusetts law establishes that a trade secret must be in continuous use." *Portfolioscope, Inc. v. I-Flex Solutions Ltd.*, 473 F. Supp. 2d 252, 255 & n.6 (D. Mass. 2007); citing *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Ltd.*, No. 02-12102, 2006 U.S. Dist. LEXIS 43690, at *34 (D. Mass. June 28, 2006).

ConnectU does not dispute that the FAC fails to allege that ConnectU continuously used its alleged trade secret combination. FAC ¶ 266, Ex. 1A. Rather, the FAC establishes that the "combination" of ideas alleged to be a misappropriated trade secret has *not* been in continuous use. As discussed in the Individual Defendants' opening brief, ConnectU specifically contemplated that many portions of the alleged trade secret combination would be abandoned as

a trade secret upon the launch of the Harvard Connection website.  *See* Indiv. Defs. Mot. to Dismiss at 11.  Moreover, the Harvard Connection Code, an allegedly critical element of the combination trade secret, was given to others and ultimately developed into a different website, www.connectu.com.  *See id.*; FAC ¶¶ 38, 83.  Because the FAC fails to plead facts demonstrating continuous use, dismissal of the claim is warranted.

**b.    ConnectU Does Not Allege The Existence Of A Trade Secret**

ConnectU argues that the FAC alleges the existence of a trade secret.  This argument is based on the conclusion that the list of "ideas" presented in Exhibit 1A constitutes a trade secret because "their combination … was novel enough to create a billion-dollar business."  Consol. Opp'n at 19.  Besides providing a list of "ideas" in Exhibit 1A, ConnectU does not provide factual allegations to support such an inferential leap.  Indeed, a mere "conclusory allegation … does not supply facts adequate to show illegality," and is inadequate to support a plausible claim for relief.  *Bell Atl. Corp.*, 127 S. Ct. at 1966.

ConnectU also references Exhibit 1A in support of its argument that the FAC pleads the existence of a trade secret.  Consol. Opp'n at 19.  Ironically, ConnectU again ignores the fact that no particularized pleading establishes that this combination of "ideas" was developed by or known to ConnectU before the time Zuckerberg is alleged to have worked with the Founders.  As argued in the opening brief, the trade secret identification provided in Exhibit 1A was never provided in depositions or interrogatory responses.  *Cf.  Combined Metals of Chicago Ltd. Partner. v. Airtek, Inc.*, 985 F. Supp. 827, 832 (N.D. Ill. 1997) ("Airtek will be held to those trade secrets, *i.e.*, it will not be permitted to change or narrow them as the case progresses").  None of the exhibits submitted with the FAC indicates that the concepts described in Exhibit 1A were part of the Harvard Connection project.  *See* Indiv. Defs. Mot. to Dismiss at 12.  Consequently, the "ideas" described in Exhibit 1A are insufficient to support a claim.

### c.    The Complaint And Attached Exhibits Establish That ConnectU Did Not Keep Information Confidential

ConnectU argues that its alleged trade secret was kept confidential by relying on its conclusory allegation that "the Founders ensured that there was an agreement or understanding with each person to whom such information was disclosed that the information was confidential," and that Zuckerberg "was told that the Harvard Connection project was confidential and he agreed to maintain it as such." FAC ¶ 270. This conclusory argument must fail in light of the exhibits attached to the FAC.

As set forth in the opening brief, the exhibits attached to the FAC show that the information was not a secret, and that the ConnectU Founders discussed their project extensively with third parties without indicating such information was confidential. *See* Indiv. Defs. Mot. to Dismiss at 14. "Where a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) (emphasis in original; internal quotes omitted), quoted by *McCree v. Pension Benefit Guar. Corp.*, No. 04-11334-JLT, 2004 U.S. Dist. LEXIS 26496 at *9 n. 7 (D. Mass. Dec. 16, 2004). In other words, a plaintiff can plead itself out of court by attaching a contradictory exhibit because the "exhibit trumps the allegations." *Id.* Because the exhibits attached to the FAC defeat any allegation of confidentiality made in the FAC, the claim fails.

### d.    ConnectU Does Not Allege "Knowing" Behavior

ConnectU does not allege particularized facts showing "knowing" behavior by the Individual Defendants. *See Curtiss-Wright Corp. v. Edel-Brown Tool & Die Co.*, 381 Mass. 1, 6 (1980); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 340, 357, 360 (D.Mass. 1993). Beyond conclusory allegations that Zuckerberg understood the secrecy and

confidentiality of the alleged secrets and that the defendants incorporated the Harvard

Connection ideas into their website (FAC ¶ 2), ConnectU does not allege specific facts to show

that any other individual defendant knew how or why such ideas contained ConnectU's allegedly

confidential information.  Rather, ConnectU concludes that the Individual Defendants

"knowingly benefited" because they "were closely associated with Zuckerberg and collaborated

with him to launch thefacebook.com website."  *Id.* ¶ 289.  An alleged connection between

Zuckerberg and the Individual Defendants is insufficient to support such an inferential leap.

