# EXHIBIT 6

**From:** Chatterjee, I. Neel
**Sent:** Saturday, June 16, 2007 1:10 PM
**To:** Hornick, John; 'Mosko, Scott'; Esquenet, Margaret; Schoenfeld, Meredith
**Cc:** 'Hurst, Annette L.'; dan.hampton@hklaw.com; Joczek; Sbauer; Sutton, Theresa A.; Dalton, Amy; Cooper, Monte; Trinh, Michael; Guy, Hopkins
**Subject:** Facebook Discovery

Dear John, Margaret and Scott:

This email sets forth an approach to deal with the outstanding discovery issues per the Judge's order in Massachusetts and to give you a status of where we are on supplementing our document production. Our hope is that the approach outlined herein will resolve the outstanding discovery issues in Massachusetts. As some of the discovery overlaps into the California Action, I am cc'ing Scott Mosko of your firm.

1. Clarification of discovery issues outstanding.

Just so that there is no mistake, I want to make sure that make sure that we are in agreement that all issues related to discovery (including Facebook's motions and issues that were subject to meeting and conferring) are going to be discussed and resolved in the meet and confer process. In your notice, you selectively omitted numerous outstanding discovery disputes brought by Facebook and our belief is that those issues should also be resolved. Those additional disputes were identified in the Rule 16.1(D) statement. Should you believe that those issues are not currently at issue, please let us know immediately so that we can seek court resolution.

2. Document production strategy

a. Supplementation of Defendant's document production

Hop's email already set forth our plan with respect to specific valuation documents. We are working on that issue currently.

As for other outstanding document issues, we can report the following. To date, Facebook has produced approximately 50,000 pages of documents and over 1 gigabyte of software code associated with Facebook. Since that time, we have collected 918,339 discrete records from electronic media from sources that could potentially have information relevant to this case, irrespective of date. In many cases, each record is hundreds of pages. As a result, while there are 918,339 discrete records, the number of pages resulting from those records is in the millions of pages. Manually working through 200 document requests discussing a wide range of subject matters was not a viable or effective way to search these records for responsive information.

Based upon the enormity of information that is present, we put together a list of search terms based upon the document requests. We have attached those search terms to this email, as well as numerous other terms we have recently added by re-reviewing the document requests. Based upon searches based upon a subset of these search terms, we have located 141,440 records which may contain responsive information. The substantial number of documents will take some time to get through. We are currently reviewing those documents and will produce all nonprivileged documents. There may be some documents which are nonresponsive on their face and/or include personal and private information. In those cases, we will not produce the record or will redact the records to protect the information from disclsosure. We are also checking the responsiveness against samples of known responsive documents to ensure that our search strategy is getting the responsive documentation.

Our approach so far excludes 766,494 records which did not have any "hits" based upon our initial search strategy. As to any terms that were not run in our first search, we will run them against our "excluded" record database and review those as well. If you would

like additional search terms other than those listed on the attached exhibit, we would be happy to consider them. Keep in mind that if your requests go so broad as to include words like "the" or "Harvard" will produce an enormous amount of nonresponsive information and will not likely produce anything of any consequence. For example, the word "Harvard" will produce every email address, every email with a "harvard" tag as part of the address, and every profile of any person at Harvard.  Such an approach would be extremely burdensome.  We will resist any effort to engage in a search of that magnitude, given the substantial effort already made.

b. Supplementation of Plaintiff's document production

We would like to understand your positions and offers of compromises with respect to our various motions to compel and outstanding discovery disputes. We suggest that ConnectU implement a similar keyword based strategy of all electronic media related to plaintiff, the Winklevoss brothers, Divya Narendra, and any other electronic media within the custody or control of ConnectU. A good starting point would be to use the same keyword list attached to this email.  We may find a need to supplement our list as we move forward and both our keyword searches and your keyword searchs (should you choose to follow this approach) are without prejudice to conducting additional keyword searches of "excluded records" in the event new information and/or keywords are learned.  Please let us know your position, and we will be happy to provide our keyword list.

3.  Written Discovery

We are currently reviewing written discovery.  We will evaluate the responses and various positions and will let you know our position on supplementation as soon as possible.

4.  Additional issues

We will be sending you a communication soon on other outstanding discovery issues from the dismissed lawsuit.  On our end, a number of discovery issues are outstanding, many of which would have been subject to a motion to compel but for the proceedings related to jurisdiction.

5.   Meet and confer strategy

Hop's email begins to lay out a strategy for the meet and confer. To that end, we are also going to review the various motions with fresh eyes to see where we else resolutions can occur.  We believe that our document strategy should resolve all pending discovery motions related to electronic media and document requests.

To that end, I previously asked Margaret whether she could be empowered to strike deals through meet and confers in order to expedite these matters. I understand from your email that Margaret is authorized to meet and confer and reach compromises on outstanding discovery issues.  If my understanding is correct, I suggest an escalation approach to minimize your and Hop's time commitment and to focus on the issues.   This is particularly important given your substantial time limitations.  In your absence, I suggest that Margaret and I meet and confer (preferably live) to work through the outstanding discovery issues to see what can be resolved. When and if we reach an impasse, it can be placed on an agenda for a live meeting between Hop and you.

I suggest that we not engage in a substantial email exchange where we each launch into posturing about our respective positions or spend time making needless accusations about each other.  As I have said numerous times, these activities serve little purpose. Rather, please have Margaret call me at her convenience to discuss this matter.

Neel

7/31/2007

FACEBOOK SEARCH TERMS

animal57
collegefacebook
 classmates.com
copy and facebook
database
"database definitions"
narendra@*
*stanford*
*Winklevoss@*
"development team"
friendster
"Harvard Connection"
"HC Website"
"HC"
house SYSTEM
imarc
"la Jennifer"
Ludig and Adam
"palo alto"
"row america"
"Social network*"
Abrams and Jonathan
adboard* or "ad board*"
bamberg*
Bombardie
Brazil*
Breach* and agreement
Breach* and contract
brothers
california
Cameron
Chang and Wayne
Christmas and break
Cod* and Facebook*
coding
connectu* or "connect u*"
Copy and code
coursemash
Crew
Crew* and cod*
crimson*
D'Angelo
Dating and site
Divya

Eduardo
facelift
facemash
Feeney and Kevin
gao
Gao and Victor
Gray and Melinda
Greenspan*
Harvardconnection and cod*
Harvardconnection.com
Howard
Jackson and (Joseph or Joe)
Kirkland
Launch*
mavinkurve
Mavinkurve and Sanjay
McGinn and (Timothy or Tim)
Narendra and Divya
MIT-Match up
SEAScommunity.com
NexusMatch
Myspace.com
"social network"
orkut
O'Keefe and John
olson*
parker
Parker and Sean
phoenix
pierrat
Pierrat and Marc
porc*
rowing
sanjay
Saverin
Saverin and Eduardo
Sharie and Shirin
Summers and Lawrence
Twin*
Tyler
Wink*
Winkel*
Winklevoss*
Winklevoss and Cameron
Winklevoss and cod*
Winklevoss and Howard

Winklevoss and Tyler
Winter and break
wirehog