# EXHIBIT 9

**From:** Cooper, Monte
**Sent:** Tuesday, July 24, 2007 5:43 PM
**To:** 'Schoenfeld, Meredith'; Hart, Pat; Kaufman, Daniel; Hornick, John; Esquenet, Margaret
**Cc:** Dan Hampton; Robert Hawk; Annette Hurst; Gordon Katz; Sbauer; Joczek; Boutin, Anne; Guy, Hopkins; Sutton, Theresa A.; Chatterjee, I. Neel; Dalton, Amy; Boutin, Anne; Trinh, Michael
**Subject:** RE: ConnectU v. Facebook, Case No. 07-10593 DPW

Meredith:

Thank you for the clarification. Because we are required to report to the Court on the progress of discovery by Friday, is there any reason ConnectU cannot provide a response before then? Presumably, you will be in contact with Cameron and Tyler before Friday to discuss tomorrow's hearing. If not, provision will need to be made in the Report this Friday indicating that a further status update on outstanding issues will be necessary to address matters raised by Plaintiffs.

Also, with respect to the "custody and control" issue, we note that from past discovery that there has been no indication that ConnectU has sought to produce documents that were generated by or for ConnectU via the following entities, at least:

(1) Winklevoss Consultants (we note that some relevant documents produced in the case have even redacted references to Winklevoss Consultants, even where the document concerns ConnectU. An example is the document Bates-Numbered C011654)

(2) Row America LLC -- Maria Antonelli testified that many of the loans documented in Row America LLC's records are/were for payments made on behalf of ConnectU.

(3) iMarc LLC -- emails indicate that as late as August, 2005, iMarc still had custody and control of at least one version of the ConnectU website source code

(4) Pacific Northwest Software -- an example is the version-controlled (i.e. "Subversion"), executable software for the ConnectU website that was developed and hosted by PNS, including the servers with the following addresses: (a) 207.244.158.164; (b) 207.244.158.165; and (c) 207.244.158.34.

(5) Winston Williams -- please verify that all code and other documentation related to ConnectU and the development of the ConnectU website that was generated by Williams was at all times after ConnectU brought this lawsuit saved and produced from Williams, including that which was generated and stored on his laptop computer(s). At his deposition, Williams indicated he had lost a Sony Vaio computer as a result of the theft of a car. Please provide the details of such theft, including the date of the loss and a copy of the police report.

This list is exemplary. We also want confirmation that all servers and electronic data sources were actually searched. By that, I mean that we want confirmation that ConnectU searched all ConnectU

servers, the hard drives of computers used by Cameron and Tyler Winklevoss at home, school and work, even if on the premises of Winklevoss Consultants, the hard drives used by Divya Narendra at home, school and work, Howard Winklevoss' hard drives, all of the hard drives of code developers, computer servers, etc.

Thank you for your attention to these issues.

Monte

---

**From:** Schoenfeld, Meredith [mailto:Meredith.Schoenfeld@finnegan.com]
**Sent:** Monday, July 23, 2007 4:07 PM
**To:** Chatterjee, I. Neel; Sutton, Theresa A.; Guy, Hopkins; Cooper, Monte
**Cc:** Dan Hampton; Robert Hawk; Annette Hurst; Gordon Katz; Kaufman, Daniel; Hornick, John; Sbauer; Joczek; Boutin, Anne; Esquenet, Margaret; Hart, Pat
**Subject:** RE: ConnectU v. Facebook, Case No. 07-10593 DPW

Further to the e-mail below, we are also working on supplementing our Interrogatory answers, but need further input from our clients. Our plan is to write you a letter detailing our positions with respect to Interrogatory answers, then schedule a conference to discuss any remaining issues. We expect to send the letter by the end of the month.

