# EXHIBIT 14



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

**MEREDITH H. SCHOENFLD**
(202) 408-4393
meredith.schoenfeld@finnegan.com

August 24, 2007

<u>**VIA EMAIL AND FEDERAL EXPRESS**</u>

Monte Cooper, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

<u>ConnectU, Inc. v. Facebook, Inc.
Civil Action No. 1:07-cv-10593 (DPW)                          </u>

Dear Monte:

    This letter follows up on the issues raised in our August 15, 2007 letter, responds to your August 23, 2007 letter, and explains in greater detail why there is no code to be produced, or to be recovered, from any memory device within ConnectU's possession, custody, or control. Thus, as previously stated, any motion to compel would be futile. There is nothing the Court could order ConnectU to do that it has not already done.

    Regarding Harvard Connection code, as we stated in the meet and confer, all versions of the Harvard Connection code in ConnectU's possession, custody, or control were produced. ConnectU even arranged for the production of Harvard Connection code that was not in its possession, custody, or control, namely, such code in the possession of Victor Gao, Sanjay Mavinkurve, and iMarc. In response to your inquiries, the code from Sanjay Mavinkurve was produced on July 27, 2006 and bore production no. C011611-12. Animal 57 was given access to the Harvard Connection code on the Hurricane Electric server where it was stored at that time. The version of the code that was on the server after Mr. Zuckerberg allegedly worked on it has already been produced.

    As the Amended Complaint explains, Mr. Zuckerberg was given access to the Harvard Connection code on the server where it was stored when he became a Harvard Connection development team partner. That server was maintained by Hurricane Electric. As we said during the meet and confer and in our August 13, 2007 letter preceding it, Mr. Zuckerberg solely controlled the Harvard Connection code as it existed on the Hurricane Electric server before he obtained access to it. Apparently, he did not preserve it. According to his emails, he also possessed the most complete version of

Monte Cooper, Esq.
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

the Harvard Connection code, but he has failed to preserve it, or destroyed it. Hurricane Electric has informed us that it has scrubbed the server on which the Harvard Connection code was stored at that time. We do not have the exact date when the server was scrubbed. However, the post-Zuckerberg Harvard Connection code was obtained from the Hurricane Electric server before it was scrubbed, and has been produced. Further, based on the server logins at the time, and Zuckerberg's emails, it appears that most of the changes Zuckerberg allegedly made to the Harvard Connection code were on his computer, and that he did not upload them to the server. Therefore, Mr. Zuckerberg is the only possible source of the Harvard Connection code as it existed before or during the time period that he worked on it. The Harvard Connection code containing some changes made by Zuckerberg, and all changes after Zuckerberg worked on it, has been produced. In the California case, PNS also produced a version of the Harvard Connection code.

    We reiterate that memory devices possessed or controlled by the Harvard Connection Founders never contained the Harvard Connection code before the lawsuit began. They are prepared, if necessary, to sign declarations to this effect, as Mr. Saverin has been ordered to do. In response to your inquiry about what was done to ensure that Harvard Connection code wasn't deleted from Plaintiffs' computers, no code could have been deleted from Plaintiffs' computers because no code was ever on Plaintiffs' computers before the lawsuit began. All Harvard Connection code was either in the possession or Mr. Mavinkurve, Mr. Gao, Mr. Zuckerberg, iMarc, PNS, or Hurricane Electric, and all such code has been produced, except the code controlled by Mr. Zuckerberg, and any code scrubbed from the Hurricane Electric server after ConnectU obtained a copy of it.

    Regarding connectu.com code, all known versions of such code, which includes all such code from iMarc, PNS, and Winston Williams (to the extent he had any connectu.com code) have been produced. No known versions of the connectu.com source code have not been produced. Further, Facebook Defendants have failed to justify their need for all versions of the connectu.com source code. The reasons given in your August 23 letter do not explain why every version is needed. Also, Facebook Defendants agreed over a year ago not to seek source code versions after March 7, 2005, and Facebook Defendants themselves have cut off production of facebook.com source code as of December 31, 2005.

    For these reasons, there is no "missing" Harvard Connection or connectu.com code, other than the code Zuckerberg controlled, contrary to your August 23, 2007 letter.

    Regarding your request for a privilege log, we can exchange logs at a mutually convenient time, subject to the parties' agreement that post-filing (i.e., post September 2, 2004) privileged documents need not be logged.

1429442_1

Monte Cooper, Esq.
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

    You also asked us to clarify ConnectU's position on Request for Production Nos. 142[a] and 143[a], which seek documents relating to mirror images or forensic copies of any software and documents concerning the results of searches, analyses, or examinations of source code or software. We are not withholding any non-privileged documents responsive to these requests.

    If you have further questions, please let us know.

    Sincerely,

    FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, L.L.P.

By: _____
    Meredith H. Schoenfeld

cc:    Robert B. Hawk, Esq.    (via email)
       Annette Hurst, Esq.    (via email)
       Daniel K. Hampton, Esq.    (via email)
       Steven M. Bauer, Esq.    (via email)
       I. Neel Chatterjee, Esq.    (via email)
       G. Hopkins Guy, III, Esq.    (via email)
       Gordon P. Katz, Esq.    (via email)
       Jeremy P. Oczek, Esq.    (via email)
       Bhanu K. Sadasivan, Esq.    (via email)
       Theresa A. Sutton, Esq.    (via email)

1429442_1