# EXHIBIT 15



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401
WWW.ORRICK.COM

Monte M.F. Cooper
(650) 614-7375
mcooper@orrick.com

September 6, 2007

*VIA FACSIMILE AND MAIL*

Meredith Schoenfeld
Finnegan, Henderson, Farabow, Garrett & Dunner
901 New York Avenue N.W.
Washington, DC 20001

Re:   ConnectU v. Facebook, Case No. 07-10593 DPW

Dear Meredith:

This letter responds to your letter of August 24, 2007, and summarizes the Facebook Defendants' positions on outstanding discovery disputes associated with Facebook's written discovery to the Plaintiffs.

**Interrogatory Responses**

Almost two months ago, in a letter dated July 12, 2007, the Facebook Defendants identified deficiencies in plaintiffs' prior responses to Interrogatories Nos. 1, 3-8, 10, 11, 13 and 14. ConnectU has repeatedly promised that it would supplement these earlier responses, including during the meet-and-confer held on August 15, 2007 and in the original Joint Status Report filed with the Court. To date, ConnectU has provided nothing. If the Facebook Defendants do not receive the long-promised supplementation by Monday, September 12, 2007, they will move to compel a date certain for immediate supplementation.

**Harvard Connection / ConnectU Code**

In its two Sets of Requests for Production, Facebook requested all versions of the source code for the Harvard Connection and ConnectU websites since its inception. *See, e.g.*, Request Nos. 2, 4, 6. Plaintiffs have stated that they did not take efforts to preserve the original and most relevant Harvard Connection code stored on the Hurricane Electric servers. Further, ConnectU has refused to produce all versions of the ConnectU code, including the code in the possession,


ORRICK

Meredith Schoenfeld, Esq.
September 6, 2007
Page 2

custody and control of its agents such as Winston Williams and PNS. Because ConnectU has an obligation to prove that the Harvard Connection code has been used continuously at all times by ConnectU, all versions of the code (including those developed after March 7, 2005) are relevant (unless of course ConnectU is willing to drop its trade secret claim). All versions also are relevant in light of other issues, such as damages and efforts to mitigate.

Plaintiffs' explanations for why they cannot produce the original Harvard Connection code on the Hurricane Electric servers both before and after it was allegedly given to Mark Zuckerberg also is unavailing. All plaintiffs had access to the code, as evidenced by their own documents. Facebook offered to pay for electronic imaging and keyword extraction to be performed by ConnectU's own expert using the same protocol accepted by ConnectU to search Defendants' hard drives for Harvard Connection code. ConnectU continues to refuse this offer. We also understand that ConnectU will not allow imaging or electronic keyword searches for the missing Harvard Connection code or other missing electronic data on Plaintiffs' hard drives under the same terms it demands of Defendants, even where Defendants' pay for the search.

You also represented that ConnectU has no right to demand copies of their own proprietary information in the possession of third parties. Facebook asked ConnectU to confirm whether ConnectU had ever attempted to request ***all*** versions of this code from at least Animal57, iMarc, PNS and Williams. Facebook also explained its understanding that ConnectU not only has the power to demand production of its proprietary code, but also the obligation to ensure its preservation during this litigation. You could not confirm at the meet and confer whether ConnectU had made such requests. You also said you would investigate this issue. Although you now argue "all known versions of such code ... have been produced," we are aware from the California action that both PNS and Williams admit that they have ***not*** produced all such versions of the Subversion ConnectU code – or even all electronic data, such as the database records reflecting invitations made by ConnectU to Facebook registered users.

Under these circumstances, Facebook Defendants will now move to compel. On a related issue, Facebook Defendants also may move to compel production of the protocol from the other proceeding that John Hornick promised to produce to Defendants during the July 6, 2007 meeting of counsel, but later recanted.

**Requests for Production**

You previously confirmed that ConnectU is not withholding any responsive, non-privileged documents (except as to the Harvard ConnectU code disputes set forth above) based on the objections raised in Facebook's July 2, 2007 letter, including any documents responsive to



**ORRICK**

Meredith Schoenfeld, Esq.
September 6, 2007
Page 3

Request Nos. 22-23, 36-39, 41-42, 44, 46-53, 55, 57, 60-68, 72-73, 79, 87-88, 92-93, 96, 101, 103, 108-114, 116, 118-121, 123, 126-128, 131(a)-(b), 132-133, 137-138, 150-151. You also stated that ConnectU is not withholding any documents based on relevance, including on any self-defined criteria for what is or what is not relevant. We previously asked that some measure be taken to ensure that deleted documents were sought, and that the search for all relevant information be made by someone other than the parties themselves. It appears ConnectU will not acquiesce to either request, and hence the Facebook Defendants will proceed to move to compel. As part of our motion, we will request a similar keyword search to that employed by Facebook to ensure a complete production.

