# EXHIBIT 17

Dockets.Justia.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC, | |
| Plaintiff, | CIVIL ACTION NO. 1:04-cv-11923 |
| v. | |
| MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC., | |
| Defendants. | |
| MARK ZUCKERBERG, and THEFACEBOOK, INC., | |
| Counterclaimants, | |
| v. | |
| CONNECTU LLC, | |
| Counterdefendant, | |
| and | |
| CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA, | |
| Additional Counterdefendants. | |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT CONNECTU LLC'S RESPONSES TO DEFENDANT AND COUNTERCLAIM PLAINTIFF THEFACEBOOK, INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

ConnectU LLC ("ConnectU") responds to TheFaceBook, Inc.'s ("TFB") First

Requests for the Production of Documents and Things as follows:

## GENERAL OBJECTIONS

In the interest of clarity and brevity, ConnectU sets forth the following general objections. These objections apply to each of the specific production requests, as well as to TFB's other written discovery requests, unless the context clearly indicates otherwise. All subsequent responses are subject to and limited by these objections.

1.      ConnectU objects to TFB's instructions to the extent they seek to impose obligations greater than those required by the Federal Rules of Civil Procedure.

2.      ConnectU objects to the production requests to the extent they seek information or documents falling within the scope of the attorney-client, work-product, and/or other privileges, or information or documents containing or reflecting the mental impressions, conclusions, opinions, or legal theories of ConnectU's attorneys or other representatives concerning the pending action. Inadvertent production or disclosure of any such information or documents shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information or documents, any other information or documents, or the subject matter thereof. Nor shall inadvertent production or disclosure waive ConnectU's right to object to the use of any such information or documents during this action or in any subsequent proceeding.

3.      ConnectU objects to the production requests to the extent they seek (a) information or documents unavailable to ConnectU; or (b) information or documents in the public domain and/or equally available to TFB's counsel; or (c) information or documents already within TFB's possession or knowledge.

4.      ConnectU objects to the production requests to the extent that they purport to require ConnectU to conduct discovery of or to investigate third persons, or to

reply on behalf of persons or corporations over whom ConnectU exercises no control or on whose behalf ConnectU has no authority to respond.

5.    ConnectU objects to the production requests to the extent that they do not relate to any claim or defense or seek information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.    ConnectU objects to the production requests to the extent they prematurely seek identification or designation of witnesses or exhibits for trial.

7.    ConnectU objects to the production requests to the extent they are vague, indefinite, overbroad, and unduly burdensome.

8.    To the extent specific general objections are cited to specific discovery requests, those citations are provided because they are believed to be particularly applicable to the request and are not to be construed as a waiver of any other general objection applicable to information and/or documents falling within the scope of the request.  Moreover, the production of any non-relevant information or documents, whether or not in response to any discovery requests, is not to be construed as a waiver of a claim of irrelevancy.

## DOCUMENT REQUEST RESPONSES AND OBJECTIONS

### Request for Production No. 1:

All versions of source code, including all revisions, new versions, and all code comments, in electronic format, for the HarvardConnection website, including but not limited to all source code that Plaintiff contends was made available to Zuckerberg.

### Response to Request for Production No. 1:

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it  seeks "all versions of source code, including all revisions, new

versions, and all code comments, for the HarvardConnection website." ConnectU also

objects to this request on the ground that it calls for documents and things in the

possession and/or control of TFB and/or Defendant Zuckerberg.

Subject to the above general and specific objections, ConnectU will produce

responsive, relevant, non-privileged, documents and things.

**Request for Production No. 2:**

All versions of source code, including all revisions, new versions, and all code

comments, in electronic format, for the ConnectU website, including but not limited to

the earliest available version and the most recent version of the ConnectU website

source code.

**Response to Request for Production No. 2:**

ConnectU objects to this request on the ground that it calls for documents and

things that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence in that it seeks information relating to the source code for the

connectu.com website, which source code is not the subject of any claims or

counterclaims in this action.

**Request for Production No. 3:**

All documents relating to the database structures used by and for the

HarvardConnection website, including but not limited to all documents relating to the

use of MySQL or any other database.

**Response to Request for Production No. 3:**

ConnectU objects to this request on the ground that it is overbroad and unduly

burdensome as it seeks "all documents relating to database structures for the

HarvardConnection website." ConnectU also objects to this request on the ground that

it calls for documents and things in the possession and/or control of TFB and/or
Defendant Zuckerberg.

Subject to the above general and specific objections, ConnectU will produce
responsive, relevant, non-privileged, documents and things.

