# EXHIBIT 18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>    Defendants.<br><br>MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>    Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>    Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>    Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT CONNECTU LLC'S RESPONSES TO DEFENDANT AND COUNTERCLAIM PLAINTIFF FACEBOOK, INC.'S <u>SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS</u> <u>(NOS. 29-152)</u>**

ConnectU LLC ("ConnectU") responds to Facebook, Inc.'s ("FB") Second

Requests for the Production of Documents and Things as follows:

## **GENERAL OBJECTIONS**

In the interest of clarity and brevity, ConnectU sets forth the following general objections. These objections apply to each of the specific production requests, as well as to FB's other written discovery requests, unless the context clearly indicates otherwise. All subsequent responses are subject to and limited by these objections.

1.     ConnectU objects to the definition of "You" and "Your" as overly broad and unduly burdensome because it includes individuals and entities other than ConnectU and entities not within direct control of ConnectU.

2.     ConnectU objects to the definitions of "document" and "communication" to the extent they attempt to impose any obligations on ConnectU beyond those imposed by the Federal Rules of Civil Procedure.

3.     ConnectU objects to FB's instructions to the extent they seek to impose obligations greater than those required by the Federal Rules of Civil Procedure.

4.     ConnectU objects to producing any additional documents, except documents related to diversity, dated after May 21, 2004, until the Court rules on ConnectU's motion to compel FB's post-May 21, 2004 documents.

5.     ConnectU objects to the production requests to the extent they seek information or documents falling within the scope of the attorney-client, work-product, and/or other privileges, or information or documents containing or reflecting the mental impressions, conclusions, opinions, or legal theories of ConnectU's attorneys or other representatives concerning the pending action. Inadvertent production or disclosure of any such information or documents shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information or documents,

any other information or documents, or the subject matter thereof. Nor shall inadvertent production or disclosure waive ConnectU's right to object to the use of any such information or documents during this action or in any subsequent proceeding.

6. ConnectU objects to the production requests to the extent they seek (a) information or documents unavailable to ConnectU; or (b) information or documents in the public domain and/or equally available to FB's counsel; or (c) information or documents already within FB's possession or knowledge.

7. ConnectU objects to the production requests to the extent that they purport to require ConnectU to conduct discovery of or to investigate third persons, or to reply on behalf of persons or corporations over whom ConnectU exercises no control or on whose behalf ConnectU has no authority to respond.

8. ConnectU objects to the production requests to the extent that they do not relate to any claim or defense or seek information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9. ConnectU objects to the production requests to the extent they prematurely seek identification or designation of witnesses or exhibits for trial.

10. ConnectU objects to the production requests to the extent they are vague, indefinite, overbroad, and unduly burdensome.

11. ConnectU Objects to the production requests to the extent they are duplicative of previous requests and/or other discovery propounded by FB.

12. To the extent specific general objections are cited to specific discovery requests, those citations are provided because they are believed to be particularly applicable to the request and are not to be construed as a waiver of any other general

objection applicable to information and/or documents falling within the scope of the request. Moreover, the production of any non-relevant information or documents, whether or not in response to any discovery requests, is not to be construed as a waiver of a claim of irrelevancy.

## DOCUMENT REQUEST RESPONSES AND OBJECTIONS

### Request for Production No. 29:

All documents that summarize, describe, refer to, or constitute evidence for any of the "information and belief" by which you alleged as of September 2, 2004 that "the parties are citizens of different states" in Paragraph 2 of the Original Complaint filed in this action.

### Response to Request for Production No. 29:

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

### Request for Production No. 30:

All documents that summarize, describe, refer to, or constitute evidence that "Defendants Zuckerberg, Saverin, Moskovitz, McCollum, and Hughes operate[d] as an implied or *de facto* partnership and do business as TheFaceBook.com a/k/a TheFaceBook in the Commonwealth of Massachusetts" as of September 2, 2004, as stated in paragraph 10 of the Original Complaint filed in this action.

