ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request to the extent it calls for a legal conclusion relating to the definition "contract." ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 54:**

All Documents relating to the denials set forth in paragraphs 4 and 5 of Counterclaim Defendants' Reply to Counterclaims of the Facebook, Inc. and Mark Zuckerberg that Cameron and Tyler are citizens of the Commonwealth of Massachusetts.

**Response to Request for Production No. 54:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the grounds that it is duplicative of other requests, particularly Request for Production No. 29 and 151. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Dockets.Justia.com

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 55:**

All Documents relating to the denials and/or averments set forth in paragraphs 7-52 of Counterclaim Defendants' Reply to Counterclaims of the Facebook, Inc. and Mark Zuckerberg.

**Response to Request for Production No. 55:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the ground that it is compound. ConnectU also objects to this request to the extent it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced and will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 56:**

All Documents relating to and/or reflecting the present value of ConnectU and connectu.com.

**Response to Request for Production No. 56:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated

to lead to the discovery of admissible evidence. ConnectU also objects to this request on the ground that it fails to define "present value."

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

## Request for Production No. 57:

All Documents relating to the May 17, 2006 *New Yorker* article "Me Media" by John Cassidy, including (but not limited to) all correspondence between any member or representative of ConnectU and *The New Yorker,* and/or copies of all documents shown by any member or representative of ConnectU to John Cassidy or other writer, employee or agent of *The New Yorker.*

## Response to Request for Production No. 57:

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

## Request for Production No. 58:

All Documents relating to and/or reflecting the value of investment in and identity of the investors of ConnectU, Harvard Connection, and/or www.connectu.com, including documents reflecting the dates and amounts of investment each has made, as well as for each and every loan made to ConnectU, Harvard Connection, and/or www.connectu.com, the dates and value of each such loan, and the terms thereof.

## Response to Request for Production No. 58:

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 59:**

All Documents relating to and/or reflecting the ownership and identity of each developer, shareholder, owner, equity owner, rights holder, director, officer or agent of ConnectU, Harvard Connection, and/or www.connectu.com, including documents reflecting the identity of any person with any type of ownership interest in ConnectU, Harvard Connection, and/or www.connect.com on a yearly basis from August, 2003 through the present.

**Response to Request for Production No. 59:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 60:**

All Documents relating to and/or reflecting the identity of each university, college and/or other school at which ConnectU, Harvard Connection, and/or www.connectu.com has been available or operational, on a monthly basis from August 2003 to the present.

**Response to Request for Production No. 59:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU also objects to this request because it seeks documents prior to the launch of connectu.com.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 61:**

All Documents relating to and/or reflecting the number of persons registered to use ConnectU, Harvard Connection, and/or www.connectu.com in total, as well as by university, college, or other school, on a monthly basis from August 2003 to the present.

**Response to Request for Production No. 61:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU also objects to this request because it seeks documents prior to the launch of connectu.com.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 62:**

All Documents relating to and/or reflecting the number of hits per day at ConnectU, Harvard Connection, and/or www.connectu, in total and broken out by university, college, or other school, from August 2003 through the present.

**Response to Request for Production No. 62:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU also objects to this request because it seeks documents prior to the launch of connectu.com.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 63:**

All Documents relating to and/or reflecting the number of hits per day by the same user at ConnectU, Harvard Connection, and/or www.connectu.com in total and broken out by university, college, or other school, from August 2003 to the present.

**Response to Request for Production No. 63:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU also objects to this request because it seeks documents prior to the launch of connectu.com.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 64:**

All Documents relating to and/or reflecting the fixed costs, variable costs, overhead, revenue, gross profit, net profit or loss, and debt, of ConnectU, Harvard Connection, and/or www.connectu.com, on a monthly basis from August 2003 to the present.

**Response to Request for Production No. 64:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request because it seeks documents prior to the launch of connectu.com.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 65:**

All Documents relating to and/or reflecting the contribution to Harvard Connection, ConnectU, and/or www.connectu.com, whether by expenditure of time or financial contribution, of any entity associated with the members of ConnectU, including (but not limited to), the Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants. Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love. Peter Brot. and/or Maria Antonelli.

**Response to Request for Production No. 65:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" regarding "any entity associated with members of ConnectU" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence. ConnectU also objects to this request because it calls for privileged information and/or attorney work product.

**Request for Production No. 66:**

All Documents relating to and/or reflecting the amount of damages each Defendant individually or collectively alleges to have suffered, as a result of the allegations of the complaint, including all documents relating to or reflecting any attempt by you to mitigate your damages.

**Response to Request for Production No. 66:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request as overly broad and unduly burdensome to the extent it seeks information about Defendants, and therefore would more readily obtainable from them.

**Request for Production No. 67:**

All Documents relating to or reflecting the program known as "Social Butterfly", and/or any other software program designed to solicit membership in ConnectU, Harvard Connection, and/or www.connectu, including copies of all versions of the software itself.

**Response to Request for Production No. 67:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 68:**

All Documents relating to the program known as the "importer" and/or "Facebook Importer" (see, e.g., production document C008963), and/or any other software program designed to solicit membership of registered email users of www.facebook to ConnectU, Harvard Connection, and/or www.connectu, including copies of all versions of the importer software itself.

**Response to Request for Production No. 68:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 69:**

All Documents reflecting communications between members of Harvard Connection and/or ConnectU and Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

**Response to Request for Production No. 69:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.   ConnectU also objects to this request to the extent it seeks privileged communications.

