Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 88:**

All Documents which describe the distribution and marketing systems for the ConnectU website, including but not limited to number of customers, (i.e. number of users, number of schools), sales representatives, volume.

**Response to Request for Production No. 88:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents. ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the grounds that it is duplicative of other requests, particularly Request for Production No. 60. ConnectU also objects to this request to the extent it calls for a legal conclusion relating to the definition "contract." ConnectU also objects to this request on the ground that it fails to define the terms "distribution," "marketing," or "systems."

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 89:**

All Documents which indicate or summarize the results of any customer surveys or questionnaires, including surveys taken after demonstrations of ConnectU website to potential customers.

**Response to Request for Production No. 89:**

Dockets.Justia.com

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 90:**

All Documents relating to analyses, summaries and descriptions of the individual components of cost of sales and operating expenses for ConnectU's website.

**Response to Request for Production No. 90:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 91:**

All Documents relating to analyzes and/or breakdowns of fixed and variable expenses and any documentation of expenses classified as fixed and variable by ConnectU.

**Response to Request for Production No. 91:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 92:**

All Documents relating to research and development related to ConnectU and ConnectU website.

**Response to Request for Production No. 92:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU also objects to this request as vague as it is uncertain what is encompassed by "research and development."

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 93:**

All Documents relating to research and development costs related to ConnectU and ConnectU website.

**Response to Request for Production No. 93:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request as vague as it is uncertain what is encompassed by "research and development costs."

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for production No. 94:**

All Documents relating to licensing agreements signed as well as contemplated relating to the ConnectU website.

**Response to Request for Production No. 94:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 95:**

All Documents tracking ConnectU's market share of the social network website market.

**Response to Request for Production No. 95:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 96:**

All Documents relating to market share information, including but not limited to any analyses made by ConnectU of any competitor's market share, advantages, or disadvantages.

**Response to Request for Production No. 96:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the grounds that it is duplicative of other requests, particularly Request for Production No. 95.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 97:**

All Documents relating to any assessments of the ConnectU website, performed by, including but not limited to, marketing, sales, executive personnel identifying product features, positioning, differentiation from other websites, pricing and other issues related to sales.

**Response to Request for Production No. 97:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 98:**

All Documents relating to due diligence performed by ConnectU on any acquisition of technology or other intellectual property in the social network website markets.

**Response to Request for Production No. 98:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 99:**

All Documents relating to due diligence conducted related to ConnectU financing, including but not limited to budgets, projections, marketing plans given to potential investors or lenders.

**Response to Request for Production No. 99:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 100:**

All Documents listing Persons employed by ConnectU.

**Response to Request for Production No. 100:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests information regarding persons not involved in this case.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 101:**

All Documents relating to products that ConnectU has developed or is currently developing.

**Response to Request for Production No. 101:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as being vague, in particular because it is uncertain what is contemplated by the term "products." ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests information regarding products that have no bearing on this case.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 102:**

All Documents transmitted or provided to, reviewed, considered or prepared by any and all expert witnesses engaged by ConnectU.

**Response to Request for Production No. 102:**

ConnectU objects to this request on the ground that it calls for the production of privileged documents.  ConnectU objects to this request on the ground that it is

overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it seeks information prematurely.

**Request for Production No. 103:**

All Documents identifying all your customers.

**Response to Request for Production No. 103:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the ground that it seeks third party private information. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests information regarding products that have no bearing on this case.

**Request for Production No. 104:**

All contracts or agreements between ConnectU and Zuckerberg that evidence that Zuckerberg was a partner of Harvard Connection and/or ConnectU.

**Response to Request for Production No. 104:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 105:**

All Documents that show a precise deadline for Zuckerberg's completion of the Harvard Connection code.

**Response to Request for Production No. 105:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 106:**

All Documents that show that Zuckerberg was not allowed by ConnectU to engage in any competing business.

**Response to Request for Production No. 106:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 107:**

All Documents that show that ConnectU did not disclose their alleged trade secret to any third-party.

**Response to Request for Production No. 107:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for production No. 108:**

All documents, emails, or other communications from or between any member, agent, or employee of ConnectU (including, but not limited to, Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, Howard Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software) relating to or referring in any way to the website known as Harvard Connection.

