IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, and FACEBOOK, LLC,<br><br>Defendants. | Civil Action No. 1:07-CV-10593-DPW |

**MEMORANDUM IN SUPPORT OF THE FACEBOOK DEFENDANTS'
MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 1**

**TABLE OF CONTENTS**

                                                                                          **Page**

I.    INTRODUCTION .................................................................................................... 1

        A.    Background ...................................................................................................... 1

                1.    Plaintiffs Have Failed To Identify The Sources Of Copying Or Substantial Similarity Upon Which They Base Their Copyright Claim ................................................................................................... 2

                2.    Plaintiffs Promised For Four Months That They Would Supplement Their Response to Interrogatory No. 1 ................................. 5

                3.    Plaintiffs Reneged And Recanted Their Promises to Supplement Their Discovery Responses ....................................................................... 7

II.    ARGUMENT............................................................................................................. 7

        A.    Plaintiffs Must Identify Facts In Support Of Their Copyright Claim .................... 7

        B.    Plaintiffs Should Be Ordered To Honor Their Four Months Of Promises To Supplement ................................................................................................ 8

        C.    Plaintiffs Must Identify Specific Source Code Corresponding to the Expressive Elements They Allege Were Copied ................................................... 9

                1.    Plaintiffs Must Support Copyright Claims With Evidence Of Substantial Similarity Of Copyrightable Expression ............................... 9

                2.    Plaintiffs' Deficient Response To Interrogatory No. 1 Prejudices The Facebook Defendants And Stalls This Litigation ........................... 12

                3.    Plaintiffs' Plea For Additional Discovery Is Meritless And Improper............................................................................................... 13

III.    CONCLUSION AND REQUEST FOR ORAL ARGUMENT ..................................... 15

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Ilog, Inc.* v. *Bell Logic, LLC*, 181 F. Supp. 2d 3 (D. Mass. 2002) .............................................. 10

*Lotus Dev. Corp.* v. *Borland Int'l*,
   49 F.3d 807 (1st Cir. 1995), *aff'd by an equally divided court*, 516 U.S. 233 (1996)............ 10

*MacKnight* v. *Leonard Morse Hosp.*, 828 F.2d 48 (1st Cir. 1987)............................................. 14

*In re One Bancorp Securities Litigation*, 134 F.R.D. 4 (D.Me. 1991)........................................ 11

*Refac Int'l, Ltd.* v. *Hitachi, Ltd.*, 921 F.2d 1247 (Fed. Cir. 1990)..................................................... 9

*In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331 (N.D. Ill. 2005) ............................................. 9

*T-Peg, Inc.* v. *Vermont Timber Works, Inc.*, 459 F.3d 97 (1st Cir. 2006) ...................................... 8

*Tamari* v. *Bache & Co.*, 729 F.2d 469 (7th Cir. 1984) ................................................................... 9

**STATE CASES**

*Autotech Techs. Ltd.* v. *Automationdirect.com, Inc.*,
   No. 05-C-5488, 2007 WL. 2746654 (N.D. Ill. Sep. 18, 2007) ............................................ 11

*Dellacasa, LLC* v. *John Moriarty & Assoc. of Florida., Inc.*,
   No. 07-21659-CIV, 2007 WL. 3256443 (S.D. Fla. Nov. 2, 2007)........................................ 12

*Horizon Boats, Inc.* v. *MDR Mgmt., L.L.C., No. Civ. A. 05-1389*,
   2006 WL. 1560737 (E.D. La. May 23, 2006) ........................................................................ 9

*Mount* v. *Watson-Guptill Publications*,
   No. 77-Civ.-2023, 1980 WL. 1154 (S.D.N.Y. Jan. 29, 1980) ............................................. 12

*Peak Interests, LLC* v. *Tara Hills Villas, Inc.*,
   No. 8:06-CV-747, 2007 WL. 2993817 (D.Neb. Oct. 11, 2007) ............................................ 8

*SEC* v. *Aqua Vie Beverage Corp.*,
   No. CV-04-414-S-EJL, 2006 WL. 2457525 (D. Idaho Aug. 23, 2006) .................................. 9

*Trujillo* v. *Bd. of Educ. of the Albuquerque Public Schools, No. Civ. 02-1146 JB/LFG,
   Civ. 03-1185 JB/LFG*,
   2007 WL. 1306560 (D.N.M. Mar. 12, 2007)........................................................................ 8

