# EXHIBIT 2



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

July 12, 2007

I. Neel Chatterjee
(650) 614-7356
nchatterjee@orrick.com

*VIA ELECTRONIC MAIL AND U.S. MAIL*

Margaret Esquenet
Finnegan, Henderson, Farabow, Garrett & Dunner
901 New York Avenue N.W.
Washington, DC  20001

Re:    <u>ConnectU v. Facebook, Case No. 07-10593 DPW</u>

Dear Margaret:

      This letter concerns ConnectU's interrogatories from the previous case and seeks to initiate a meet and confer.[1]  Generally speaking, ConnectU objects to nearly all of the interrogatory responses on the basis that they are premature under Rule 33(c) because they seek an opinion that relates to fact or application of law to fact.  No Court order has delayed the service of these interrogatories on the basis that they are contention interrogatories.  Rule 33(c) says such interrogatories are proper, contrary to the objections raised.  At a minimum, supplementation of these interrogatories with respect to any information withheld on this basis is appropriate.  Please confirm that ConnectU is not withholding any information based on its objections.

<u>Interrogatory No. 1.</u>

This interrogatory asks for the facts supporting your claim of copyright infringement.  ConnectU has made no meaningful response beyond reciting the allegations of the complaint.  It has only lodged objections, none of which are appropriate.  No effort has been made to show what code ConnectU purports to own is or was used by Facebook.  A response is warranted.  Please provide us with a date certain by which ConnectU will provide a response.

<u>Interrogatory No. 3.</u>

This interrogatory asks ConnectU to identify with specificity all facts to support its contention of trade secret misappropriation.  It appears that all such allegations are premised upon Mr. Zuckerberg, and ConnectU has no evidence with respect to any other defendant named in this case.  If ConnectU has any contention whatsoever as to any other defendant in this case, it must fully and completely answer this interrogatory.  Please confirm forthwith that ConnectU's answer is full and complete.

---

[1] I will not discuss Interrogatory No. 2 in this letter, as it is the subject of a separate discussion.

OHS West:260263207.1

O
ORRICK

Margaret Esquenet
July 12, 2007
Page 2

Interrogatory No. 4

This interrogatory asks ConnectU to identify each ConnectU product by version number, website release date, and first public disclosure, to the extent the product incorporates each of the alleged trade secrets identified in response to Interrogatory No. 2. ConnectU generically references "each version of the ConnectU site ... which is found at connectu.com," as incorporating the trade secrets of Interrogatory No. 2. ConnectU attempts to limit the response by saying much of the information was no longer secret after the launch of Facebook, "except for the Harvard Connection code and its functionality not perceivable to website users." Given that response, Facebook is entitled to know precisely which subsequent versions of the ConnectU site employ Harvard Connection code, and in what form. Facebook also is entitled to know, as the Interrogatory requests, when each such version was released. Finally, if ConnectU believes some functions of its code were not perceivable by users and yet were trade secrets that were originally employed in Harvard Connection, Facebook is entitled to know precisely what functions ConnectU is referring to. Supplementation is warranted.

Interrogatory Nos. 5 & 12

These Interrogatories ask ConnectU to identify all disclosures of its trade secret to third parties, and the measures that ConnectU took to ensure confidentiality. ConnectU provides a self-serving and generic description of both the efforts taken and the disclosures that occurred. For instance, in response to Interrogatory No. 5 ConnectU states that a "generalized description" of the Harvard Connection website was disclosed to "several potential employers, who are expected to maintain applicant information confidentiality ...." The identity of the employers is not provided either in response to Interrogatory No. 5 or later in response to Interrogatory No. 12. The source of the contention that the employers are expected to maintain applicant information confidentiality is not given. Such information is clearly called for by Interrogatory No. 5, and supplementation is necessary. Similar specific identifications must be made of the "trusted friends, family and immediate programmers" that also are identified in the two Responses. Also, ConnectU states that "[t]he founders assured that this information was confidential, expressly and/or based on the circumstances of disclosure." The nature of such assurances, whether express or based on the circumstances of disclosure, is exactly the information that is required to be set out in specificity.

Interrogatory No. 6.

This interrogatory asks ConnectU to identify with specificity all facts to support its communications about the for-profit purpose of Harvard Connection with any Defendant. It appears that all such allegations are premised upon Mr. Zuckerberg, and ConnectU has no evidence with respect to any other defendant named in this case. If ConnectU has any contention

OHS West:260263207.1


ORRICK

Margaret Esquenet
July 12, 2007
Page 3

whatsoever as to any other defendant in this case, it must fully and completely answer this interrogatory. Please confirm forthwith that ConnectU's answer is full and complete.

Interrogatory Nos. 7 and 8.

In light of the formation of ConnectU, Inc., supplementation is necessary.

Interrogatory No. 10 and 14.

These interrogatories ask ConnectU to identify all facts supporting its contention that the trade secrets it claims were misappropriated were not in the public domain. Rather than answering the question, ConnectU identifies the awareness of Harvard Connection founders. It does not answer the question asked, however. Facebook has identified an extraordinary amount of public domain materials. ConnectU should identify what is different between its trade secret and the extensive information in the public domain.

Interrogatory No. 11.

This interrogatory asks ConnectU to identify all facts in support of its claim for damages or other injury. It appears that all such allegations are premised upon Mr. Zuckerberg, and ConnectU has no evidence with respect to any other defendant named in this case. If ConnectU has any contention whatsoever as to any other defendant in this case, it must fully and completely answer this interrogatory. Please confirm forthwith that ConnectU's answer is full and complete.

In addition, the interrogatory requests that ConnectU identify the individuals with knowledge of such damages. ConnectU has only identified Mr. Zuckerberg. Please confirm that no other individual has knowledge.

Interrogatory No. 13.

This interrogatory asks for facts supporting ConnectU's claim of misappropriation and an identification of individuals with knowledge. It appears that all such allegations are premised upon Mr. Zuckerberg, and ConnectU has no evidence with respect to any other defendant named in this case. If ConnectU has any contention whatsoever as to any other defendant in this case, it must fully and completely answer this interrogatory. Please confirm forthwith that ConnectU's answer is full and complete.

In addition, the interrogatory requests that ConnectU identify the individuals with knowledge of such damages. ConnectU has only identified Mr. Zuckerberg. Please confirm that no other individual has knowledge.

OHS West:260263207.1


ORRICK

Margaret Esquenet
July 12, 2007
Page 4

Please let us know when you are prepared to meet and confer on these issues. We would like to reach resolution on them promptly.

If you have any questions, please do not hesitate to call me. I look forward to talking with you.

Very truly yours,

I. Neel Chatterjee

INC/knm

cc:   Daniel K. Hampton, Esq.
      Robert B. Hawk, Esq.
      Annette Hurst, Esq.
      Gordon P. Katz, Esq.
      Daniel P. Kaufman, Esq.
      Daniel P. Tighe, Esq.
      Scott McConchie, Esq.
      John Hornick, Esq.
      Meredith Schoenfeld, Esq.
      Steven Bauer, Esq.
      Jeremy Oczek, Esq.

OHS West:260263207.1