# EXHIBIT 6



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

MEREDITH H. SCHOENFLD
(202) 408-4393
meredith.schoenfeld@finnegan.com

August 13, 2007

**VIA EMAIL AND FEDERAL EXPRESS**

Monte Cooper, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

    ConnectU, Inc. v. Facebook, Inc.
    Civil Action No. 1:07-cv-10593 (DPW)

Dear Monte:

    This letter responds to Neel Chaterjee's July 2, 2007 letter, July 12, 2007 letter, and July 12, 2007 11:16am email, and your July 24, 2007 8:43pm email, August 1, 2007 12:39am email, and August 8, 2007 1:05pm email, in an attempt to resolve the discovery issues Facebook Defendants have raised. If we miss in this letter any issues Facebook Defendants have raised regarding ConnectU's production, please let us know.

    ConnectU's position is that Facebook Defendants should have raised these issues two years ago, when ConnectU served the discovery responses you now challenge, that Facebook Defendants raised and dropped some of these issues over a year ago, and that Facebook Defendants are once again attempting to manufacture a production deficiency by ConnectU where none exists. Any motion to compel would violate Rule 11, for these reasons and the reasons set forth below. As described more fully below, ConnectU has complied with all discovery requests, and is not withholding discovery. To the extent that ConnectU has identified any further responsive, non-privileged documents, it will produce them.

    ConnectU has searched all electronic data for responsive information from every entity within its custody or control. This includes the currently named Plaintiffs and the Winklevoss entities. To the extent that ConnectU believes that other entities may have responsive documents, it has requested such documents from those entities, except with respect to ConnectU code, discussed below. Your July 2, 2007 letter alleges documents received from third parties make it "clear that ConnectU has not produced extensive documentation from these sort of files, as third parties have produced

Monte Cooper, Esq.
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

documents originating from ConnectU but were not produced." Because the specific documents you are referring to have not been identified, we cannot respond to these allegations. However, we are not aware of any such documents, or where they could be located.

The July 2, 2007 letter raised the issue of objections to various production requests that Facebook Defendants believe are improper. While ConnectU stands by its objections and wishes to preserve its rights, it is not withholding any responsive, non-privileged documents based on such objections. Thus, it is unnecessary to respond to every issue raised by your July 2, 2007 letter. Where we believe ConnectU's position needs to be further clarified, we have done so below.

Regarding Harvard Connection code, all versions of the Harvard Connection code in ConnectU's possession, custody, or control were produced. ConnectU even arranged for the production of Harvard Connection code that was not in its possession, custody, or control, namely, such code in the possession of Victor Gao and Sanjay Mavinkurve. We have no reason to believe other versions exist, as explained below.

As we said during the previous meet and confer on this issue, Mr. Zuckerberg possessed the most complete version of the Harvard Connection code, but he has failed to preserve it, or destroyed it. As the Amended Complaint explains, Mr. Zuckerberg was given access to the Harvard Connection code on the server where it was stored when he became a Harvard Connection development team partner. That server was maintained by Hurricane Electric. Unless Mr. Zuckerberg saved the version of the code as it existed when he first obtained access to it, the version existing at that time ceased to exist when he began to modify it, writing over the existing version. No one other than Mr. Zuckerberg was working on the code at the time he obtained access to it. If Mr. Zuckerberg did save the version of the code as it existed when he first obtained access to it, ConnectU is not aware of it, where he stored it, or if it still exists today. Only Mr. Zuckerberg would know that. Further, Hurricane Electric has informed us that they have scrubbed the server on which the Harvard Connection code was stored at that time. Plaintiffs' hard drives never contained the Harvard Connection code. Thus, contrary to your attempt to manufacture a production deficiency by ConnectU, there is no code to be produced, or to be recovered, from any device within its possession, custody, or control. Any motion to compel would be futile, because ConnectU has no devices from which the pre-Zuckerberg code could possibly be recovered. The status of the Harvard Connection code is not comparable to the status of thefacebook.com launch code, which is actually missing and might be located through recovery efforts. However, the best and only chance of recovering the pre-Zuckerberg version of the Harvard Connection code is from devices within Facebook Defendants' possession, custody, or control.

Regarding ConnectU code, all known versions of the ConnectU code through March 7, 2005 in ConnectU's possession, custody, or control were produced. We have

Monte Cooper, Esq.
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

no reason to produce later versions for at least the following reasons: 1) they are unrelated to any claim or defense (during the April 28, 2006 meet and confer on this issue, we asked you to explain how any ConnectU code you believe has not been produced is relevant to any claim or defense, but you never did so); 2) Facebook Defendants have cut off their code production at December 31, 2004; and 3) during the April 28, 2006 meet and confer you indicated that you did not want versions of the ConnectU code past March 7, 2005 (we memorialized this concession in our May 11, 2006 letter, to which you did not respond).

To the extent that you asked for specific documents in your July 2, 2007 letter (e.g., documents indicating additional personal email accounts), ConnectU will produce such documents, if they exist.

As this letter makes clear, there is nothing for you to ask the Court to order ConnectU to do that ConnectU can possibly do, has not done, or has agreed to do.

ConnectU plans to supplement its responses to all of the interrogatories mentioned in your July 12, 2007 letter, plus its response to Interrogatory No. 2. ConnectU will supplement its response to Interrogatory No. 2 today or tomorrow. We cannot provide a date certain at this time for the remainder of the responses because preparing them is a time-consuming process, but we will do so as quickly as possible. Since Facebook Defendants have had ConnectU's responses for about two years without complaining that they are deficient, and because depositions are not likely to begin soon, there can be no great rush for ConnectU's supplemental responses.

If you still wish to meet and confer on August 15, please let us know. However, it appears to ConnectU that all issues raised by Facebook Defendants have been resolved by this letter.

Sincerely,

FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.

By: _____
      Meredith H. Schoenfeld

cc:   Robert B. Hawk, Esq.         (via email)
      Annette Hurst, Esq.          (via email)
      Daniel K. Hampton, Esq.      (via email)
      Steven M. Bauer, Esq.        (via email)
      Neel I. Chatterjee, Esq.     (via email)

LETTER to Monte Cooper Esq 8_13_07 (2)

Monte Cooper, Esq.
Page 4

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

    G. Hopkins Guy, III, Esq.   (via email)
    Gordon P. Katz, Esq.     (via email)
    Jeremy P. Oczek, Esq.    (via email)
    Bhanu K. Sadasivan, Esq. (via email)
    Theresa A. Sutton, Esq.   (via email)