# EXHIBIT 7

Dockets.Justia.com



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

*tel* +1-650-614-7400
*fax* +1-650-614-7401

WWW.ORRICK.COM

Monte M.F. Cooper
(650) 614-7375
mcooper@orrick.com

August 23, 2007

*VIA FACSIMILE AND MAIL*

Meredith Schoenfeld
Finnegan, Henderson, Farabow, Garrett & Dunner
901 New York Avenue N.W.
Washington, DC 20001

Re:   ConnectU v. Facebook, Case No. 07-10593 DPW

Dear Meredith:

This letter memorializes our meet and confer conference on August 15, 2007, with respect to ConnectU's deficient responses to Facebook's requests for production of documents and things. Facebook continues to believe that the outstanding disputes can be resolved if ConnectU agrees to a keyword-based search of electronic data in its possession, custody and control.

I have outlined below the issues that we discussed and those that remain unresolved after our call last week.

## Harvard Connection / ConnectU Code

In its First Set of Requests for Product, Facebook requested all versions of the source code for the ConnectU website since its inception. *See* Request Nos. 2, 4, 6. During the meet and confer, Facebook raised serious concerns regarding ConnectU's representations on August 13, 2007, that "all versions of the Harvard Connection code" and "all known versions of the ConnectU code through March 7, 2005" in ConnectU's possession custody or control were produced.

Facebook offered to pay for electronic imaging and keyword extraction to be performed by ConnectU's own expert using the same protocol accepted by ConnectU to search Defendants' hard drives for Harvard Connection code. ConnectU refused this offer. Accordingly, we understand that ConnectU will not allow imaging or electronic keyword searches for the missing Harvard Connection code or other missing electronic data on Plaintiffs' hard drives under the same terms it demands of Defendants, even where Defendants' pay for the search.



**ORRICK**

Meredith Schoenfeld, Esq.
August 23, 2007
Page 2


<u>All Versions of ConnectU Code Are Relevant and Within ConnectU's Control</u>

ConnectU is obligated to produce all versions of ConnectU code through the present, including any versions created after March 7, 2005.  As explained in our meet and confer, because ConnectU is seeking the present value of Facebook's website, Facebook is entitled to show that ConnectU's own actions failed to adequately mitigate its alleged damages by actively marketing and developing the site.  Thus, ConnectU's code revisions through the present are relevant to dispute ConnectU's claim for the full present value of Facebook.  Plaintiffs are entitled to show that Facebook's valuation is based on value other than the value ConnectU believes was appropriated.  Accordingly, ConnectU's stated reasons for withholding later versions of ConnectU code are improper.

ConnectU has not obtained all known versions of the ConnectU code maintained by Pacific Northwest Software.  As discussed in our meet and confer, Pacific Northwest Software maintains a software version control system called subversion which archives all versions of the website code.  You represented that the code maintained by Pacific Northwest Software was not within the possession, custody or control of ConnectU.  Further, you maintained that PNS would not have any obligation to provide the code to ConnectU for free if ConnectU demanded a copy of the code, including the current code for ConnectU's website.  It is strange that ConnectU claims that it does not have custody or control of its own code when the code is stored by its own contractor.

Given your representation that ConnectU has no right to demand copies of their own proprietary information in the possession of these third parties, Facebook asked ConnectU to confirm whether ConnectU had ever attempted to request this code from PNS.  You could not confirm at the meet and confer whether ConnectU had made such requests to PNS.  Facebook also explained its understanding that ConnectU not only has the power to demand production of its proprietary code, but also the obligation to ensure its preservation during this litigation.  You confirmed that you understood Facebook's position, and stated that you would follow up on this issue.  We have not yet heard from you.

<u>Missing Versions of Harvard Connection Code</u>

During the meet and confer, I explained Facebook's understanding that no copy of the Harvard Connection code as it supposedly existed when given to Mark Zuckerberg has ever been produced. Facebook believed that the only versions of Harvard Connection code produced to date that pre-date December 31, 2003, is that which was produced by Joe Jackson.  You indicated that ConnectU had produced another version of Harvard Connection code from Sanjay Mavinkurve,



ORRICK

Meredith Schoenfeld, Esq.
August 23, 2007
Page 3

and you further agreed to provide the Bates number range for this code. You also agreed to
confirm that the version of Harvard Connection code reconstructed by Victor Gao was the
version that ConnectU gave to animal57. We have not yet received the confirmation we were
promised.

Furthermore, Facebook understands that no copy of the Harvard Connection code as it supposedly
existed in February 2004 on Hurricane Electric's servers has ever been produced. In ConnectU's
letter of August 13, 2007, and again at the meet and confer conference, you stated that, "Hurricane
Electric has informed us that they have scrubbed the server on which the HC code was stored at
that time," thereby making retrieval of such Harvard Connection code impossible. You agreed to
follow up on date the Hurricane Electric servers were scrubbed. In your August 13, 2007 letter, you
also assert that there is "no reason to believe other versions exist."

