# EXHIBIT 15

**Hanhan, Melinda**

| | |
|---|---|
| **From:** | Cooper, Monte |
| **Sent:** | Sunday, October 14, 2007 7:21 PM |
| **To:** | 'adamwolfson@quinnemanuel.com'; Sutton, Theresa A. |
| **Cc:** | Mudurian, Karen; Dalton, Amy; Chatterjee, I. Neel; Guy, Hopkins; Annette Hurst; Dan Hampton; Sbauer; Joczek; Boutin, Anne; Hanhan, Melinda; Day, Chester; Trinh, Michael; Greer, Yvonne; Stillman, Stacey; 'Meredith.Schoenfeld@finnegan.com'; 'John.Hornick@finnegan.com'; 'margaret.esquenet@finnegan.com'; 'pat.hart@finnegan.com'; 'Daniel.Kaufman@finnegan.com'; 'RickWerder@QuinnEmanuel.com'; 'petercalamari@quinnemanuel.com'; 'ReneeBea@QuinnEmanuel.com'; 'sarahhartley@quinnemanuel.com' |
| **Subject:** | Re: Response to September 6, 2007 Cooper Letter |

```
Adam:

The First Amended Complaint does not address any prior deficiency.  It is a pleading, not
a verified discovery response, and it is not remotely aimed at responding to the
interrogatory responses.  We have made our record clear what the deficiencies are over
months of meet and confers and correspondence.  At no time until today did ConnectU ever
suggest it was relying on the First Amended Complaint to answer under oath
interrogatories.  As noted, this issue is completed. ConnectU has promised for four
months that it would supplement, including in pleadings filed with the Court.  Defendants
have provided every imaginable oppotunity for ConnectU to prove its good faith.  Having
reneged on four months of promises, Defendants will now seek relief from the Court.




--------------------------
Sent from my BlackBerry Wireless Device


----- Original Message -----
From: Adam Wolfson <adamwolfson@quinnemanuel.com>
To: Cooper, Monte; Sutton, Theresa A.
Cc: Mudurian, Karen; Dalton, Amy; Chatterjee, I. Neel; Guy, Hopkins; Annette Hurst; Dan
Hampton; Sbauer; Joczek; Boutin, Anne; Hanhan, Melinda; Day, Chester; Trinh, Michael;
Greer, Yvonne; Stillman, Stacey; Meredith.Schoenfeld@finnegan.com
<Meredith.Schoenfeld@finnegan.com>; John.Hornick@finnegan.com <John.Hornick@finnegan.com>;
margaret.esquenet@finnegan.com <margaret.esquenet@finnegan.com>; pat.hart@finnegan.com
<pat.hart@finnegan.com>; Daniel.Kaufman@finnegan.com <Daniel.Kaufman@finnegan.com>; Rick
Werder <RickWerder@QuinnEmanuel.com>; Peter Calamari <petercalamari@quinnemanuel.com>;
Renee Bea <ReneeBea@QuinnEmanuel.com>; Sarah Hartley <sarahhartley@quinnemanuel.com>
Sent: Sun Oct 14 19:07:13 2007
Subject: RE: Response to September 6, 2007 Cooper Letter

Monte,

Can you please explain which alleged deficiencies in our prior Interrogatory Responses
remain deficient in light of the FAC and the current state of discovery?  As noted in my
prior email, Neel Chatterjee's letter actually explaining the alleged deficiencies -- the
only such explanation of which we are aware -- was sent before we filed our amended
pleading.  As such, that letter could not contemplate the facts alleged in the FAC itself.

Also, I will point out that your previous correspondence on the interrogatories occurred
prior to the September 13th hearing.  As you will remember, the Court granted access to
Defendants' hard drives as well as required Defendants to locate relevant code central to
the various causes of action on previously produced CDs.  Since Plaintiffs have not been
able to view the hard drive images yet, and Defendants stated that they did not believe
```

they were required to go the expense of providing court-ordered information, we have not received any further information which could even potentially supplement contention interrogatories.

Regards,
Adam Wolfson
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Direct: (212) 849-7192
Main Phone: (212) 849-7000
Main Fax:   (212) 849-7100
E-mail:  adamwolfson@quinnemanuel.com <mailto:adamwolfson@adamwolfson@quinnemanuel.com>
Web:    www.quinnemanuel.com <http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

_____

From: Cooper, Monte [mailto:mcooper@orrick.com]
Sent: Sunday, October 14, 2007 11:21 AM
To: Adam Wolfson; Sutton, Theresa A.
Cc: Mudurian, Karen; Dalton, Amy; Chatterjee, I. Neel; Guy, Hopkins; annette.hurst@hellerehrman.com; dan.hampton@hklaw.com; sbauer@proskauer.com; joczek@proskauer.com; aboutin@proskauer.com; Hanhan, Melinda; Day, Chester; Trinh, Michael; Greer, Yvonne; Stillman, Stacey; Meredith.Schoenfeld@finnegan.com; John.Hornick@finnegan.com; margaret.esquenet@finnegan.com; pat.hart@finnegan.com; Daniel.Kaufman@finnegan.com; Rick Werder; Peter Calamari; Renee Bea; Sarah Hartley
Subject: Re: Response to September 6, 2007 Cooper Letter

Adam:

My meet-and-confer with Margaret, and subsequent correspondence, occurred after the July 25 hearing and after the First Amended Complaint was filed.  At no time was the FAC cited as overrcoming the deficiencies.  Nor could it, because CU's responses are directed to information in itsp custody and control.  We will proceed to file the Motion to Compel, and to take any further action necessary to call to the Court's attention not merely that the supplementation has been promised for four months, but specifically was mentioned as forthcoming in the original Joint Status Report filed with the Court in July.

