# EXHIBIT 35

Dockets.Justia.com

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONNECTU, INC.,                )
                               )
     Plaintiff,                )
                               )
v.                             )    Civil Action
                               )    No. 07-10593-DPW
FACEBOOK, INC., MARK           )
ZUCKERBERG, EDUARDO SAVERIN,   )
DUSTIN MOSKOVITZ, ANDREW       )
McCOLLUM, CHRISTOPHER HUGHES   )
and THEFACEBOOK, LLC,          )
                               )
     Defendants.               )
                               )

BEFORE:  The Honorable Douglas P. Woodlock,
         District Judge

MOTION HEARING

John J. Moakley United States Courthouse
Courtroom No. 1
One Courthouse Way
Boston, Massachusetts  02210
Wednesday, October 17, 2007
2:30 p.m.

Marcia G. Patrisso, RPR, CRR
Official Court Reporter
John J. Moakley U.S. Courthouse
One Courthouse Way, Room 3510
Boston, Massachusetts  02210
(617) 737-8728

Mechanical Steno - Computer-Aided Transcript

```
 1    APPEARANCES:

 2            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
              By: Richard I. Werder, Jr., Esq.
 3                Adam Wolfson, Esq.
              51 Madison Avenue - 22nd Floor
 4            New York, New York 10010
              - and -
 5            GRIESINGER, TIGHE & MAFFEI, LLP
              By: Daniel P. Tighe, Esq.
 6            176 Federal Street
              Boston, Massachusetts  02110-2214
 7            On Behalf of the Plaintiff

 8            ORRICK, HERRINGTON & SUTCLIFFE, LLP
              By: I. Neel Chatterjee, Esq.
 9                Monte M.F. Cooper, Esq.
                  G. Hopkins Guy III, Esq.
10                Theresa A. Sutton, Esq.
              1000 Marsh Road
11            Menlo Park, California  94025-1015
              - and -
12            PROSKAUER ROSE LLP
              By: Steven M. Bauer, Esq.
13            One International Place - 22nd Floor
              Boston, Massachusetts  02110
14            On Behalf of the Defendants Facebook, Inc. and
              Mark Zuckerberg
15
              HOLLAND & KNIGHT LLP
16            By: Daniel K. Hampton, Esq.
              10 St. James Avenue - 11th Floor
17            Boston, Massachusetts  02116
              On Behalf of the Defendant Eduardo Saverin
18

19

20

21

22

23

24

25
```

1   first.  It's Rick Werder from Quinn Emanuel.  And before
2   I start, we've been admitted pro hac vice.  And I just
3   want to thank the Court for the courtesy of allowing us
4   to appear pro hac vice.
5           Mr. Zuckerberg's -- I think Mr. Zuckerberg's
6   claim would be comparable to the claim that he's
7   fighting with Mr. Saverin over --
8           THE COURT:  Well, I think the issue is
9   whether -- is not whether it's comparable, but what is
10  it?  Does he get 25 percent?
11          MR. WERDER:  I think it's 25 percent.  Four
12  equal shares.
13          THE COURT:  Where do I see 25 percent here?
14          MR. WERDER:  You see Paragraph 46 and Paragraph
15  67 of the complaint allege --
16          THE COURT:  No.  No, we're talking about summary
17  judgment now.  You've alleged it -- the issue for
18  summary judgment is piercing the allegations.  And so I
19  have the 30(b)(6) deposition of Mr. Winklevoss --
20          MR. WERDER:  Yes, your Honor.
21          THE COURT:  -- I have the interrogatory answer.
22  And what is premature?  I mean, other than to say
23  "indefinite"?
24          MR. WERDER:  Well, your Honor, you have the
25  declaration of Victor Gao.

Page 13

```
 1            THE COURT:  Well, you know, in this district --
 2   or this circuit -- the creation of declarations
 3   afterwards -- not so much Mr. Gao, although I don't know
 4   that he adds much to this -- but the one for Mr.
 5   Winklevoss is kind of an agonizing reappraisal of what
 6   he had earlier said.  And I must tell you that unless
 7   you can convince me in some fashion that I should
 8   consider that in light of the degree of which it
 9   contradicts what he's earlier said, I'm not going to
10   consider it.
11            MR. WERDER:  Well, your Honor, I'll take a --
12   that relates to Mr. Winklevoss's declaration?
13            THE COURT:  Yes.  Yes.
14            MR. WERDER:  Your Honor, Mr. Winklevoss gave,
15   obviously, an extensive deposition.  And I think what
16   the defendants have done is to parse particular phrases
17   from it, sentences from it, answers from it that they
18   like.  But I think if the entire deposition is read, we
19   believe that the deposition is completely consistent
20   with the --
21            THE COURT:  Well, I've read the entire
22   deposition, or at least what it is -- what's been
23   attached, I guess, to the declaration of -- Mr. Cooper's
24   declaration.  I read it.  Did you at some point say it
25   wasn't premature to speak about specific equity stakes?
```

