IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, and FACEBOOK, LLC,<br><br>Defendants. | Civil Action No. 1:07-CV-10593-DPW |

**REPLY MEMORANDUM IN SUPPORT OF THE FACEBOOK DEFENDANTS' MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 1**

**LEAVE TO FILE GRANTED ON NOVEMBER 19, 2007**

I.  **INTRODUCTION**

Facebook Defendants' motion to compel Plaintiffs to supplement their prior response to Interrogatory No. 1 must be granted.  In recent correspondence that followed Plaintiffs' filing of their Opposition to the Motion, Plaintiffs conceded that they have not set forth their complete arguments for why they believe Facebook Defendants are liable for copyright infringement.   In fact, ConnectU's Opposition conflates two entirely separate issues:  (a) Defendants simply ask that Plaintiffs honor their prior agreement, repeated numerous times both to this Court and to counsel over four months, that Plaintiffs would supplement their earlier response to Interrogatory No. 1 and set forth all facts in support of their copyright infringement claim; and (b) on November 13, 2007, *independent* of those promises, Facebook Defendants as part of their own discovery obligations produced to Plaintiffs source code and database schema information associated with the original www.thefacebook.com website which they recently located.

Facebook Defendants are not moving for supplementation based on the newly-discovered code at this time, but rather for the previously promised supplementation.  Plaintiffs are wholly capable of supplementing their earlier Response to Interrogatory No. 1 without reference to the new code, as they actually promised they would do for four months.  Any further supplementation warranted by the discovery of the new Facebook code can occur in a reasonable time after that.  The motion thus should be granted.

II. **PLAINTIFFS CLARIFIED IN RECENT EMAILS THAT THEY CAN SUPPLEMENT, BUT SIMPLY DON'T WANT TO**

Plaintiffs' principal argument not to supplement rests upon the assertion of an entirely new theory of copyright infringement.  In particular, Plaintiffs in their Opposition argue for the first time that "*the code that Mark Zuckerberg wrote for Harvard Connection* in late 2003 and/or early 2004 is among the code that thefacebook.com infringes."  Corrected Opp'n at 3 (emphasis

-1-

added). Plaintiffs claim that they do not possess this code, and hence cannot supplement their prior response to Interrogatory No. 1 "with anything approaching meaningful facts." *Id.* Notably, this theory that it was only "the code that Mark Zuckerberg wrote for Harvard Connection" is nowhere set forth in the Plaintiffs' current response to Interrogatory No. 1. *See* Cooper Decl., Exh. 1.

After Plaintiffs filed their Opposition, Defendants requested clarification concerning what exactly is Plaintiffs' theory of copyright infringement. *See* Cooper Reply Decl., Exh. 18. Facebook Defendants also requested confirmation by verified interrogatory responses (a) whether Plaintiffs' theory was that the Facebook Defendants' alleged copyright infringement rests solely on code written by Mark Zuckerberg; and (b) that ConnectU does not contend that any Harvard Connection code produced to date is infringed by any versions of Facebook code produced in this litigation prior to November 13, 2007. *Id.*

Plaintiffs then explained in an email as follows:

> The Response asserts two bases for denying the motion. The first is that the Harvard Connection code is crucial to the copyright claim. *This does not mean that the Harvard Connection code* [written by Zuckerberg ] *is the "only" evidence of infringement*, but, rather, that it is important. Plaintiffs note that this code was cited "[a]mong other facts" in the original Response.
>
> The second basis for denial is your production of the January 2004 version of thefacebook.com code, which would have been impossible to compare with our own code by the time you filed your motion. As you well know, this is your first production of relevant code contemporaneous to the events at issue in this case and affords our clients, for the first time, the ability to compare code.
>
> If our comparison requires that we supplement our interrogatory responses, we will, of course, do so.[1]

---

[1] To the extent Plaintiffs contend that supplementation should wait until they compare the newly produced Facebook code to the Harvard Connection code, that argument must be rejected. As

-2-

Cooper Reply Decl., Exh. 19 (emphasis added). As the response acknowledges, Plaintiffs argue that they *do* possess additional relevant information about their copyright claim which has not been set forth in their original Response to Interrogatory No. 1, since they fully concede it is possible for them to supplement to specify their evidence other than the Zuckerberg code. This admission alone again underscores that Plaintiffs should be held to their original promises that they would supplement their prior Response to state all facts in support of the allegation.

