IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKELVOSS, TYLER WINKELVOSS, and DIVYA NARENDRA,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, and FACEBOOK, LLC,<br><br>Defendants. | Case No. 1:07-CV-10593-DPW |

## DECLARATION OF LUKE O'BRIEN

1. I am a freelance journalist. I wrote the article subsequently entitled "Poking Facebook" that appears in the November/December issue of *02138* and on the website of *02138*. The article is about the litigation between ConnectU and Facebook.

2. On Thursday, September 13, 2007, I attended a discovery hearing in the above-referenced case while researching the article I was writing for *02138* magazine.

3. After the hearing, I went to the district court clerk's office and asked to review the file in this case and in the earlier related case, No. 1:04-CV-11923-DPW.

4. The file in the district court clerk's office was incomplete. Based on previous online research I had done through PACER, the file appeared to be missing quite a few documents. A file clerk in the district court told me the earlier related case was on appeal and advised me to check for the missing documents in the appeals court, which is in the same building. The clerk told me the appeals court would have a separate file that might contain more information.

1

5. I went to the clerk's office for the appeals court and requested the file for the related appeals case, No. 07-1796.

6. A woman who worked in the clerk's office for the appeals court brought me the file. I never learned the name of this clerk. The file was voluminous: there were three large boxes of documents, and the clerk had to use a cart to bring them to me.

7. Some of the records were in envelopes that were still physically sealed. I did not open these envelopes or in any way access or review the contents inside. As to the other records contained in the file, I did review them and, during the course of my review, I copied some documents from the court file at the public copier located in the courthouse.

8. After I started going through the documents, I realized I would have to come back to the appeals court the next day and informed the clerk. She indicated that she would keep the file readily accessible for my return visit.

9. The next day, Friday, when I returned to continue my review of the file, the clerk asked me whether I was an attorney working on the case or if I was just doing research. I told her that I was not an attorney and that I was doing research.

10. I also returned to the appeals court the following Monday and Tuesday to complete my review of the file.

11. Toward the end of my research, the clerk casually asked about my interest in the case. I told her I was a reporter and that I was doing research for an article on the litigation between ConnectU and Facebook.

12. At no time did that clerk or anyone else in the clerk's office tell me that I was not to view or to copy any of the documents in the case file.

13. I used some of the documents I viewed and copied from the court file as source material for the article "Poking Facebook." In the course of writing the article, I made handwritten notes on some of the copies I had made, including on a copy of Mark Zuckerberg's Harvard application.

14. After I turned in my article and in advance of its publication, the managing editor of *02138* asked that I mail all the copies I had made of documents in the court file to a fact checker for *02138*. I mailed the copies to the fact checker as requested.

15. It is my understanding from *02138* that my handwritten notes were subsequently redacted, in whole or in part, from scanned versions of one or more of the copies of the documents, including from the copy of Mark Zuckerberg's Harvard application.

16. Aside from Mark Zuckerberg's online diary, all of the documents on *02138*'s website at http://www.02138mag.com/magazine/article/1764.html ("The Facebook Files") are scanned versions of copies I made from the opened portions of the case file provided to me by the clerk's office at the appeals court. I also copied Mr. Zuckerberg's online diary from the opened portions of the case file provided to me by the appeals clerk. It is my understanding from *02138* that the version of Mr. Zuckerberg's online diary posted on *02138*'s website is a re-creation of the copy I made of the original document I obtained from the court file.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 4, 2007.

                                                /s/ Luke O'Brien
                                                Luke O'Brien

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the following document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties of record by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      /s/ Elizabeth A. Ritvo
      Elizabeth A. Ritvo

Dated: December 4, 2007