IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>        Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, and FACEBOOK, LLC,<br><br>        Defendants. | Civil Action No. 1:07-CV-10593-DPW |

**THE FACEBOOK DEFENDANTS' RESPONSE TO *02138*'S REQUEST TO UNSEAL**

-1-

OHS West:260349848.1

The Facebook Defendants agree to third party *02138*'s request to unseal as to: (1) the Emergency Request for a Temporary Restraining Order, (2) the Declaration Of I. Neel Chatterjee In Support Of Facebook Defendants' Emergency Request For A Temporary Restraining Order Against Publication Or Dissemination Of Confidential Documents, (3) Exhibits 1-4 and 9-10 to the Chatterjee Declaration, and (4) the proposed order lodged with the Court on November 29, 2007.  Doc. No. 162.

*02138*'s request to unseal should be denied, however, as to Confidential Exhibits 5, 6, 7, and 8 to the Chatterjee Declaration. *Id.*  On November 28, 2007, the Facebook Defendants learned that *02138* posted on its website documents, including Confidential Exhibits 5, 6, 7 and 8, that were originally filed under seal in this Court.  These documents contain personal and sensitive information about the defendants as well as third parties not affiliated with this litigation.  The documents were designated "Confidential" by the Facebook Defendants pursuant to the July 6, 2005, Stipulated Protective Order entered by this Court.  On November 29, 2007, the Facebook Defendants sought an order requiring *02138* to remove the confidential materials from its website.  *Id.*  The Court denied the Facebook Defendants' request after it determined that the likely, but unfortunate, source of the documents was the clerk's office due to an administrative error.  11/30/07 Hr'g Tr.

Despite the unfortunate leak, the Facebook Defendants continue to believe that the information contained in Confidential Exhibits 5, 6, 7, and 8 is confidential and was properly filed under seal pursuant to the Second Stipulated Protective Order.  The Facebook Defendants ask the Court to ensure that the information remains sealed.  Third parties in possession of the documents may, at some point, remove the documents from their website(s), thereby reducing

their availability to the public as a result of the leak.[1]  The Facebook Defendants wish to prevent the unnecessary and preventable additional availability of the documents in perpetuity through the District Court case file.  The Court can prevent further unnecessary propagation of the information by upholding its original sealing orders protecting the information from public view.  Indeed, given the inadvertent disclosure of the materials, preventing increased transmission of the information is an appropriate and reasonable remedy to the otherwise unfortunate disclosure.

   The Facebook Defendants also want to prevent Plaintiffs and other third parties from later arguing that the Court's willingness to unseal these exhibits in the present context negates the Facebook Defendants' efforts to protect other documents containing similar confidential, private and/or sensitive information.  These documents, which apparently originated from the Court's files, were previously filed under seal by the Court in support of various other motions.  The motions to seal these exhibits were unopposed by Plaintiffs.  The present state of the investigation into the leak suggests that the documents were not made publicly available through any fault of the parties.  The Facebook Defendants should not be deemed to have waived their rights to protection based on a series of events over which they had no control, and continue to act in accordance with the Second Stipulated Protective Order in requesting that their motion to seal these documents be granted as to Confidential Exhibits 5, 6, 7 and 8.

   The disclosure of Exhibits 5, 6, 7, and 8 was an unfortunate event.  One mishap should not, however, prevent the Facebook Defendants (or any party for that matter) from maintaining the protections of a Stipulated Protective Order entered by this Court.  This is especially true where, as here, the party challenging the propriety of the sealing order is not a party to this

---

[1] In addition, over time, the exposure of the protected documents due to *02138*'s posting will be substantially reduced.  Facebook seeks to prevent the further, ongoing harm *02138*'s requested unsealing would cause.

-3-

litigation or the Protective Order and, indeed, argued that it could not be bound by the Protective Order. *02138* should not be permitted to challenge this Court's previous sealing orders simply because it fortuitously came into possession of otherwise obviously confidential materials.

*02138*'s request to unseal Exhibits 5, 6, 7, and 8 should be denied. The Facebook Defendants otherwise agree to unseal: (1) the Emergency Request for a Temporary Restraining Order, (2) the Declaration Of I. Neel Chatterjee In Support Of Facebook Defendants' Emergency Request For A Temporary Restraining Order Against Publication Or Dissemination Of Confidential Documents, (3) Exhibits 1-4 and 9-10 to the Chatterjee Declaration, and (4) the proposed order lodged with the Court on November 29, 2007. Doc. No. 162.

Dated: December 7, 2007               Respectfully submitted,

                                       /s/ I. Neel Chatterjee /s/
                                      G. Hopkins Guy, III (admitted *pro hac vice*)
                                      I. Neel Chatterjee (admitted *pro hac vice*)
                                      Monte Cooper (admitted *pro hac vice*)
                                      Theresa A. Sutton (admitted *pro hac vice*)
                                      ORRICK, HERRINGTON & SUTCLIFFE LLP
                                      1000 Marsh Road
                                      Menlo Park, California  94025
                                      Telephone:   (650) 614-7400
                                      Facsimile:   (650) 614-7401

                                      Steven M. Bauer
                                      Jeremy P. Oczek
                                      PROSKAUER ROSE, LLP
                                      One International Plaza, 14th Floor
                                      Boston, MA 02110-2600
                                      Telephone:   (617) 526-9600
                                      Facsimile:   (617) 526-9899

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 7, 2007.

Dated: December 7, 2007.               Respectfully submitted,

                                                                /s/ I. Neel Chatterjee /s/
                                                                  I. Neel Chatterjee

OHS West:260349848.1