# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA, | )<br>)<br>) CIVIL ACTION NO. 1:04-cv-11923 (DPW)<br>) |
| Plaintiffs, | ) Related Action No. 1:07-cv-10593 (DPW) |
| v. | )<br>) |
| FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, AND THEFACEBOOK LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STAY CONSIDERATION OF THE MOTIONS TO DISMISS PENDING APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**INTRODUCTION**

Plaintiffs Cameron Winklevoss, Tyler Winklevoss and Divya Narendra, the founders of ConnectU, Inc. ("Founders"), respectfully move the Court to stay consideration of any dismissal motions until the outcome of the Founders' pending appeal to the United States Court of Appeals for the Ninth Circuit. That appeal challenges the validity of a 1½-page handwritten mediation "Term Sheet and Settlement Agreement" ("Term Sheet") that Judge James Ware, of the United States District Court for the Northern District of California, summarily enforced without an evidentiary hearing and without permitting discovery.[1]

The Founders respectfully request the Court to stay consideration of all motions to dismiss, including the pending motions to dismiss scheduled for filing by order of Judge Ware. In enforcing what he considered to be the provisions of the Term Sheet and, in particular, its dismissal provisions, Judge Ware initially ordered the parties to the Massachusetts litigation to draft and submit dismissal documents to a Special Master. On November 21, 2008, Judge Ware ordered the Special Master to file the parties' motions to dismiss on December 15, 2008. Respectfully, this Court should not entertain those motions until the Ninth Circuit has adjudicated the rights and obligations of the parties under the Term Sheet.

A stay would serve this Court's interests in judicial economy, by permitting the parties to efficiently pursue their respective claims and counterclaims in the event that the Ninth Circuit reverses Judge Ware's decision to enforce what he considered to be the terms of the Term Sheet. A stay would also protect the Founders against a potential claim by Facebook that any

---

[1] The Founders contend in their opening appeal brief, which was filed in the Ninth Circuit on October 6, 2008, that the California district court's ruling is premised on significant legal errors. In order to complete the record in this Court, the Founders are seeking leave to file under seal a copy of their Ninth Circuit Brief on Appeal (which is under seal in the Ninth Circuit). *See* December 16, 2008, Declaration of Evan Andrew Parke in Support of Plaintiffs' Motion to Stay ("Parke Decl.") at ¶ 13, and Ex. L to Parke Decl.

actions taken pursuant to the Term Sheet (such as the dismissal of the Massachusetts case) moot the Founders' currently-pending Ninth Circuit appeal.

I.     **BACKGROUND FACTS**

On July 2, 2008, the California district court entered Judgment enforcing the Term Sheet. Ex. B to Parke Decl. (July 2 Judgment); *see also* Ex. I (June 25 Order enforcing the Term Sheet). The Judgment required the parties to tender their settlement consideration (*i.e.*, the cash and stock owed under the Term Sheet) and proposed dismissals to a Special Master by August 4. Ex. B to Parke Decl.

On July 30, ConnectU filed its notice of appeal from the July 2 Judgment. *Facebook, Inc. v. ConnectU, Inc.*, Case No. 07-01389-JW (N.D. Cal.) (Dkt. No. 582). On July 31, ConnectU moved to stay execution of the Judgment. *Id.* (Dkt. No. 578). The Founders then moved to intervene for the purpose of the motion to stay and the appeal. *Id.* (Dkt. No. 574).

The California district court heard arguments on both motions on August 6, 2008. *Id.* (Dkt. No. 586). On Friday, August 8, the court denied the Founders' motion to intervene but held that "the ConnectU Founders are parties for purposes of proceedings to enforce the Settlement Agreement" and that "they may appeal that Judgment." Ex. A to Parke Decl. at 4, 5. The district court also denied ConnectU's motion to stay and ordered ConnectU and the Founders to provide the ConnectU shares and dismissal documents to the Master by Tuesday, August 12. *Id.* at 6-8.

On Monday, August 11, the Founders filed their notice of appeal,[2] and ConnectU and the Founders filed an emergency motion to stay in the Ninth Circuit, which was denied. Ex. D

---

[2] *See Facebook, Inc. v. ConnectU, Inc.*, Case No. 07-01389-JW (N.D. Cal.) (Dkt. No. 611). Facebook and Mark Zuckerberg filed a Notice of Cross-Appeal on August 13, 2008, which stated "Final Judgment was entered in this action on July 2, 2008." *Id.* (Dkt. No. 615, at 1, line 6).

to Parke Decl.  Although the Ninth Circuit did not spell out the grounds for its decision, its citation to *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983), suggests that it either found the district court's order that the consideration, dismissals and releases be provided to the Special Master did not constitute "irreparable harm" and/or that ConnectU and the Founders had not moved quickly enough in asking for the stay.  *Id.*, *citing Lopez*, 713 F.2d at 1435.  Under threat of contempt, ConnectU and the Founders transmitted the ConnectU stock and dismissal documents to the Special Master.

