IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, and THEFACEBOOK, LLC,<br><br>Defendants. | Civil Action No. 1:07-CV-10593-DPW |
| CONNECTU LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THE FACEBOOK, INC.,<br><br>Defendants. | Civil Action No. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>Counterclaimants,<br><br>v.<br><br>CONNECTU LLC, Counterdefendant, and CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA, Additional Counterdefendants. | |

**FACEBOOK DEFENDANTS' OPPOSITION TO PLAINTIFFS' <u>SIXTH</u> MOTION TO STAY EXECUTION OF JUDGMENT ENFORCING SETTLEMENT AGREEMENT**

-1-

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| | A. The Parties Settle All Disputes | 2 |
| | B. The California Court Finds That The Agreement Is Enforceable | 2 |
| | C. The District Court Appoints A Special Master | 3 |
| | D. Plaintiffs' Motion To Stay Is Denied At The District And Appellate Courts | 3 |
| | E. The District Court Continues To Enforce The Agreement | 4 |
| | F. Plaintiffs Seek a Fourth Stay from the Ninth Circuit | 5 |
| | G. Plaintiffs Also Challenge The Judgment in This Court | 5 |
| III. | ARGUMENT | 6 |
| | A. The Ninth Circuit Twice Denied Plaintiffs' Request | 6 |
| | B. Plaintiffs' Motion Should be Denied | 7 |
| |     1. Plaintiffs Have Not Shown a Stay is Appropriate | 7 |
| |     2. Plaintiffs Cannot Show Irreparable Harm | 7 |
| |     3. Facebook Defendants Will Be Harmed if Plaintiffs' Motion is Granted | 9 |
| |     4. Public Policy Dictates Denial of Plaintiffs' Motion | 10 |
| | C. If a Stay is Granted, Plaintiffs Must Post a Bond | 11 |
| IV. | CONCLUSION | 11 |

## TABLE OF AUTHORITIES

Page

*Ayer v. Gerry*,
    2007 U.S. Dist. LEXIS 85039 (D.Mass. Nov. 7, 2007) ......................................................... 9

*Exxon Corp. v. Esso Worker's Union, Inc.*,
    963 F. Supp. 58 (D.Mass. 1997) .......................................................................................... 7

*Franklin v. Kaypro Corp.*,
    884 F.2d 1222 (9th Cir. 1989) ............................................................................................ 10

*Hilton v. Braunskill*,
    481 U.S. 770 (1987) .............................................................................................................. 7

*I.F.S. of New Jersey, Inc. v. Mathesz*
    1998 WL 966029, *9 (E.D.Pa.,1998) ................................................................................. 11

*In re Calpine Corp.*,
    No. 05-60200 (BRL), 2008 WL. 207841 (Bankr. S.D.N.Y. Jan. 24, 2008) ............................ 8

*In re Clark*,
    No. 95 *C 2773*, 1995 WL. 495951 (N.D. Ill. Aug. 17, 1995) ................................................ 8

*In re Moreau*,
    135 B.R. 209 (N.D.N.Y. 1992) .............................................................................................. 8

*In re Sunflower Racing, Inc.*,
    223 B.R. 222 (D. Kan. 1998) ................................................................................................ 8

*In re Trans World Airlines, Inc.*,
    No. 01-0056 (PJW), 2001 WL. 1820325 (Bankr. D. Del. Mar. 27, 2001) ............................. 8

*Lopez v. Heckler*
    713 F.2d 1432, 1435 (9th Cir.1983) ................................................................................... 10

*Mukasa v. Balick & Balick*,
    2002 U.S. Dist. LEXIS 16038 (D.Del. Aug. 27, 2002) .......................................................... 9

*Peralta v. Peralta Food Corp.*,
    506 F. Supp. 2d 1274 (S.D. Fla. 2007) ............................................................................... 11

OHS West:260570825.4

*Providence Journal Co. v. FBI*,
    595 F.2d 889 (1st Cir. 1979) ................................................................................. 7, 8, 9

*Rashid v. United States of America*,
    170 F. Supp. 2d 642 (S.D.W.Va. 2001) ........................................................................ 10

*Security Underground Storage, Inc. v. Anderson*,
    347 F.2d 964 (10th Cir. 1965) ....................................................................................... 10

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943, 950 (9th Cir. 1976)) ................................................................................ 10

*Zarvela v. Artuz*,
    254 F.3d 374 (2d Cir. 2001) ............................................................................................ 9

