UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br>　　　　　Plaintiffs,<br>　　v.<br>FACEBOOK, INC. MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, AND THEFACEBOOK LLC,<br>　　　　　Defendants. | CIVIL ACTION NO. 1:07-cv-10593 (DPW)<br><br>Related Action No. 1:04-cv-11923 (DPW) |

## **CONNECTU, INC.'S MOTION TO DISQUALIFY COUNSEL**

ConnectU, Inc. ("ConnectU") hereby moves to disqualify the law firms of Boies, Schiller & Flexner LLP ("BSF"), Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan") and Griesinger, Tighe & Maffei, LLP ("GTM") from continuing to represent the founders of ConnectU -- Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra ("ConnectU Founders") -- based on a conflict of interest in violation of the Supreme Judicial Court Rule 3.07, Massachusetts Rules of Professional Conduct 1.7 and 1.9 as adopted per Local Rules of the United States District Court for the District of Massachusetts, Rule 83.6(4)(B).[1]

ConnectU brings this motion on the basis that BSF, Finnegan and GTM may not represent joint clients whose interests are adverse in the same proceeding, and may not take an adverse position to either a current or former client. Specifically, when an actual conflict arises between two joint clients, as exists here between ConnectU and the ConnectU Founders, the lawyers should withdraw from representing both clients. Despite this actual conflict, BSF has thus far refused to withdraw as counsel of record in this action. Finnegan has filed a conditional

---

[1] ConnectU has also filed a similar motion to disqualify these BSF and Finnegan in the Ninth Circuit Court of Appeals, Call Nos. 08-16745, 08-16849, 08-16873 (consolidated).

withdrawal of its representation of ConnectU in this matter but still represents the ConnectU Founders.[2] As local counsel, GTM joined Finnegan in conditionally withdrawing from its representation of ConnectU; yet, like Finnegan, GTM still represents the ConnectU Founders.

Thus, the actual conflict between joint clients, ConnectU and the ConnectU Founders, mandates BSF, Finnegan, and GTM's disqualification from representing either client in this or related litigation in accord with the Rules of Professional Conduct. To allow the three firms' continued representation of the ConnectU Founders would violate the firms' duties of loyalty and confidentiality to ConnectU. Disqualification is also appropriate because BSF, Finnegan, and GTM's duties of loyalty and confidence to ConnectU were neither altered nor waived due to the firms' shared confidences with the ConnectU Founders, nor due to the change in corporate control of ConnectU from the ConnectU Founders to Facebook. Finally, the Court should disqualify BSF, Finnegan, and GTM from further representing the ConnectU Founders because only ConnectU's current management -- not its counsel or former management -- has the authority to use ConnectU's confidential corporate information or exercise ConnectU's attorney-client privilege.

Finally, ConnectU requests that the Court compel BSF, Finnegan, and GTM to deliver forthwith ConnectU's client files because ConnectU is entitled to delivery of those files so that it may properly assess the corporation's rights and obligations, including potential litigation.

A Memoranda of Law in support of this Motion is filed herewith in compliance with Local Rule 7.1.

WHEREFORE, ConnectU, Inc. respectfully request that this Court disqualify BSF, Finnegan, and GTM from continuing to represent ConnectU and/or the ConnectU Founders in

---

[2] On December 23, 2008, Finnegan filed a Conditional Withdrawal of Representation of ConnectU, Inc., which states that Finnegan still represented the ConnectU Founders as well as "any residual interest that the old ConnectU has in matters before this Court." Finnegan also purportedly reserved its right to resume its representation of ConnectU if "ownership and control of the new ConnectU return[ed] to the Founders." (See Exhibit M to the Declaration of James E. Towery, filed concurrently with this motion.)

2

this action and all related or consolidated actions.

|  |  |
|---|---|
| DATED: January 22, 2009 | Respectfully submitted,<br>Plaintiff, ConnectU, Inc.,<br>By its attorneys, |

/s/ James E. Towery
James E. Towery, Esquire
Alison P. Buchanan, Esquire
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113
(408) 287-9501


Peter M.Durney, BBO # 139260
Gregg P. Bailey, BBO# 638270
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100


## CERTIFICATE OF SERVICE

I, Peter M. Durney, attorney for ConnectU, Inc. hereby certify that on the 22nd day of January, 2009, a true copy of the foregoing, ConnectU, Inc.'s Motion to Disqualify Counsel, was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. Paper copies will be served upon anyone indicated as a non-registered participant.

/s/ Peter M. Durney
Peter M. Durney

# CERTIFICATION OF CONSULTATION
## PURSUANT TO LOCAL RULE 7.1(a)(2)

I, James E. Towery, hereby certify that, pursuant to Local Rule 7.1(a)(2), counsel for ConnectU, Inc. has made several attempts to meet and confer with counsel for the ConnectU Founders (Boies, Schiller & Flexner LLP ("BSF"), Griesinger, Tighe & Maffei, LLP ("GTM") and Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan")) regarding this motion.

In response to my written request to meet and confer, BSF stated its opposing position regarding this motion in writing on December 29, 2008, confirming that further meeting and conferring with BSF would be futile, thus necessitating this motion.

In response to my written request to meet and confer, GTM also stated its opposing position regarding this motion in writing on January 21, 2009, confirming that further meeting and conferring with GTM would be futile, thus necessitating this motion.

In response to a direct request to withdraw its representation of both ConnectU and the ConnectU Founders, Finnegan filed simply a "conditional" withdrawal of its representation of ConnectU, which is not what it was requested to do by counsel for ConnectU. This further confirms that ConnectU met and conferred with Finnegan in a good faith effort to resolve this dispute.

Thus, after meeting and conferring, ConnectU and BSF, Finnegan, and GTM could not come to an agreement, thus necessitating this motion.

/s/ James E. Towery  
James E. Towery

.