# EXHIBIT 1


**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401
WWW.ORRICK.COM

October 15, 2009

Monte M.F. Cooper
(650) 614-7375
mcooper@orrick.com

**BY EMAIL AND U.S. MAIL**

Sean F. O'Shea
O'Shea Partners LLP
90 Park Ave., 20th Floor
New York, New York 10016

Re: *ConnectU, Inc., et al. v. Facebook, Inc., et al.*, No. 1:07-cv-10593-DPW (Consolidated with Case No. 1:04-cv-11923-DPW (D. Mass.)

Dear Sean:

We are writing today to express our concerns about compliance with the protective orders from the two actions between the Founders of ConnectU and Facebook. We understand that your clients, the Founders of ConnectU, Inc., are seeking to modify the Protective Order entered in the consolidated District of Massachusetts actions referenced above. We further understand that the Founders wish to use materials produced by Facebook in the Massachusetts action and designated "Confidential" under the Protective Order in furtherance of their counterclaims filed in the forthcoming AAA Arbitration captioned *ConnectU, Inc., et al, v. Quinn Emanuel Uruhart Oliver & Hedges*, AAA Index No. 08-602082 ("the AAA Arbitration").

As you know, two protective orders are implicated by your recent Motion, each of which requires that all materials be "used solely in connection" with the two actions involving ConnectU, the Founders, and Facebook. *See* July 6, 2005 Second Stipulated Protective Order, Para. 6, entered in Civil Action No. 1:04-cv-11923 (DPW); January 18, 2006 Stipulated Protective Order, Case No. 1:05-CV-047381 (Santa Clara County Super. Ct.) (later carried forward in Case No. C 07-01389-JW (N.D. Cal.)), Para. 6.1. Further, both Protective Orders prevent the content of documents marked by Facebook as "Confidential" or "Highly Confidential – Attorneys Eyes Only" from being shared with any adverse parties, including your clients.

There already have been several violations of the terms of the Protective Orders in this case, such as Jeff Parmet's admittedly improper attempt to circumvent the terms of the Protocol by which he was provided access to certain hard-drives. From a review of the pleadings, we now believe that the ConnectU Founders may have attempted to introduce into the AAA proceedings confidential evidence derived from the earlier litigation, in contravention of the Protective Orders. The ConnectU Founders must stop doing so immediately.



Accordingly, Facebook demands that you and your clients provide assurances, no later than 5:00 p.m. PST on Thursday, October 15, 2009, that no materials or information produced by Facebook in either the consolidated Massachusetts actions or the California action and designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" have been cited to the AAA Panel, introduced as evidence, or have been disclosed to, used or discussed in any proceedings or places other than the two litigations for which there are protective orders. If you cannot provide such assurances, Facebook demands that you take immediate remedial action, including identifying to Facebook any instances where you or your clients have violated the Protective Orders, identifying all documents produced in discovery in the two cases that have been used or disclosed in any other action, sequestering any such improperly disclosed materials, and stopping all actions taken based upon such information.

I am free to discuss these matters at your convenience. Hopefully, you will be able to provide the requisite assurances. If not, Facebook will seek immediate relief from either or both of the Massachusetts and California Courts.

Respectfully submitted,

Monte M.F. Cooper