# EXHIBIT 2



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401
WWW.ORRICK.COM

October 23, 2009

Monte M.F. Cooper
(650) 614-7375
mcooper@orrick.com

BY EMAIL AND U.S. MAIL

Sean F. O'Shea
Michael Petrella
O'Shea Partners LLP
90 Park Ave., 20th Floor
New York, New York 10016

Re: *ConnectU, Inc., et al. v. Facebook, Inc., et al.*, No. 1:07-cv-10593-DPW (Consolidated with Case No. 1:04-cv-11923-DPW (D. Mass.)

Dear Sean and Mike:

I write in response to Mike's letter dated October 21, 2009. You again refuse to provide assurances regarding your own and your clients' compliance with at least the July 6, 2005 Second Stipulated Protective Order from the District of Massachusetts ("Protective Order"). We now have determined that you have refused to give assurances because you have already knowingly violated the Protective Order.

The recent filings in the New York Supreme Court demonstrate a serious violation of the Protective Order. Section 6 of the Protective Order limits the use of materials produced in discovery in the Massachusetts action to matters "solely in connection with this [Massachusetts] Action." Moreover, Section 7 of the Protective Order prevents anyone who was not designated an expert and who is not an author or prior recipient of materials marked Confidential, from even reviewing such materials (let alone opining on their content). In the New York proceedings, you have submitted an expert report that reflects violations of both sections 6 and 7 of the Protective Order. Specifically, attached as Exhibit E to the October 1, 2009 Affirmation of Sean F. O'Shea in Support of Motion to Compel Compliance with Subpoena Pursuant to 9 U.S.C. § 7 and CPLR § 2308(b), filed in the New York Supreme Court in Index No. 08-602082, is the "Expert Report of William F. Chandler," dated August 29, 2009. Mr. Chandler's Expert Report makes reference to the following documentation, marked "Confidential" under the Protective Order, that was produced by Facebook and third party Peter Thiel: (1) Memorandum of Terms for the Private Placement of Series C Preferred Stock of Facebook, Inc. (QECU0023506-12); and (2) Facebook Inc. Valuation Report as of 2/9/07 (QECU0028164-6).



ORRICK

Sean F. O'Shea
Michael Petrella
October 23, 2009
Page 2

We are stunned by the cavalier attitude towards confidentiality, particularly in light of the extensive litigation which has occurred in the underlying case that already undermined confidentiality protections to the prejudice of Facebook. The documents you shared with Mr. Chandler, and the information they contain, apparently were made available to Mr. Chandler by your firm some time before August 29, 2009, without any notice to Facebook or Mr. Thiel's attorneys.

Without waiving its right to seek any relief necessary, including an order seeking sanctions violating the Protective Order and an order requiring compliance, Facebook demands the following by noon (12:00 p.m.) PST on Monday, October 26, 2009:

1. You and your clients provide assurances that no other materials or information produced by Facebook in either the consolidated Massachusetts actions or the California action and designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" have been shared with your clients or third parties, cited to the AAA Panel, introduced as evidence, or have been disclosed to, used or discussed in any proceedings or places other than the two District Court litigations for which there are existing protective orders;

2. You take immediate remedial action for all violations of the Protective Orders, including impounding all copies of Mr. Chandler's expert report and all Confidential materials relied upon by Mr. Chandler, while also identifying to Facebook all materials impounded;

3. You identify precisely who has been provided access to the report and its contents;

4. You identify to Facebook all other instances where you or your clients have shared information disclosed pursuant to the protective orders, and identify all other Confidential documents produced in discovery that have been used or disclosed in any other action, including the pending arbitration;

5. You and your clients immediately sequester all materials designated under the protective orders in the two actions, and immediately stop all actions taken based upon such information, and confirm you will abide by the existing protective orders; and

6. You immediately confirm that you and your clients will cease and desist from any further use or disclosure of any information designated under the protective orders in the two District Court actions.



ORRICK

Sean F. O'Shea
Michael Petrella
October 23, 2009
Page 3

      The foregoing assurances are without prejudice to Facebook to seek relief from either or both of the Massachusetts and California Courts for your own and your clients' documented violations of the Protective Orders.

Respectfully submitted,

Monte M.F. Cooper

cc:    Rick Werder
        Bruce C. Gibney