# EXHIBIT 3



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

October 27, 2009

Monte M.F. Cooper
(650) 614-7375
mcooper@orrick.com

*BY EMAIL AND U.S. MAIL*

Sean F. O'Shea
Michael Petrella
O'Shea Partners LLP
90 Park Ave., 20th Floor
New York, New York 10016

Re: *ConnectU, Inc., et al. v. Facebook, Inc., et al.*, No. 1:07-cv-10593-DPW (Consolidated with Case No. 1:04-cv-11923-DPW (D. Mass.)

Dear Sean and Mike:

I write in response to Mike's letter dated October 26, 2009. My letter of October 23, 2009 outlined the documented violation by your firm and your clients of Sections 6 and 7 of the Protective Order entered by the District Court in Massachusetts. Once again, you have elected to avoid altogether the issue raised in my letter. You offer no assurances as to how the violation will be remedied. In light of your cavalier attitude regarding the need to abide by the terms of Court Orders, we will now raise the issue as we see necessary.

Further, your attempt to raise a purported conflict of interest concerning the representation of Microsoft to avoid addressing the question of how and why your firm violated the Massachusetts Protective Order is misguided. Due to the overbreadth of the ConnectU Founders' subpoena requests, and the related issues particular to Facebook, Facebook engaged independent counsel to represent it in the New York proceedings concerning enforcement of the various AAA subpoenas. The three respondents – Microsoft, Houlihan, and Facebook – each have consented to Orrick Herrington & Sutcliffe's representation of Microsoft and Houlihan in these proceedings. Moreover, your representations as to what occurred in the negotiations with Microsoft prior to the October 5, 2009 hearing are entirely inaccurate. Rather, at the "eleventh hour," as you put it, it was Petitioners who made unreasonable demands that Microsoft was not prepared to meet. Orrick's silence as to your frivolous attempts to inject a conflict of interest argument based on incorrect facts in no way admits "wrongdoing," as you claim. We simply request that you address the issue at hand – your violation of the applicable protective orders.

OHS West:260750349.4



Sean F. O'Shea
Michael Petrella
October 27, 2009
Page 2

Respectfully submitted,

Monte M.F. Cooper

cc: Rick Werder
Bruce C. Gibney