**EXHIBIT 6**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
CONNECTU, INC.,                      )
                                     )
        Plaintiff,                   )
                                     )
                                     )   CIVIL ACTION
v.                                   )   NO. 07-10593-DPW
                                     )   (CONSOLIDATED WITH
                                     )    04-11923-DPW)
FACEBOOK, INC., ET AL                )
                                     )
        Defendants,                  )
```

MEMORANDUM AND ORDER
June 3, 2008

Although discovery had not been concluded and - more specifically - document production had not been completed in this case,[1] on February 8, 2008, the parties agreed among themselves to suspend proceedings in anticipation of mediation.  Following that mediation, the parties reported to this Court on February 25, 2008 that they had settled their disputes.  A handwritten document executed February 23, 2008, entitled "Term Sheet &

---

[1] The instant case, Civil Action No. 07-10593-DPW is a sequel to earlier litigation among the parties docketed as Civil Action No. 04-11923-DPW, which I had dismissed without prejudice to a new filing.  That new filing was accomplished by the immediate filing of Civil Action No. 07-10593-DPW following my dismissal of Civil Action No. 04-11923-DPW.  The United States Court of Appeals for the First Circuit has ordered Civil Action No. 04-11923-DPW reinstated, *ConnectU LLC v. Zuckerberg*, 522 F.3d 82 (1st Cir. 2008).  Although mandate from the First Circuit has not issued, perhaps because of the pendency of the settlement dispute between the parties, for purposes of docketing in this Court, I have directed that Civil Action No. 04-11923-DPW will be consolidated with Civil Action No. 07-10593-DPW.

Settlement Agreement" purported to "settle all disputes between ConnectU and its related parties, on the one hand and Facebook and its related parties, on the other hand."  Among those disputes is a case pending in the San Jose division of the United States District Court for the Northern District of California.  The "Term Sheet & Settlement Agreement" recites that "the parties stipulate that the San Jose Federal Court shall have jurisdiction to enforce this agreement."

A dispute has arisen regarding the enforceability of the purported settlement and the matter has been set down for hearing before Judge Ware in San Jose on June 23, 2008.

Meanwhile, ConnectU filed a motion for a hearing in this Court to determine whether documents, which had been the subject of a simmering discovery dispute at the time the parties agreed to suspend proceedings in anticipation of mediation, should be turned over to them, apparently for use in opposing enforceability of settlement.

The documents had been retrieved by Jeff Parmet, a forensic expert engaged by ConnectU, who had been authorized to examine the contents of the hard drives of certain Facebook computers pursuant to an "Order for Discovery of Computer Memory Devices" entered in this Court on September 13, 2007.  Under that Order, Parmet was subject to an obligation not to "discuss with ConnectU's counsel, or with anyone else, any information obtained

from the Facebook Hard Drives, except with respect to Produced Program Code."  Mr. Parmet had, nevertheless, obliquely given ConnectU's attorneys reason to believe that there were documents, other than Produced Program Code, on the Facebook hard drives relevant to the case which had not been disclosed by Facebook in its document production to ConnectU before the "Term Sheet & Settlement Agreement" had been executed by the parties.

Acting pursuant to my contempt powers to police enforcement of orders of this Court, I convened a hearing to explore the matter.  After hearing from the parties in open court, I closed the proceedings to all but Mr. Parmet and his counsel and Facebook's counsel in order to develop further information in a manner that would not compromise the concern, reflected in the September 13, 2007 Order, that information - except for Produced Program Code - discovered by Mr. Parmet in his review of Facebook hard drives not be disclosed to ConnectU's counsel or anyone else but Facebook.

I received from Mr. Parmet a three ring binder of hard copies of various documents that he contended had not yet been produced by Facebook when discovery in the case had been stayed. These documents were retrieved from Facebook hard drive(s) by Mr Parmet.  He conceded, however, that the documents, while to his mind relevant to the case, did not contain Produced Program Code and consequently could not be discussed by him with anyone but

Facebook.  I have not reviewed the documents but will keep them under seal pending further developments in the disputes between the parties.

ConnectU has requested that I make a preliminary review of the documents for purposes of determining whether there was some form of discovery abuse in their nondisclosure by Facebook before proceedings were suspended.  This proposed review is apparently sought in an effort to influence the resolution of the question before Judge Ware whether the settlement should be enforced.  I have declined to conduct that review in order to leave matters in the posture they were in when the "Term Sheet & Settlement Agreement" was executed.  From all that appears, the parties were prepared to settle their disputes then, despite the fact that aspects of discovery in this case - most pertinently for present purposes, document production - had not been completed and unresolved discovery issues remained outstanding.

It is for Judge Ware to determine what additional discovery, if any, is necessary to the resolution of any settlement dispute between amply represented parties aware that they had not chosen to complete discovery when executing this "Term Sheet & Settlement Agreement."  I stand ready, of course, to provide whatever assistance Judge Ware considers helpful.  For present purposes, I only direct that this Memorandum and any transcript that is prepared of the hearing before me be transmitted by the

Clerk to Judge Ware, with any transcript of the in-camera portion of the hearing noted as being under seal in this Court in accordance with this Court's September 13, 2007 Order for Discovery of Computer Memory Devices.


Dated: June 3, 2008	/s/ Douglas P. Woodlock
	DOUGLAS P. WOODLOCK
	UNITED STATES DISTRICT JUDGE