# EXHIBIT 7

```
 1                UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
 2   ------------------------------x
     CONNECTU, INC.                :   DOCKET NUMBER CA0710593
 3        PLAINTIFF                :
              versus               :   UNITED STATES COURTHOUSE
 4   FACEBOOK, INC., ET AL         :
          DEFENDANTS               :   BOSTON, MASSACHUSETTS
 5   ------------------------------x

 6                         JUNE 2, 2008
                            2:30 p.m.
 7
                   TRANSCRIPT OF MOTION HEARING
 8
                      UNSEALED HEARING ONLY
 9
     BEFORE:  THE HONORABLE DOUGLAS P. WOODLOCK
10            UNITED STATES DISTRICT JUDGE

11

     APPEARANCES:
12
         ATTORNEYS FOR THE PLAINTIFF:
13
             FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
14
                BY:  JOHN F. HORNICK, ESQUIRE
15                   901 NEW YORK AVENUE, NW
                     WASHINGTON, DC 20001-4413
16                   TELEPHONE: 202-408-4076
                     E-MAIL: john.hornick@finnegan.com
17                   FAX: 202-4080-4400

18

19                    OFFICIAL COURT REPORTER

20            DIANE M. MOLAS, RPR, DE CSR, AND NJ CCR
                     OFFICIAL COURT REPORTER
21       UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS
                        ONE COURTHOUSE WAY
22                    THIRD FLOOR - SUITE 3200
                        BOSTON, MA 02210
23                  TELEPHONE: (267) 977-2909
                    E-MAIL: Dmolas1@aol.com
24
          PROCEEDINGS REPORTED USING MACHINE STENOGRAPHY.
25     TRANSCRIPT PRODUCED EMPLOYING COMPUTER-AIDED TECHNOLOGY.
```

APPEARANCES (CONTINUED):

                            AND

      BY:   TOM JENKINS, ESQUIRE
            901 NEW YORK AVENUE, NW
            WASHINGTON, DC 20001-4413
            TELEPHONE:  202-408-4000
            FAX:  202-4080-4400


      BY:   SCOTT R. MOSKO, ESQUIRE
            3300 HILLVIEW AVENUE
            PALO ALTO, CA 94304-1203
            TELEPHONE:  650-849-6600
            E-MAIL:  scott.mosko@finnegan.com
            FAX:  650-849-6666


      BY:   MEREDITH H. SCHOENFELD, ESQUIRE
            901 NEW YORK AVENUE, NW
            WASHINGTON, DC 20001-4413
            TELEPHONE:  202-408-4393
            FAX:  202-4080-4400


      BY:   DANIEL P. TIGHE, ESQUIRE
            176 FEDERAL STREET
            BOSTON, MA 02110-2214
            TELEPHONE:  617-542-9900393
            E-MAIL:  dtighe@gtmllp.com
            FAX:  617-542-0900

                            AND

PRO-HAC-VICE-PENDING ATTORNEY FOR THE PLAINTIFF:

    BOIES, SCHILLER & FLEXNER LLP

      BY:   D. MICHAEL UNDERHILL, ESQUIRE, PRO HAC
              VICE PENDING
            5301 WISCONSIN AVENUE, N.W.
            WASHINGTON, DC 20015
            TELEPHONE:  202-237-2727
            E-MAIL:  munderhill@bsfllp.com
            FAX:  202-237-6131

1  APPEARANCES (CONTINUED):

2      ATTORNEYS FOR THE ALL DEFENDANTS, EXCEPT EDUARDO SAVERIN:

3          ORRICK, HERRINGTON & SUTCLIFFE LLP

4              BY:   I. NEEL CHATTERJEE, ESQUIRE
                     1000 MARSH ROAD
5                    MENLO PARK, CA 94025-1015
                     TELEPHONE:  650-614-7356
6                    E-MAIL:  nchatterjee@orrick.com
                     FAX:  650-614-7401
7

8              BY:   THERESA A. SUTTON, ESQUIRE
                     1000 MARSH ROAD
9                    MENLO PARK, CA 94025-1015
                     TELEPHONE:  650-614-7356
10                   E-MAIL:  tsutton@orrick.com
                     FAX:  650-614-7401
11
                            AND
12
           PROSKAUER ROSE LLP
13
               BY:   STEVEN M. BAUER, ESQUIRE
14                   ONE INTERNATIONAL PLACE
                     BOSTON, MA 02110-2600
15                   TELEPHONE:  617-526-9700
                     E-MAIL:  sbauer@proskauer.com
16                   FAX:  617-526-9899

