**EXHIBIT 15**

# AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, | |
| Claimant-Counterclaim Respondent | Case No. 13 194 Y 995 08 |
| HOWARD WINKELVOSS, CAMERON WINKELVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA, | Arbitrators: Hon. William Dreier<br>Hon. Thomas Penfield Jackson<br>Richard H. Silberberg, Esq.<br><br>Arbitration Date: October – November, 2009 |
| Respondents-Counterclaimants, | Location: New York, New York |
| and | |
| CONNECTU, INC. | |
| Respondent. | |

## NONPARTY FACEBOOK INC'S OBJECTIONS AND RESPONSE TO RESPONDENTS-COUNTERCLAIMANTS' SUBPOENA DUCES TECUM DATED SEPTEMBER 18, 2009

Pursuant to 9 U.S.C. § 7, 28 U.S.C. § 45(d) and any other applicable federal or state law, Facebook, Inc. ("Facebook"), through its counsel, Orrick, Herrington & Sutcliffe LLP, hereby serves its Objections and Response to the Subpoena Duces Tecum dated September 18, 2009, issued by the attorneys for Howard Winkelvoss, Cameron Winkelvoss, Tyler Winklevoss and Divya Narendra (the "Petitioners") and the Honorable Judge William Drier, the Honorable Thomas Penfield Jackson and Richard H. Silberberg, Esq.

# GENERAL OBJECTIONS AND RESPONSES

These General Objections are fully incorporated into Facebook's response.

1. Facebook's Objections and Response are based on information presently known to it and are given without prejudice to Facebook's right to amend, modify or supplement this response.

2. Facebook objects to the subpoena to the extent it attempts to impose obligations or burdens on Facebook beyond the scope of 9 U.S.C. § 7 and 28 U.S.C. § 45(d).

3. Facebook objects to the subpoena to the extent it purports to seek information or the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, including, but not limited to, the attorney work product doctrine. Any disclosure or production of privileged material is inadvertent and shall not be considered a waiver of the applicable privilege or privileges, and any such document shall be subject to return upon demand.

4. Facebook objects to the subpoena to the extent it seeks production of confidential, proprietary or trade secret information.

5. Facebook objects to the subpoena to the extent production of the information sought is protected by the rights of privacy.

6. Facebook objects to the subpoena to the extent it calls for production of documents that are not material and necessary to the prosecution or defense of the above-captioned Arbitration (the "Arbitration").

7. To the extent that Facebook provides responsive information notwithstanding one or more stated objections, Facebook does not waive, and expressly reserves, the right to object to any further inquiry on that subject matter.

8. Facebook objects to the subpoena to the extent that it is overly broad, unduly burdensome, fails to describe the requested documents with reasonable particularity and/or purports to seek discovery and inspection of documents and things outside the scope of discovery permitted under 9 U.S.C. § 7 and 28 U.S.C. § 45(d) or other applicable laws or rules.

9. Facebook's response is on behalf of Facebook only. Facebook objects to the Requests to the extent they call for the production of documents not within its possession, custody or control.

10. Facebook objects to the Requests to the extent they purport to require production of documents that are already in the possession, custody, or control of Petitioners, or to the extent that they purport to require production of documents that are readily and easily accessible to Petitioners.

11. Facebook's response and/or production of documents shall not be construed as accepting any legal conclusion concerning the meaning or application of the terms used in the Requests. Facebook's response or production of documents are not intended, nor shall they be construed, as an acceptance of, or agreement with, any of the characterizations or purported descriptions of the parties, transactions or events contained in the Requests.

12. To the extent Facebook indicates that it will produce responsive, non-privileged documents in its possession, custody or control, if any, Facebook does not admit that responsive, non-privileged documents in fact exist or are in its possession, custody or control.

13. In making these Objections and its Response, Facebook does not waive or intend to waive, but to the contrary, reserves, and intends to reserve, as to all documents provided hereunder or that are the subject hereof, the right to object on any ground at any time to a demand for further responses or document production.

14. Facebook objects to the production of any documents unless these documents are subject to the Stipulation and Order Governing the Exchange of Confidential Information, entered into by Petitioners and Quinn Emanuel Urquhart Oliver & Hedges, LLP on April 17, 2009.

15. Facebook objects to the subpoena on the ground that it is propounded for an improper purpose.

16. Facebook objects to the subpoena on the ground that it fails to provide a reasonable time for response.

## SPECIFIC OBJECTIONS AND RESPONSE

### REQUEST:

All documents concerning or reflecting any use or plan to use any information or concept of any kind derived from or in conjunction with Cameron Winklevoss, Tyler Winklevoss, or Divya Narendra, or any actual or potential appropriation or theft of any such information or concept.

Limitations:

- This Request is limited to messages to or from Mark Zuckerberg.

- This Request is further limited to responsive documents concerning any actual or potential social networking website.

- This Request is further limited in that the responsive documents sought were/are contained and/or located on the hard drive designated by Facebook as device 371-01 in connection with the matter of ConnectU, Inc. v. Facebook, Inc., 1:07-cv-10593 (DPW) and 1:04-Cv-11923 (DPW) (D.Mass.).

**RESPONSE TO REQUEST:**

Facebook hereby incorporates by reference the foregoing general objections. Subject to and without waiving its objections, Facebook responds as follows: Facebook has no responsive documents.

Dated: New York, New York
       September 28, 2009

                                    Respectfully submitted,

                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                                    By: _____
                                                Karen D. Thompson

666 Fifth Avenue
New York, NY 10103-0001
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

*Attorneys for Nonparty Facebook, Inc.*