**EXHIBIT 16**

# O'SHEA PARTNERS LLP

521 FIFTH AVENUE
25th FLOOR
NEW YORK, NEW YORK 10175
SEAN F. O'SHEA
MICHAEL E. PETRELLA
—
JONATHAN R. ALTSCHULER
AMANDA L. DEVEREUX
MARC D. FEINGOLD
ELIZABETH A. HALEY
JULIE O'SHEA
ANDREW J. SOCKOL

(212) 682-4426
Fax (212) 682-4437
www.osheapartners.com

September 30, 2009

<u>VIA E-MAIL</u>

Hon. William A. Dreier (Ret.)
Hon. Thomas Penfield Jackson (Ret.)
Richard H. Silberberg, Esq. Chair
c/o Jonathan J. Weed, Case Manager
American Arbitration Association
Northeast Case Management Center
950 Warren Avenue, 4th Floor
East Providence, RI 02914

> Re: Quinn Emanuel Urquhart Oliver & Hedges, LLP v. Howard Winklevoss, *et al.*, Case No. 13 194 Y 995 08

Dear Members of the Panel:

We write regarding Respondents-Counterclaimants' second subpoena to Facebook, issued by the Panel on September 18, 2009.

Monday, Facebook took the position that it does not have documents responsive to the second Facebook subpoena. However, Respondents-Counterclaimants believe that Facebook is engaged in semantics with respect to its reading of the subpoena in a blatant attempt to avoid compliance with its legal obligations.

As the Panel is aware, Respondents-Counterclaimants have made a concerted effort in this arbitration to obtain the critical Jeff Parmet "smoking gun" documents from Facebook through discovery. In drafting a subpoena that met the Panel's approval, and after extended oral argument before the Panel, Respondents-Counterclaimants narrowed their request to target only the specific Jeff Parmet documents of interest (i.e., the highly-significant documents that Parmet found in the course of his review in the underlying litigation that caused him to contact Quinn Emanuel and counsel for Facebook, the Orrick firm, to seek guidance). After conference, the

1

Panel approved the Facebook subpoena on September 18th, and Respondents-Counterclaimants served it on Facebook the same day.

The Facebook subpoena (Exhibit A) requires the production of:

> 1. All documents concerning or reflecting any use or plan to use any information or concept of any kind derived from or in conjunction with Cameron Winklevoss, Tyler Winklevoss, or Divya Narendra, or any actual or potential appropriation or theft of any such information or concept.
>
> *Limitations:*
> - *This Request is limited to messages to or from Mark Zuckerberg.*
> - *This Request is further limited to responsive documents concerning any actual or potential social networking website.*
> - *This Request is further limited in that the responsive documents sought were/are contained and/or located on the hard drive designated by Facebook as device 371-01 in connection with the matter of ConnectU, Inc. v. Facebook, Inc., 1:07-cv-10593(DPW) and 1:04-Cv-11923 (DPW) (D. Mass.).*

On September 28, 2009, the day before the Facebook's scheduled appearance before the Panel, Karen D. Thompson, Esq. of Orrick, Herrington & Sutcliffe LLP ("Orrick") submitted Facebook's Objections & Responses to the subpoena, stating that:

> "Facebook has no responsive documents." (See Exhibit B.)

However, a December 14, 2007 non-confidential (but heavily redacted) email sent from Jeff Parmet to Neil I. Chatterjee at Orrick demonstrates otherwise. (See Exhibit C). In this email, Parmet writes "[w]hile performing the imaging protocol . . . **our searches turned up some non-code files [redacted] that appear to be highly relevant.** [redacted] **We believe they have not been previously produced.**" Following a lengthy redaction, Parmet notes that the documents "**can be found on device 371-01** in the Windows partition that we were able to image and, I believe, your forensic experts were previously able to image. **The paths to the [redacted] are [redacted].**"

In short, this email memorializes Parmet's discovery of the critical documents that are the subject of the Panel's September 18, 2009 subpoena, and the unredacted version of the email contains a blueprint of exactly how to find the relevant documents on device 371-01 - the very same device referred to in the Panel's subpoena. (See Exhibits A- C).

The very next day, December 15, 2007, Orrick Associate Theresa Sutton replied to Parmet, expressing numerous objections to Parmet's conduct under the protocol, but suggesting that Orrick had located and reviewed the documents and "will produce it if appropriate." (See Exhibit D). This email conclusively demonstrates that Parmet and Facebook's counsel *each had their own copy of device 371-01* in December 2007, and it strains credulity to suggest that Facebook and its counsel do not still have access to a copy of that device today (and/or the documents contained on it). Indeed, Respondent's are informed and believe that Orrick, Facebook's counsel, remain in possession of device 371-01.

2

Again, although heavily redacted, the December 14, 2007 email from Parmet (Exhibit C) clearly and specifically references documents "that can be found on device 371-01," the same device to which Respondents-Counterclaimants limited the subpoena to Facebook. Parmet also provides the exact "paths" to the relevant documents, but that "path" information has been redacted. Facebook has no grounds to not fully and immediately comply with the Panel's subpoena. The subpoena is narrow, targeting only specific documents, and directs Facebook to the *exact device* where those documents can be found, as well as the exact location of the documents on the device.[1]

Facebook is staunchly opposed to the production of these embarrassing documents, and Respondents-Counterclaimants believe that Facebook will do almost anything in an attempt to avoid their production, including stonewalling this Panel. Because Facebook will predictably argue that the information identified by Parmet's December 14, 2007 email on device 371-01 is not responsive to this Panel's subpoena, Respondents-Counterclaimants ask the Panel to intervene and order Facebook to immediately (1) produce an unredacted version of the December 14th email (attached as exhibit C), (2) immediately produce a copy of device 371-01 (or, failing that, a copy of all documents contained on that device at the time it was reviewed by Mr. Parmet), and (3) appoint an independent computer forensic specialist to retrieve the designated materials from device 371-01 using the path information set forth in the unredacted version of the December 14th email attached as Exhibit C.

Respectfully submitted,

Sean F. O'Shea

cc: Richard I. Werder, Jr., Esq.

---

[1] Facebook has no colorable argument that the subpoena is overbroad. In the Massachusetts action, Jeff Parmet submitted the material responsive to this subpoena to the Court, and Judge Woodlock remarked that it comprised a " single, three-ring binder." (See Partial Transcript of June 2, 2008 hearing in the U.S. District Court for the District of Massachusetts, before Honorable Douglas P. Woodlock, Dkt. No. CA0710593, at p. 91 (attached hereto as Exhibit E).

3