# EXHIBIT 17

**Dalton, Amy**

**Subject:** FW: Quinn v Winklevoss - Case No 13 194 Y 995 08

**From:** Rick Werder [mailto:RickWerder@QuinnEmanuel.com]
**Sent:** Wednesday, September 30, 2009 7:00 PM
**To:** Jonathan Weed
**Cc:** Adam Wolfson; Thompson, Karen; Sean O'Shea; Andrew Sockol; Michael Petrella
**Subject:** RE: Quinn v Winklevoss - Case No 13 194 Y 995 08

Dear Jonathan:

Please forward this email to the Panel as our response to this submission from Respondents.

Respondents continue to characterize the materials that they are seeking from Facebook as "the critical Jeff Parmet 'smoking gun' documents." Nothing that Respondents have produced to us in this case supports that characterization, and they have provided no evidence supporting it to the Panel. Mr. Parmet never indicated to us that he had found any "smoking gun," and we note that, following a hearing (in which we did not participate) conducted in June 2008 at which Mr. Parmet testified, Judge Woodlock found that Mr. Parmet did not knowingly violate the Protocol under which he was working. *See* Exhibit E to Petrella Letter. We will proceed on the assumption that Mr. Parmet and Respondents have not violated the Protocol and Judge Woodlock's direct order by engaging in further discussions of the substance of whatever Mr. Parmet may have discovered; with that assumption, we are at a loss to understand the basis for Respondents' continued characterization of these documents as "smoking guns" or the like.

Mr. Petrella's statement that "Facebook is staunchly opposed to the production of these embarrassing documents" (page 3) indicates – in our view – that this discovery dispute between Respondents and Facebook is at best peripheral to this arbitration, and that what Respondents are in fact doing is trying to use this arbitration as a means to obtain evidence (as yet unavailable to them in Federal court) that they might then seek to use against Facebook in their California case. In this regard, we note that, as a result of the order that Judge Woodlock entered on September 30, 2009, Respondents have again been stymied in their efforts to obtain the Parmet documents in connection with their litigation with Facebook, further supporting our suspicion that their efforts to obtain the documents in this case relate to their dispute with Facebook and not to any legitimate needs that they have for the prosecution of this arbitration.

Finally, Respondents' latest proposal is simply their original overbroad subpoena in a different form. Respondents' August 28 proposed subpoena requested, "All documents contained and/or located on the hard drive designated by Facebook as device 371-01 in connection with the matter of *ConnectU, Inc. v. Facebook, Inc*." The Panel denied this subpoena. By their latest letter, Respondents are now requesting not only device 371-01 in its entirety, but also a forensic computer expert – a new request plainly calculated to delay this arbitration.

Rick Werder
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Direct: (212) 849-7231
Mobile: (914) 588-5660
E-mail: rickwerder@quinnemanuel.com

**From:** Michael Petrella [mailto:mpetrella@osheapartners.com]
**Sent:** Wednesday, September 30, 2009 3:53 PM
**To:** Jonathan Weed
**Cc:** Rick Werder; Adam Wolfson; Thompson, Karen; Sean O'Shea; Andrew Sockol
**Subject:** Quinn v Winklevoss - Case No 13 194 Y 995 08
**Importance:** High

Dear Jonathan, please forward the attached letter to the Panel at your earliest convenience, as the letter addresses an urgent matter.

Regards,
_____
Michael E. Petrella
O'Shea Partners LLP
521 Fifth Avenue, 25th Floor
New York, New York 10175
212.682.4426 T
212.682.4437 F
www.osheapartners.com

*CONFIDENTIALITY NOTICE: This transmission, and any attached documents and files, may contain information which is protected by the attorney-client privilege and/or the attorney work-product doctrine and/or may otherwise be considered privileged and/or confidential. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited and may be contrary to law. If you have received this transmission in error, you are hereby directed to delete this message and to destroy all copies, including all electronic files and printouts, and to notify me by reply e-mail at mpetrella@osheapartners.com or by telephone at (212) 682-4426.*