# EXHIBIT A



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

November 11, 2009

Monte M.F. Cooper
(650) 614-7375
mcooper@orrick.com

BY EMAIL AND U.S. MAIL

Sean F. O'Shea
Michael Petrella
O'Shea Partners LLP
90 Park Ave., 20th Floor
New York, New York 10016

Re: *ConnectU, Inc., et al. v. Facebook, Inc., et al.*, No. 1:07-cv-10593-DPW (Consolidated with Case No. 1:04-cv-11923-DPW (D. Mass.)

Dear Sean and Mike:

We are writing today to demand compliance with the Massachusetts Protective Order. Your recent, intentional acts are intolerable and contemptuous. We have reviewed the materials filed in conjunction with the "Affirmation of Sean O'Shea in Support of Motion to Compel Compliance with Subpoenas Pursuant to 9 U.S.C. § 7 and CPLR § 2308(b)" filed with the New York Supreme Court on November 4, 2009. It appears that Exhibits H and L include redacted copies of Neel Chatterjee's December 14, 2007, correspondence with Jeff Parmet, which was previously filed under seal pursuant to the Protective Order entered in the Massachusetts litigation referenced above. That correspondence is subject to the September 13, 2007 Order for Discovery of Computer Memory Devices ("the Protocol") separately entered by the Court in that action, which also incorporates the Protective Order. It does not, however, appear as though you have filed Exhibits H or L under seal with the New York Supreme Court in accordance with the Massachusetts Protective Order, or the earlier under seal submissions in Massachusetts.

As some materials were chosen by you to be filed under seal and others were not, the only logical conclusion is that you intended to violate the specific confidentiality protections in place in the District of Massachusetts. In light of the prior violations by your firm and your clients of the Massachusetts Protective Order, this latest disclosure is unacceptable. In that regard, please also see my separate correspondence to you today concerning those other violations of the Massachusetts Protective Order.

Therefore, without waiving its right to seek any relief necessary, including an order seeking sanctions for violating the Protocol and Protective Orders, as well relief requiring compliance, Facebook demands the following by noon (12:00 p.m.) PST on Thursday, November 12, 2009:



1. You take immediate corrective measures to ensure Exhibits H and L are properly filed under seal with the New York Supreme Court;

2. You and your clients provide assurances that no other materials or information produced by Facebook in either the consolidated Massachusetts actions or the California action subject to the Protocol and/or Protective Orders in those cases, including discovery materials designated "Confidential" or "Highly Confidential – Attorneys Eyes Only," have been shared with your clients or third parties, cited to the AAA Panel, introduced as evidence, or have been disclosed to, used or discussed in any proceedings or places other than the two District Court litigations for which there are existing protective orders;

3. You take immediate remedial action for all violations of the Protective Orders, including impounding all copies of Mr. Chatterjee's redacted emails that have been disseminated without restriction, while also identifying to Facebook all materials impounded;

4. You identify precisely who has been provided access to the redacted emails and their contents;

5. You identify to Facebook all other instances where you or your clients have shared information disclosed pursuant to the protective orders, and identify all other Confidential documents produced in discovery that have been used or disclosed in any other action, including the pending arbitration;

6. You and your clients immediately sequester all materials subject to the Protocol and/or designated under the protective orders in the two actions, and immediately stop all actions taken based upon such information, and confirm you will abide by the Protocol and existing protective orders; and

7. You immediately confirm that you and your clients will cease and desist from any further use or disclosure of any information subject to the Protocols and/or designated under the protective orders in the two District Court actions.

The foregoing assurances are without prejudice to Facebook to seek relief from either or both of the Massachusetts and California Courts for your own and your clients' continued intentional and documented violations of the Protocol and/or the Protective Orders.



Sean F. O'Shea
Michael Petrella
November 11, 2009
Page 3

Respectfully submitted,

Monte M.F. Cooper

C:  Rick Werder
    James Towery

# O'SHEA PARTNERS LLP
521 FIFTH AVENUE
25th FLOOR
NEW YORK, NEW YORK 10175

SEAN F. O'SHEA
MICHAEL E. PETRELLA
—
JONATHAN R. ALTSCHULER
AMANDA L. DEVEREUX
MARC D. FEINGOLD
ELIZABETH A. HALEY
JULIE O'SHEA
ANDREW J. SOCKOL

