IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, AND THEFACEBOOK LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO. 1:07-cv-10593 (DPW)<br><br>Related Action 1:04-cv-11923 (DPW) |

**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP'S RESPONSE TO CONNECTU, INC.'S MOTION TO LIFT STAY TO REASSERT ITS MOTION TO DISQUALIFY COUNSEL**

On January 20, 2009, ConnectU, Inc. ("ConnectU") filed motions to disqualify Finnegan, Henderson, Farabow, Garrett & Dunner, LLP (the "Finnegan Firm") from representing Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra (collectively, "the Founders") in the present litigation and in Civil Action No. 5:07-CV-01389-JW (N.D. Ca.) (the "N.D. Ca. Case"). The Finnegan Firm opposed those motions. *See* Dkt. 266; N.D. Ca. Case Dkt. 686. On September 30, 2009, this Court entered an order terminating all outstanding motions, including ConnectU's motion to disqualify the Finnegan Firm, without prejudice to the motion of any party to reassert them no later than 30 days after the issuance of any mandate by the Ninth Circuit Court of Appeals concerning the judgment in the N.D. Ca. Case. Dkt. 274. This Court therefore already has made a determination that it does not need to address at this time the issue of whether or not the Finnegan Firm should be disqualified from representing the Founders in this case.

Since the Court issued its September 30 Order, the only relevant actions that have been taken are that 1) Facebook filed a motion to enjoin the Founders and their counsel, including the Finnegan Firm (Dkt. 291), and 2) the Finnegan Firm filed oppositions to that motion (Dkt. 308 and 309). ConnectU was not a party to that motion but still asserts that the Finnegan Firm somehow acted improperly by defending itself and its clients against Facebook's allegations. This fact demonstrates that the present motion to lift the stay is a tactical maneuver by ConnectU on behalf of its controlling parent and sole shareholder, Facebook. It is really nothing more than a "multiplication of proceedings," which this Court sought to end through its September 30, 2009, order imposing the stay. ConnectU's motion therefore should be denied.

Notwithstanding this position, for reasons unrelated to the issues raised by ConnectU's disqualification motion, the Finnegan Firm is filing, concurrently with this Opposition, a motion to withdraw as counsel for the Founders. Such withdrawal therefore renders ConnectU's request for clarification moot with regard to the disqualification of the Finnegan Firm.

Respectfully submitted,

DATED: January 21, 2010

/s/Margaret A. Esquenet_____
John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
FINNEGAN, HENDERSON,
FARABOW, GARRETT &
DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Daniel P. Tighe (BBO# 556583)
Scott McConchie (BBO# 634127)
GREISINGER, TIGHE, and
MAFFEI, L.L.P.
176 Federal St.
Boston, MA 02110

Telephone: (617) 452-9900
Facsimile: (617) 452-0900
dtighe@gtmllp.com
smcconchie@gtmllp.com

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 21, 2010.

              <u>/s/ Margaret A. Esquenet</u>

              Margaret A. Esquenet (*pro hac vice*)

2500948.1