UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br>　　　　Plaintiffs,<br>　　v.<br>FACEBOOK, INC. MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, AND THEFACEBOOK LLC,<br>　　　　Defendants. | CIVIL ACTION NO. 1:07-cv-10593 (DPW)<br><br>Related Action No. 1:04-cv-11923 (DPW) |

## CONNECTU, INC.'S LIMITED
## OPPOSITION TO MOTION TO WITHDRAW

Pursuant to Local Rules 7.1 and 83.5.2, ConnectU, Inc. ("ConnectU") respectfully submits this Limited Opposition to Finnegan, Henderson, Farabow, Garrett & Dunner, LLP's (hereinafter "Finnegan") Motion for Leave to Withdraw Appearance. ConnectU generally assents to Finnegan's request to withdraw, and indeed believes that such a withdrawal is mandated under Massachusetts law, but the Motion for Leave to Withdraw itself affects two discrete issues that are presently pending before this Court in ConnectU's Motion to Disqualify Counsel. In particular, Finnegan seeks merely to withdraw as counsel of record for the Founders in the Massachusetts litigation, which would seem to allow Finnegan to continue to advise and counsel the Founders against the interests of its former client ConnectU. In addition, Finnegan continues to possess certain business records and documents of ConnectU's that have not yet been released to ConnectU. Because both of those matters are presently pending before the Court and Finnegan's interests are directly involved, ConnectU respectfully requests that the

Court address these matters before it allows Finnegan to withdraw as counsel for the Founders. More specifically, ConnectU states as follows:

I.   INTRODUCTION

On January 20, 2009, ConnectU filed a Motion to Disqualify Counsel with an accompanying memorandum of law, see Docket Document Nos. 262 & 263, which sought the disqualification of its former lawyers from continuing to represent the Founders against the interests of ConnectU. On the same date, ConnectU filed a similar motion to disqualify its former counsel in the United States District Court for the Northern District of California. As a result of that motion, the United States District Court for the Northern District of California disqualified Finnegan and Boies from further representing the Founders in the matter. See Order, dated September 2, 2009 (Ware, J.), attached as Exhibit A.

On September 30, 2009, this Court entered a stay in the Massachusetts actions, recognizing that Judge Ware's judgment was to be given preclusive effect during the appeal period. The Court noted that "there is no need to keep these cases active in this Court while the fundamental question of the enforceability of the settlement agreement moves toward resolution elsewhere." See Memorandum and Order, dated September 30, 2009, p.2, attached as Exhibit B; see also Docket Document Nos. 274 & 275. As part of the Court's Order, pending motions were terminated without prejudice subject to a party's motion to reassert a particular motion upon the lifting of the stay. Id. That Order resulted in the termination of ConnectU's Motion to Disqualify Counsel (Docket Document No. 262) after a full opportunity for the submission of briefs in opposition but before hearing or the entry of a formal order. The September 30, 2009

Order also specifically referenced the fact that Judge Ware had entered a disqualification order and that successor counsel for the Founders had already appeared in the California litigation.

Consistent with the Court's September 30, 2009 Order, ConnectU's expectation was that the stay would serve to protect its interests in Massachusetts District Court until the resolution of the "fundamental question" on appeal before the Ninth Circuit. However, it became evident to ConnectU in mid-November 2009 that Finnegan intended to continue its active representation of the Founders despite Judge Ware's Order and the September 30, 2009 Order of this Court. Finnegan asserted that this Court had not yet ruled on its disqualification, and took the position that Judge Ware's order only prohibited Finnegan from appearing in California courts but that Finnegan could continue to use its knowledge of ConnectU's business affairs and confidential information to advise, counsel, and strategize with the Founders in other forums. That interpretation would strip away the protections afforded by Judge Ware's disqualification order and, in fact, would render the disqualification meaningless in terms of protecting ConnectU's valid expectation that its former counsel would not undertake representation contrary to ConnectU's interests in the same or a substantially related matter.

By means of its Request for Clarification of Order or Motion to Lift Stay to Reassert Motion to Disqualify (Docket Document Nos. 321 & 322), ConnectU sought clarification of the effect that Judge Ware's disqualification Order has in these matters or the opportunity for a full consideration of ConnectU's Motion to Disqualify Counsel on the merits after a limited lifting of the stay. On January 20, 2010, Finnegan opposed ConnectU's Request for Clarification of

Order, arguing that it was moot due to Finnegan's decision to seek leave to withdraw. At the same time, Finnegan sought leave to withdraw for unspecified reasons.

