IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, and FACEBOOK, LLC,<br><br>Defendants. | Civil Action No. 1:07-CV-10593-DPW (Consolidated with Civil Action No. 1:04-CV-11923-DPW) |

**FACEBOOK, INC.'S RESPONSE TO FINNEGAN'S MOTION FOR LEAVE TO WITHDRAW APPEARANCE**

Finnegan, Henderson, Farabow, Garrett & Dunner LLP ("Finnegan") seeks to withdraw as counsel to plaintiffs Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra ("the ConnectU Founders") in these consolidated actions. Defendants do not oppose the motion, provided that the withdrawal is subject to the following conditions:

- Finnegan will continue to abide by all of the terms of the Court's May 26, 2005 and July 6, 2005 Protective Orders, the September 13, 2007 Order for Discovery of Computer Memory Devices, and all Orders sealing materials that have been entered by the Court in the consolidated actions;

- Finnegan will withdraw all papers signed by Finnegan attorneys in support of the November 17, 2009 Opposition to Facebook's Motion to Enjoin Regarding Plaintiffs' Arbitration; and

- Finnegan will return or destroy all discovery and sealed materials generated in the consolidated actions, as well as in the related California action.

Finnegan must be required to abide by these three conditions so that that the firm's withdrawal cannot be used as a tactical maneuver by the ConnectU Founders to circumvent the Protective Orders that were entered both by this Court and the Court in California. In the absence of guarantees to abide by those earlier orders Finnegan should not be permitted to withdraw.

**I.      THE PROTECTIVE ORDERS, PROTOCOL AND SEALING ORDERS**

On May 26, 2005 and July 6, 2005, the Court entered two stipulated Protective Orders in Civil Action No. 1:04-cv-11923. *See* Docket Nos. 25, 32. Pursuant to Section 6 of each of those Protective Orders, Finnegan agreed that "[a]ll documents and deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION by any Party in this Action shall be maintained according to this Stipulated Protective Order and used solely in connection with this

Action." *See id.* § 6. The preamble further reiterated that the Parties wanted to ensure that all "such confidential information shall not be made public, and shall not be disseminated beyond the extent necessary for this Action." *Id.* Preamble, at p. 2. Consistent with that goal, section 15 required the return or destruction of documents and deposition transcripts marked confidential following the conclusion of the litigation and all appeals. *Id.* § 15.

The Parties further stipulated that both protective orders, including the terms limiting the use of confidential information solely to the consolidated actions, also were applicable to Civil Action No. 1:07-cv-10593 and to ongoing litigation in California. *See* Dkt. No. 54, § II(1). At various times throughout the litigation, therefore, this Court has, pursuant to the terms of the Protective Orders, entered additional orders sealing discovery materials, pleadings, and other sensitive litigation information. *See*, *e.g.*, 5/28/08 Order Granting FB's Motion to Seal. Finnegan was counsel at all times when these orders were entered by the Court and remains bound by their terms.

On September 13, 2007, the Court separately entered an Order for Discovery of Computer Memory Devices ("Protocol") in Civil Action No. 1:07-cv-10593, restricting the ConnectU Founders', their attorneys' and their consultant's access to and use of extremely sensitive electronic discovery materials, some of which is defined as "Protected Material." *See* Dkt. No. 103. Among many other significant protections, the Protocol provides that "[n]o 'Protected Material' shall be shared in any way with ConnectU or its counsel at any time." *Id.* § 1 at p. 3. There already have been documented violations of that provision, among others, and Defendants need assurances that there will be no further improper disclosures. *See* Dkt. No. 204. Again, Finnegan was at all times subject to and bound by the conditions of the Protocol.

-3-
OHS West:260816763.5

## II. FINNEGAN IS BOUND BY THE COURT'S STIPULATED PROTECTIVE ORDERS, THE PROTOCOL, AND ALL SEALING ORDERS

The ConnectU Founders currently are engaged in a New York arbitration relating to an attorneys' fee dispute involving Finnegan's former co-counsel in these proceedings, Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel"). Recently, the ConnectU Founders advised Defendants that they intended to call attorneys from Finnegan as witnesses during the arbitration, but refused to identify the nature of such testimony, or whether it would require the disclosure of confidential information subject to this Court's Protective Orders, the Protocol, or the sealing Orders. *See* Declaration of Theresa A. Sutton, Exs. A-D. Likewise, Finnegan in an email intimated that it was prepared to unilaterally disclose sealed confidential information that it believed should not originally have been sealed. *Id.* Ex. E. These revelations necessitate assurances that Finnegan will abide by the confidentiality and other terms of the various Court orders.

The law is very clear that Finnegan is subject to the continuing enforcement of the Court's Stipulated Protective Orders, Protocol, and sealing orders, even if it withdraws as counsel of record for the Founders. As the First Circuit has recognized, "[a] protective order issued by a court, either state or federal, which on its face survives the underlying litigation, continues to have full force and effect on the parties subject to it even after final resolution of underlying case…." *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988). Indeed, all court orders must be obeyed until they are vacated or amended pursuant to the proper judicial process. *Maness v. Meyers*, 419 U.S. 449, 458-49 (1975).

