# EXHIBIT B



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

December 22, 2009

Monte M.F. Cooper
(650) 614-7375
mcooper@orrick.com

**VIA ELECTRONIC MAIL AND U.S. MAIL**

John F. Hornick
Thomas H. Jenkins
Margaret A. Esquenet.
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
901 New York Avenue NW
Washington, DC 20001

Daniel P. Tighe
Scott McConchie
Greisinger, Tighe & Maffei, L.L.P.
176 Federal St.
Boston, MA 02110

Steven C. Holtzman
Boies, Schiller & Flexner LLP
1999 Harrison St., Suite 900
Oakland, CA 94612

Richard I. Werder, Jr.
Peter Calamari
Adam B. Wolfson
Renée B. Bea
Quinn Emanuel Urquhart
Oliver & Hedges, LLP
51 Madison Ave.
New York, NY 1001-1601

Scott R. Mosko
Finnegan, Henderson, Farabow, Garrett
& Dunner, LLP
3300 Hillview Avenue
Palo Alto, California 94304-1203

D. Michael Underhill
Evan A. Parke
Boies, Schiller & Flexner LLP
5301 Washington Ave. NW.
Washington D.C. 20015

David A.. Barrett
Boies, Schiller & Flexner LLP
575 Lexington Ave., 7th Floor
New York, NY 10022

Sean F. O'Shea
Michael E. Petrella
O'Shea Partners LLP
90 Park Ave., 20th Floor
New York, NY 10016

Lee T. Gesmer
Joseph Laferrera
Gesmer Updergrove LLP
40 Broad St.
Boston, MA 02109

Re: *Facebook and Zuckerberg v. ConnectU, et al*; Case No. 5:07-cv-01389 (N.D. Cal.)
     *ConnectU, Inc. v. Facebook, Inc.*, Case No. 1:07-cv-10593-DPW (D. Mass.)
     *ConnectU LLC v. Zuckerberg,* Case No. 1:04-cv-11923-DPW (D. Mass.)

OHS West:260793481.2



Various Counsel
December 22, 2009
Page 2

Dear Counsel:

Facebook has repeatedly raised concerns about various violations of confidentiality orders entered in the above-referenced matters. Mike Petrella's recent letter regarding his firm's intent to call John Hornick and Scott Mosko as witnesses in the currently pending arbitration between Quinn Emanuel and the ConnectU founders suggests that Facebook's concerns continue to be flouted.

All current or former attorneys and staff at your firms, and all consultants employed by your firms (or your firm's clients), are subject to the terms of the Stipulated Protective Orders entered on May 26, 2005 and July 6, 2005, in the consolidated Massachusetts actions, the September 13, 2007 Order for Discovery of Computer Memory Devices ("the Massachusetts Protocol") entered in Case No. 1:07-cv-10593-DPW, and the Executed Stipulated Protective Order entered January 23, 2006 in the California action. Facebook will not tolerate continued violations of the respective Protective Orders and Massachusetts Protocol. In addition, Facebook does not consent to the use or disclosure, directly or indirectly (including through testimony at arbitration), of any of its confidential information without prior relief from the terms of the Protective Orders and Massachusetts Protocol from both the Massachusetts and California Courts. Thus, I write to remind you of your and your clients' continuing obligations pursuant to the Protective Orders and Massachusetts Protocol.

In light of Mr. Petrella's notice, Facebook demands that you provide assurances that you will abide by the terms of all confidentiality orders and agreements (including those related to the parties' February 2008 mediation) entered into in the above-referenced matters, as well as all applicable mediation privileges. Facebook also requests that you identify every witness that has been or is expected to be called as a witness in the Quinn Emanuel arbitration, provide a description of exhibits you intend to use, and provide a summary of the topics on which any arbitration witnesses have testified or are expected to testify. Facebook expects the summary to be detailed enough to know if court intervention related to confidentiality is necessary.

We look forward to your immediate confirmation that you will abide by the non-disclosure provisions of the Protective Orders and Massachusetts Protocol, as well as the mediation privilege.

Yours truly,

Monte Cooper