IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, AND THEFACEBOOK LLC,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 1:07-cv-10593 (DPW)<br><br>And NO. 1:04-cv-11923 (DPW)<br><br><br><br>**Leave to file granted on February 10, 2010** |

**REPLY TO FACEBOOK, INC.'S RESPONSE AND CONNECTU, INC.'S LIMITED OPPOSITION TO FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP'S MOTION FOR LEAVE TO WITHDRAW APPEARANCE**

Finnegan, Henderson, Farabow, Garrett & Dunner LLP ("Finnegan") and its attorneys of record in this action, namely, John F. Hornick and Margaret A. Esquenet, hereby reply to Facebook, Inc.'s ("Facebook") Response and ConnectU, Inc.'s ("ConnectU") Limited Opposition to Finnegan's Motion for Leave to Withdraw Appearance.

Finnegan's Motion for Leave to Withdraw Appearance as counsel for the Founders is a straightforward request that should be granted outright and unconditionally. The Founders have not objected to Finnegan's Motion as they are also represented in this matter by three other law firms, Boies Schiller & Flexner, LLP; Sally & Fitch, LLP; and Greisinger, Tighe, and Maffei, LLP. This case has been stayed pending the outcome of appeals currently before the United States Court of Appeals for the Ninth Circuit. Memorandum and Order dated September 30, 2009 at 2. Although Facebook and ConnectU have subsequently filed additional motions, those

1

motions are fully briefed with no hearings scheduled.  Should a hearing be set on these motions, the Founders' other counsel can represent the Founders' interests.

Facebook and ConnectU have attempted to complicate Finnegan's simple and straightforward motion with a far-ranging set of pre-conditions that they seek to have the Court impose.  Facebook and ConnectU are attempting to use Finnegan's motion as a vehicle in furtherance of their larger battle with the Founders.  For example. Facebook believes that Finnegan's Motion to Withdraw somehow implicates the myriad of issues surrounding Parmet and Associates, the Founders' forensic expert, and seek to have this Court order Finnegan as part of its withdrawal not "to communicate with the ConnectU Founders' former consultant in this action, Parmet and Associates."  Facebook Response at 5.  ConnectU, for its part, views the Motion to Withdraw as an opportunity for it to get this Court to reconsider the issue of its request for Finnegan files, despite the fact that this very issue was part of its previous motion to disqualify, which this Court terminated in its September 30, 2009, Memorandum and Order and has, by ConnectU's own admission, been addressed by the United States District Court for the Northern District of California.  ConnectU Limited Opposition at 5-6.

It is not necessary for Finnegan or the Court to address the details of all of Facebook's and ConnectU's attempts to use the Motion to Withdraw to further their litigation objectives with respect to the Founders.  This Court should grant the Motion to Withdraw for the simple reasons that the Founders have other competent counsel, the Founders do not object to the withdrawal, and the case has been stayed.

Respectfully submitted,

DATED: February 10, 2010,

/s/ John F. Hornick
John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
FINNEGAN, HENDERSON,
FARABOW, GARRETT &
DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 10, 2010.

/s/ Margaret A. Esquenet

Margaret A. Esquenet (*pro hac vice*)