# EXHIBIT 1

EXHIBIT 1

CA Nos. 08-16745, 08-16873, 09-15021 (consolidated)
DC No. C 07-01389 JWW

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THE FACEBOOK, INC.; MARK ZUCKERBERG,

*Plaintiffs-Appellees*,

DIVYA NARENDRA; CAMERON WINKLEVOSS; TYLER WINKLEVOSS,

*Intervenors*,

v.

PACIFIC NORTHWEST SOFTWARE, INC.; WAYNE CHANG; WINSTON WILLIAMS,

*Defendants*.

---

Appeal From Judgment Of The United States District Court For The Northern District Of California
(Hon. James Ware, Presiding)

---

## MOTION TO STAY ISSUANCE OF MANDATE

---

JEROME B. FALK, JR.
SEAN M. SELEGUE
SHAUDY DANAYE-ELMI
NOAH S. ROSENTHAL
HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
Telephone: 415/434-1600

*Attorneys For Appellants and Intervenors Divya Narendra, Cameron Winklevoss and Tyler Winklevoss*

Appellants and Intervenors Cameron Winklevoss, Tyler Winklevoss and Divya Narendra ("Appellants") hereby move this Court to stay issuance of a mandate in the above-captioned appeal. This request is made to prevent potentially unnecessary proceedings from going forward in the District of Massachusetts, and in light of Appellants' intention to file a petition for writ of certiorari in the Supreme Court.[1]

I.

### STAYING ISSUANCE OF THE MANDATE WOULD PREVENT UNCERTAINTY AND INEFFICIENCY IN A RELATED MATTER.

As noted in Appellants' Opening Brief, the disputed settlement at issue on this appeal related to two cases, one in the Northern District of California and another in the District of Massachusetts. In September 2009, the Massachusetts court put the action before it on hold pending completion of proceedings in the Ninth Circuit. Request for Judicial Notice in Support of Appellants/Intervenors' Motion to Stay Issuance of Mandate ("RJN") Ex. A at 2. The Massachusetts court noted that "there [was] no need to keep these cases active in this Court while the fundamental question of the

---

[1] Appellees have informed us that they intend to oppose this Motion.

enforceability of the settlement agreement moves toward resolution [in the Ninth Circuit]." To that end, the Massachusetts court terminated all pending motions before it and ordered that those motions could be "reassert[ed] . . . no later than 30 days after the issuance of any mandate of the United States Court of Appeals for the Ninth Circuit." *Id.* at 2-3.

Among the motions that the Massachusetts court terminated pursuant to the above-described order was Appellants' motion to impose a sanction of non-dismissal due to the failure of Facebook and Mr. Zuckerberg to produce certain documents in discovery. Recently, in a status report to the Massachusetts court, Appellants stated their intention to file a Rule 60 motion based on discovery misconduct in the event that the disputed settlement is not rescinded. RJN Ex. B. Under the Massachusetts court's order, those matters will proceed there if this Court issues a mandate.

Appellants believe that it is sensible for the Massachusetts proceedings to remain on hold until the Supreme Court rules on their anticipated petition for certiorari. If certiorari is granted and the settlement is ultimately rescinded as Appellants request, then any proceedings that have taken place in Massachusetts based on the assumption that the settlement was enforceable would either be moot or need to be reconsidered in light of the new development that

the settlement has been rescinded. Given the uncertainty and judicial inefficiency that would result if the mandate issued now, this Court should grant the Founders' motion to stay issuance of the mandate. *See* CHRISTOPHER A. GOELZ & MEREDITH J. WATTS, NINTH CIRCUIT CIVIL APPELLATE PRACTICE ¶10:523 (2011) ("Any situation in which there are equitable grounds to retain jurisdiction in the Ninth Circuit may justify a stay").[2]

## II.

## APPELLANTS INTEND TO FILE A PETITION FOR WRIT OF CERTIORARI THAT IS NOT FRIVOLOUS AND WHICH WILL PRESENT SUBSTANTIAL QUESTIONS.

