IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW McCULLUM, AND THEFACEBOOK LLC,<br><br>Defendants. | CIVIL ACTION NO. 1:07-cv-10593-DPW<br>(CONSOLIDATED WITH CIVIL ACTION NO. 1:04-cv-11923-DPW) |

**STATUS REPORT OF
CAMERON WINKLEVOSS, TYLER WINKLEVOSS AND DIVYA NARENDRA**

Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra ("Founders") provide this further status report pursuant to the Court's September 30, 2009 Order:

The Founders have decided not to file a petition for a writ of certiorari in the Supreme Court and have requested that the mandate issue. 9th Cir. Case No. 08-16745, Dkt. 213. As a result, a judgment of dismissal will be entered in the California action shortly. As announced in the Status Report filed on April 20, 2011, the Founders will thereafter move in this Court under *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 928-930 (1st Cir. 1988) for discovery on the issue whether the Facebook Defendants intentionally or inadvertently suppressed evidence and then, depending on the results of that inquiry, move for appropriate relief under Fed.R.Civ.Proc. 60(b) and/or this Court's inherent powers. Dkt. 334.

This Court previously ruled that all motions terminated by this Court's stay Order must be "reassert[ed] . . . no later than 30 days after the issuance of any mandate of the United States Court of Appeals for the Ninth Circuit . . . ." *See* Dkt. 274, pp. 2-3. The Founders cannot file the motion for discovery and the motion for appropriate relief within 30 days of the issuance of the mandate. The primary reason for this is that ConnectU and Facebook have objected to the Founders' new counsel's efforts to obtain the complete pleadings and discovery files and the Finnegan firm, the Founders' prior counsel, has declined to turn over this information to new counsel absent an Order from this Court. Exhs. 1 & 2.

On June 2, 2011, new counsel for the Founders, Meade & Schrag LLP ("new counsel") notified Neel Chatterjee, counsel for Facebook, that the Founders intended to obtain certain information from the Finnegan firm. Exh. 8, at p. 2. Mr. Chatterjee objected, as did Alison Buchanan on behalf of ConnectU. Exs. 7-8. During the ensuing meet and confer, new counsel clarified that the Founders were merely seeking the transfer of pleadings and discovery files (including sealed pleadings and confidential documents) and that the operative Protective Order expressly allows new counsel of record access to confidential material. Facebook and ConnectU have maintained their objections. Exhs. 3-8. Based on these objections, the Finnegan firm has declined to produce the requested material to new counsel without an Order from this Court. Exh. 1.

New counsel cannot adequately represent the Founders in post-judgment proceedings under Rule 60(b) and *Anderson* until it receives the following information requested from the Finnegan firm: "Complete, un-redacted copies of all (a) documents and other tangible things produced by all parties, including all documents designated confidential, (b) pleadings (defined in the broadest possible terms to include not only motions, status reports, and other court filings, but also deposition notices, discovery requests, discovery responses and other discovery

documents), including those filed under seal and/or designated confidential, (c) deposition transcripts and exhibits, including those filed under seal and/or designated confidential, and (d) court transcripts, sealed and unsealed." Exh. 2.

In addition, under *Anderson*, the standards and presumptions governing a Rule 60(b) motion are different depending on whether the requested discovery shows an inadvertent or intentional failure to disclose evidence. *Anderson*, 862 F.2d at 926. Thus, the Founders cannot brief the Rule 60(b) issue or fashion an appropriate request for relief until additional facts are ascertained.

The Founders will meet and confer with Defendants on a Scheduling Order and then bring an appropriate motion after the current stay is lifted. The Founders' proposal is as follows: First, that the judgment of dismissal be entered forthwith after the mandate issues. Second, within ten (10) days after the mandate issues, that the Founders seek an Order allowing new counsel to obtain the pleadings and discovery material described above. Third, within 45 days after receipt of this material, that the Founders file their motion for discovery under Rule 60(b) and *Anderson*, 862 F.2d 910. Finally, the Founders propose that once any Court-authorized

discovery is complete, the Founders will request appropriate relief under Rule 60(b) and/or this Court's inherent powers pursuant to a briefing schedule to be set later.

Dated: June 23, 2011

Respectfully submitted,

CAMERON WINKLEVOSS, TYLER WINKLEVOSS and DIVYA NARENDRA,

By their attorneys,

*/s/ Tyler Meade*
Tyler Meade, Cal. State Bar No. 160838 (*Pro Hac Vice*)
tyler@meadeschrag.com
Michael Schrag, Cal. State Bar No. 185832 (*Pro Hac Vice*)
michael@meadeschrag.com
MEADE & SCHRAG, LLP
1816 Fifth Street
Berkeley, CA 94710
(510) 843-3670
(510) 843-3679 (fax)

## CERTIFICATE OF SERVICE

I, Tyler Meade, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on or before June 23, 2011.

*/s/ Tyler Meade*
Tyler Meade