Because the FAC does not provide for specific allegations of  "knowing" behavior by the

Individual Defendants, the claim must be dismissed.

### 2.     ConnectU Fails To Plead Sufficient Facts To Support A Claim Under Massachusetts G.L. ch. 93A

The Individual Defendants asserted that ConnectU did not allege a dispute between two

businesses and that the Individual Defendants were not a business.  Indiv. Defs. Mot. to Dismiss

at 16-17.  ConnectU's response is unavailing.

ConnectU first claims that Zuckerberg's work with the ConnectU Founders was not a

strictly private endeavor.  Consol. Opp'n at 21.  To accept this premise would require rejecting

the entire body of facts set forth in ConnectU's statement of facts in opposition to the motions to

dismiss.  *See* FAC ¶¶ 23-41.  ConnectU does not distinguish the sound teachings of *Petricca*

*Dev. Ltd. Pshp v. Pioneer Dev. Co.*, 214 F.3d 216, 223 (1st Cir. 2000) and *Linkage Corp. v.*

*Trustees of Boston Univ.*, 425 Mass 1, 22-23 (1997).

ConnectU's opposition tacitly agrees that its unfair business practices claim cannot be

viewed from the perspective of Zuckerberg's involvement with the ConnectU Founders because

Mass.G.L. § 11 cannot apply to disputes " 'between parties in the same [joint] venture.' "

*Petricca Dev. Ltd. Pshp.*, 214 F.3d at 223, quoting *Szalla v. Locke*, 421 Mass 448 (1995).

Instead, ConnectU attempts to characterize its unfair trade practice claim as a dispute between the entities Facebook and ConnectU.  Consol. Opp'n at 21.  In making this artificial distinction, ConnectU ignores the fact that any information that ConnectU alleges was unfairly obtained and used by Zuckerberg for Facebook must have been learned in the context of Zuckerberg's involvement with the ConnectU Founders and their Harvard Connection venture.  Indeed, the Facebook LLC was formed on April 13, 2004; Facebook, Inc. incorporated in July 29, 2005 -- each was formed well after February 17, 2004, the latest date of any specific alleged wrongdoing.  FAC Ex. 3 ¶¶ 10, 15.  This simply cannot be a dispute between separate business entities.  As pled, the allegedly unfair business practices are inextricable from the parties' involvement together.  This is not the type of  dispute that the statute was intended to cover, and the claim should be dismissed as to the Individual Defendants.

This claim also must be dismissed as to the Individual Defendants because ConnectU has failed to allege facts sufficient to satisfy the key elements of the claim.  ConnectU argues that the FAC supports its allegation that the Individual Defendants used an "unfair method of competition or an unfair or deceptive act" in the conduct of commerce.  The pleadings referenced, while numerous, do not provide any particularized facts.  Namely, ConnectU's allegation that the Individual Defendants acted unfairly and deceptively because they were "closely associated with Zuckerberg and collaborated with him to launch thefacebook.com website" is pure speculation without factual support.  FAC ¶ 289.  Indeed, ConnectU's so-called "extensive facts" rely entirely on the assumptions that Zuckerberg "could not possibly develop his own competing website without using or incorporating the Harvard Connection ideas" and that "Zuckerberg must have benefited from the secret Harvard Connection project and ideas." FAC ¶¶ 281.  Without particularized pleadings of wrongdoing by Zuckerberg and the Individual

Defendants, the FAC fails to allege deceitful and unfair acts and the claim must be dismissed. *Cf. Bell Atl. Corp.*, 127 S. Ct. at 1966; *see also Bagheri v. Galligan*, 160 Fed Appx. 4, 5 (1st Cir. 2005) (complaint that "fail[s] to state clearly which defendant or defendants committed each of the alleged wrongful acts" violates Rules 8(a)). Moreover, although ConnectU asserts this claim against each individual defendant, it fails to plead facts detailing how each individual would be considered a "discrete, independent business entit[y]" engaged in "trade or commerce." *Petricca*, 214 F.3d at 223. For these reasons, this claim must be dismissed as to each individual defendant, including Moskovitz and McCollum.

### E.   ConnectU's Unjust Enrichment And Mass.G.L. ch. 93A Claims Are Preempted By Copyright Law

#### 1.   ConnectU's Unjust Enrichment Claim Is Preempted By Copyright Law

Because ConnectU's unjust enrichment claim amounts to nothing more than a claim for an accounting to ConnectU for its ownership of the Harvard Connection website code (and the ideas embodied therein), these assertions are preempted by federal copyright law. *See* 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01[B][1][g] (2006) ("a state law cause of action for unjust enrichment or quasi contract should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applies to copyright subject matter.").