Best Regards, Meredith

---

>   **From:** Schoenfeld, Meredith
>   **Sent:** Wednesday, July 18, 2007 2:01 PM
>   **To:** 'Chatterjee, I. Neel'; Sutton, Theresa A.; Guy, Hopkins; Cooper, Monte
>   **Cc:** Dan Hampton; Robert Hawk; Annette Hurst; Gordon Katz; Kaufman, Daniel; Hornick, John; Sbauer; Joczek; Boutin, Anne; Esquenet, Margaret; Hart, Pat
>   **Subject:** RE: ConnectU v. Facebook, Case No. 07-10593 DPW
>
>   Neel and Theresa:
>
>   We have tried to identify additional responsive, nonprivileged documents, but as we suggested earlier, we need further input from our clients at this point. Our plan is to write you a letter detailing our positions, then schedule a conference to discuss any remaining issues. We expect to send the letter by the end of the month.
>
>   Your July 2, 2007 letter suggests on page 1 that you believe that ConnectU has taken an "unreasonably narrow view" as to what is in the custody and control of ConnectU. We are uncertain why this is your belief. Please expound on this viewpoint, specifically, from what entity you believe we have not sought documents, so that we may investigate.
>
>   Best regards,
>   Meredith

---

>>   **From:** Chatterjee, I. Neel [mailto:nchatterjee@orrick.com]
>>   **Sent:** Thursday, July 12, 2007 11:16 AM
>>   **To:** Schoenfeld, Meredith; Sutton, Theresa A.; Guy, Hopkins; Cooper, Monte
>>   **Cc:** Dan Hampton; Robert Hawk; Annette Hurst; Gordon Katz; Kaufman, Daniel; Hornick, John; Sbauer; Joczek; Boutin, Anne; Esquenet, Margaret; Hart, Pat; Mosko, Scott
>>   **Subject:** RE: ConnectU v. Facebook, Case No. 07-10593 DPW
>>
>>   Meredith:
>>
>>   Per my earlier email of yesterday, I would like to cc Scott Mosko of your firm on these emails so that we can coordinate discovery, per the suggestion of the California Court.

Generally speaking, I would like us to work to move forward on resolving many of these issues quickly to the best extent possible. If you believe there are issues which can be resolved without detailed discussions with your clients or if there are issues we raise which are not clear to you, I think we should deal with these issues on the front end and sooner rather than later. (That being said, as you know I am on vacation next week but will be internet accessible on a semi-regular basis). If there are such issues, please feel free to contact Theresa and try to work through them. I would also appreciate any effort you could make to begin a discussion with your clients, as it has already been 10 days since we sent the letter related to document issues. However, given that the games start tomorrow (I think I am correct about that), they may be already in transit.

As to other issues where you need to discuss the matter in more detail with your clients, we can discuss then after you have had a chance to discuss the matters with your clients. I would like a date certain, however, to ensure that we can move forward with resolving these disputes or seeking court intervention if necessary and would like to forecast in the Joint Report that we have a number of outstanding issues which are not yet ripe for Court intervention upon which we are meeting and conferring. We can say that summer trips and unavailability of counsel and clients have made resolving outstanding issues challenging.

Neel

---

**From:** Schoenfeld, Meredith [mailto:Meredith.Schoenfeld@finnegan.com]
**Sent:** Thursday, July 12, 2007 8:03 AM
**To:** Chatterjee, I. Neel; Sutton, Theresa A.; Guy, Hopkins; Cooper, Monte
**Cc:** Dan Hampton; Robert Hawk; Annette Hurst; Gordon Katz; Kaufman, Daniel; Hornick, John; Sbauer; Joczek; Boutin, Anne; Esquenet, Margaret; Hart, Pat
**Subject:** RE: ConnectU v. Facebook, Case No. 07-10593 DPW

Dear Neel:

   We are currently considering the requests in your letter of July 2, 2007 (attached for your convenience). Your letter raises many issues we would like to discuss with our clients, but the Winklevoss brothers are out of the country, competing in the Pan America Games in Brazil. We do not expect to be able to have meaningful conversations with them until they return to the US late this month. Although we are willing to meet and confer before they return, our positions with respect to many of the production requests will be contingent on discussing them with our clients. Thus, we suggest waiting to meet and confer until after they return. Once we have discussed the issues raised by your letter with our clients, we will provide you with a letter detailing our position. If any issues remain which need further resolution, we can set up a discovery conference at that time. Please let us know if this is acceptable.

Sincerely, Meredith

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.



==============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal

Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

===============================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

10/23/2007