Finally, with respect to documents "reflecting the present value of ConnectU and connectu.com," it appears that ConnectU without explanation either asserts the attorney-client and attorney work-product privileges, or simply won't produce the information concerning the unidentified "hedge fund that wants to fund the rest [of the expenses for the litigation] on a contingent basis" mentioned in Howard Winklevoss' December 20, 2006 email correspondence to his family. Since the document refers to third parties, and because ConnectU demands the same type of documents concerning valuation from Facebook, the Facebook Defendants will move to compel the missing documentation. In any event, this disclosure should be made to the Court as part of the list of parties with an interest in this litigation.

As always, please do not hesitate to call or write if you have any questions regarding this letter, or any other matter relating to the litigation. If you believe I have misstated any part of our conversation, please let me know immediately. We all thank you for the time you took to address our inquiries and concerns.

Very truly yours,

Monte M.F. Copper

cc:   John F. Hornick, Esq. (via e-mail)
      Margaret Esquenet, Esq. (via e-mail)
      Robert B. Hawk, Esq. (via e-mail)
      Daniel K. Hampton, Esq. (via e-mail)
      Steve M. Bauer, Esq. (via e-mail)
      Jeremy Oczek, Esq. (via e-mail)

OHS West:260297779.2



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025
TEL 650-614-7400
FAX 650-614-7401
WWW.ORRICK.COM

# FAX TRANSMISSION

| DATE | September 6, 2007 | NO. OF PAGES (INCLUDING COVER SHEET) | 4 |

**FROM**

| name | tel |
|---|---|
| Monte M. F. Cooper | (650) 614-7375 |

**TO**

| name | company/firm | tel | fax |
|---|---|---|---|
| Meredith H. Schoenfeld, Esq., | Finnegan, Henderson, Farabow, Garrett & Dunner, LLP | (202) 408-4000 | **(202) 408-4400** |

RE   ConnectU, Inc. v. Facebook, Inc., et al.
     Massachusetts Action No. 07-10593 DPW

**MESSAGE**

C-M-A   16069-2001

**IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL STEPHANIE C. HART AT (650) 614-7426 AS SOON AS POSSIBLE.**

*notice to recipient*
THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS INTENDED TO BE SENT ONLY TO THE STATED ADDRESSEE OF THE TRANSMISSION. IT MAY BE PROTECTED FROM UNAUTHORIZED USE OR DISSEMINATION BY THE ATTORNEY-CLIENT PRIVILEGE, THE ATTORNEY WORK-PRODUCT DOCTRINE, OR ANY OTHER APPLICABLE PRIVILEGE. IF YOU ARE NOT THE STATED ADDRESSEE, YOUR RECEIPT OF THIS TRANSMISSION WAS UNINTENDED AND INADVERTENT, AND YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. YOU ARE ALSO ASKED TO NOTIFY US IMMEDIATELY BY TELEPHONE AND TO RETURN THE ORIGINAL DOCUMENT TO US IMMEDIATELY BY MAIL AT THE ADDRESS ABOVE. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
OHS WEST:260291147.1

```
*********************
***  TX REPORT   ***
*********************
```

TRANSMISSION OK

TX/RX NO              1150
RECIPIENT ADDRESS     912024084400
DESTINATION ID
ST. TIME              09/06 09:06
TIME USE              02'29
PAGES SENT            4
RESULT                OK



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

TEL 650-614-7400
FAX 650-614-7401

WWW.ORRICK.COM

## FAX TRANSMISSION

DATE  September 6, 2007

NO. OF PAGES (INCLUDING COVER SHEET)  4

**FROM**

| name | tel |
|---|---|
| Monte M. F. Cooper | (650) 614-7375 |

**TO**

| name | company/firm | tel | fax |
|---|---|---|---|
| Meredith H. Schoenfeld, Esq., | Finnegan, Henderson, Farabow, Garrett & Dunner, LLP | (202) 408-4000 | (202) 408-4400 |

RE  ConnectU, Inc. v. Facebook, Inc., et al.
    Massachusetts Action No. 07-10593 DPW

**MESSAGE**