**Request for Production No. 4:**

All documents relating to the database structures used by and for the ConnectU
website, including but not limited to all documents relating to the use of the MySQL or
any other database.

**Response to Request for Production No. 4:**

ConnectU objects to this request on the ground that it calls for documents and
things that are neither relevant nor reasonably calculated to lead to the discovery of
admissible evidence in that it seeks information relating to the source code for the
connectu.com website, which source code is not the subject of any claims or
counterclaims in this action.

**Request for  Production No. 5:**

All code sufficient to allow execution and experience by users using internet
browsers of the HavardConnection website as it was rendered on HarvardConnection
servers at the time that ConnectU alleges Zuckerberg had access to the
HarvardConnection source code.

**Response to Request for Production No. 5:**

ConnectU objects to this request on the ground that it is overbroad and unduly
burdensome as it seeks "all code sufficient to allow execution and experience by users
using internet browsers of the HavardConnection website." Such code was generated
in 2003 and due to Defendant Zuckerberg's actions, never completed, thus it may not

run on current Internet platforms. ConnectU also objects to this request on the ground that it calls for documents and things in the possession and/or control of TFB and/or Defendant Zuckerberg.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 6:**

All code sufficient to allow execution and experience by users using internet browsers of the ConnectU website as it was rendered on ConnectU servers at the time that ConnectU was initially launched.

**Response to Request for Production No. 6:**

ConnectU objects to this request on the ground that it calls for documents and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information relating to the source code for the connectu.com website, which source code is not the subject of any claims or counterclaims in this action.

Subject to the above general and specific objections, ConnectU will produce images of the ConnectU website from the time it was initially launched, if available.

**Request for Production No. 7:**

All documents relating to any "business plans" (as that term is used in paragraph 12 of the Amended Complaint) for the HarvardConnection website, including but not limited to any actual business plans, all drafts thereof, and all notes, communications, and other documents relating to any business plan for the HarvardConnection website.

**Response to Request for Production No. 7:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU also objects to this request because it calls for documents and things in the possession and/or control of TFB and/or Defendant Zuckerberg.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 8:**

All documents relating to any "business plans" (as that term is used in paragraph 12 of the Amended Complaint) for the ConnectU website, including but not limited to any actual business plans, all drafts thereof, and all notes, communications, and other documents relating to any business plan for the ConnectU website.

**Response to Request for Production No. 8:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU also objects to this request on the ground that it calls for documents and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 9:**

All documents relating to advertising carried on or by the HarvardConnection website, including but not limited to all documents relating to communications with advertisers and prospective advertisers.

**Response to Request for Production No. 9:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents.  ConnectU also objects to this request because it calls for documents and things in the possession and/or control of TFB and/or Defendant Zuckerberg.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 10:**

All documents relating to advertising carried on or by the ConnectU website, including but not limited to all documents relating to communications with advertisers and prospective advertisers.

**Response to Request for Production No. 10:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents.  ConnectU objects to this request on the ground that it calls for documents and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 11:**

All documents relating to agreements among the founders, developers, principals, partners, owners, or participants in the design or development of the HarvardConnection website, including but not limited to all written agreements, draft agreements, compensation agreements, including those relating to compensation of Zuckerberg, and communications relating to agreements.

**Response to Request for Production No. 11:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU also objects to this request because it calls for documents and things in the possession and/or control of TFB and/or Defendant Zuckerberg.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 12:**

All documents relating to the conception, design, and development of the HarvardConnection website, including but not limited to notes, journals, notebooks, and diaries relating to the conception, design, and development of the HarvardConnection website.

**Response to Request for Production No. 12:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU also objects to this request because it calls for documents and things in the possession and/or control of TFB and/or Defendant Zuckerberg.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 13:**

All documents relating to agreements among the founders, developers, principals, partners, owners, participants in the foundry, or participants in the design or development of ConnectU or the ConnectU website, including but not limited to all

written agreements, draft agreements, compensation agreements, and communications relating to agreements.

**Response to Request for Production No. 13:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU also objects to this request on the ground that it calls for documents and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 14:**

All documents relating to the formation of ConnectU, including but not limited to all versions and drafts of LLC agreements or other related documents.

**Response to Request for Production No. 14:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU also objects to this request on the ground that it calls for documents and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 15:**

All documents relating to the conception, design, and development of the ConnectU website, including but not limited to notes, journals, notebooks, and diaries relating to the conception, design, and development of the ConnectU website.