**Response to Request for Production No. 30:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 31:**

All documents that summarize, describe, refer to, or constitute evidence for the 'information and belief" by which you allege "Defendant Mark Zuckerberg is an individual with a place of residence in the State of New York," as alleged in Paragraph 5 of both the Original and First Amended Complaint filed in this action.

**Response to Request for Production No. 31:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 32:**

All documents that summarize, describe, refer to, or constitute evidence that "Plaintiff's business model ... was based on advertising revenue," and "had a significant chance of financial success" as alleged in Paragraph 13 of the First Amended Complaint filed in this action, including (but not limited to) all documents describing, referring to, or constituting evidence of the "Plaintiff's business model," its being "based on advertising revenue," and/or that it "had a significant chance of financial success."

**Response to Request for Production No. 32:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request on the ground that it is compound.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 33:**

All documents that summarize, describe, refer to, or constitute evidence of the individual coding responsibilities and efforts of each of the individuals other than the Defendants alleged to have developed Harvard Connection Code or code for www.connectu.com, including (but not limited to) any of (a) the Harvard Students, the "first programmer hired by plaintiff," or Victor Gao, referenced in paragraph 14 of the First Amended Complaint; (b) the "programmer" referenced in paragraph 20 of the Amended Complaint; (c) Sanjay Mavinkurve; (d) Joe Jackson; (e) Winston Williams or

programmers/individuals at Pacific Northwest Software; (f) Wayne Chang or any programmers/individuals associated with i2hub.

**Response to Request for Production No. 33:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 34:**

All documents that summarize, describe, refer to, or constitute evidence of "Plaintiff's business management information and procedures, including descriptions of the website's business model, various functionality and content concepts, and the type of information that would be collected from users" that is alleged to have been entrusted to Defendant Zuckerberg in paragraph 16 of the First Amended Complaint.

**Response to Request for Production No. 34:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 35:**

All documents that summarize, describe, refer to, or constitute evidence of "Plaintiff's business management information and procedures, including descriptions of the website's business model, various functionality and content concepts, and the type of information that would be collected from users" that is alleged to have been entrusted to Defendant Zuckerberg in paragraph 16 of the First Amended Complaint.

**Response to Request for Production No. 35:**

ConnectU objects to this request on the ground that it is an exact duplicate of Request for Production No. 34.

**Request for Production No. 36:**

All documents that summarize, describe, refer to, or constitute evidence that "Zuckerberg agreed to develop the Harvard Connection Code in exchange for a monetary interest in Plaintiff, as well as the ability to identify and highlight his contribution to prospective employers," as alleged in paragraph 17 of the First Amended Complaint.

**Response to Request for Production No. 36:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to

this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 37:**

All documents that summarize, describe, refer to, or constitute evidence that "using Plaintiff's confidential business plans and the Harvard Connection Code provided by Plaintiffs, Defendants launched a directly competitive website, TheFaceBook.com," and "Defendants used the Harvard Connection Code in connection with TheFaceBook.com," as alleged in paragraph 19 of the First Amended Complaint.

**Response to Request for Production No. 37:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 38:**

All documents that summarize, describe, refer to, or constitute evidence that "Defendant Zuckerberg shared Plaintiff's confidential business information and the Harvard Connection Code with Defendants Saverin, Moskovitz, McCollum, and Hughes," as alleged in paragraph 21 of the First Amended Complaint.

**Response to Request for Production No. 38:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 39:**

All documents that summarize, describe, refer to, or constitute evidence of what ConnectU contends is "Defendants' market advantage" as alleged in paragraph 23 of the First Amended Complaint.

**Response to Request for Production No. 39:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to

this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 40:**

All documents that summarize, describe, refer to, or constitute evidence of that it was "Defendants' market advantage" that "usurped ConnectU's market share and related business opportunities," as alleged in paragraph 23 of the Amended Complaint, including (but not limited to) all documents that reflect what ConnectU contends its "market share and related business opportunities" would have been but for the acts alleged in paragraph 23 of the First Amended Complaint to have "usurped" them.