Subject to the above general and specific objections, ConnectU has produced and will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 70:**

All Documents reflecting communications between members of Harvard Connection and/or ConnectU and any developer of the software and code used to create, run and operate Harvard Connection and/or ConnectU, including copies of all correspondence between YOU or your agents and Joseph Jackson, Victor Gao, Sanjay Mavinkurve.

**Response to Request for Production No. 70:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 71:**

All Documents reflecting or referring to the independent contribution, by date of such contribution, to the Harvard Connection software you allege is copyright protected, including copies of all versions of the software as it existed prior to the date of registration with the United States Copyright Office.

**Response to Request for Production No. 71:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request on the ground that it is duplicative of other discovery propounded by Defendants.  ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 72:**

All Documents reflecting or referring to communications between members of ConnectU and/or Harvard Connection and any member of the public prior to February 28, 2004, in which the subject of the development of Harvard Connection is discussed, including (but not limited to) communications with Nate Rosenberg, Rob Scott, Chris Lentz, potential employers of Divya Narendra, family members, Marko Soldo, and/or Mike Jaffee.

**Response to Request for Production No. 72:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, particularly in the fact that it seeks documents relating to communications with persons not at all involved with this case.

Subject to the above general and specific objections, ConnectU has produced and will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 73:**

All Documents relating to internal management and consultant reports, studies, prospectuses, correspondence, and presentation outlines related to business, financial and marketing planning and budgeting for ConnectU and ConnectU's website.

**Response to Request for Production No. 73:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU also objects to this request on the ground that

it is vague, particularly with respect to the meaning of the term "related to business,

financial and marketing planning and budgeting."

Subject to the above general and specific objections, ConnectU has produced

and will produce responsive, relevant, non-privileged, documents and things, to the

extent they exist.

**Request for Production No. 74:**

All Documents relating to reports, reviews, valuations, appraisals, and audits by

outside accountants, appraisers and consultants, including but not limited to all

supporting workpapers, calculations, notes, reference documents, management letters,

and other related correspondence for ConnectU and ConnectU's website.

**Response to Request for Production No. 74:**

ConnectU objects to this request on the ground that it is overbroad and unduly

burdensome as it seeks "all documents" and fails to identify the requested documents

with reasonable particularity.  ConnectU also objects to this request as because it seeks

documents that are not within ConnectU's custody, control, or possession.

Subject to the above general and specific objections, ConnectU has produced or

will produce responsive, relevant, non-privileged, documents and things, to the extent

they exist.

**Request for Production No. 75:**

All Documents in ConnectU's possession, relating to other social network

websites, including but not limited to trade associations, periodicals, magazines related

to websites similar to ConnectU.

**Response to Request for Production No. 75:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 76:**

All Documents referring to, relating to or reflecting your corporate organizational charts.

**Response to Request for Production No. 76:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 77:**

All annual and quarterly consolidated and unconsolidated balance sheets and consolidated and unconsolidated income statements for ConnectU, and all annual general ledgers.

**Response to Request for Production No. 77:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things to the extent they exist.

**Request for Production No. 78:**

All Documents relating to accounts receivable, listings, journals, and ageing schedules indicating customer name, description of receivable, amounts and the dates that amounts were incurred and due, including all calculations and adjustments for bad debts for sales involving ConnectU.

**Response to Request for Production No. 78:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 79:**

All Documents relating to records and analyses related to intangible assets, including, but not limited to, goodwill, customer lists and product lines, trademarks, other patents, and any items that ConnectU describes as proprietary.

**Response to Request for Production No. 79:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, particularly in the fact that is seeks information about proprietary items that are not the subject of this case.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.  ConnectU will limit this production to proprietary items relevant to this case.

**Request for Production No. 80:**

All Documents relating to accounts payable listings, journals and aged schedules indicating vendor name, description of payable, amounts, and the dates that amounts were incurred and due relating ConnectU.

**Response to Request for Production No. 80:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 81:**

All Documents relating to contracts, agreements, or purchase orders between ConnectU and outside equipment manufacturers ("OEM") for products or components used in the creation and functioning of the ConnectU website.

**Response to Request for Production No. 81:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 82:**

All Documents generated by ConnectU relating to sales reports, summaries and analyses per type, product, service, customer, period, location, users.

**Response to Request for Production No. 82:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information

that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 83:**

All Documents generated by ConnectU relating to sales journals, transaction or invoice registers (electronic or otherwise) and sales invoices indicating, for each sale, customer name and identification codes, products, product or services sold, unit quantities, unit prices, date of sale and any credit terms, discounts, or other adjustments made thereto.

**Response to Request for Production No. 83:**

.    ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 84:**

All Documents generated by ConnectU relating to sales and services orders, contracts, and agreements indicating customer, product, service to be supplied, delivery or service schedule, period, payment and credit terms, all representations of performance and quality, and all correspondence and modifications.

**Response to Request for Production No. 84:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 85:**

All Documents relating to revenue projections of forecasts and/or budgets with revenue projections, including, but not limited to ConnectU's marketing forecast for all periods generated, with supporting schedules, for the period January 1, 2003 through the present.

**Response to Request for Production No. 85:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 86:**

All Documents relating to market studies, reports or analysis relating to the subject industry including but not limited to reports on competition, market segments, market share.

**Response to Request for Production No. 85:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 87:**

All Documents which describe features of ConnectU's website utilizing the disputed intellectual property, including customer proposals and correspondence between advertisers which reflect attributes of the ConnectU website.

**Response to Request for Production No. 87:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.  ConnectU also objects to this request as vague as it is uncertain what is meant by the correspondence between advertisers."