**Response to Request for Production No. 108:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the ground that it mischaracterizes individuals as members, agents, or employees of ConnectU. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence. in particular because it requests information regarding persons who are not

involved in this case.  ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 109:**

All documents, emails, or other communications from or between any member, agent, or employee of ConnectU (including, but not limited to, Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, Howard Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Versa Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software) relating to or referring in any way to the website known as www.connectu.

**Response to Request for Production No. 109:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU also objects to this request on the ground that it mischaracterizes individuals as members, agents, or employees of ConnectU. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence. in particular because it requests information regarding persons who are not

involved in this case.  ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

## Request for Production No. 110:

AU documents, emails, or other communications from or between any member, agent, or employee of ConnectU (including, but not limited to, Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, Howard Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software) relating to or referring in any way to the website known as www.facebook.com.

## Response to Request for Production No. 110:

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU also objects to this request on the ground that it mischaracterizes individuals as members, agents, or employees of ConnectU. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence. in particular because it requests information regarding persons who are not

involved in this case.   ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

## Request for Production No. 111:

All email(s) and/or other communications between Cameron Winklevoss and any other party relating to the creation, development, functionality, copyright protection of, or confidentiality of features of Harvard Connection or ConnectU, including (but not limited to) Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, Divya Narendra, Tyler Winklevoss, Howard Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

## Response to Request for Production No. 111:

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence. in particular because it requests information regarding persons who are not involved in this case.  ConnectU also objects to this

request on the grounds that it is duplicative of other requests, particularly Request for Production No. 112, 113, 114, and 115.   ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 112:**

All email(s) and/or other communications between Tyler Winklevoss and any other party relating to the creation, development, functionality, copyright protection of, or confidentiality of features of Harvard Connection or ConnectU, including (but not limited to) Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, Divya Narendra, Howard Winklevoss, Cameron Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

**Response to Request for Production No. 112:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests information

regarding persons who are not involved in this case. ConnectU also objects to this request on the grounds that it is duplicative of other requests, particularly Request for Production No. 111, 113, 114, and 115. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

### Request for Production No. 113:

All email(s) and/or other communications between Divya Narendra and any other party relating to the creation, development, functionality, copyright protection of, or confidentiality of features of Harvard Connection or ConnectU, including (but not limited to) Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, Cameron Winklevoss, Tyler Winklevoss, Cameron Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net,' or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

### Response to Request for Production No. 113:

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the

discovery of admissible evidence, in particular because it requests information regarding persons who are not involved in this case. ConnectU also objects to this request on the grounds that it is duplicative of other requests, particularly Request for Production No. 111, 112, 114, and 115. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 114:**

All email(s) and/or other communications between Howard Winklevoss and any other party relating to the creation, development, functionality, copyright protection of, or confidentiality of features of Harvard Connection or ConnectU, including (but not limited to) Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, Divya Narendra, Tyler Winklevoss, Cameron Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

**Response to Request for Production No. 114:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information

that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests information regarding persons who are not involved in this case.  ConnectU also objects to this request on the grounds that it is duplicative of other requests, particularly Request for Production No. 111, 112, 113, and 115.    ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

## Request for Production No. 115:

All email(s) and/or other communications between Tyler Winklevoss and any other party relating to the creation, development, functionality, copyright protection of, or confidentiality of features of Harvard Connection or ConnectU, including (but not limited to) Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, Divya Narendra, Tyler Winklevoss, Cameron Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

## Response to Request for Production No. 115:

ConnectU objects to this request on the ground that it is an exact duplicate of Request for Production No. 112.

**Request for Production No. 116:**

All documents in the possession, custody or control of any member of ConnectU (including Cameron Winklevoss, Howard Winklevoss, Divya Narendra, and/or Howard Winklevoss) that relates in any way to the subject matter of this lawsuit.