## TABLE OF AUTHORITIES
### (cont'd)

**Page**

*U.S., ex rel. O'Connell* v. *Chapman Univ., et al.*,
  No. SACV-04-1256-PSG-RCX, 2007 WL. 1982198 (C.D.Cal. June 18, 2007) .................... 11

## FEDERAL STATUTES

Fed. R. Civ. P. 33(c) ........................................................................................................ 3

I.     **INTRODUCTION**

Plaintiffs should be able to explain the basis for their copyright infringement claim. They repeatedly promised to do so by supplementing their response to Interrogatory No. 1, which requests all facts supporting that claim. Plaintiffs reneged on their agreement and provided nothing. Defendants Facebook, Inc., Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, and TheFacebook, LLC (collectively, the "Facebook Defendants")[1] now move the Court to order plaintiffs ConnectU, Inc., Cameron Winklevoss, Tyler Winklevoss and Divya Narendra (collectively, "Plaintiffs") to honor their agreement and supplement ConnectU's response to Interrogatory No. 1. Plaintiffs should set forth all facts supporting their copyright infringement claim, including their allegation that portions of the website www.thefacebook.com were substantially similar to elements of the website www.harvardconnection.com. Plaintiffs should identify the specific lines of source code that correspond to any substantially similar elements of the two websites, including any source code that they allege was directly copied. Defendants are entitled to those facts so that a defense can be prepared. Three years into this litigation, Plaintiffs should not be permitted to keep the Court and Facebook Defendants in the dark about the factual basis for their primary claim in this action.

The Certification required by L.R. 7.1(a)(2) is set forth in the accompanying motion.

A.     **Background**

ConnectU LLC ("ConnectU")[2] filed its original action over three years ago, on September 2, 2004. [Case No. 1:04-cv-11923, Dkt. 1]. ConnectU later added a copyright infringement claim via a defective first amended complaint, filed October 28, 2004. [*Id.*, Dkt. 13

---

[1] Defendant Eduardo Saverin is represented by separate counsel.
[2] ConnectU LLC initiated the original lawsuit between the parties, but dissolved in 2006. Its successor, ConnectU, Inc. subsequently re-filed the present lawsuit. For purposes of this motion, "ConnectU" refers to both ConnectU LLC and ConnectU, Inc.

at ¶¶ 24-29]. The new copyright claim alleged that defendant Mark Zuckerberg ("Zuckerberg") copied portions of source code written for Plaintiffs' Harvard Connection website project, and then used the copied code to launch Zuckerberg's own website, thefacebook.com. *Id.* at ¶ 26. Plaintiffs later reiterated the same allegations in their original and first amended complaints filed in this action on March 28, 2007 and August 8, 2007, respectively. Complaint [Dkt. 1] at ¶ 45; First Amended Complaint ("FAC") [Dkt. 71] at ¶ 257. Additionally, in their current First Amended Complaint ("FAC"), Plaintiffs specifically allege that the Harvard Connection and Facebook websites were "substantially similar." FAC [Dkt. 71] at ¶ 255.

Despite being one hundred pages long and containing nine hundred pages of exhibits, Plaintiffs' FAC, filed August 8, 2007, does not recite any facts from which the Facebook Defendants can identify any allegedly copied source code or what exactly was the purported substantial similarity between any copyrightable expression of either the Facebook or Harvard Connection websites. *See, e.g.,* FAC at ¶¶ 254-257. Instead, Plaintiffs' copyright claim is pled in a conclusory fashion. In essence, Plaintiffs allege that: (1) Zuckerberg was provided access to the Harvard Connection code in late 2003; (2) thefacebook.com website launched in February 2004, such that the only way Zuckerberg could have developed that site in so short a period of time is if he used source code from Plaintiffs' Harvard Connection project; and (3) thefacebook.com website was generally "substantially similar" to Harvard Connection. *Id.* No further detail is provided and the pleading is not verified.

   1. **<u>Plaintiffs Have Failed To Identify The Sources Of Copying Or Substantial Similarity Upon Which They Base Their Copyright Claim</u>**

The Facebook Defendants requested that Plaintiffs identify with particularity the basis for their assertion of copyright infringement, including any substantial similarity between the parties' websites. On July 11, 2005, the Facebook Defendants served ConnectU with

-2-

Interrogatory No. 1, which reads as follows:

### INTERROGATORY NO. 1:

Identify with precision and specificity all facts in support of Your contention that any Harvard Connection Code or ConnectU Code is infringed.