Please provide the information about the dates of scrubbing by Hurricane Electric, as well as the
dates the Harvard Connection code was maintained on those servers.

Further Efforts to Locate Harvard Connection Code

Facebook has repeatedly requested information on all efforts by ConnectU to locate code within the
custody or control of ConnectU. *See* Document Requests 136-141 In light of your August 13, 2007
statement that ConnectU has searched *all electronic data* for responsive information from every entity
within its custody or control, including the currently named Plaintiffs and the Winklevoss entities,
Facebook asked you to identify who performed the searches and whether deleted electronic
information was also searched. You informed us that only parties of interest in the lawsuit and
people at the Winklevoss entities performed the searches. Further, you were unable to confirm
whether deleted electronic mail or other data was ever searched.

Although Tyler Winklevoss, Cameron Winklevoss and, Divya Narendra have represented that their
hard drives have no code and that no one else has used their hard drives for code, Facebook
believes that counsel or an independent expert should perform the electronic imaging and
keyword searches for additional versions of Harvard Connection code, especially in light of
evidence that Plaintiffs had passwords to access to the Harvard Connection Code on the
Hurricane Electric servers. *See* Request No. 117, 142(a)-(b), 143(b), 144, 145(a). Facebook
further believes that the Plaintiffs' visual inspection of their hard drives is insufficient to
eliminate the possibility that code, deleted or otherwise, exists on the named Plaintiffs' hard
drives.

Despite Facebook's concerns, you continue to stand by Plaintiffs' representation that no code
could be found on the named Plaintiffs' hard drives. While I understand you believe additional

OHS West:260287328.1



**ORRICK**

Meredith Schoenfeld, Esq.
August 23, 2007
Page 4

searches are "futile" and "a waste of time," the possibility that the missing Harvard Connection code exists on named Plaintiffs' hard drives is substantial. Facebook merely requests that ConnectU engage in the same sort of substantial effort of code recovery that it has demanded of Facebook.

Because the parties are in disagreement, Facebook will proceed to move to compel following our receipt of the information you promised concerning the production sources and locations of storage for all versions of the Harvard Connection and ConnectU code.

**Requests for Production**
You confirmed that ConnectU is not withholding any responsive, non-privileged documents (except as to the Harvard ConnectU code disputes set forth above) based on the objections raised in Facebook's July 2, 2007 letter, including any documents responsive to Request Nos. 22-23, 36-39, 41-42, 44, 46-53, 55, 57, 60-68, 72-73, 79, 87-88, 92-93, 96, 101, 103, 108-114, 116, 118-121, 123, 126-128, 131(a)-(b), 132-133, 137-138, 150-151. You also stated that ConnectU is not withholding any documents based on relevance, including on any self-defined criteria for what is or what is not relevant.

With respect to documents "reflecting the present value of ConnectU and connectu.com," you asserted attorney-client communications and attorney work-product privilege over these communications between counsel and certain third parties. *See* Request Nos. 56, 58-59. I specifically referenced whether ConnectU would produce documents concerning the unidentified "hedge fund that wants to fund the rest [of the expenses for the litigation] on a contingent basis" mentioned in Howard Winklevoss' December 20, 2006 email correspondence to his family, but you indicated the reference to such a "hedge fund" was mistaken and that communications with the entity referred are privileged. When asked to further explain the basis for such privilege, including who exactly were the "third parties" and why they would be protected by the attorney-client or work product privileges, you declined to answer.

A privilege log will therefore be necessary.

**Interrogatory Responses**
You confirmed that ConnectU plans to supplement each of the interrogatory responses identified in Facebook's July 12, 2007 letter, including Interrogatory Nos. 1-8, 10, 11, 13 and 14. Please provide us with the date certain for the service of these revised Interrogatory responses.

As always, please do not hesitate to call or write if you have any questions regarding this letter, or any other matter relating to the litigation. If you believe I have misstated any part of our



ORRICK

Meredith Schoenfeld, Esq.
August 23, 2007
Page 5

conversation, please let me know immediately.  We all thank you for the time you took to address our inquiries and concerns.

Very truly yours,

Monte M.F. Cooper

cc:    John F. Hornick, Esq. (via e-mail)
       Margaret Esquenet, Esq. (via e-mail)
       Robert B. Hawk, Esq. (via e-mail)
       Daniel K. Hampton, Esq. (via e-mail)
       Steve M. Bauer, Esq. (via e-mail)
       Jeremy Oczek, Esq. (via e-mail)