Monte Cooper


--------------------------
Sent from my BlackBerry Wireless Device


----- Original Message -----
From: Adam Wolfson <adamwolfson@quinnemanuel.com>
To: Sutton, Theresa A.
Cc: Mudurian, Karen; Dalton, Amy; Chatterjee, I. Neel; Guy, Hopkins; Annette Hurst; Dan Hampton; Sbauer; Joczek; Boutin, Anne; Hanhan, Melinda; Day, Chester; Trinh, Michael; Greer, Yvonne; Stillman, Stacey; Schoenfeld, Meredith <Meredith.Schoenfeld@finnegan.com>; Cooper, Monte; Hornick, John <John.Hornick@finnegan.com>; Esquenet, Margaret <margaret.esquenet@finnegan.com>; Hart, Pat <pat.hart@finnegan.com>; Kaufman, Daniel

2

<Daniel.Kaufman@finnegan.com>; Rick Werder <RickWerder@QuinnEmanuel.com>; Peter Calamari <petercalamari@quinnemanuel.com>; Renee Bea <ReneeBea@QuinnEmanuel.com>; Sarah Hartley <sarahhartley@quinnemanuel.com>
Sent: Sun Oct 14 07:10:44 2007
Subject: RE: Response to September 6, 2007 Cooper Letter

Theresa,

I write in response to your email dated Friday, October 12, 2007.  To answer your question, we did not serve and do not, at this time, plan on serving supplemental interrogatory responses.  The reason for this decision is that the Interrogatories for which you requested supplementation pursuant to Monte Cooper's letter to Meredith Schoenfeld dated August 23, 2007, Nos. 1-8, 10, 11, 13 and 14, have been answered to the extent of our knowledge at this stage of discovery.  Furthermore, your original assertions of deficiency were lodged before the First Amended Complaint ("FAC") was filed before this Court and you have not explained how our responses are deficient in light of the much greater detail provided in that pleading.

Specifically, we never received explanation why your contention interrogatories (Nos. 1-8, 11 and 13) are either insufficiently answered in our previous Responses or in the FAC. Additionally, at several points in his original letter on this subject to Margaret Esquenet dated July 12, 2007, Neel Chatterjee requested that we state whether or not our answers to these Interrogatories were made in full.  Discovery is ongoing and we cannot make such an assertion yet.  To give just two examples why this is so, we have not had opportunity to view the hard drive images ordered by the Court on September 13, 2007, nor do we yet know, as referenced in our letter to Mr. Chatterjee dated October 10, 2007, if the relevant Facebook code at issue in this case even exists.  As such, it would be premature to supplement our Responses as they were provided to the best of our knowledge given the status of discovery at that time, and discovery has not moved significantly forward since then.

With respect to Interrogatory No. 14, we have already provided our response in full.  To reiterate, Plaintiffs were unaware of any third party website embodying the combination of trade secrets identified in both the FAC and Interrogatory Responses.

I hope this letter clears up any confusion.  We look forward to your response regarding our October 10 letter and will see you in Boston on Wednesday.

Sincerely,

Adam Wolfson
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Direct: (212) 849-7192
Main Phone: (212) 849-7000
Main Fax:  (212) 849-7100
E-mail:  adamwolfson@quinnemanuel.com <mailto:adamwolfson@adamwolfson@quinnemanuel.com>
Web:   www.quinnemanuel.com <http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

_____

From: Sutton, Theresa A. [mailto:tsutton@orrick.com]
Sent: Friday, October 12, 2007 7:28 PM
To: Schoenfeld, Meredith; Cooper, Monte; Hornick, John; Esquenet, Margaret; Hart, Pat; Kaufman, Daniel; Adam Wolfson

3

Cc: Mudurian, Karen; Dalton, Amy; Chatterjee, I. Neel; Guy, Hopkins; Annette Hurst; Dan Hampton; Sbauer; Joczek; Boutin, Anne; Hanhan, Melinda; Day, Chester; Trinh, Michael; Greer, Yvonne; Stillman, Stacey
Subject: RE: Response to September 6, 2007 Cooper Letter


Meredith-

We have not received Plaintiffs' supplemental interrogatory responses. Please let me know how they were served.

Thank you.