1           MR. WERDER: Your Honor, we've cited at least
2   three portions of the transcript in our papers. We've
3   cited --
4           THE COURT: I know you've cited them. I just
5   want to understand where they really contradict him.
6           MR. WERDER: Well, your Honor, on page 67 and 68
7   of the transcript he was asked: "Was there ever any
8   discussion at any point with Mr. Zuckerberg about what
9   his share of the partnership would be?" And his answer
10  was, "Other than the fact that he was an equal partner
11  on ConnectU..." and then the answer goes on.
12          And then at page --
13          THE COURT: What does it mean when he says that
14  there was no specific percentage ownership? I mean,
15  equal partner, all right? That means that he's in for
16  25 percent? That's what I'm supposed to do: I'm
17  supposed to translate that into money?
18          MR. WERDER: Well, I think, your Honor, that
19  "equal partner," when there's four partners, implies 25
20  percent.
21          THE COURT: Then why does he say that there was
22  no specific percentage ownership discussion? And why
23  did he say that it's premature to speak about specific
24  equity stakes?
25          MR. WERDER: Well, I think that the way that I

1            THE COURT:  Now, what do I do with the
2    interrogatory answer?
3            MR. WERDER:  Which interrogatory answer are you
4    discussing, your Honor?
5            THE COURT:  Let's see.  I guess it is in Exhibit
6    5 of Mr. Cooper's deposition:  "They also told me" --
7    the plaintiffs -- "Mr. Zuckerberg, that he was an equal
8    opportunity member in the project," whatever that means,
9    "in enterprise, and an equal opportunity member of the
10   Harvard Connection team based on the amount of
11   contribution and effort each partner made, to be later
12   determined, based on their own ongoing participation and
13   contribution to the enterprise.  Mr. Zuckerberg was
14   never asked for any payment as a partner; Mr. Zuckerberg
15   would have monetary compensation in the form of a share
16   in the partnership if the website launched, became
17   popular and could be monetized."
18           Now, he is entitled to a share based on the
19   amount of contribution and effort made inter se, among
20   the partners, to be later determined, which is to say
21   not during the time that this was -- this partnership or
22   team was entered into.
23           MR. WERDER:  Yes, your Honor.  I have that in
24   front of me at this point.  I'm not sure that that's --
25   that that's necessarily inconsistent with Mr.

1    Winklevoss's testimony, but the -- certainly some of
2    the -- I don't know when -- what contact had been made
3    with Mr. Gao, for example, prior to our coming on the
4    scene here.
5            THE COURT:  Well, are you suggesting you're
6    going to amend the interrogatory response?
7            MR. WERDER:  I think that the interrogatory
8    response probably will be amended, your Honor, because
9    there is more detailed information at this point in
10   time.
11           THE COURT:  Well, here we are with a motion for
12   summary judgment in which you have been in a position of
13   being able to respond to a 30(b)(6) and of making an
14   interrogatory answer, and now because it's an
15   uncomfortable one you tell me that there will be a
16   revised standard edition of the interrogatory -- perhaps
17   the good news version of interrogatory response?
18           MR. WERDER:  Well, I don't know that it's a good
19   news version, your Honor, but it is a version that
20   reflects our investigation of the facts since we've
21   become involved here.
22           THE COURT:  I must tell you that we're here on a
23   motion for summary judgment as to which there is no
24   56(f) motion, and so I'm going to treat it on its
25   present basis.

1    MR. WERDER: No, I understand that, your Honor.
2    And we -- the reason that -- we're not belatedly asking
3    for a Rule 56(f) determination, or making a motion of
4    that kind. We believe that the motion should be denied
5    on the basis of the record that's presently before the
6    Court. The interrogatory answer may be a ground for
7    impeachment at some point in time; the various
8    statements in the deposition can be weighed against one
9    another from a credibility perspective when the case
10   proceeds.
11        But the evidence that we've presented,
12   particularly -- and even if we take out the Winklevoss
13   declaration, the Narendra declaration and the Gao
14   declaration together with the points that we've cited
15   from the Winklevoss deposition transcript we believe are
16   sufficient to allow the case to proceed and to have a
17   jury make a determination of credibility.
18        THE COURT: All right. So who's going to
19   respond on behalf of --
20        MR. WERDER: May I make one additional point,
21   your Honor?
22        THE COURT: Sure.
23        MR. WERDER: And that is the -- in terms of the
24   breach of the contract, the case is not like the
25   Aretakis case that the defendants cited here because the

Page 91

1                    C E R T I F I C A T E

2

3        I, Marcia G. Patrisso, RPR, CRR, Official

4   Reporter of the United States District Court, do hereby

5   certify that the foregoing transcript constitutes, to

6   the best of my skill and ability, a true and accurate

7   transcription of my stenotype notes taken in the matter

8   of Civil Action No. 07-10593-DPW, ConnectU, Inc., v.

9   Facebook, Inc., et al.

10

11                  /s/ Marcia G. Patrisso
                    MARCIA G. PATRISSO, RPR, CRR
12                    Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25