Moreover, Facebook Defendants again requested clarification whether it was *only* the Harvard Connection code that "Mark Zuckerberg allegedly wrote for Harvard Connection [that] is the basis for the copyright infringement claim," since that is actually what is stated in Plaintiffs' Opposition. Cooper Reply Decl., Exh. 20. Plaintiffs answered un-helpfully: "Our Response speaks for itself and says what it says." *Id.*, Exh. 21.

Later Defendants wrote: "It is very clear that the code at issue includes both the Harvard Connection code as it existed when Mr. Zuckerberg first became involved in the project and was given access to the code and the code that Mr. Zuckerberg wrote for Harvard Connection (including the relevant code that he wrote while purporting to work with our clients on the project), *as well as derivative works*." *Id.*, Exh. 22 (emphasis added). This response provides no clarification at all as to what the basis is for Plaintiffs' claim of copyright infringement. The reality is that the interrogatory response does not clearly set forth the theories and facts underlying the copyright infringement claim. Defendants and the Court are entitled to know, as it will narrow the issues and help tailor further discovery.

---

they note, that comparison by itself does not necessitate supplementation, whereas Plaintiffs' knowledge of undisclosed facts that they contend supports their copyright claim does. Further, critical depositions, including that of programmer Victor Gao, have been scheduled and will occur within the next three weeks. Finally, comparison of the newly produced Facebook code actually will show that there is no infringement and, as such, no further supplementation will be

### III. IN LIGHT OF THE DEPOSITION TESTIMONY OF THIRD PARTIES, IT IS IMPERATIVE THAT PLAINTIFFS SUPPLEMENT

ConnectU's current response to Interrogatory No. 1 does not clearly and unequivocally state what Harvard Connection code is alleged to be infringed, or why.  Cooper Decl., Exh. 1.  Whatever the theory may be, ConnectU is obligated to state as much by supplemented response.  If other theories and/or facts underlie the copyright claim, they too should be clearly expressed in a supplemented response.

In fact, such supplementation is particularly crucial, because testimony from third parties reflects there was no "substantial similarity" between any known Harvard Connection code and the original Facebook website to support a copyright claim, leaving Defendants completely in the dark as to the source for Plaintiffs' conclusory allegations to the contrary in their First Amended Complaint ("FAC").  *See* FAC ¶ 255.  For instance, Joe Jackson, the programmer who worked on the Harvard Connection code immediately prior to Zuckerberg, recently testified that he saw the Facebook website immediately after it launched and specifically did *not* think it was "similar to the Harvard Connection site [he] had worked on."  *See* Cooper Reply Decl., Exh. 23 (Depo. Tr. of Joe Jackson), at 144:21-145:5.  Instead, he believed the Facebook site looked far more like a third-party website, www.friendster.com.  *Id.*, 145:2-146:6.  In fact, in contrast to what Plaintiffs have repeatedly argued in this case, he did not even believe the Harvard Connection site he was coding for Plaintiffs should be considered a social network.  *Id.*, 128:11-129:18.

Likewise, the company iMarc LLC received the original Harvard Connection code by CD from Plaintiffs, decided it was useless, and as a result, had to develop the website www.connectu.com independently from scratch.  *Id.,* Exh. 24 (iMarc Depo. Tr.), at 36:9-37:4; 42:14-43:4;  101:11-22.  Indeed, plaintiff Divya Narendra fully admitted in hearings before this

forthcoming.

Court that the Harvard Connection code he and the other plaintiffs gave to iMarc was "essentially useless," "broken," full of "missing pieces." *Id.,* Exh. 25 (10/24/06 Hg. Tr.), at 292:17-293:11. Supplementation of Interrogatory No. 1 therefore is warranted to explain how an un-workable version of Harvard Connection possibly was substantially similar to an entirely different website with different purposes, graphics, and structure for purposes of copyright infringement.

### IV.   CONCLUSION

Nothing in Plaintiffs' Opposition moots or warrants denial of Facebook Defendants' motion to compel response to Interrogatory No. 1. In fact, Plaintiffs' Opposition reflects that supplementation is critical.

Dated:  November 19, 2007                           Respectfully submitted,

  /s/ Monte Cooper /s/
G. Hopkins Guy, III (admitted *pro hac vice*)
I. Neel Chatterjee (admitted *pro hac vice*)
Monte Cooper (admitted *pro hac vice*)
Theresa A. Sutton (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   (650) 614-7400
Facsimile:     (650) 614-7401

Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:   (617) 526-9600
Facsimile:     (617) 526-9899

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 19, 2007.

Dated:  November 19, 2007.                                  Respectfully submitted,

                                                                         /s/ Theresa A. Sutton /s/
                                                                         Theresa A. Sutton