On September 19, 2008, approximately two weeks before the Founders' opening brief on appeal was due, the California district court issued an Order to Show Cause why it should not (1) direct the Master to release the settlement consideration; (2) direct the Master to file the previously tendered dismissal documents with the appropriate courts; and (3) take additional action concerning the Term Sheet's release language.  *Facebook, Inc. v. ConnectU, Inc.*, Case No. 07-01389-JW (N.D. Cal.) (Dkt. No. 634).

On October 6, the Founders filed their opening appeal brief with the Ninth Circuit.  *See* Parke Decl. at ¶ 13; Ex. L to Parke Decl.

On October 13, the Founders responded to the California district court's Order to Show Cause.  Among other things, they argued that the district court lacked jurisdiction to take the specified actions, and requested that if the court ruled otherwise, it should issue a stay or allow time for ConnectU and the Founders to seek a stay from the Ninth Circuit.  *Facebook, Inc. v. ConnectU, Inc.*, Case No. 07-01389-JW (N.D. Cal.) (Dkt. No. 637).

Judge Ware subsequently ruled that the July 2 Judgment was not final—although the finality issue had not been briefed by any party—and that the court therefore had jurisdiction to order the Master to distribute the settlement consideration.  *Id.* (Dkt. No. 653) (November 3

Order).  While it denied a stay (*id.*), the district court delayed action by the Special Master until December 15 to permit ConnectU and the Founders to seek relief from the Ninth Circuit.  Ex. G to Parke Decl. (November 21 Amended Judgment).  ConnectU and the Founders filed an appellate motion to stay on November 25, 2008, which was denied on Friday, December 12.  *See* Ex. H to Parke Decl.  The Ninth Circuit stated the following with respect to the motion:

> Appellants/Cross-Appellees' "emergency motion to stay and alternative petition for writ of mandamus" is denied. *See Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008); *Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977).

At approximately 7:03 p.m. Eastern on Monday, December 15, 2008, counsel for Plaintiffs received an email from James Harrington stating that he had filed the dismissals on behalf of the Special Master in the two related Massachusetts litigations.  Ex. J to Parke Decl. (email from Mr. Harrington); Ex. K to Parke Decl. (Mr. Harrington's notice of appearance received as an attachment to Mr. Harrington's email).

## II. THIS COURT SHOULD STAY CONSIDERATION OF THE MOTIONS TO DISMISS

"A district court enjoys inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *City of Bangor v. Citizens Communs. Co*., 532 F.3d 70, 99 (1st Cir. 2008), *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "Of course, stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced."  *Marquis v. Federal Deposit Ins. Corp*., 965 F.2d 1148, 1154-55 (1st Cir. 1992).

The First Circuit has repeatedly affirmed stays when the rights of the parties would be affected or resolved by a separate proceeding. *See Lummus Co. v. Commonwealth Oil Refining Co.*, 280 F.2d 915, 931 (1st Cir. 1960) (issuing stay because, if "all the issues between the parties are…disposed of …this suit can eventually be dismissed," and if "no such solution occurs, Commonwealth can then pursue its action"); *Marquis*, 965 F.2d at 1155 (affirming district court's refusal to dismiss case and ruling that stays may be entered pending exhaustion of administrative remedies affecting federal claims). Courts also have stayed proceedings when an appeal would determine or affect the parties' rights. *See, e.g., KK Motors, Inc. v. Brunswick Corp.*, 1999 U.S. Dist. LEXIS 6068, at *6-7 (D. Minn. Feb. 23, 1999) (staying proceedings pending outcome of appeal in another case where ruling could be "determinative of the scope of the issues in this case").