I.  **INTRODUCTION**

Plaintiffs' sixth attempt to stay execution of the Judgment enforcing the parties' Settlement Agreement should be denied. Having unsuccessfully sought a stay twice from Judge Ware in the Northern District of California, twice more from the Ninth Circuit, and then further unsuccessfully having sought mandamus from the Ninth Circuit, Plaintiffs yet again ask this Court to second-guess Judge Ware's decision. This case settled in February. Plaintiffs agreed to dismiss all cases with prejudice, release all claims against Facebook and Mark Zuckerberg,[1] and represent that they had no further claims or rights to assert against Facebook. The district court in the Northern District of California agreed, and the Ninth Circuit saw no reason that execution of judgment should be stayed. Plaintiffs' motion should be denied.

Plaintiffs' motion also should be rejected because it lacks merit. Plaintiffs' failure to make any effort to demonstrate the likelihood of success on the merits or a serious legal question on appeal is fatal to their motion. Plaintiffs also fail to show how they will be irreparably harmed absent a stay. Without citing any legal authority, and by relying on an out-of-context argument made by Facebook and Mark Zuckerberg, Plaintiffs suggest that dismissal will moot their appellate rights. Plaintiffs do not establish that such a proposition is true under the present circumstances.

Facebook, on the other hand, will be prejudiced by a stay in this action. As a result of Judge Ware's Judgment, the California action has been dismissed with prejudice. Facebook relinquished valuable rights by settling all of its disputes with Plaintiffs, complying with the Judgment and moving to dismiss the California action. The Settlement Agreement, and Facebook, anticipated the dismissal of *all cases*. Thus, Facebook's rights will be unfairly compromised if this case is not also dismissed with prejudice.

If the Court is inclined to grant any kind of stay, Plaintiffs should be required to post a bond pursuant to Civil Local Rule 62.2.

## II. FACTUAL BACKGROUND

### A. The Parties Settle All Disputes

In February 2008, the parties to this case and the California action attended a mediation to resolve all of the disputes between them. At the end of the mediation, the parties entered into a Settlement Agreement with multiple specific terms. Dkt. 206, Ex. A at 3. Those terms included dismissals of all three cases, broad releases, and a relinquishment by Plaintiffs of any rights or claims they believed they had against Facebook. *Id.*, ¶¶ 1, 3, 6. The Settlement Agreement also provided that it was binding and "may be submitted into evidence to enforce this agreement." *Id.*, ¶ 5. Pursuant to the Settlement Agreement, enforcement proceedings were to be heard by "the San Jose Federal Court." *Id.*, ¶ 4. Plaintiffs refused to honor the Settlement Agreement. As a result, Facebook filed a motion to enforce the Agreement. Dkt. 191. ConnectU opposed. Plaintiffs moved to intervene in and stay the proceedings. Dkt. 211, Ex. B.

### B. The California Court Finds That The Agreement Is Enforceable

On June 25, 2008, Judge Ware found that the Settlement Agreement contained all material terms, including 1) "consideration for the performance required and how it must be paid," 2) the specified amount of cash and stock, to be paid by Facebook, and 3) the required signatures of ConnectU and the Founders, evidencing an intent to be bound. Dkt. 206, Ex. A at 6-8.

In addition, Judge Ware adopted this Court's logic, upon which it denied Plaintiffs' June 2008 motion to compel discovery:

> From all that appears, the parties were prepared to settle their

---

[1] Facebook and Mark Zuckerberg are referred to collectively as "Facebook."

> disputes then, despite the fact that aspects of discovery in this case—most pertinently for present purposes, document production—had not been completed and unresolved discovery issues remained outstanding.

*Id.* at 10. Consistent with this Court's findings, Judge Ware found no basis on which to decline to enforce the Settlement Agreement. *Id.* at 11. On June 25, the court issued an Order granting Facebook's motion to enforce the Settlement Agreement. *Id*.

### C. The District Court Appoints A Special Master

On July 2, 2008, the district court entered a Judgment Enforcing Settlement Agreement. Dkt. 208. Pursuant to that Judgment, the court appointed a Special Master to oversee the exchange of cash and stock required by the Settlement Agreement. Dkt. 211, Ex. A. On December 15, pursuant to a November 21, 2008, Amended Judgment (Dkt. 216, Ex. B), the Special Master transferred the requisite amount of money and number of shares of Facebook stock to Plaintiffs. Declaration of Theresa A. Sutton in Support of Opposition to Motion to Stay ("Sutton Decl."), Ex. 3. He also transferred all of ConnectU, Inc.'s stock to Facebook. *Id.* The Special Master then filed a motion to dismiss in all three pending cases. Dkts. 228, 232, 233; Case No. 01:04-CV-11923 Dkts. 316, 317.