17                          AND

18             BY:   JEREMY P. OCZEK, ESQUIRE
                     ONE INTERNATIONAL PLACE
19                   BOSTON, MA 02110-2600
                     TELEPHONE:  617-526-9651
20                   E-MAIL:  joczek@proskauer.com
                     FAX:  617-526-9899
21

22

23

24

25

```
 1   APPEARANCES (CONTINUED):

 2       ATTORNEYS FOR THE DEFENDANT, EDUARDO SAVERIN:

 3           HOLLAND & KNIGHT LLP

 4                   BY:   DANIEL K. HAMPTON, ESQUIRE
                           10 ST. JAMES AVENUE
 5                         ELEVENTH FLOOR
                           BOSTON, MA 02116
 6                         TELEPHONE:  617-573-5886
                           E-MAIL:  dan.hampton@hklaw.com
 7                         FAX:  617-523-6850

 8                              AND

 9           HELLER EHRMAN LLP

10                   BY:   ROBERT B. HAWK, ESQUIRE
                           275 MIDDLEFIELD ROAD
11                         MENLO PARK, CA 940252116
                           TELEPHONE:  650-324-7165
12                         E-MAIL:  robert.hawk@hellerehrman.com
                           FAX:  650-324-6016
13

14       ATTORNEYS FOR THE WITNESS, JEFFREY PARMET:

15           GESMER UPDEGROVE LLP

16                   BY:   LEE T. GESMER, ESQUIRE
                             AND JOSEPH LAFERRERA
17                         40 BROAD STREET
                           BOSTON, MA 02109
18                         TELEPHONE:  617-350-6800
                           E-MAIL:  lee.gesmer@gesmer.com
19                         FAX:  617-350-6878

20                              AND

21                   BY:   CHRISTOPHER SHEEHAN, ESQUIRE
                           40 BROAD STREET
22                         BOSTON, MA 02109
                           TELEPHONE:  617-350-6800
23                         FAX:  617-350-6878

24

25
```

1 **OFFICIAL COURT REPORTER:**

2     **DIANE M. MOLAS, RPR, DE CSR, and NJ CCR**
      **OFFICIAL COURT REPORTER**
3     **UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS**
      **ONE COURTHOUSE WAY**
4     **THIRD FLOOR - SUITE 3200**
      **BOSTON, MA 02210**
5     **TELEPHONE: (267) 977-2909**
      **E-MAIL:  Dmolas1@aol.com**

10                         - - -

14                    P R O C E E D I N G S
15

16           THE DEPUTY CLERK:  All rise.

17           This Honorable Court is now in session.

18           You may be seated.

19           Calling the case, Civil Action 07-10593,

20 ConnectU, Inc. versus Facebook, Inc., et al.

21           THE COURT:  Well, at the outset, I do have a motion

22 to move this case in camera.

23           My general view is, unless there is some showing of

24 specific necessity beyond the generalized discussion, then, I

25 won't do that.

1     If the party has a particular issue that believes
2 we're touching on a particular issue, apart from the general
3 topic, then, you can make a motion at that time, and I'll see
4 whether or not it justifies going into, you know, some sort of
5 <u>in camera</u> session, but I don't find, on its face, that, at
6 least, all of the discussion that we have today should be
7 dealt with <u>in camera</u>.
8     Now, I guess I just want to be sure I understand
9 fully, Mr. Hornick.
10     At the time of the settlement agreement, or, at
11 least, the term sheet -- we'll call it the term sheet -- was
12 executed, was ConnectU aware that there was some sort of a
13 dispute concerning the products of the Parmet inquiries?
14     MR. HORNICK: Your Honor, at the time that the term
15 sheet was signed, ConnectU was aware that Mr. Parmet was in
16 some kind of dispute with the Facebook attorneys.
17     The -- the counsel for ConnectU asked Facebook, on
18 a couple of occasions, to tell what the subject of that
19 dispute was, and they wouldn't tell us, so all we knew was
20 that there was a dispute.
21     THE COURT: Okay; and, then, aware that there was a
22 dispute, as to which Facebook would not disclose the
23 substance.
24     Nevertheless, the term sheet was entered into?
25     MR. HORNICK: I'm not sure the two were necessarily