(212) 682-4426
Fax (212) 682-4437
www.osheapartners.com

November 18, 2009

<u>**Via E-Mail**</u>

Monte M.F. Cooper, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, California 94025

Re: Quinn Emanuel Urquhart Oliver & Hedges, LLP v. Howard Winklevoss, *et al.*, Case No. 13 194 Y 995 08

Monte:

This responds to your letter of November 13th. As a preliminary matter, we appreciate that you have finally retracted your most egregious misrepresentation to the Massachusetts Court regarding our firm's (lack of) involvement in the June 2, 2008 hearing. Regrettably, however, it took repeated threats of sanctions for your firm and your client to come clean with the Court, and your other misrepresentations remain uncorrected. With regard to the redacted email between Mr. Chatterjee and Mr. Parmet, you have failed to address the fact that you have known about the use of this document since at least September 30, 2009. You have also failed to address the fact that the document is redacted, contains no information that is even conceivably confidential, and the contents of it have been read aloud in open court and appear in an unsealed transcript. The document is not confidential, is not legitimately under seal, and you have clearly waived any ability to claim otherwise. As usual, your actions are purely tactical, and wholly transparent.

Next, our firm was not involved in the drafting of the stipulation you reference. However, I have discussed your letter with John Hornick who advises me that he disagrees with your analysis.

The penultimate paragraph of your letter is a pathetic dodge. You know that Quinn Emanuel reviewed and produced in the Arbitration documents designated "Confidential" in the Massachusetts action. The letter proving those facts is attached as Exhibit 13 to your own declaration in support of Facebook's motion to enjoin in Massachusetts. Moreover, by your own admission, Quinn reviewed and produced Facebook's confidential documents without seeking your advance approval. You do not need access to any more information than that to answer the question of whether Facebook believes Quinn's actions violated the Protective Order. We have given you multiple opportunities to clarify this issue. Your purposefully evasive responses plainly show that Facebook's view of whether a particular act violates the Protective Order depends solely on whether our firm or Quinn Emanuel committed the act. As you have been closely conspiring with Quinn Emanuel throughout this arbitration, we are unsurprised by your awkward and contradictory attempts to protect them. Consequently, we can only conclude that Facebook has no serious interest in the substance of the Protective Order, and merely views it as a tool for harassment in an attempt to shirk its obligations under lawful subpoenas. We therefore consider Facebook to have waived all of its rights under the Protective Order. We will, however, continue to honor it as a Court order.

Regards,

Michael E. Petrella



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401
WWW.ORRICK.COM

November 19, 2009

Theresa A. Sutton
(650) 614-7307
tsutton@orrick.com

BY EMAIL AND U.S. MAIL

Michael Petrella
O'Shea Partners LLP
90 Park Ave., 20th Floor
New York, New York 10016

Re: *ConnectU, Inc., et al. v. Facebook, Inc., et al.*, No. 1:07-cv-10593-DPW (Consolidated with Case No. 1:04-cv-11923-DPW (D. Mass.)

Dear Mike:

I am writing in response to your November 18, 2009, letter to Monte Cooper, in which you purport to effect a waiver on Facebook's behalf of all materials designated as confidential pursuant the protective orders in the Massachusetts and California actions. Your letter demonstrates precisely why Facebook's Motion to Enjoin further violations is warranted. Your personal beliefs about whether or not certain documents should be filed under seal do not change the fact that the Court sealed them. If you wish to dispute the Court's sealing orders, the proper place to do so is in the Court issuing the Order. You may not unilaterally decide that a document should not be sealed and then use it as you see fit.

Facebook has not waived, and has never intended to waive, any rights under any protective order in this case or the related California action. We have repeatedly asked you to take measures to place confidential information under seal. In light of your agreement to continue to honor the Court's Orders, please immediately take the steps necessary to place under seal Exhibits H and L to Mr. O'Shea's November 4, 2009 Affirmation filed in Support of Motion to Compel Compliance with Subponeas Pursuant to 9 U.S.C. § 7 and CPLR § 2308(b). Those documents were filed under seal pursuant to a Massachusetts Court Order, and unless and until Judge Woodlock vacates that Order, your firm's filing of those materials publicly in New York is in violation thereof.



Michael Petrella
November 19, 2009
Page 2

      I see no need to address the remainder of your letter. You should not assume by our refusal to engage in name calling that we agree with any of your positions not addressed here. Instead, you should assume we disagree.

Best regards,

Theresa A. Sutton


C:     Rick Werder
        James Towery