## II. LOCAL RULE 83.5.2

Because ConnectU's Request for Clarification or Motion to Lift Stay (Docket Document Nos. 321 & 322) and, by implication, its underlying Motion to Disqualify (Docket Document Nos. 262 & 263) are pending before the Court, Local Rule 83.5.2 requires that the Court determine if such a withdrawal is appropriate. See LOCAL RULE 83.5.2 & subsec. 3. The Local Rule recognizes that certain matters may need to be resolved before an attorney is allowed to withdraw. In fact, the Local Rule requires Court permission and inquiry even where an attorney may have been terminated by his client.

## III. ARGUMENT

While ConnectU assents to Finnegan's motion in general terms and contends that a withdrawal is necessary under the laws of Massachusetts, Finnegan's present motion fails to address two critically important points that are presently awaiting adjudication by this Court. In particular, ConnectU respectfully requests that the Court address the following issues before it allows Finnegan's withdrawal:

### A. ConnectU would suffer irreparable and significant harm were Finnegan allowed to withdraw from the Massachusetts litigation while continuing to advise and counsel the Founders.

Finnegan's motion does not address the concern underlying ConnectU's Motion to Disqualify Counsel, which seeks to prevent its former counsel from using the knowledge of

4

ConnectU's affairs and confidential information contrary to its own interests. The wording of Finnegan's motion as well as the proposed order submitted therewith would not prohibit Finnegan from continuing to act as a consultant in this or related litigation, as well as arbitration proceedings.

If Finnegan has indeed ceased its representation of the Founders, there should be no opposition to this Court's entering an Order that Finnegan is disqualified from representing the Founders in this or any substantially related matter in the future.

**B.  Finnegan continues to hold and retain business documents that are necessary to ConnectU for the conduct of its business affairs. Finnegan should return those documents to ConnectU before Finnegan is allowed to withdraw from the litigation.**

As discussed more fully in the Motion to Disqualify (Docket Document Nos. 262 & 263), ConnectU also seeks the return of certain documents from Finnegan's files including litigation and business files. The United States District Court for the Northern District of California has ordered that the Founders and their counsel return to ConnectU its general business files and has referred the issue to a Magistrate Judge to resolve any disputes relating to the turnover of those documents.

An order from this Court relating to ConnectU's document request is appropriate before Finnegan's withdrawal, while the Court has authority to regulate the conduct of the attorneys appearing before it.

**IV.	CONCLUSION**

WHEREFORE, ConnectU, Inc. assents to the Finnegan law firm's Motion to Withdraw, but respectfully requests that this Court consider the pending issues before it and enter an order that:

a.	disqualifies Finnegan from representing the Founders in this or any substantially related matter in the future; and

b.	requires Finnegan to produce all ConnectU documents.

Respectfully submitted,
ConnectU, Inc.,
By its attorneys,

/s/ Gregg P. Bailey
Peter M. Durney, BBO # 139260
Gregg P. Bailey, BBO# 638270
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100

James E. Towery, Esquire
Alison P. Buchanan, Esquire
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113
(408) 287-9501

**CERTIFICATE OF SERVICE**

I, Gregg P. Bailey, attorney for ConnectU, Inc. hereby certify that on the 4th day of February 2010, a true copy of the foregoing, ConnectU, Inc.'s Limited Opposition to Motion for Leave to Withdraw Appearance, was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. Paper copies will be served upon anyone indicated as a non-registered participant.

/s/ Gregg P. Bailey
Gregg P. Bailey


**CERTIFICATION OF CONSULTATION
PURSUANT TO LOCAL RULE 7.1(A)(2)**

I, Gregg P. Bailey, hereby certify that, pursuant to Local Rule 7.1(A)(2), counsel for ConnectU, Inc. has conferred with counsel seeking to narrow the issues in dispute regarding the withdrawal from its representation of the Founders by the Finnegan law firm with respect to on-going assistance by Finnegan to the Founders and the return of business documents.

/s/ Gregg P. Bailey
Gregg P. Bailey