Accordingly, as a condition of withdrawal, Finnegan should be prohibited from disclosing or using any confidential information it possesses in any other legal proceedings, including the New York arbitration, absent prior relief from this Court. Likewise, Finnegan

should be prohibited from unilaterally disclosing confidential information that has been sealed, even if it believes the sealing to have been in error, or disseminating such information. If information has been sealed, disclosure should only be permitted if the Court first permits such relief.

### III. FINNEGAN MUST RETURN ALL DOCUMENTS AND CONFIDENTIAL INFORMATION OBTAINED IN CONNECTION WITH THIS ACTION

As a condition of withdrawing, Finnegan also must return all documents, emails, and any other confidential information it possesses in relation to this Action. The Stipulated Protective Order provides, in part, that "Access to CONFIDENTIAL INFORMATION shall be restricted to the following persons: (a) Outside counsel of record for a party and employees of such attorneys who are working on this litigation." Dkt. No. 32 § 7(a). Because Finnegan is withdrawing as counsel of record for the ConnectU Founders, it is not entitled to continue to possess the confidential information it has acquired during the course of these proceedings and must return it. In addition, the Protective Order states that "All Documents and all deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION by any party in this Action shall be maintained according to this Stipulated Protective Order and used solely in connection with this Action." *Id.* § 6. As all documents and deposition transcripts designated as "confidential information" may only be retained by outside counsel of record and used solely in connection with this Action, Finnegan should immediately return to Defendants any and all confidential information it possesses because it is withdrawing as counsel of record.

### IV. FINNEGAN IS NOT ALLOWED TO COMMUNICATE WITH PARMET REGARDING THESE PROCEEDINGS

In accordance with the Protocol, Finnegan should not be allowed to communicate with the ConnectU Founders' former consultant in this action, Parmet and Associates ("Parmet"), about any information related to these consolidated cases. Under the Protocol, "Parmet and

-5-
OHS West:260816763.5

Associates *may not discuss with ConnectU's counsel or with anyone else* any information obtained from the Facebook Hard Drives, except with respect to Produced Program Code." Dkt. No. 103 § 3, at 7 (emphasis added). Further, "No 'Protected Material' shall be shared in any way with ConnectU or its counsel at any time." *Id.* § 1 at 3. Because of the Protocol, some confidential information is contained in email communications between Parmet and counsel, and such information has in the past been sealed by this Court. *See*, *e.g.*, 5/28/08 Order Granting FB's Motion to Seal. These provisions already have been violated, and in order to avoid further improper disclosures, Finnegan must be reminded of its obligations to abide by the Court's orders.

Accordingly, as a condition of withdrawing, Finnegan should be admonished not to discuss with anyone, including the Founders' arbitration counsel, any information related to Parmet's search of Facebook's hard drives. The fact that Finnegan is withdrawing as counsel is irrelevant, since the Protocol explicitly states that Parmet and Associates cannot discuss *with anyone* information it acquired from the computer search.

### V. FINNEGAN SHOULD NOT HAVE FILED ITS OPPOSITION TO THE MOTION TO ENJOIN AND MUST WITHDRAW IT

Because Finnegan does not represent a party to this action, it also should withdraw its November 17, 2009 Opposition to Facebook's Motion to Enjoin Regarding Plaintiffs' Arbitration. Dkt. No. 296. By its own admission, Finnegan "no longer represents any party in these actions. As the Court knows, ConnectU, Inc. ("ConnectU") is now owned by Facebook, Inc. and has been represented by other counsel for over a year." Finnegan's Motion to Withdraw, at 1. On November 3, 2009, Facebook filed a motion for limited relief from the stay entered by the Court on September 30, 2009 and to enjoin plaintiffs and their counsel from violating this Court's orders. Finnegan filed an opposition to the motion on November 17, 2009,

and in that Opposition made representations through one of its attorneys that allegedly were based on personal knowledge, even though it refused to set them out in a formal Declaration. Finnegan had no business making such representations. Moreover, only counsel for parties may file oppositions to motions, and it is not clear at all why the ConnectU Founders' arbitration counsel, who have made an appearance, did not file the document. *See* District of Massachusetts' Local Rule 7.1 ("A party opposing a motion, shall file an opposition to the motion…."). Accordingly, any opposition filed by Finnegan was improper and must be withdrawn.

## VI.     **CONCLUSION**

For the foregoing reasons, Facebook respectfully requests that the Court order Finnegan (1) to comply with its ongoing obligations pursuant to the Court's Stipulated Protective Order, (2) to return to Facebook all documents and confidential information in its possession, and (3) to not discuss any information related to these proceedings with Parmet. In addition, the Court should require Finnegan to withdraw its opposition.

/ / /

/ / /

OHS West:260816763.5

Dated: February 4, 2010　　　　　　　　　Respectfully submitted,

　　　/s/ Monte M.F. Cooper /s/
I. Neel Chatterjee*
Monte M.F. Cooper*
Theresa A. Sutton*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:    (650) 614-7400
Facsimile:     (650) 614-7401
nchatterjee@orrick.com
mcooper@orrick.com
tsutton@orrick.com

Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:    (617) 526-9600
Facsimile:     (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

* Admitted Pro Hac Vice

# CERTIFICATE OF SERVICE

       I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 4, 2010.

Dated: February 4, 2010.                    Respectfully submitted,

                                              /s/ Monte M.F. Cooper /s/
                                                 Monte M.F. Cooper