In addition, Rule 41(d)(2) of the Federal Rules of Appellate Procedure contemplates that a stay may be appropriate pending the filing of a petition for a writ of certiorari in the Supreme Court. The grounds on which Appellants intend to seek certiorari are substantial and set forth in Appellants' Petition For Rehearing *En*

---

[2] This relief would not only benefit Appellants; Appellees Facebook and Zuckerberg would likewise be relieved of the obligation to respond to the motions that will proceed in Massachusetts if this Court does not stay issuance of the mandate.

-3-

*Banc.* Although the Court declined to rehear this appeal *en banc*, the issues presented by Appellants present important questions and presentation of them to the Supreme Court for review could not be considered frivolous. *See* LOCAL R. 41-1 (stay of mandate will not be granted if grounds for seeking certiorari are frivolous).

*First*, Appellants' petition for writ of certioriari will focus on a conflict between this Court's holding that an agreement settling federal claims (whose validity is therefore a question of federal law) that contains a general release is immune from challenge on the ground that the agreement was procured by fraud, or whether, as countless federal and state courts around the country have held, a release does not bar such a defense. *See Dice v. Akron, C. & Y. R. R.*, 342 U.S. 359, 362 (1952); *Brown v. County of Genesee*, 872 F.2d 169, 174 (6th Cir. 1989); *Nicklin v. Henderson*, 352 F.3d 1077, 1081 (6th Cir. 2003); *Mallory v. Eyrich*, 922 F.2d 1273, 1280 (6th Cir. 1991); *Estate of Jones v. Comm'r*, 795 F.2d 566, 573 (6th Cir. 1986); *Ron Greenspan Volkswagen, Inc. v. Ford Motor Land Dev. Corp.*, 32 Cal. App. 4th 985, 996 (1995); *Manderville v. PCG&S Group, Inc.*, 146 Cal. App. 4th 1486, 1499-1502 (2007); *Jones v. Roth*, 31 So. 3d 115, 117 (Ala. Civ. App. 2009); *Esteves v. Esteves*, 680 A.2d 398, 401 & n.1 (D.C. 1996); *James v. Chicago Transit Auth.*, 356 N.E.2d 834, 836 (Ill. Ct. App. 1976); *Krantz v. Univ. of Kansas*, 21 P.3d 561, 567

(Kan. 2001); *Associated Ins. Serv. v. Garcia*, 307 S.W.3d 58, 69 (Ky. 2010); *Millet v. Millet*, 888 So. 2d 291, 293-94 (La. Ct. App. 2004); *Shinberg v. Garfinkle*, 278 N.E.2d 738, 742 (Mass. 1972); *In re Estate of Lobaina*, 705 N.W.2d 34, 36 (Mich. Ct. App. 2005); *Nolan ex rel. Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990); *Galasso v. Galasso*, 320 N.E.2d 618, 618 (N.Y. 1974); *Morgan v. Vandevers Dry Goods Co.*, 370 P.2d 830, 834 (Okla. 1962); *Rugemer v. Rhea*, 957 P.2d 184, 187 (Or. Ct. App. 1998); *Pennsbury Village Assocs. v. McIntyre*, 11 A.3d 906, 914-15 (Pa. 2011); *Boyd v. Boyd*, 67 S.W.3d 398, 404-05 (Tex. App. 2002); *Howard v. Howard*, 163 A.2d 861, 865 (Vt. 1960); *Nationwide Mut. Ins. Co. v. Martin*, 171 S.E.2d 239, 242 (Va. 1969); *Haller v. Wallis*, 573 P.2d 1302, 1306 (Wash. 1978); *Smith v. Monongahela Power Co.*, 429 S.E.2d 643, 652 (W.Va. 1993); *Phone Partners Ltd. P'ship v. C.F. Commc'ns Corp.*, 542 N.W.2d 159, 161 (Wis. Ct. App. 1995); *see also First Nat'l Bank of Cincinnati v. Pepper*, 454 F.2d 626, 632 (2d Cir. 1972) (applying New York law). Because the decision of the Court sharply conflicts with federal (and state) authority, the Petition will present a substantial question for review.