ConnectU's opposition fails to address the Individual Defendants' argument that "ideas" that do not receive copyright protection are "nevertheless within the subject matter of copyright for purposes of preemption." *Selby v. New Line Cinema Corp.*, 96 F. Supp. 2d 1053, 1058 (C.D. Cal. 2000); *see also United States ex rel. Berge v. Bd. of Trustees,* 104 F.3d 1453, 1463 (4th Cir. 1997). ConnectU's FAC fails to identify any misappropriation of ConnectU's intellectual property apart from the ideas fixed in the tangible medium of ConnectU's harvardconnection.com website. When ideas are "embodied in a copyrighted work," or

"premised upon ideas and concepts fixed in a tangible medium of expression," state law claims for breach of quasi-contract or misappropriation of the underlying ideas fall within the subject matter of copyright for the purpose of preemption. *Id.* at 1058-59, citing *NBA v. Motorola , Inc.*, 105 F.3d 841 (2d Cir. N.Y. 1997) and *Wrench LLC v. Taco Bell Corp.*, No. 1-98-CV-45,1998 U.S. Dist. LEXIS 12710 (W.D. Mich. June 18, 1998).

ConnectU also makes reference to "promise" and "passing off" as extra elements that avoid preemption by copyright law. No detail is given as to what is meant by these elements or how they apply here. However, the lack of privity between the Individual Defendants and ConnectU is fatal to any finding of an extra element of promise. Furthermore, ConnectU fails to provide a single particularized factual allegation of a statement by Moskovitz or McCollum that misidentifies the source of thefacebook.com features or code and supplies an extra element of "passing off." Under Rule 8, as well as the Court's inherent case management powers, this Court may presume that no particularized factual allegations exist to support the existence of an extra element to the unjust enrichment claim that would overcome preemption by the Copyright Act. *See Bay State HMO Mgmt. v. Tingley Sys.,* 152 F. Supp. 2d 95, 109-110 (D. Mass. 1995), *rev'd in part on other grounds by Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.,* 181 F.3d 174 (1st Cir. Mass 1999) (preemption exists where complaint contains no facts to support claims of "passing off" or "palming off"); *see also Decarlo v. Archie Comic Publications, Inc.,* No. 01-7132, 2001 WL 604184 (2d Cir. June 1, 2001) (nonprecedential opinion) (dispute over ownership is preempted).

### 2.    ConnectU's Mass.G.L. ch. 93A Claims Are Preempted By Copyright

ConnectU states in conclusory fashion that its unfair competition claims seek to vindicate rights different from those in the Copyright Act. However, Chapter 93A claims are preempted to the extent they are predicated on the use, without permission, of a copyrighted work. Moreover,

particularized factual allegations of actual deceptive conduct by the Individual Defendants are strangely absent from ConnectU's opposition.  Consol. Opp'n at 30 ("[The 93A claim] includes Zuckerberg's deceptive conduct, such as fraud, misappropriation of trade secrets, theft of ideas, unethical business conduct and breach of fiduciary duty.")  Accordingly, one can only assume that no particularized facts of deceptive conduct by the Individual Defendants exist to support ConnectU's claim of unfair competition.  As a result, the unfair competition claim, as pled against the Individual Defendants, only seeks to vindicate rights arising from copyright and is preempted.

## III.    <u>CONCLUSION</u>

The First Amended Complaint fails to set forth particularized allegations to support a claim for relief.  ConnectU's claims must be dismissed.

/ / /

Dated:  October 5, 2007.                    Respectfully submitted,


                                             /s/ I. Neel Chatterjee /s/
                                            G. Hopkins Guy, III*
                                            I. Neel Chatterjee*
                                            Monte Cooper*
                                            Theresa A. Sutton*
                                            ORRICK, HERRINGTON & SUTCLIFFE LLP
                                            1000 Marsh Road
                                            Menlo Park, California  94025
                                            Telephone:   (650) 614-7400
                                            Facsimile:    (650) 614-7401
                                            hopguy@orrick.com
                                            nchatterjee@orrick.com
                                            mcooper@orrick.com
                                            tsutton@orrick.com


                                            Steven M. Bauer
                                            Jeremy P. Oczek
                                            PROSKAUER ROSE, LLP
                                            One International Plaza, 14th Floor
                                            Boston, MA 02110-2600
                                            Telephone:    (617) 526-9600
                                            Facsimile:     (617) 526-9899
                                            sbauer@proskauer.com
                                            joczek@proskauer.com


                                            * Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 5, 2007.

Dated:  October 5, 2007.                    Respectfully submitted,

                                    /s/ I. Neel Chatterjee /s/
                                    _____
                                    I. Neel Chatterjee