**Response to Request for Production No. 15:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU also objects to this request on the ground that it calls for documents and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 16:**

All documents relating to communications involving Zuckerberg, including but not limited to communications relating to the development of the HarvardConnection website.

**Response to Request for Production No. 16:**

ConnectU objects to this request because it calls for documents and things in the possession and/or control of TFB and/or Defendant Zuckerberg.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 17:**

All documents comprising or otherwise relating to the "trade secrets" referenced in paragraph 16 of the Amended Complaint that Plaintiff alleges were entrusted to Zuckerberg.

**Response to Request for Production No. 17:**

ConnectU objects to this request because it calls for documents and things in the possession and/or control of TFB and/or Defendant Zuckerberg.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 18:**

All documents relating to "Plaintiff's business management information and procedures" referenced in paragraph 16 of the Amended Complaint, including but not limited to the business management information and procedures themselves, all drafts thereof, and all communications related thereto.

**Response to Request for Production No. 18:**

ConnectU objects to this request because it calls for documents and things in the possession and/or control of TFB and/or Defendant Zuckerberg.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 19:**

All documents relating to ConnectU's sales revenues, profits, and assets, including but not limited to income statements, cash flow statements, balance sheets, ledgers, and sales journals.

**Response to Request for Production No. 19:**

ConnectU objects to this request on the ground that it calls for documents and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 20:**

All documents relating to HarvardConnection sales revenues, profits, and assets, including but not limited to income statements, cash flow statements, balance sheets, ledgers, and sales journals.

**Response to Request for Production No. 20:**

ConnectU does not possess or control any documents or things responsive to this request.

**Request for Production No. 21:**

All documents relating to the relevant markets in which ConnectU competes, including but not limited to research and analyses identifying any such markets, ConnectU's share of any such markets, and the identity of ConnectU's competitors in any such markets.

**Response to Request for Production No. 21:**

ConnectU objects to this request on the ground that it calls for documents and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 22:**

All documents relating to any analyses or views regarding similarities or comparisons between the ConnectU website and the thefacebook website.

**Response to Request for Production No. 22:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents, and is premature.

Subject to the above general and specific objections, ConnectU will produce any such nonprivileged documents prepared by its experts at the appropriate time.

**Request for Production No. 23:**

All documents relating to any analyses or views regarding similarities or comparisons between the HarvardConnection website and the thefacebook website.

**Response to Request for Production No. 23:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents, and is premature.

Subject to the above general and specific objections, ConnectU will produce any such nonprivileged documents prepared by its experts at the appropriate time.

**Request for Production No. 24:**

All documents relating to copyright registrations for the HarvardConnection website, including but not limited to documents relating to copyright deposit materials.

**Response to Request for Production No. 24:**

ConnectU objects to this request because it calls for privileged documents and documents and things available to Defendants from the United States Copyright Office.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

**Request for Production No. 25:**

All documents relating to copyright registrations for the ConnectU website, including but not limited to documents relating to copyright deposit materials.

**Response to Request for Production No. 25:**

ConnectU does not possess or control any documents or things responsive to this request.

## Request for Production No. 26:

All documents relating to any communications to any media regarding HarvardConnection, ConnectU, TheFacebook, or this lawsuit, including but not limited to correspondence, news articles, video footage, audio recordings, and press releases. [sic] ConnectU, and statements or materials posted on the ConnectU website at any time.

## Response to Request for Production No. 26:

ConnectU objects to this request because it calls for documents and things available to Defendants from third parties. ConnectU also objects to this request on the ground that documents and things likely covered by this request were provided in connection with ConnectU's First Request for the Production of Documents and Things.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, not previously provided, documents and things.

## Request for Production No. 27:

TFB did not propound a Request for Production No. 27.

## Request for Production No. 28:

All documents relating to i2hub or Wayne Chang, including but not limited to communications with i2hub or Wayne Chang, and documents relating to ConnectU's relationship with i2hub or Wayne Chang.

**Response to Request for Production No. 28:**

ConnectU objects to this request on the ground that it calls for documents and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things.

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA  02142
Telephone:  (617) 452-1600
Facsimile:  (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Troy E. Grabow
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC  20001
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

Attorneys for Plaintiffs and Counterclaim Defendants

DATED:  May 31, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the attached

Plaintiff And Counterclaim Defendant Connectu LLC's Responses To Defendant And

Counterclaim Plaintiff THEFACEBOOK, INC.'s First Request For The Production Of

Documents And Things) was served by Federal Express overnight courier on May 31,

2005 to the following:

Daniel K. Hampton, Esq.
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA 02116