**Response to Request for Production No. 40:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 41:**

All documents that summarize, describe, refer to, or constitute evidence that the allegedly "copied copyrighted subject matter" was "used by Defendants in connection with the TheFaceBook.com website," as alleged in paragraph 26 of the Amended Complaint, including all documents that summarize, describe, refer to, or constitute evidence of how the Defendants' website or software-based products is a "derivative work," as also referenced in paragraph 26 of the First Amended Complaint.

**Response to Request for Production No. 40:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request to the extent it calls for a legal conclusion relating to the definition "derivative work." ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 42:**

All documents that summarize, describe, or refer to the alleged irreparable injury and monetary damages suffered by ConnectU, as alleged in paragraphs 29, 37, 41, 45, 51, 59, 65, 69, and 76 of the First Amended Complaint.

**Response to Request for Production No. 42:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 43:**

All documents that summarize, describe, or refer to the "appropriate steps [taken] to maintain the secrecy of [your] business management information and procedures," as alleged in paragraph 31 of the First Amended Complaint.

**Response to Request for Production No. 43:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 44:**

All documents that summarize, describe, or refer to the existence of and value of your "business management information and procedures," as alleged in paragraphs 32 and 35 of the First Amended Complaint.

**Response to Request for Production No. 44:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request as vague as it is uncertain what is meant by the "existence" and "value." ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 45:**

All documents that summarize, describe, or refer to your allegation that you "expended significant effort in both time and money to develop [your] business management information and procedures," as alleged in paragraph 33 of the First Amended Complaint.

**Response to Request for Production No. 45:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 46:**

All contracts entered into between you and Zuckerberg including drafts thereof, including (but not limited to) copies of all documents that summarize, describe or refer to the contracts referenced in any of paragraphs 38-45 of the First Amended Complaint.

**Response to Request for Production No. 46:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request to the extent it calls for a legal conclusion relating to the definition "contract." ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 47:**

All documents that summarize, describe, refer to, or constitute contracts, or contract negotiations, between you and Zuckerberg, including (but not limited to) copies

of all documents that summarize, describe or refer to any contracts or contract negotiations referenced in any of paragraphs 38-45 of the First Amended Complaint.

**Response to Request for Production No. 47:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the grounds that it is duplicative of other requests, particularly Request for Production No. 46. ConnectU also objects to this request to the extent it calls for a legal conclusion relating to the definition "contract." ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 48:**

All documents that summarize, describe, refer to, or constitute the "valuable benefit" referenced in paragraph 62 of the First Amended Complaint, including (but not limited to) all documents that summarize, describe, refer to, or constitute evidence that "Defendants have been enriched at the expense of Plaintiff," as alleged in paragraph 61 of the First Amended Complaint.

**Response to Request for Production No. 48:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 49:**

All documents that support your contention that Defendants "caused website users and advertisers to refrain from entering into contracts and other business relations with ConnectU and have usurped such business opportunities," as alleged in paragraph 67 of the First Amended Complaint.

**Response to Request for Production No. 49:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 50:**

All documents that support your contention that Zuckerberg "never intended to provide the code," as alleged in paragraph 71 of the First Amended Complaint.

**Response to Request for Production No. 50:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 51:**

All Documents relating to contracts, proposed contracts, and/or agreements entered into between ConnectU and advertisers on the ConnectU website.

**Response to Request for Production No. 51:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request to the extent it calls for a legal conclusion relating to the definition "contract." ConnectU objects to this

request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 52:**

All Documents relating to contracts, proposed contracts, and/or agreements entered into between ConnectU and the users of the ConnectU website.

**Response to Request for Production No. 52:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request to the extent it calls for a legal conclusion relating to the definition "contract." ConnectU also objects to this request on the ground that it does not related to any claim or defense and seeks information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 53:**

All Documents relating to potential contracts, agreements that ConnectU did not enter into with advertisers, because of Facebook's interference with ConnectU, as alleged by ConnectU in paragraph 67 of the First Amended Complaint.

**Response to Request for Production No. 45:**