**Response to Request for Production No. 116:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" that "relates [sic] in any way to the subject matter of this lawsuit" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

**Request for Production No. 117:**

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by any member, agent, employee, or assignee or consultant of ConnectU (including, but not limited to, Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, Divya Narendra, Victor Gao, Sanjay Mavinkurve, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software), to the extent that computer was used to communicate regarding or reflects the creation or development of the Harvard Connection software and website, or any software reflecting the creation, development and operation of the ConnectU website, the Social Butterfly program, or the Facebook Importer program.

**Response to Request for Production No. 117:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests information regarding persons who are not involved in this case.

**Request for Production No. 118:**

All documents referring to or reflecting the use by any member, employee, agent, consultant or assignee of ConnectU of the Facebook website, including (but not limited to) all documents referring to or reflecting the attempt to access the Facebook website by any of Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, Divya Narendra, Victor Gao, Sanjay Mavinkurve, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

**Response to Request for Production No. 118:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests information regarding persons who are not involved in this case. ConnectU also objects to this request on the grounds that it is vague as it is not certain what is meant by "use of...the

Facebook website."   ConnectU also objects to this request on the ground that it calls for
privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or
will produce responsive, relevant, non-privileged, documents and things, to the extent
they exist.

## Request for Production No. 119:

All documents referring to or reflecting the use by ConnectU of any software
program designed to access the Facebook website, including all documents referring to
or relating to the program known as the Facebook "Importer" (see, e.g., Production
Document C008963).

## Response to Request for Production No. 119:

ConnectU objects to this request on the ground that it is overbroad and unduly
burdensome as it seeks "all documents" and fails to identify the requested documents
with reasonable particularity.   ConnectU also objects to this request on the grounds that
it is duplicative of other requests, particularly Request for Production No. 68.  ConnectU
also objects to this request on the ground that it calls for privileged information or
attorney work product.  ConnectU also objects to this request as seeking information
that is not relevant to the issues in the case and not reasonably calculated to lead to the
discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or
will produce responsive, relevant, non-privileged, documents and things, to the extent
they exist.

**Request for Production No. 120:**

All documents referring to or reflecting the use by ConnectU of any software

program designed to solicit membership in ConnectU, including soliciting members with

accounts at the Facebook website, including all documents referring to or relating to the

program known as "Social Butterfly."

**Response to Request for Production No. 120:**

ConnectU objects to this request on the ground that it is overbroad and unduly

burdensome as it seeks "all documents" and fails to identify the requested documents

with reasonable particularity.   ConnectU also objects to this request on the grounds that

it is duplicative of other requests, particularly Request for Production No. 67.   ConnectU

also objects to this request on the ground that it calls for privileged information or

attorney work product.  ConnectU also objects to this request as seeking information

that is not relevant to the issues in the case and not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or

will produce responsive, relevant, non-privileged, documents and things, to the extent

they exist.

**Request for Production No. 121:**

All documents supporting or tending to support the factual bases of all claims set

forth in the Complaint, Amended Complaint, Counterclaims, and/or Reply to

Counterclaims (or any subsequent Amended Complaint).

**Response to Request for Production No. 121:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" which support "the factual bases of all claims" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 122:**

All documents concerning or constituting surveys or questionnaires of users of either the Harvard Connection or ConnectU websites.

**Response to Request for Production No. 122:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 123:**

All documents relating to the subject matter of this lawsuit, including documents identified in ConnectU's Initial Disclosures and Responses to Requests for Production not previously produced, and/or responsive documents generated since Defendants' initially responded.

**Response to Request for Production No. 123:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents relating to the subject matter of this lawsuit" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 124:**

All documents reflecting that the items listed in Defendants' Response to Interrogatory Number 2 constituted a trade secret of ConnectU.

**Response to Request for Production No. 124:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 125:**

All documents reflecting knowledge by Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, Divya Narendra, Joe Jackson, Victor Gao, Sanjay Mavinkurve, Mark Zuckerberg, or any other party alleged to have knowledge of Harvard Connection prior to the launch of www.facebook.com, of any public domain websites featuring any

of the items listed in Defendants' Response to Interrogatory Number 2, regardless of whether ConnectU claims the public domain website features every item listed in Interrogatory Number 2.