Declaration of Monte M.F. Cooper In Support Of The Facebook Defendants' Motion To Compel Response To Interrogatory No. 1 ("Cooper Decl."), Exh. 1 at p. 5 [CU's Response to FB's First Set of Rogs]. Rather than provide any details "with precision and specificity," ConnectU responded with objections and speculative allegations. In essence, ConnectU set forth an argument that while "it would have been natural and easy" for Zuckerberg to copy Plaintiffs' source code, ConnectU actually is unable to point to anything in particular that supports its claim of copying and/or "substantial similarity":

### Response to Interrogatory No. 1:

In addition to the General Objections set forth above, ConnectU objects to this interrogatory to the extent it requests testimony by ConnectU as to any source code used by the Defendants for thefacebook.com website or produced by Defendants, and to the extent it requires access by Plaintiff to any documents designated by Defendants as confidential under the Protective Order. Because Defendants have designated source code and documents they have produced as Confidential Information under the Stipulated Protective Order, officers and agents of ConnectU have not had access and cannot have access to any such source code or documents. ConnectU also objects to this interrogatory as premature and as partially unanswerable at this time because Defendants to date have not produced any Harvard Connection source code that Mr. Zuckerberg or the other Defendants had access to or worked on, any prelaunch source code for the facebook.com website, or any source code for thefacebook.com website, in uncorrupted form, from the time of launch to October 2004. Defendants have only produced uncorrupted versions of thefacebook.com source code from October and December 2004, approximately 8 months after the February 2004 launch of thefacebook.com website. ConnectU also objects to this interrogatory as premature and as calling for expert testimony which will be provided in an expert report by the deadline set by the Court. Pursuant to Fed. R. Civ. P. 33(c), Plaintiff also objects to this interrogatory as premature to the extent it seeks an opinion or contention that relates to fact or the application of law to fact.

-3-

Subject to the above general and specific objections, ConnectU responds as follows:

In November 2003, the founders of Harvard Connection and ConnectU contacted Mr. Zuckerberg to assist in developing the code for Harvard Connection. Mr. Zuckerberg agreed to develop the code necessary for the connect side of the Harvard Connection website to function and to assist in the development and design of the website. The Harvard Connection founders provided Mr. Zuckerberg with the existing code, showed Mr. Zuckerberg the existing site, and discussed various functionalities of the website, as well as the business model for the website.

Mr. Zuckerberg delayed completing the portions of the Harvard Connection website that he was supposed to be developing so that the website could launch, yet led the founders to believe that he had completed his work or was near to doing so, and that he was continuing to work on the site. For example, on January 8, 2004, Zuckerberg told Cameron Winklevoss that he had made some changes to the site and that they appeared to be working, and would upload them to the live site once he completed the computer programming. On January 14, 2004, Mr. Zuckerberg met with Cameron Winklevoss to discuss the status of the website. Mr. Zuckerberg did not mention to Cameron Winklevoss that he had registered the domain name thefacebook.com three days earlier, on January 11, 2004, or mention anything concerning thefacebook.com website. On February 4, 2004, Defendants launched thefacebook.com website.

On February 12, 2004, Mr. Zuckerberg represented that he began working on thefacebook.com website after the January 14, 2004 meeting, not before. In a media article, Mr. Zuckerberg was quoted as saying that he coded thefacebook.com website in one week. Mr. Zuckerberg has never denied making such statement. It would not be possible for Mr. Zuckerberg to write and test all of the code for thefacebook.com website and design and complete the user interface in one week, or even after the January 14, 2004 meeting and before the launch of thefacebook.com website, as this is too short of a time to write and test the entire code and design and complete the entire thefacebook.com website. Based on his known skills, it is also unlikely that Mr. Zuckerberg was able to prepare or complete the graphics for thefacebook.com website, especially in the short time between January 14, 2004 and launch, or in the week prior to launch. Thefacebook.com website is of the same nature and purpose as the Harvard Connection website was and was planned to be, and shares many of the same features and functionality as contained in and envisioned for the Harvard Connection website. The code and business plan for performing or including these features and functionality were available to Mr. Zuckerberg and **it would have been natural and easy** for him and/or the other Defendants to use such code or other copyrighted aspects of

>  Harvard Connection for thefacebook.com website. **It would have also been natural and easy** for Defendants to use for thefacebook.com website the code Mr. Zuckerberg said he wrote (or was writing) for the Harvard Connection website beginning in November 2003.