Theresa


_____
    O
O R R I C K

Theresa A. Sutton
Orrick, Herrington & Sutcliffe LLP
Silicon Valley Office
1000 Marsh Road, Menlo Park, CA 94025
650.614.7307 (Voice)
650.614.7401 (Fax)
tsutton@orrick.com
www.orrick.com



_____

From: Schoenfeld, Meredith [mailto:Meredith.Schoenfeld@finnegan.com]
Sent: Tuesday, September 11, 2007 5:16 PM
To: Cooper, Monte; Hornick, John; Esquenet, Margaret; Hart, Pat; Kaufman, Daniel
Cc: Mudurian, Karen; Dalton, Amy; Chatterjee, I. Neel; Guy, Hopkins; Sutton, Theresa A.; Annette Hurst; Dan Hampton; Sbauer; Joczek; Sutton, Theresa A.; Boutin, Anne; Hanhan, Melinda; Day, Chester; Trinh, Michael; Greer, Yvonne
Subject: RE: Response to September 6, 2007 Cooper Letter


Monte:

We will supplement our interrogatory responses by October 12, 2007.

-Meredith



_____

        From: Cooper, Monte [mailto:mcooper@orrick.com]
        Sent: Tuesday, September 11, 2007 10:39 AM
        To: Schoenfeld, Meredith; Hornick, John; Esquenet, Margaret; Hart, Pat; Kaufman, Daniel
        Cc: Mudurian, Karen; Dalton, Amy; Chatterjee, I. Neel; Guy, Hopkins; Sutton, Theresa A.; Annette Hurst; Dan Hampton; Sbauer; Joczek; Sutton, Theresa A.; Boutin, Anne; Hanhan, Melinda; Day, Chester; Trinh, Michael; Greer, Yvonne
        Subject: RE: Response to September 6, 2007 Cooper Letter


        Meredith:

        Concerning your letter of September 6, Facebook Defendants respond as follows:

        (1) With respect to the "supplemented interrogatories," Facebook Defendants have

4

been promised responses for two months, and yet plaintiffs continue to refuse to do so. Defendants have need of the supplementation immediately because ConnectU unilaterally changed its trade secret designation, and has added new allegations, claims and defendants in its amended complaint. Moreover, the deposition of Joseph Jackson is scheduled for September 20. Accordingly, either we receive an immediate commitment to serve the long-promised supplementation by September 18, or we will move to compel. Defendants further note that they need the supplementation immediately to ensure it is adequate to address the deficiencies identified in prior correspondence, and is sufficiently responsive to the original Interrogatories.

(2) With respect to the imaging and keyword searches, Facebook Defendants will move to compel under the same protocol that plaintiffs contend should be applicable to all Defendants. With respect to your offer to do keyword searches, it is unclear how you intend to use such a search mechanism. We have been told there has been no imaging and will be no imaging of all electronic devices used by ConnectU and its Founders. Indeed, your letter separately indicates that plaintiffs will not agree to such imaging.

(3) Facebook Defendants can show that all Founders had access to the Harvard Connection code on the Hurricane Electric servers at all times before and after it was allegedly provided to Mark Zuckerberg. That also includes both before and after ConnectU brought suit. Moreover, the original code simply was not preserved. Accordingly, Facebook Defendants will move to compel on this issue.

(4) With respect to ConnectU code, PNS confirmed it was subject to its "Subversion" control. We have never received all versions of the code in executable form to determine how and when particular Subversion versions existed and/or were added and deleted on the PNS servers. Nor, for instance, have we received the code as it was admittedly kept by Winston Williams on his own laptop computer. Indeed, he testified he could not produce such code because he has lost his laptop. Further, we have received none of the information in the database files of PNS, such as the dates particular members joined ConnectU or were invited to join ConnectU. Again, therefore, Facebook Defendants will now move to compel such missing information.

(5) We have received multiple versions from ConnectU of the December 20, 2006 email from Howard Winklevoss to his sons referencing the "hedge fund that wants to fund the rest of [the litigation] on a contingent basis." One such example is Bates-Numbered CUCA02996 - CUCA02998. Again, the information concerning investment in ConnectU, including funding by the hedge fund, is relevant to several issues such as damages, and is not privileged. Facebook Defendants therefore will move to compel the information about the referenced hedge fund and any other investments by third parties in the litigation and/or ConnectU.

Thank you,

Monte Cooper

_____

From: Schoenfeld, Meredith [mailto:Meredith.Schoenfeld@finnegan.com]
Sent: Monday, September 10, 2007 1:30 PM
To: Cooper, Monte; Hornick, John; Esquenet, Margaret; Hart, Pat; Kaufman, Daniel
Cc: Mudurian, Karen; Dalton, Amy; Chatterjee, I. Neel; Guy, Hopkins; Sutton, Theresa A.; Annette Hurst; Dan Hampton; Sbauer; Joczek; Sutton, Theresa A.; Boutin, Anne; Hanhan, Melinda; Day, Chester; Trinh, Michael
Subject: Response to September 6, 2007 Cooper Letter

Please see attached.

-Meredith

5

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

============================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/



This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.