### A. The Court Should Stay Consideration of the Motions to Dismiss To Conserve Resources and Protect the Parties' Rights

The case should be stayed until the Ninth Circuit adjudicates the rights and obligations of the parties under the Term Sheet. *See Lummus,* 280 F.2d at 931; *KK Motors*, 1999 U.S. Dist. LEXIS 6068, at *6-7; *Cowen & Co. v. Wells Fargo Secs. Clearance Corp.*, 1979 U.S. Dist. LEXIS 8466, at *5-6 (S.D.N.Y. Nov. 20, 1979) (staying action to permit another "litigation [to] go forward in the only forum which can adjudicate the rights and obligations of all parties vitally concerned in the case"). A stay would conserve resources, and would allow the parties to efficiently resume litigating the merits of their respective claims if, as ConnectU and the Founders expect, the Ninth Circuit reverses the district court's decision to enforce the Term Sheet. *See Landis*, 299 U.S. at 254. Otherwise, the parties, after the appeal, would have to request special relief from the effects of a dismissal to proceed, which would unnecessarily consume time and resources and delay the ultimate resolution of the parties' claims in the Court.

A stay would also protect the Founders' rights to appeal. Facebook and Zuckerberg have taken the position that *any* acts taken in compliance with the Term Sheet, including the granting of the Founders' motion to dismiss, would moot the Founders' pending appeal. *See, e.g.,* Ex. E to Parke Decl. (Facebook's opposition to motion to stay) at 5; *see also* Ex. F to Parke Decl. (email correspondence between counsel, at sub-exhibit B). If they are correct, a dismissal would damage the Founders' basic right to appeal and cause irreparable harm. *See Providence Journal Co. v. FBI,* 595 F.2d 889 (1st Cir. 1979) (entering stay pending appeal to preserve parties' right to have a meaningful review). The Founders should not be placed at risk of losing their appeal rights, particularly where the validity of the Term Sheet is itself being challenged on appeal. *Cf. Ayer v. Gerry*, 2007 U.S. Dist. LEXIS 85039, at *10-11 (D. Mass. Nov. 7, 2007) (entering stay as opposed to a dismissal to preserve federal claims while state claims are exhausted); *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (a stay is "the only appropriate course" where outright dismissal could jeopardize a party from pursuing federal claims); *Mukasa v. Balick & Balick*, 2002 U.S. Dist. LEXIS 16038, at * 11 (D. Del. Aug. 27, 2002) (staying proceedings, as opposed to dismissing the case, to avoid inequitable and unjust result).

### B. Facebook Will Not be Harmed by a Stay

Facebook will not be harmed by a stay. Pursuant to the California court's November 21 Amended Judgment, the Special Master distributed all of the ConnectU stock to Facebook on December 15, 2008. Facebook, then, has already acquired ConnectU which, according to Facebook's counsel, was the critical consideration sought by Facebook:

> We negotiated a deal on February 22nd, and that was a peace treaty. There was value to the company [ConnectU] that we purchased. If we didn't want the company, we would have just signed releases. But we didn't. We purchased the company, and there's a value to the peace that we signed.

Ex. D to Parke Decl. (Aug. 8 hearing transcript) at 43:17-23. A stay has no effect on the ConnectU stock consideration, which is in the hands of Facebook.

While the Ninth Circuit denied the Founders' requests for a stay, neither decision addressed the merits of the appeal and the Founders' challenge to Judge Ware's decision that the Term Sheet was enforceable. Exs. C and H. In addition, neither request (nor the Ninth Circuit's decisions) addressed the issue before this Court: whether the interests of judicial economy would be served for this Court to stay consideration of the dismissals of the Massachusetts litigation in light of the Founders' pending appeal.

## III. CONCLUSION

The Founders respectfully request that the Court stay consideration of the pending motions to dismiss until the Ninth Circuit rules on the enforceability of the Term Sheet.

DATED: December 15, 2008            /s/ John F. Hornick

John F. Hornick (*pro hac vice*)
Thomas H. Jenkins
Margaret A. Esquenet (*pro hac vice*)
Meredith H. Schoenfeld (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

D. Michael Underhill
(admitted *pro hac vice* in Case No. 1:04-cv-11923, *pro hac vice* pending in Case No. 1:07-cv-10593)
BOIES SCHILLER
& FLEXNER LLP
5301 Wisconsin Avenue NW
Washington, D.C. 20015

Telephone: (202) 274-1120
Facsimile: (202) 237-2727

Daniel P. Tighe (BBO# 556583)
Scott McConchie (BBO# 634127)
GREISINGER, TIGHE, and
MAFFEI, L.L.P.
176 Federal St.
Boston, MA 02110
Telephone: (617) 452-9900
Facsimile:   (617) 452-0900
dtighe@gtmllp.com
smcconchie@gtmllp.com

Attorneys for Plaintiffs Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 15, 2008.

/s/ John F. Hornick
John F. Hornick