### D. Plaintiffs' Motion To Stay Is Denied At The District And Appellate Courts

Following the entry of the Judgment, ConnectU and its founders appealed. Sutton Decl., Ex. 4. ConnectU moved to stay the Judgment. *Id*., Ex. 5. Facebook opposed. *Id.*, Ex. 6. Judge Ware denied the motion to stay. Declaration of Evan Andrew Parke in Support of Plaintiffs' Motion to Stay ("Parke Decl."), Ex. A (Dkt. 229). The court found that Plaintiffs would not suffer irreparable harm, as evidenced by ConnectU's delay in filing the motion. *Id.* at 7. Additionally, the court found that Facebook faced harm if a stay were granted because Plaintiffs were engaged in activities that threatened the business and value of ConnectU. *Id.* at 7-8.

Plaintiffs then sought emergency relief from the Ninth Circuit. Sutton Decl., Ex. 1. In so doing, they argued that their compliance would moot ConnectU's right to appeal. *Id.* Following emergency briefing, the Ninth Circuit denied Plaintiffs' motion to stay. Parke Decl., Ex. C.

### E. The District Court Continues To Enforce The Agreement

Following the Special Master's Report related to enforcement of the Agreement and after the emergency motion to the Ninth Circuit was denied, Judge Ware issued an Order to Show Cause why it should not authorize the release of the consideration and dismissal of all pending cases. Sutton Decl., Ex. 7. The parties submitted their responses to the Order. *Id.*, Exs. 8, 9. Plaintiffs renewed their request for a stay. *Id*, Ex. 8 at 14.

While the Order to Show Cause proceedings was pending, Plaintiffs did not seek any relief from the Ninth Circuit. At oral argument on the Order to Show Cause, the court recognized that the Ninth Circuit had denied a stay and asked about Plaintiffs' delay in seeking relief:

> Your comment, though, prompts me to ask why, if you've considered it, you have not pursued that beyond the Court's ruling. You asked for an emergency stay of execution, but so far as I know, you haven't asked the Circuit to issue any order to me to stay my hand by way of a writ or anything of that kind, which would be beyond the appeal route. If your argument is I don't have jurisdiction and I'm about to do something beyond my jurisdiction, why haven't you pursued a writ?

Sutton Decl., Ex. 10 at 27:19-28:4. ConnectU responded that it believed it should seek a stay of the execution of the Order to Show Cause. *Id.* The court responded that Plaintiffs had exhausted their rights to seek a stay and that they needed to seek a writ if they wanted to stop the district court. *Id.* The court explained:

> A stay is within the Court's discretion, and if your argument here is that the Court has no discretion but to hold these proceeds and it cannot proceed based upon the presence of an appeal, that seems to me to invite – if I believe you're wrong and I'm about to take

action in response to this Order to Show Cause, you had a basis for
seeking that writ.

*Id.* at 28:21-29:3.

On November 3, 2008, the court issued an Order Directing the Special Master to Deliver Property in Accordance with the Terms of the Settlement Agreement. Dkt. 211, Ex. D. As part of that Order, Judge Ware denied Plaintiffs' renewed request for a stay. *Id.* at 5. On that same day, the court issued a Judgment and instructed the Special Master to 1) transfer the ConnectU shares; 2) transfer the cash and Facebook shares; 3) file the tendered dismissals; and 4) grant releases "as broad as possible" as of February 22, 2008. *Id.*, Ex. C. The Court later amended the instructions in the Judgment based upon an administrative request filed by Facebook and enlarged the time to December 15, 2008, for the Special Master to perform. Dkt. 216, Ex. B.

Between the time of the Order to Show Cause on September 19, 2008 and the Order issued on November 21, 2008, Appellants did not seek any urgent relief from the Ninth Circuit (or any other court).