1  connected, but, yes, the term sheet was signed, and there was
2  knowledge that there was some kind of a dispute with
3  Mr. Parmet.
4      THE COURT: Okay; and, in that connection, there
5  were a number of unresolved Discovery matters at that point?
6      MR. HORNICK: Well, it was known that -- it was
7  known by ConnectU that Facebook had documents that they had
8  not yet produced, but the importance of those document, we
9  didn't know; I mean, Facebook hadn't said we have -- have any
10 material documents that we're going to produce. They didn't
11 say.
12     THE COURT: Were they under an obligation to tell
13 you how material they viewed the documents?
14     MR. HORNICK: I'm sorry?
15     THE COURT: Were they under an obligation to tell
16 you how material they viewed the documents?
17     MR. HORNICK: No, I would say that they were not
18 under an obligation to tell us, _per se_, but I believe they
19 were under an affirmative obligation to produce the documents.
20     THE COURT: Which was suspended by that settlement
21 exercise, I take it?
22     MR. HORNICK: Well, at some point in time it was
23 suspended, Your Honor, but the defendants knew from Mr. Parmet
24 that these documents had been identified on December 14.
25     We said in our brief that it was no later than

1 January 7; in fact, it was December 14, so they actually had

2 five weeks before the mediation even became a possibility,

3 during which those documents should have been produced, and,

4 after the remediation became a possibility, there was another

5 three weeks during which they could have produced them before

6 mediation was actually scheduled, which was on February 11,

7 and, then, on February 11, there was another week, or so,

8 before the mediation actually occurred.

9       Somewhere in there, there was a decision that

10 parties would hold up. It's in my notes, I can provide it to

11 you, but the point is that there was a period of, somewhere in

12 the neighborhood of, eight weeks, during which the case was

13 business as usual, and, in fact, in mid-February -- I believe

14 it was the day after the parties scheduled the mediation --

15 the day after the parties scheduled the mediation, Facebook

16 filed a Motion for Summary Judgment on the copyright claim,

17 and they, therefore, even as of the day the mediation had been

18 scheduled, believed the case was alive, and, if these

19 documents were, in any way material to that motion, they

20 should have been produced.

21       THE COURT: And you filed a renewed motion under

22 56F?

23       MR. HORNICK: There was a renewed motion under 56F,

24 Your Honor, but it related to the Summary Judgment motion on

25 the contract, which was filed in August of last year.

1              (All parties returned to the courtroom.)

2              THE DEPUTY CLERK:  All rise.

3              This Honorable Court is back in session.

4              You may be seated.

5              THE COURT:  Well, having completed in camera

6     hearing with Mr. Parmet and his counsel and counsel for

7     Facebook, I think I should report what I've chosen to do here,

8     which I indicated ahead of time.

9              At the outset, however, let me just say that it

10    seems to me that it is appropriate to keep the transcript of

11    the in camera proceeding in camera, because, necessarily,

12    there was a discussion, to some degree, of the substance of

13    the -- at least, Mr. Parmet's view of the substance of -- the

14    documents that he believes are at issue here.

15             By keeping it in camera, I do not mean to suggest

16    that it's not available to Judge Ware, if he chooses to review

17    it; otherwise, the transcript of the proceedings is open, as

18    is customary in This Court.

19             Mr. Parmet has passed up to me, now, incorporated

20    in this single, three-ring binder, a collection of documents

21    that are at issue in the dispute between parties and have been

22    the focus of the dispute between the parties, and I intend to

23    have them docketed as a sealed exhibit.

24             (A sealed exhibit will be docketed.)

25             THE COURT:  I will keep them in the safe, in the

1    control of the court, pending resolution of other matters by
2    the parties, and, more particularly, by Judge Ware.
3             During the course of the proceeding, I found that
4    Mr. Parmet did not engage in any knowing violation of the
5    provisions of the order for Discovery of computer-memory
6    devices that was entered by Judge Collings on
7    September 13, 2007.
8             I did, however, indicate -- and I'll make
9    explicit -- that my view is even to have discussed the
10   existence of documents that he reviewed that did not involve,
11   what we call, code is a transgression of the order.
12            The order, I think, is quite explicit on the issue
13   of what kind of disclosure to others Mr. Parmet could make;
14   more specifically, in Section 3, on Page 7, the order directs
15   that Parmet and Associates may not discuss with ConnectU's
16   counsel or with anyone else any information obtained from the
17   Facebook hard drives, except, with respect to the produced
18   program code, and, in the course of my discussions with
19   Mr. Parmet, I emphasized, again, to him the view that I have,
20   that that means he may not have any discussions, direct or
21   indirect, with ConnectU's counsel or with anyone else --
22   obviously, with the exception of The Court, direction from me
23   or from Judge Ware, for example -- of any information obtained
24   from the Facebook hard drives, except with respect to the
25   produced program code, and I'm satisfied that Mr. Parmet is