*Second*, Appellants' petition will raise the question of whether Section 29(a) of the Exchange Act permits the advance release of a claim that the settlement, and the release, were obtained by

securities fraud. This Court held that it does, but that decision conflicts with other federal authorities. *See Burgess v. Premier Corp.*, 727 F.2d 826, 831 (9th Cir. 1984); *Dresner v. Utility.Com, Inc.*, 371 F. Supp. 2d 476 (S.D.N.Y. 2005).

*Third*, Appellants' petition will present the question of whether, as this Court held, a mediation confidentiality agreement can be used to bar all evidence that a settlement was fraudulently induced during a mediation, or whether, as numerous other federal courts have held, Section 29(a) of the Exchange Act prohibits *indirect* as well as direct waivers of the protections of the Exchange Act. *See Can-Am Petroleum Co. v. Beck*, 331 F.2d 371, 373 (10th Cir. 1964) ("the remedial aspects of [the Securities Act] cannot be waived *either directly or indirectly*") (emphasis added); *see also AES Corp. v. Dow Chem. Co.*, 325 F.3d 174, 180 (3d Cir. 2003) (refusing to enforce contract provision that disclaimed reliance on representations in prospectus); *McMahan & Co. v. Wherehouse Entm't, Inc.*, 65 F.3d 1044, 1051 (2d Cir. 1995) (rejecting argument that clause imposing conditions on recovery merely established "a procedure that must be followed before an action may be brought"); *Rogen v. Ilikon*, 361 F.2d 260, 265, 268 (1st Cir. 1966) (representation that plaintiff was familiar with company's business and was "not relying on any . . . obligations to make full disclosure" invalid under Section 29(a));

*Special Transp. Servs. v. Balto*, 325 F. Supp. 1185, 1187 (D. Minn. 1971) (anti-waiver provision applies to a contract that "waive[s] statutory liabilities . . . by indirection"). Accordingly, the petition for writ of certiorari Appellants intend to file raises substantial federal questions—in each instance on matters in which this Court's decision conflicts with decisions of other Circuits.

For the foregoing reasons, Appellants respectfully request that the Court stay issuance of the mandate, and instruct the Clerk that the mandate should issue forthwith if the Supreme Court denies certiorari or upon further order of this Court.

DATED: May 27, 2011.

    Respectfully,

    JEROME B. FALK, JR.
    SEAN M. SELEGUE
    SHAUDY DANAYE-ELMI
    NOAH S. ROSENTHAL
    HOWARD RICE NEMEROVSKI CANADY
      FALK & RABKIN
    A Professional Corporation

    By    */s/ Sean M. SeLegue*
        SEAN M. SELEGUE

    *Attorneys For Appellants and Intervenors Divya Narendra, Cameron Winklevoss and Tyler Winklevoss*

W03 052711-180060001/PB12/1649556/F

## PROOF OF SERVICE

I hereby certify that I electronically filed the foregoing **MOTION TO STAY ISSUANCE OF MANDATE; REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO STAY ISSUANCE OF MANDATE** with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 27, 2011.

Participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On May 27, 2011, the foregoing document, described as **MOTION TO STAY ISSUANCE OF MANDATE; REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO STAY ISSUANCE OF MANDATE**, was mailed by placing the document for deposit in the United States Postal Service through the regular mail collection process at the law offices of Howard Rice Nemerovski Canady Falk & Rabkin, located at

Three Embarcadero Center, Seventh Floor, San Francisco, California, to the following non-CM/ECF participants:

Mark A. Byrne
Byrne & Nixon LLP
800 W. Sixth Street, Suite 430
Los Angeles, CA 90017

Jonathan M. Shaw
Bois, Schiller & Flexner, LLP
5301 Wisconsin Avenue NW
Washington, D.C. 20015

Steven C. Holtzman
Bois, Schiller & Flexner, LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612

               /s/ *Sean M. SeLegue*
               SEAN M. SELEGUE