**Response to Request for Production No. 125:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request on the ground that it calls for documents in the possession, custody, or control of FB. ConnectU objects to this request o the ground that it calls for documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 126:**

All documents, emails and other communications relating in any way to the website known as Harvard Connection, of which any member, agent, employee, or consultant of ConnectU received or possesses a copy.

**Response to Request for Production No. 126:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents, emails and other communications relating in any way to the website known as Harvard Connection" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it

requests documents which are outside the scope of this case.   ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 127:**

All documents, emails and other communications relating in any way to the website known as www.facebook.com, of which any member, agent, employee, or consultant of ConnectU received or possesses a copy.

**Response to Request for Production No. 127:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents, emails and other communications relating in any way to the website known as www.facebook.com" and fails to identify the requested documents with reasonable particularity.  ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests documents which are outside the scope of this case.   ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 128:**

All documents, emails and other communications relating in any way to the website known as www.connectU.com, of which any member, agent, employee, or consultant of ConnectU received or possesses a copy.

**Response to Request for Production No. 128:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents, emails and other communications relating in any way to the website known as www.connectU.com" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests documents which are outside the scope of this case. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 129:**

All documents sufficient to identify, constituting or concerning design and technical documentation and/or specifications for the Harvard Connection website, code, or database, from the date of its creation to the last date it operated.

**Response to Request for Production No. 129:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 130:**

All documents sufficient to identify, constituting or concerning design and technical documentation and/or specifications for the www.connectu.com website, code, or database, from the date of its creation to the present.

**Response to Request for Production No. 130:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 131[a][1]:**

All documents sufficient to identify, constituting or concerning operational costs and management of the website www.connectu.com, including documents reflecting the

---

[1] ConnectU added the designations "a" and "b" to distinguish between the two requests number 131. This same procedure has been used for other requests with duplicate request numbers (142, 143, and 145).

amount of memory used to operate the website on a monthly basis from the date of creation through the present.

**Response to Request for Production No. 131[a]:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests documents which are outside the scope of this case.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for production No. 131[b]:**

All documents sufficient to identify each email account used by any member of Harvard Connection or ConnectU, from January 1, 2003 through the present.

**Response to Request for Production No. 131[b]:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests information which are outside the scope of this case, such as personal email addresses.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent

they exist.  ConnectU will limit its response to email addresses that were associated with the business management of ConnectU.

**Request for Production No. 132:**

All documents sufficient to identify each user account used to access the Facebook website by any member of Harvard Connection or ConnectU, from the date Facebook first became known to ConnectU through the present.

**Response to Request for Production No. 132:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 133:**

All documents sufficient to identify each user account used to access the Facebook website at the direction of, or at the request of, any member of Harvard Connection or ConnectU, from the date Facebook first became known to ConnectU through the present.

**Response to Request for Production No. 133:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.  ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 134:**

All documents sufficient to identify what you allege are any "database definitions" designed for or as part of the Harvard Connection website.

**Response to Request for Production No. 134:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 135:**

Copies of all documents shown to, generated by, or referring or relating to, any expert or technical consultant used or employed by ConnectU for purposes of this litigation.

**Response to Request for Production No. 135:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

ConnectU also objects to this request on the grounds that it is duplicative of other requests, particularly Request for Production No. 102.

**Request for Production No. 136:**

Copies of all documents concerning your efforts from August 2003 through the present to identify and locate any and all computers in your possession, custody or control, or in the possession, custody or control of your agents, assignees, employees,

or website hosting provider(s), that could reasonably contain any version of either the

Harvard Connection or ConnectU source code and software.

**Response to Request for Production No. 136:**

ConnectU objects to this request on the ground that it is overbroad and unduly

burdensome as it seeks "all documents" and fails to identify the requested documents

with reasonable particularity. ConnectU objects to this request as seeking information

that is not relevant to the issues in the case and not reasonably calculated to lead to the

discovery of admissible evidence. ConnectU objects to this request o the ground that it

calls for documents in the possession, custody, or control of third parties unrelated to

ConnectU. ConnectU also objects to this request on the ground that it calls for

privileged information or attorney work product.