*Id.* at pp. 5-7 (emphasis added).[3] As in plaintiffs' numerous complaints, the entire response speculates that Facebook was developed so fast that Zuckerberg must have used the Harvard Connection code. *Id.* ConnectU refused to provide with precision or specificity any facts supporting the actual elements of copyright infringement, including any explanations of alleged substantial similarity or any identification to portions of the Harvard Connection source code that allegedly were copied by Defendants. *Id.*

### 2. Plaintiffs Promised For Four Months That They Would Supplement Their Response to Interrogatory No. 1

After Plaintiffs re-filed this case, the Facebook Defendants requested on July 12, 2007 that Plaintiffs supplement their responses to Interrogatories Nos. 1, 3-8, and 10-14. Cooper Decl., Exh. 2. [7/12/07 Chatterjee letter] With respect to Interrogatory No. 1, Facebook Defendants specifically requested that Plaintiffs "show what code ConnectU purports to own [that] is or was used by Facebook." *Id.* Plaintiffs responded two weeks later by stating that "we are … working on supplementing our Interrogatory answers, but need further input from our clients." Cooper Decl., Exh. 3. [7/23/07 Schoenfeld email].

In the "Joint Report re Discovery" filed on July 28, 2007, the Facebook Defendants detailed the ongoing issues associated with discovery outstanding from Plaintiffs, including the need for supplemental interrogatory responses. Dkt. 65 at p. 13. Plaintiffs responded to these

---

[3] Plaintiffs have never produced copies of the critical "existing" Harvard Connection code that their interrogatory response claims they provided to Mark Zuckerberg in November 2003. The absence of a copy of such November 2003 source code provides one of the bases for The Facebook Defendants' Motion to Compel Plaintiffs to Image and Search Their Memory Devices for Source Code, and to Comply with Requests for Production Nos. 1-2, 67-68, and 117 [Dkt. 132], scheduled for hearing on November 19, 2007.

concerns by specifically representing to the Court that they "plan[ned] on supplementing their discovery and detailing their positions more fully."[4]  *Id.* at pp. 13-14.

On August 8, 2007, Plaintiffs filed their FAC containing their present copyright claim. Dkt. 71 at ¶¶ 241-263.  After several additional demands from the Facebook Defendants to provide supplemental interrogatory answers, on August 13, 2007, Plaintiffs at last advised that "ConnectU plans to supplement its responses to *all* of the interrogatories [including Interrogatory No. 1] mentioned in [the Facebook Defendants'] July 12, 2007 letter, plus its response to Interrogatory No. 2."  (Cooper Decl. Exhs. 4-6 (emphasis added) [7/31/07 Cooper email;  8/8/07 Cooper email; 8/13/07 Shoenfeld letter]  Two days later, Plaintiffs re-confirmed their intention to supplement during a meet and confer teleconference held pursuant to Local Rule 7.1(a)(2) to discuss the deficiencies of ConnectU's prior discovery responses.  Cooper Decl., Exhs. 7-8. [8/23/07 Cooper letter; 9/6/07 Cooper letter]   Thereafter, Plaintiffs twice reassured the Facebook Defendants that they would supplement ConnectU's prior response to Interrogatory No. 1 (among others).  On September 10, 2007 (four weeks after amending their complaint), they advised "As previously stated, ConnectU will supplement its responses to the identified interrogatories."  Cooper Decl., Exh. 9.  [9/10/07 Schoenfeld letter]  The next day, Plaintiffs restated their promise:

> We will supplement our interrogatory responses by October 12, 2007.

*Id.* Exh. 10.  [9/11/07 Schoenfeld email].

---

[4] Despite this representation, the Facebook Defendants have not received *any* supplemental discovery from Plaintiffs since July 28, 2007, other than an unverified supplementation on August 13, 2007 of Interrogatory No. 2 (purporting to detail the trade secret that was allegedly misappropriated).  Supplementation of Interrogatory No. 2 was *not* requested in any of the earlier correspondence or subsequent meet-and-confers.  Cooper Decl., Exhs. 2, 6 & ¶ 19. [8/13/07 Schoenfeld letter].