### F. Plaintiffs Seek a Fourth Stay from the Ninth Circuit

On November 25, 2008, Plaintiffs filed an Emergency Motion to Stay and Alternative Petition for Writ of Mandamus in the Ninth Circuit. Sutton Decl., Ex. 2. Plaintiffs argued again that execution of the Judgment would affect their appeal rights, thereby inflicting irreparable harm. *Id.* at 7. The Ninth Circuit denied the emergency motion, as well as the alternative writ. Parke Decl., Ex. H.

### G. Plaintiffs Also Challenge The Judgment in This Court

In the midst of the California activity, Plaintiffs also have sought to collaterally attack enforcement of the Settlement Agreement. On May 20, 2008, ConnectU filed an emergency motion to compel documents. Dkt. 195. The Court declined to review the documents or order

their production. Dkt. 204. Instead, the Court referred the matter to Judge Ware concluding that "… if being aware of the universe of potential disputes between the parties, Judge Ware, nevertheless, chooses to enforce the settlement term agreement, that will be the end of the two cases pending before me." Sutton Decl., Ex. 11 at 93:7-12.

Since that ruling, and shortly before their fourth request for a stay in California, Plaintiffs filed a motion for sanction of non-dismissal. Dkt. 212. In that motion, Plaintiffs raise the same arguments asserted in the June motion to compel, and ask the Court to ignore Judge Ware's Judgment enforcing the Settlement Agreement. The Court has not yet ruled on that motion.

After the Ninth Circuit denied Plaintiffs motion for a stay or writ of mandamus, and Judge Ware dismissed the California action, Plaintiffs returned to this Court to seek a stay of the Judgment insofar as it dismisses these consolidated cases.

### III. ARGUMENT

#### A. The Ninth Circuit Twice Denied Plaintiffs' Request

Plaintiffs continue to discount four prior denials of the relief sought here. Parke Decl., Exs. A, C, H; Dkt. 211, Ex. D. Plaintiffs filed four motions to stay execution of the Judgment, in which they raised substantially the same – if not identical – arguments as they assert here. Sutton Decl., Exs. 1, 2, 5, 8. In contrast to the present motion, they also argued that they were likely to succeed on the merits. The Ninth Circuit considered over 80 pages of detailed facts and argument submitted by the parties. The Ninth Circuit denied both of Plaintiffs' motions. Parke Decl., Exs. C, H. The district court, entertaining similarly detailed arguments, likewise denied the requested relief. Parke Decl., Ex. A; Dkt. 211, Ex. D.

Plaintiffs raise no new arguments or facts in the present motion. Like the motions before, this motion should be denied.

-6-

### B.     Plaintiffs' Motion Should be Denied

A party seeking a stay must show (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Exxon Corp. v. Esso Worker's Union, Inc.*, 963 F.Supp. 58, 59 (D.Mass. 1997).

#### 1.     Plaintiffs Have Not Shown a Stay is Appropriate

Plaintiffs have not demonstrated a likelihood of success on the merits nor have they shown that their appeal presents any serious legal questions. Consequently, they are not entitled to a stay pending appeal. *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979). Plaintiffs fail in the present motion to discuss a single issue involved in the appeal, why the appeal will be successful, or what errors Judge Ware allegedly made.[2] Because Plaintiffs make no effort to demonstrate such a likelihood here, they cannot satisfy their burden for obtaining a stay in this Court. Thus, their motion should be denied.

#### 2.     Plaintiffs Cannot Show Irreparable Harm

For the fifth time, Plaintiffs erroneously argue that the potential loss of an appeal constitutes irreparable harm. The Ninth Circuit and the Northern District each rejected this argument. It continues to lack merit.

Plaintiffs improperly contend that Facebook has "taken the position that *any* acts in compliance with the Term Sheet, including the granting of the Founders' motion to dismiss, would moot the Founders' pending appeal." Mot. to Stay at 6. First, Facebook never argued that "the granting of the Founders' motion to dismiss" would moot the Plaintiffs' pending appeal.

---

[2] Even when Plaintiffs made the effort to detail their alleged bases for appeal in support of their motions to stay, those arguments were rejected and their motions denied. Parke Decl. Exs. C, H.

*See* Parke Decl., Ex. E at 5. Facebook, in fact, has not taken a position on the consequences of the dismissal in this Court. Furthermore, even if the Court were to consider the basis for this argument – *i.e.*, "the party's intention to abide by the judgment" will moot an appeal – the argument fails where, as here, Plaintiffs have consistently shown that they do not intend to abide by the Judgment. Indeed, Plaintiffs' motion to dismiss was filed "under protest and subject to their rights of appeal," (Dkt. 232) while making clear the motion was filed only out of fear of contempt proceedings. Sutton Decl., Ex. 8 at 5.