1  fully familiar and fully prepared to comply with this
2  provision.
3      My own role in this, I think, is to do no more than
4  simply preserve evidence which may or may not become relevant
5  in the decision-making process, with respect to settlement,
6  which is now ongoing before Judge Ware in California.
7      This seems to me the orderly way to proceed, and my
8  expectation, as I expressed to counsel, is that, if being
9  aware of the universe of potential disputes between the
10 parties, Judge Ware, nevertheless, chooses to enforce the
11 settlement term agreement, that will be the end of the two
12 cases pending before me.
13     Whether there's follow-on litigation or some other
14 initiatives that are undertaken is far too speculative for me
15 to address at this point.
16     If he finds that the settlement agreement expressed
17 in the settlement term sheet is not enforceable, then, we will
18 re-ignite this case -- or, these cases, I should say -- and
19 continue the litigation to some other resolution, but the
20 short of it is that the core of the case is, I think, and the
21 core of the question of whether or not the case is continued
22 is before Judge Ware, and, until he's made those
23 determinations, I do nothing, other than to ensure that there
24 is available such evidence as may become relevant at some
25 point in the process.

1           Is there anything further from counsel?

2           MR. HORNICK: Just one question, Your Honor.

3           I do have occasion to deal with Mr. Parmet --

4           THE COURT: Mm-hmm.

5           MR. HORNICK: -- in other cases, and, also, there

6    may even be situations in this case, and I just want to go on

7    the record, that there are no surprises, and I understand that

8    the order is limited to anything under protocol.

9           THE COURT: It is.

10          MR. HORNICK: Yes.

11          THE COURT: I mean, the order is as the order

12   states.

13          With respect to his exposure to any materials in

14   this case through the hard drives, he is bound not to discuss

15   it with you, except as it is code.

16          Now, I say one other thing, based on all that I

17   know, which in this and in other ways is sometimes less than I

18   think I know, it seems to me that counsel have -- and

19   Mr. Parmet have -- proceeded properly.

20          I said so in open court, with respect to

21   Mr. Hornick bringing it to my attention, and I said so in

22   in camera proceedings with Mr. Parmet.

23          There are sometimes these very difficult issues

24   that the parties have to struggle with, and I made the

25   analogy, I think in open court, but, also with Mr. Parmet,

1 that the priest or the attorney who has disclosed to him

2 information which he is obligated not to disclose to others,

3 that frequently creates tension.

4     I'm not suggesting that's what's involved here,

5 because I don't know, not having reviewed it, it rises or

6 falls to that level, but, when there are these competing

7 considerations, it creates tensions for the parties.

8     They did, I think, what is proper to do in this

9 setting, and I hope I've clarified; at least, provisionally,

10 while we await the resolution from Judge Ware, what their

11 respective responsibilities are.

12     If there's nothing further, then, we'll be in

13 recess.

14     Thank you.

15     MR. HORNICK: Thank you, Your Honor.

16     THE DEPUTY CLERK: All rise.

17     (The proceedings were concluded.)

18     - - -

19     (Court was adjourned.)

20     - - -

21

22

23

24

25

I N D E X

|  | PAGE | DIRECT | CROSS | RED |
|---|---|---|---|---|
| UNSEALED HEARING | 5 | | | |
| SEALED HEARING | 71 | | | |
| Jeffrey Parmet | | | | |
|   By The Court | | 72 | | |
|   By Mr. Chatterjee | | | 78 | |
|   By The Court | | | | 84 |
| UNSEALED HEARING | 91 | | | |

- - -

DIANE M. MOLAS, RPR, DE CSR, and NJ CCR
USDC - MAD
OFFICIAL COURT REPORTER

I N D E X
(CONTINUED)

E X H I B I T S

|  | DOCKETED |
|---|---|
| (A sealed exhibit) | 91 |

- - -

# **C E R T I F I C A T I O N**

      I, DIANE M. MOLAS, a Registered Professional Reporter (RPR), a Certified Shorthand Reporter (CSR) in the State of Delaware, a Certified Court Reporter (CCR) in the State of New Jersey, and a Notary Public in the Commonwealth of Pennsylvania, do hereby certify that the foregoing is a true and accurate transcript of the proceedings reported by me, on June 2, 2008, and that I am neither counsel, nor kin, to any party or participant in said action, nor am I interested in the outcome thereof.

      WITNESS my hand, this

Sixth Day of June, 2008.

                    _____
                    Diane M. Molas, RPR, DE CSR, and NJ CCR
                      DE Certification Number 208-RPR
                    NJ Certification Number 30XI00228400

- - -

*(The foregoing certification of this transcript does not apply to any reproduction of the same by any means, unless under the DIRECT CONTROL AND/OR SUPERVISION of the Certifying Court Reporter herself.  THE COURT REPORTER'S CERTIFICATION* NEVER *APPEARS AS A PHOTOCOPIED SIGNATURE.)*

- - -