**Request for Production No. 137:**

Copies of all documents concerning your efforts from August 2003 through the

present to locate and retrieve and/or recover any communications, content, source

code, or software that might relate to the subject matter of this lawsuit, including

(without limitation) any deleted or corrupted information present, stored, or residing on,

or deleted from, any and all computers in the possession, custody or control of

ConnectU and its members, or in the possession, custody or control of any agent,

assignee, employee or website hosting provider for ConnectU and/or Harvard

Connection.

**Response to Request for Production No. 137:**

ConnectU objects to this request on the ground that it is overbroad and unduly

burdensome as it seeks "copies of all documents" and fails to identify the requested

documents with reasonable particularity. ConnectU objects to this request as seeking

information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests information that only "**might** relate to the subject matter of this lawsuit" (emphasis added). ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

## Request for Production No. 138:

Copies of all documents concerning your efforts from August 2003 through the present to analyze communications, content, source code, or software that might relate to the subject matter of this lawsuit, including (without limitation) any deleted or corrupted information present, stored, or residing on, or deleted from, any and all computers in the possession, custody or control of ConnectU and its members, or in the possession, custody or control of any agent, assignee, employee or website hosting provider for ConnectU and/or Harvard Connection.

## Response to Request for Production No. 138:

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests information that only "**might** relate to the subject matter of this lawsuit" (emphasis added). ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

**Request for Production No. 139:**

Copies of all documents concerning your efforts from August 2003 through the present to obtain any and all electronic versions, whether in active or archival storage, of the content, source code, or software of Harvard Connection, including (without limitation) any deleted or corrupted information present, stored, or residing on, or deleted from, any and all computers in the possession, custody or control of ConnectU and its members, or in the possession, custody or control of any agent, assignee, employee or website hosting provider for ConnectU and/or Harvard Connection.

**Response to Request for Production No. 137:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

**Request for Production No. 140:**

Copies of all documents concerning your efforts from August 2003 through the present to ensure that you obtained and maintained any source code or software for Harvard Connection, including (without limitation) any versions of said code existing prior to March 4, 2004, and any deleted or corrupted information present, stored, or residing on, or deleted from, any and all computers in the possession, custody or control of ConnectU and its members, or in the possession, custody or control of any agent, assignee, employee or website hosting provider for ConnectU and/or Harvard Connection.

**Response to Request for Production No. 140:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

**Request for Production No. 141:**

Copies of all documents concerning your efforts from August 2003 through the present to ensure that you obtained and maintained any source code or software for ConnectU, including (without limitation) all versions of said code through the present, and any deleted or corrupted information present, stored, or residing on, or deleted from, any and all computers in the possession, custody or control of ConnectU and its members, or in the possession, custody or control of any agent, assignee, employee or website hosting provider for ConnectU.

**Response to Request for Production No. 141:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

**Request for Production No. 142[a]:**

Copies of all documents concerning your process for making mirror images or forensic copies from August 2003 through the present of any source code or software for Harvard Connection and/or ConnectU.

**Response to Request for Production No. 142[a]:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

**Request for Production No. 143[a]:**

Copies of all documents concerning the results of any and all searches, analyses, or examinations communications, content, source code, or software that might relate to the subject matter of this lawsuit, including (without limitation) the results of any and all searches, analyses, or examinations for any deleted or corrupted information present, stored, or residing on, or deleted from, any and all computers in the possession, custody or control of ConnectU and its members, or in the possession, custody or control of any agent, assignee, employee or website hosting provider for ConnectU and/or Harvard Connection.

**Response to Request for Production No. 143[a]:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity. ConnectU objects to this request as seeking

information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, in particular because it requests information that only "**might** relate to the subject matter of this lawsuit" (emphasis added). ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

**Request for Production No. 142[b]:**

Copies of all documents referring to or relating to what specific portions of the Harvard Connection source code or software you allege was copied for purposes of your copyright claim.

**Response to Request for Production No. 142[b]:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the ground any responsive documents would be in the possession, custody, or control of FB. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

**Request for Production No. 143[b]:**

Copies of all documents referring to or relating to comparisons of all specific portions of the Harvard Connection source code or software you allege was copied for purposes of your copyright claim to the source code and software of Facebook.