### 3. Plaintiffs Reneged And Recanted Their Promises to Supplement Their Discovery Responses

Despite Plaintiffs' promises to supplement, the Facebook Defendants did not receive any supplemental response by the close of business on October 12, 2007 -- four months after the Facebook Defendants sent their original letter citing the numerous deficiencies. *Id*. Exh. 11. [10/12/07 Sutton to Schoenfeld email]   Instead, on October 14, 2007 Plaintiffs for the first time informed the Facebook Defendants that notwithstanding their many promises over several months, they no longer intended to supplement *any* of ConnectU's prior Interrogatory responses. *Id*. Exhs. 12-15 [10/14/07 7:10 am Wolfson to Sutton email; 10/14/07 11:21 am Cooper to Wolfson email; 10/14/07 7:07 pm Wolfson to Cooper email; 10/14/07 7:21 pm Cooper to Wolfson email].[5]  Plaintiffs argued that their more than two-year old responses to all of the Interrogatories still reflect the "extent of [their] knowledge at this stage of discovery." *Id*. Exh. 13.  Plaintiffs also claimed, for the first time, that the FAC filed on August 8, 2007 provided "much greater detail" concerning the basis for their copyright claim, and was sufficient to overcome all of the deficiencies discussed by the parties. *Id*. & Exh. 15.  Plaintiffs further contended that they were unable to provide any additional facts supporting their copyright claim, and that they would require further discovery to do so. *Id*.

## II. ARGUMENT

### A. Plaintiffs Must Identify Facts In Support Of Their Copyright Claim

The parties do not dispute the relevance of Interrogatory No. 1.  The Facebook Defendants seek to have Plaintiffs honor their promises and supplement ConnectU's prior

---

[5] The Facebook Defendants anticipate moving to compel Plaintiffs' long-promised supplementation of the other deficient responses to interrogatories that Facebook Defendants raised in their July 12, 2007 letter. *See* Cooper Exh. 2. However, given the critical need to understand the factual basis for Plaintiffs' copyright claims, the Facebook Defendants are by this motion first seeking supplementation of ConnectU's response to Interrogatory No. 1.

response to Interrogatory No. 1 to present facts supporting a claim for copyright infringement of Plaintiffs' Harvard Connection code. Plaintiffs cannot continue to rest on mere suspicions of copyright infringement; instead, they must set forth tangible facts evidencing: (a) that Defendants copied original and copyrightable elements of the Harvard Connection code, and (b) that the Defendants' copying was so extensive that it rendered the alleged infringing and copyrighted works "substantially similar." *T-Peg, Inc. v. Vermont Timber Works, Inc.*, 459 F.3d 97, 108 (1st Cir. 2006). Plaintiffs' current response to Interrogatory No. 1 does not set forth facts supporting either of these issues. Accordingly, supplementation of Plaintiffs' response to Interrogatory No. 1 should be compelled.

### B. Plaintiffs Should Be Ordered To Honor Their Four Months Of Promises To Supplement

Both before and after they filed their FAC in this action, Plaintiffs repeatedly assured the Facebook Defendants and this Court that they would supplement their responses to interrogatories – including to Interrogatory No. 1. Plaintiffs repeated these assurances in the Joint Status Report filed with this Court on July 28, 2007 (*see* Dkt. 65 at p. 13-14), in communications between the parties prior to and during the meet-and confer held August 15, 2007 (*see* Cooper Decl., Exhs. 3-8), and in correspondence after the meet-and-confer, including as late as September 11, 2007. *Id.* Exhs. 9-10.

Plaintiffs should be held to their agreement to supplement discovery. *See Peak Interests, LLC v. Tara Hills Villas, Inc.*, No. 8:06-CV-747, 2007 WL 2993817, at *1-*2 (D.Neb. Oct. 11, 2007) (granting motion to compel supplemental interrogatory and document requests that had been promised by plaintiff, and awarding sanctions for the time required to prepare the motion to compel); *Trujillo v. Bd. of Educ. of the Albuquerque Public Schools*, No. Civ. 02-1146 JB/LFG, Civ. 03-1185 JB/LFG, 2007 WL 1306560, at *5-*6 (D.N.M. Mar. 12, 2007) (compelling