Further, loss of appeal rights due to waiver or mootness is not irreparable harm. "It is well settled that an appeal being rendered moot does not itself constitute irreparable harm." *In re Trans World Airlines, Inc.*, No. 01-0056 (PJW), 2001 WL 1820325, at * 10 (Bankr. D. Del. Mar. 27, 2001); *In re Sunflower Racing, Inc.*, 223 B.R. 222, 225 (D. Kan. 1998); *In re Clark*, No. 95 C 2773, 1995 WL 495951, at *6 (N.D. Ill. Aug. 17, 1995); *In re Moreau*, 135 B.R. 209, 215 (N.D.N.Y. 1992); *In re Calpine Corp.*, No. 05-60200 (BRL), 2008 WL 207841, at *4 (Bankr. S.D.N.Y. Jan. 24, 2008) (citing cases). Accordingly, the mere fact that Plaintiffs' appeal may be rendered moot by dismissal of these actions does not constitute irreparable injury sufficient to grant a stay pending appeal.

Plaintiffs incorrectly rely on several cases to support their "irreparable harm" theory. Mot. to Stay at 5-6. Not a single one of these cases presents circumstances akin to those here. That is, not a single cited case involves a motion to stay dismissal of an action where a court with jurisdiction to do so ordered the dismissal. Specifically, the *Providence* defendant successfully moved for a stay of a district court decision that would have rendered defendants' appeal moot. In *Providence*, the court ordered the defendant to disclose certain documents to the plaintiff. Defendant appealed to prevent the disclosure and sought a stay of the order compelling such

production. The court found that absent a stay, "confidentiality will be lost for all time," thereby eviscerating the defendant's appeal. Dismissal of the present action, unlike that in *Providence*, will not irrevocably affect Plaintiffs' rights.

The remaining cited cases are equally inapposite. Both *Ayer v. Gerry*, 2007 U.S. Dist. LEXIS 85039 (D.Mass. Nov. 7, 2007), and *Zarvela v. Artuz,* 254 F.3d 374 (2d Cir. 2001), involve habeas petitions consisting of exhausted and unexhausted claims. Under the doctrine of exhaustion, a habeas petitioner is required to "exhaust" all of his remedies at the state court level before seeking appellate review. In both of these cases, the petitioner was granted a stay as to his "exhausted" claims but was required to return to the state court level to litigate his remaining claims. The *Zarvela* court explained that a stay under these circumstances preserves claims that might otherwise be barred by the statute of limitations or affords the petitioner a limited amount of time to exhaust his claims before petitioning the district court. This process is unique to habeas petitions.

Likewise, the proceedings in *Mukasa v. Balick & Balick*, 2002 U.S. Dist. LEXIS 16038 (D.Del. Aug. 27, 2002), were stayed because the statute of limitations had run on the plaintiff's claims and were not subject to equitable estoppel. For these reasons, the court found justice required a stay.

These facts are not present here. A stay in this case is not necessary to preserve Plaintiffs' claims. And Plaintiffs have not shown that dismissal of this case will irreparably harm them. Their motion should be denied.

### 3. Facebook Defendants Will Be Harmed if Plaintiffs' Motion is Granted

Plaintiffs erroneously argue that a stay will not prejudice Facebook. Mot. to Stay at 6-7. If Plaintiffs' motion succeeds, however, Facebook will suffer significant prejudice while Plaintiffs will greatly benefit. Specifically, as of December 15, the California action was

dismissed, Facebook took ownership of ConnectU, and Plaintiffs were paid a significant sum of money and given numerous shares of Facebook stock. Sutton Decl., Ex. 3. In settling all disputes between the parties, Facebook relinquished its claims, which it estimates would have resulted in more than $300 million in damages from the defendants in the California action (including ConnectU). Dkt. 206, Ex. A at 3. Now that Plaintiffs no longer own ConnectU, they have no interest in having the California action reinstated (nor are they arguing for such relief). Instead, they seek to disrupt the parties' settlement only to the extent it benefits them. Allowing this case to proceed under these circumstances would unfairly and improperly prejudice Facebook. The parties' bargained for dismissal of *all* cases with prejudice. *Id.*, ¶ 2. Staying these consolidated cases while Facebook's claims are dismissed would be inconsistent with the deal the parties struck.[3] Plaintiffs' motion should be denied.