**Response to Request for Production No. 143[b]:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the

ground any responsive documents would be in the possession, custody, or control of FB. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

**Request for Production No. 144:**

Copies of all documents demonstrating that you compared specific portions of the Harvard Connection source code or software to features of Facebook prior to the initiation of this lawsuit.

**Response to Request for Production No. 144:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request as duplicative of other requests, particular Reqest for Production No. 143[b]. ConnectU also objects to this request on the ground any responsive documents would be in the possession, custody, or control of FB. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

**Request for Production No. 145[a]:**

Copies of all documents demonstrating that you made a good faith investigation of your copyright claim prior to alleging copyright infringement, including copies of all documents reflecting what code, functions or software you allege existed in the Facebook website that prior to this lawsuit you contend were copied from the Harvard Connection code or software.

**Response to Request for Production No. 145[a]:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested

documents with reasonable particularity.   ConnectU also objects to this request on the ground any responsive documents would be in the possession, custody, or control of FB.  ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

### Request for Production No. 145[b]:

Copies of all documents referring to, relating to, or demonstrating the amount of damages you allege you have suffered as a result of Defendants' conduct from the period between the launch of the Facebook website and the launch of the ConnectU website.

### Response to Request for Production No. 145[b]:

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU also objects to this request on the ground any responsive documents would be in the possession, custody, or control of FB.  ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

### Request for Production No. 146:

Copies of all documents referring to, relating to, or demonstrating the amount of damages you allege you have suffered as a result of Defendants' conduct from the period following the launch of the ConnectU website, including all documents referring to, relating to, or demonstrating that Facebook was responsible for such damages.

**Response to Request for Production No. 146:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the ground any responsive documents would be in the possession, custody, or control of FB. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 147:**

Copies of all documents referring to, relating to, or demonstrating the efforts of ConnectU to obtain members for its website, from the date of its launch to the present.

**Response to Request for Production No. 147:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 148:**

Copies of all documents referring to, relating to, or demonstrating the efforts of ConnectU and its members to ensure that ConnectU realized a profit.

**Response to Request for Production No. 148:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 149:**

Copies of all documents referring to, relating to, or demonstrating bugs, service . problems, suspensions of website activity, or public dissatisfaction with the ConnectU website, including copies of documents reflecting the actions taken by ConnectU to ensure that any bug, service problem, suspension of activity, or other source of public dissatisfaction was remedied.

**Response to Request for Production No. 149:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 150:**

Copies of all documents and communications referring to or relating to any statement by members of ConnectU to any person, including the press, the Harvard Administration Board, to friends, other members of the public, family members, other members of the ConnectU, or to himself, concerning Facebook or the subject matter of this lawsuit.

**Response to Request for Production No. 150:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity.   ConnectU objects to this request as seeking information that is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence, particularly in respect to the fact that is seeks private communications made to family members and friends.  ConnectU also objects to this request as vague, as it is uncertain what is meant by statements made "to himself."  ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.  ConnectU also objects to this request on the ground that it seeks documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 151:**

Copies of all documents reflecting the citizenship of each member of ConnectU from August 1, 2003 through the present.

**Response to Request for Production No. 151:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the ground that it fails to define the term "citizenship." ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

**Request for Production No. 152:**

Copies of all documents reflecting, referring to, relating to, or supporting any Interrogatory Response you provide in this litigation.

**Response to Request for Production No. 152:**

ConnectU objects to this request on the ground that it is overbroad and unduly burdensome as it seeks "copies of all documents" and fails to identify the requested documents with reasonable particularity. ConnectU also objects to this request on the ground any responsive documents would be in the possession, custody, or control of FB. ConnectU also objects to this request on the ground that it calls for privileged information or attorney work product. ConnectU also objects to this request on the ground that it seeks documents in the possession, custody, or control of third parties unrelated to ConnectU.

Subject to the above general and specific objections, ConnectU has produced or will produce responsive, relevant, non-privileged, documents and things, to the extent they exist.

Meredith Schoenfeld

_____

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Meredith H. Schoenfeld(*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Plaintiffs and Counterclaim Defendants

DATED: June 19, 2006