production of documents supporting damages promised by plaintiff, and awarding defendants attorneys fees associated with compelling such documentation); *Horizon Boats, Inc. v. MDR Mgmt., L.L.C.*, No. Civ. A. 05-1389, 2006 WL 1560737, at *2-*3 (E.D. La. May 23, 2006) (awarding sanctions and compelling production of supplemental discovery responses that had been promised by the defendants' counsel for five months, notwithstanding that Hurricane Katrina was partially responsible for the delay). *See also Refac Int'l, Ltd. v. Hitachi, Ltd.*, 921 F.2d 1247, 1250-51, 55 (Fed. Cir. 1990) (affirming Court's *sua sponte* sanction of dismissal of patent infringement action under Rule 37(b), due to the combination of the plaintiff's noncompliance with a discovery order, the plaintiff's "inability to spell out a proper basis for charging infringement more than a year after bringing suit[,]" and plaintiff's counsel's "gross[] . . . delinquen[ce] in keeping promises to opposing counsel"); *Tamari v. Bache & Co.*, 729 F.2d 469, 472-73 (7th Cir. 1984) (an attorney's promise in open court to produce documents could be treated as the equivalent of an order for Rule 37(b) purposes, and warrants the imposition of sanctions if recanted); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 341-42 (N.D. Ill. 2005) (same); *SEC v. Aqua Vie Beverage Corp.*, No. CV-04-414-S-EJL, 2006 WL 2457525, at *3 (D. Idaho Aug. 23, 2006) (granting motion to compel supplemental discovery responses which defendants' counsel promised in connection with settlement discussions).

    **C.**    **Plaintiffs Must Identify Specific Source Code Corresponding to the Expressive Elements They Allege Were Copied**

In addition to Plaintiffs' repeated promises, Facebook Defendants are entitled as a matter of law to a response to Interrogatory 1 that sets out with precision and specificity all facts supporting the copyright infringement claim.

    **1.**    **Plaintiffs Must Support Copyright Claims With Evidence Of Substantial Similarity Of Copyrightable Expression**

Plaintiffs must respond to Interrogatory No. 1 by identifying "with precision and

specificity all facts in support of [ConnectU's] contention that any Harvard Connection Code or ConnectU Code is infringed." Cooper Decl. Exh. 1, at 5. An adequate response to Interrogatory No. 1 thus requires Plaintiffs to present facts evidencing substantial similarity of expressive elements. *Lotus Dev. Corp. v. Borland Int'l*, 49 F.3d 807, 813 (1st Cir. 1995), *aff'd by an equally divided court*, 516 U.S. 233 (1996); *Ilog, Inc. v. Bell Logic, LLC*, 181 F. Supp. 2d 3, 6 (D. Mass. 2002). The substantial similarity inquiry requires that Plaintiffs' response to Interrogatory No. 1 include a comparison of the Harvard Connection and the Facebook Defendants' respective source code. *Lotus Dev. Corp.*, 49 F.3d at 813; *Bell Logic, LLC*, 181 F. Supp. 2d at 6-7. Plaintiffs must identify the "literal" elements of the Harvard Connection software program they allege were copied, as well as the "non-literal" elements such as its structure and fundamental essence, and where each is found in www.thefacebook.com. *Bell Logic, LLC*, 181 F. Supp. 2d at 6-7.

Fundamentally, the substantial similarity inquiry requires that Plaintiffs specify the exact lines of the Harvard Connection source code that they contend were copied by Defendants, and the lines of www.thefacebook.com source code where the copied lines are allegedly found. *See* Order Granting In Part IBM's Motion To Limit SCO's Claims, entered June 28, 2006 in *The SCO Group, Inc. v. International Business Machines Corp.*, 2:03-cv00294 DAK (D. Utah) ("*SCO* Action"), at pp. 10-12 (Cooper Decl., Exh. 16). If Plaintiffs claim that "non-literal" elements from their Harvard Connection software were copied by Defendants, Plaintiffs *still* must identify both their own and Facebook source code corresponding to each of these non-literal elements. *Id.* at p. 21 ("the source code behind methods and concepts should have been disclosed by SCO"). Plaintiffs must identify the source code with as much specificity as possible, including the software version(s), file(s) and line(s) of the copyrighted Harvard

Connection software, as well as the allegedly corresponding version(s), file(s) and line(s) of the Facebook Defendants' software. *Id.* ("line information without version and file information is not very specific and makes the identification of what is at issue much more difficult").