### 4. **Public Policy Dictates Denial of Plaintiffs' Motion**

In determining whether to grant or deny a stay pending appeal, "the public interest is a factor to be strongly considered." *Lopez*, 713 F.2d at 1435. The public has a significant interest in promoting private resolution of litigation through settlements such as that reached in this case. Courts have long recognized that there is a significant public interest in encouraging private settlement of litigation. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (noting that "'there is an overriding public interest in settling and quieting litigation'")(citing *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)). Such a ruling is consistent

---

[3] In addition, regardless of how Plaintiffs characterize the relief they seek here (or in their currently pending motion for sanction of non-dismissal), they are effectively seeking partial rescission of the Settlement Agreement. The Court should not permit such selective rescission of the Settlement Agreement. *See, e.g., Security Underground Storage, Inc. v. Anderson*, 347 F.2d 964, 968 (10th Cir. 1965) (Plaintiffs "must affirm or disaffirm [the contract] in its entirety. They may not disaffirm as to their contractual obligations and retain the benefits they have received") and citing cases; *Rashid v. United States of America*, 170 F.Supp.2d 642, 648-649 (S.D.W.Va. 2001).

with the many other cases which have denied motions to stay judgment enforcing settlements. *See, e.g., Peralta v. Peralta Food Corp.*, 506 F. Supp. 2d 1274, 1279 (S.D. Fla. 2007) (denying motion to stay compliance with settlement agreement, and noting that "[i]n Florida and elsewhere, the law favors the finality of settlements"); *I.F.S. of N.J.*, 1998 WL 966029, at *9 (denying a motion to stay enforcement of settlement agreement, and noting that "[w]e will not permit Defendants to profit from its procedural tactics in a manner that it could not under the Settlement Agreement it bargained for with Plaintiff").

Public policy dictates that Plaintiffs' motion be denied in order to promote private resolution of the parties' dispute.

### C. If a Stay is Granted, Plaintiffs Must Post a Bond

Pursuant to Civil Local Rule 62.2 a "supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus ten (10%) percent of the amount to cover interest and any award of damages for delay plus Five Hundred and no/100 ($500.00) Dollars to cover costs, unless the court directs otherwise." Should the Court grant Plaintiffs' motion to stay, it also should require Plaintiffs to comply with this Local Rule.

## IV. CONCLUSION

Plaintiffs have not met their burden to show why a stay is necessary or appropriate. In light of the significant prejudice Facebook would suffer while Plaintiffs would only benefit, Plaintiffs' motion should be denied.

Dated: December 29, 2008.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Theresa A. Sutton /s/
　　　　　　　　　　　　　　　　　　　　　I. Neel Chatterjee (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　Monte Cooper (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　Theresa A. Sutton (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE LLP
　　　　　　　　　　　　　　　　　　　　　1000 Marsh Road
　　　　　　　　　　　　　　　　　　　　　Menlo Park, California 94025
　　　　　　　　　　　　　　　　　　　　　Telephone:　(650) 614-7400
　　　　　　　　　　　　　　　　　　　　　Facsimile:　(650) 614-7401
　　　　　　　　　　　　　　　　　　　　　nchatterjee@orrick.com
　　　　　　　　　　　　　　　　　　　　　mcooper@orrick.com
　　　　　　　　　　　　　　　　　　　　　tsutton@orrick.com

　　　　　　　　　　　　　　　　　　　　　Steven M. Bauer
　　　　　　　　　　　　　　　　　　　　　Jeremy P. Oczek
　　　　　　　　　　　　　　　　　　　　　PROSKAUER ROSE, LLP
　　　　　　　　　　　　　　　　　　　　　One International Plaza, 14th Floor
　　　　　　　　　　　　　　　　　　　　　Boston, MA 02110-2600
　　　　　　　　　　　　　　　　　　　　　Telephone:　(617) 526-9600
　　　　　　　　　　　　　　　　　　　　　Facsimile:　(617) 526-9899
　　　　　　　　　　　　　　　　　　　　　sbauer@proskauer.com
　　　　　　　　　　　　　　　　　　　　　joczek@proskauer.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 29, 2008.

Dated: December 29, 2008.        Respectfully submitted,

                                                 /s/ Theresa A. Sutton /s/
                                                    Theresa A. Sutton

OHS West:260570825.4