While such precision may seem onerous, other Courts have recognized that Plaintiffs must identify with specificity all facts supporting their claims which, at minimum, includes the "factual basis [required by Rule 11] for the allegations in their complaint." *In re One Bancorp Securities Litigation*, 134 F.R.D. 4, 7-8 (D.Me. 1991); *U.S., ex rel. O'Connell v. Chapman Univ., et al.*, No. SACV-04-1256-PSG-RCX, 2007 WL 1982198, *3 (C.D.Cal. June 18, 2007) (objection to interrogatory seeking factual basis for claim that "'[d]iscovery has only just begun' makes no sense" in view of Rule 11 obligations). Indeed, as one Court has recognized, the plaintiff asserting infringement of copyrighted software is obligated to put "all the details on the table" on penalty of dismissal:

> SCO's arguments are akin to SCO telling IBM sorry we are not going to tell you what you did wrong because you already know. SCO received substantial code from IBM pursuant to the court's orders as mentioned supra. Further, SCO brought this action against IBM and under the Federal Rules, and the court's orders, SCO was required to disclose in detail what it feels IBM misappropriated. Given the amount of code that SCO has received in discovery the court finds it inexcusable that SCO is in essence still not placing all the details on the table. . . . Requiring IBM to engage in an analysis of millions of lines of code to figure out which code is at issue in hopes of answering such questions is patently unfair given the fact that it was SCO's duty to provide more detailed code in the first place.

*SCO* Action (Cooper Decl., Exh. 16) at pp. 33-34 (dismissing claim as to 198 expressive elements for which SCO failed to specify corresponding versions, files and lines in its and IBM's source code). *See also Autotech Techs. Ltd. v. Automationdirect.com, Inc.*, No. 05-C-5488, 2007 WL 2746654, at *2-*5 (N.D. Ill. Sep. 18, 2007) (refusing to permit plaintiff to seek further discovery concerning potentially infringing source code, where plaintiff originally stated in

response to interrogatories calling for the factual basis of its copyright claim that it was not accusing defendants' source code of such infringement); *Dellacasa, LLC v. John Moriarty & Assoc. of Florida., Inc.*, No. 07-21659-CIV, 2007 WL 3256443, at *1 (S.D. Fla. Nov. 2, 2007) (provisionally compelling plaintiff to identify what elements of copyrighted drawings it believed were misappropriated); *Mount v. Watson-Guptill Publications*, No. 77-Civ.-2023, 1980 WL 1154, at *3, *6 (S.D.N.Y. Jan. 29, 1980) (compelling plaintiff to respond to nine separate interrogatories demanding identification of which portions of an accused literary work infringed plaintiff's copyrighted biography).

Here, therefore, a complete response to Interrogatory No. 1 requires that Plaintiffs disclose the precise evidence underlying their copyright claim. If they have no more than suspicions, then the copyright claim potentially violates Rule 11.

### 2. Plaintiffs' Deficient Response To Interrogatory No. 1 Prejudices The Facebook Defendants And Stalls This Litigation

Plaintiffs have yet to identify, either in their FAC or in their response to Interrogatory No. 1, *any* specific expressive elements that form the basis of their copyright claim. *See, e.g.*, Dkt. 71 (FAC), at ¶¶ 254-257; *see also* Cooper Decl., Exh. 1 at 5-7. Without more specificity, "some very important questions that could materially impact this case are nearly impossible to answer." Cooper Decl., Exh. 16 (*SCO* Action) at p. 34. First, the Facebook Defendants cannot evaluate the merits of the copyright claim which, as the Court previously stated, is the predominant claim in this litigation. Cooper Decl., Exh. 17 at 8:12-14, 25:20-26:4 & 28:7-18. [7/25/07 hearing transcript] The Facebook Defendants also have been delayed for three years in preparing a non-infringement defense. In addition, the parties must know what source code or non-literal elements are at issue to conduct meaningful discovery concerning the copyright claim. Similarly, without a particularized identification of the relevant Harvard Connection and

www.thefacebook.com source code, depositions of percipient witnesses may have to be continued until Plaintiffs finally reveal their infringement allegations. Likewise, damages heavily depend on whether the allegedly copied code or non-literal elements can be shown to have ever been in use in www.thefacebook.com code. *See, e.g.*, Cooper Decl., Exh. 16 (*SCO Action*), at p. 34 (if allegedly misappropriated code is no longer in use, "damages may become nominal instead of in the billions").

Plaintiffs chose to file a claim that alleges in a conclusory fashion that the www.thefacebook.com website infringes Plaintiffs copyright in the Harvard Connection source code, and is generally "substantially similar" to the Harvard Connection website *See* FAC, ¶¶ 255-256. The Facebook Defendants should be permitted after three years to learn all facts that support the critical elements of Plaintiffs' copyright infringement claim.

### 3.   Plaintiffs' Plea For Additional Discovery Is Meritless And Improper

Plaintiffs' excuses for why they supposedly cannot supplement are meritless. Any remaining Harvard Connection code is either in Plaintiffs' own possession, in the possession of third party programmers or server hosting companies under Plaintiffs' control, or spoliated as a result of Plaintiffs' failure to preserve it.[6] The Facebook Defendants have produced extensive source code and are continuing their search and supplementation. Plaintiffs must "place all the details on the table," and specify the way in which they contend the Facebook website and

---

[6] Harvard Connection code under Plaintiffs' control appears to have been spoliated. The third party whose server was rented by Plaintiffs to house their Harvard Connection code during the operative time period has informed Defendants that the code has since been erased, and that Plaintiffs failed to issue any preservation instruction. *See* The Facebook Defendants' Motion to Compel Plaintiffs to Image and Search Their Memory Devices for Source Code, and to Comply with Requests for Production Nos. 1-2, 67-68, and 117 [Dkt. 132] at p. 9 & Cooper Decl. Exhs. 12 & 21.

underlying code infringes any copyright held by Plaintiffs.  *SCO* Action (Cooper Decl., Exh. 16) at pp. 33-34.

Plaintiffs improperly attempt to use the Court's Order For Discovery Of Computer Memory Devices, entered September 13, 2007, to justify delaying providing a particularized basis for a copyright claim which Plaintiffs presumably had a Rule 11 basis for asserting. Cooper Decl., Exhs. 12, 14.  [10/14/07 Wolfson e-mails x2]  Absent any evidence of copying and substantial similarity, the imaging exercise, assented to by the Facebook Defendants, amounts to no more than a redundant "fishing expedition" by Plaintiffs.  *See MacKnight v. Leonard Morse Hosp.*, 828 F.2d 48, 52 (1st Cir. 1987) (affirming District Court's refusal to allow plaintiff to engage in a discovery "fishing expedition" to prove its underlying claims; in light of Rule 11, "it was not asking too much to require plaintiff to disclose some relevant facts and basis for them before the requested discovery would be allowed").  Moreover, Plaintiffs' expert has received and analyzed images from the same Facebook Defendant memory devices that were already professionally searched for source code.  *See* Dkt. 103.  [9/13/07 Order]  On November 23, Plaintiffs' expert will present the results of its analysis to the Facebook Defendants, after which Plaintiffs will receive code extracted for a <u>second</u> time from the Facebook Defendants' memory devices, proving that supplementation of their interrogatory response is not unduly burdensome.  *Id*.

Simply stated, there is no reason why Plaintiffs cannot honor their four-month old promise to supplement ConnectU's prior response to Interrogatory No. 1.  Plaintiffs should set forth tangible facts supporting their claim that Defendants copied original and copyrightable elements of the Harvard Connection code, and should further explain in detail their evidence that the Defendants' alleged copying of the copyrighted Harvard Connection code was so extensive

-14-

that it rendered the alleged infringing and copyrighted works "substantially similar."

### III.  CONCLUSION AND REQUEST FOR ORAL ARGUMENT

For the foregoing reasons, the Facebook Defendants request that the Court order Plaintiffs to supplement their response to Interrogatory No. 1 to state all facts in support of their copyright infringement claim, including a specific identification of Harvard Connection and thefacebook.com source code underlying any claims for direct copying and/or copying of non-literal elements and where the lines of code are found in the parties' production. The Facebook Defendants request a hearing on this motion.

Dated:  November 14, 2007.                            Respectfully submitted,


  /s/ Monte M.F. Cooper /s/
G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte M.F. Cooper*
Theresa A. Sutton*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   (650) 614-7400
Facsimile:   (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
tsutton@orrick.com

Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:   (617) 526-9600
Facsimile:   (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

* Admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 14, 2007.

Dated:  November 14, 2007.                Respectfully submitted,

                                   /s/ Monte M.F. Cooper /s/
                                   Monte M.F. Cooper